UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

Debtor 1: **Lent Christopher Carr, II**
          First Name    Middle Name    Last Name

Debtor 2: **Deltarina V. Carr**
(Spouse, if filing)   First Name    Middle Name    Last Name

Case number: 18-80386
(If known)

SS# Debtor 1: XXX – XX – 9559

SS# Debtor 2: XXX – XX – 6527

☐ Check if this is an amended plan, and list below the sections of the plan that have changed.

_____

_____

FIRST AMENEDED CHAPTER 13 PLAN

**Section 1:** Notices.

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | | ■ Not included |
| 1.3 | Nonstandard provisions set out in Section 9. | ☒ Included | ☐ Not included |

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The applicable commitment period is:

    ☒ 36 months

    ☐ 60 months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $_____517,063.88 as to Mr. Carr, $0 as to Ms. Carr_____.

Debtor  **Lent Christopher Carr, II**                                  Case Number  **18-80386**

## Section 2:    Payments.

2.1   The Debtor will make payments to the Trustee as follows:

$ **600.00** per month for **57** month(s)

2.2   The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.  If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

## Section 3:    Fees and Priority Claims.

3.1   **Attorney fees.**

- ☐ The Attorney for the Debtor will be paid the presumptive base fee of $ _____.  The Attorney has received $ _____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.
- ☐ The Attorney for the Debtor will be paid a reduced fee of $ _____ .  The Attorney has received $ _____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.
- ☒ The Attorney for the Debtor will file an application for approval of a fee in lieu of the presumptive base fee.

3.2   **Trustee costs.**  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3   **Priority Domestic Support Obligations ("DSO").**

   a.   ☒ None.  If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4   **Other Priority Claims to be Paid by Trustee.**

   a.   ☒ None.  If none is checked, the rest of Section 3.4 need not be completed or reproduced.

## Section 4:    Secured Claims.

4.1   **Real Property – Claims Secured Solely by Debtor's Principal Residence.**

   a.   ☐ None.  If none is checked, the rest of Section 4.1 need not be completed or reproduced.

   b.   ☒ Maintenance of Payments and Cure of Default.

   Installment payments on the claims listed below will be maintained and any arrearage will be paid in full.  Proofs of claim should reflect arrearage amounts through the petition date.  For accounts that are in default, the Trustee will commence disbursements of installment payments the month after confirmation.  Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

   Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.  Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

   The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
|  |  |  | $ | $ |  |

Debtor  **Lent Christopher Carr, II**                                    Case Number  **18-80386**

c.  ☒ Claims to be Paid in Full by Trustee.

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Contractual Interest Rate |
|---|---|---|---|---|---|
| Hoke County Tax Collector | 3300 Laurinburg Rd. Raeford, NC 28376 | $13,314.38 | $281.54 | N/A | 8.00% |

d.  ☐ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Address of Residence | Estimated Claim | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim |
|---|---|---|---|---|---|
|  |  | $ | $ | $ | $ -0- |

4.2  **Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.**

a.  ☐ None. If none is checked, the rest of Section 4.2 need not be completed or reproduced.
b.  ☐ Maintenance of Payments and Cure of Default.

Proofs of claim should reflect arrearage through the petition date.  For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly.  Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
|  |  |  | $ | $ |  |

c.  ☒ Claims to be Paid in Full by Trustee.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| Hoke County Tax Collector | 4160 Laurinburg Rd. Raeford, NC 28376 | $4,102.56 | $86.75 | N/A | 8.00% |
| Hoke County Tax Collector | 521 Gatlin Farm Rd. Raeford, NC 28376 | $1,268.40 | $26.82 | N/A | 8.00% |
| Pitt County Tax Collector | 4895 Gum Swamp Rd Ayden, NC 28513 | $293.66 | $6.21 | N/A | 8.00% |

d.  ☐ Request for Valuation to Treat Claims as Secured to the Value of the Property and any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Property | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
|  |  | $ | $ | $ | $ | % |

4.3  **Personal Property Secured Claims.**

a.  ☐ None. If none is checked, the rest of Section 4.3 need not be completed and reproduced.
b.  ☒ Claims Secured by Personal Property to be Paid in Full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| Hicks Motors Sales | 1997 Infiniti | $1,268.11 | $25.92 | 6.50% | N/A |  |

c.  ☐ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor,

3

Debtor **Lent Christopher Carr, II**  Case Number **18-80386**

or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.  The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
|  |  | $ | $ | % | $ |  |

d.  ☐ Request for Valuation to Treat Claims as Secured to the Value of the Collateral and Any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Estimated Amount of Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|---|---|---|
|  | $ |  | $ | $ | $ | $ | % | $ |  |

e.  ☐ Maintenance of Payments and Cure of Default.

Proofs of claim should reflect arrearage through the petition date.  For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly.  Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Installment Payment | Estimated Arrearage Amount on Petition Date |
|---|---|---|---|
|  |  | $ | $ |

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable.  For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed *Amount of Secured Claim*.  For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above.  For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan.  If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan.  Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Section 5:  Collateral to be Surrendered.

a.  ☒ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

## Section 6:  Nonpriority Unsecured Claims.

6.1  **Nonpriority Unsecured Claims Not Separately Classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full.

a.  ☒ The estimated dividend to unsecured nonpriority allowed claims is **0.00**%.

4

Debtor **Lent Christopher Carr, II**  Case Number **18-80386**

    b.  ☐ The minimum sum of $_____ will be paid pro rata to nonpriority unsecured claims due to the following:

        ☐ Liquidation Value
        ☐ Disposable Income
        ☐ Other

**6.2 Separately Classified Nonpriority Unsecured Claims.**
    a.  ☐ None. If none is checked, the rest of Section 6.2 need not be completed or reproduced.
    b.  ☒ Allowed Nonpriority Unsecured Claims Listed Below are Separately Classified.

| Creditor | Basis for Separate Classification (Include Name and Address of Co-Debtor, if Applicable) | Estimated Claim | Monthly Payment | Interest Rate (If applicable) |
|---|---|---|---|---|
| AT&T Corp | Equity in property owned by Mr. Carr | $527.93 | $10.79 | 6.5% |
| Mariner Finance North Carolina, Inc | Equity in property owned by Mr. Carr | $2,315.18 | $47.32 | 6.5% |

## Section 7: Executory Contracts and Unexpired Leases.

    a.  ☒ None. If none is checked, the rest of Section 7 need not be completed or reproduced.

## Section 8: Local Standard Provisions.

8.1  a. The Trustee shall collect and disburse payments in accordance with the plan.

    b. Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.

    c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the _____ property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.

    d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.

    e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

    f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.

    g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

    h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

8.2  **THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:**

    a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

    b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

    c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

Debtor  **Lent Christopher Carr, II**                                   Case Number  **18-80386**

    d.    The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

    e.    The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

    f.    Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

    g.    Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

    h.    **PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1.**
Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:**  **Nonstandard Plan Provisions.**

    a.    ☐ None. If none is checked, the rest of Section 9 need not be completed or reproduced.
    b.    ☒ The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provision as defined by Bankruptcy Rule 3015(c) set out elsewhere in this plan is void.

**There are two classes of unsecured claims, as follows:**

**Class A: Unsecured claims demonstrating the individual or joint liability of Lent C. Carr, II, which shall be paid at 100% plus interest at 6.5% on account of equity above exemptions in property owned individually by Mr. Carr. The extent that table 6.2 provides a monthly payment for a Class A creditor, such amount is only an estimate and this plan does not require equal monthly payments to Class A unsecured creditors.**

**Class B: Unsecured claims demonstrating the individual liability of Deltarina V. Carr, which shall be paid on a funds available basis. There is no minimum dividend to creditors in this class.**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.**

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

_____  _____
Signature of Debtor 1                                                 Signature of Debtor 2

Executed on _____           Executed on _____
               mm/dd/yyyy                                              mm/dd/yyyy

**/s/ Erich M. Fabricius**                                        Date:   **July 19, 2018**
Signature of Attorney for Debtor(s)

Address:    Fabricius & Fabricius PLLC
                 PO Box 1230
                 Knightdale, NC 2745
Telephone:  919-295-6001
State Bar No:  **39667**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:  LENT CHRISTOPHER CARR, II<br>DELTARINA V CARR | CASE NO: 18-80386<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 7/19/2018, I did cause a copy of the following documents, described below,

1st Amended Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/19/2018

/s/ Erich M. Fabricius
Erich M. Fabricius  39667
Attorney for the Debtors
Fabricius & Fabricius PLLC
PO Box 1230
Knightdale, NC  27545
919 295 6001

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: LENT CHRISTOPHER CARR, II
DELTARINA V CARR

CASE NO: 18-80386

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

Chapter: 13

On 7/19/2018, a copy of the following documents, described below,

1st Amended Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/19/2018

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Erich M. Fabricius
Fabricius & Fabricius PLLC
PO Box 1230
Knightdale, NC  27545

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br>LABEL MATRIX FOR LOCAL NOTICING<br>04181<br>CASE 18-80386<br>MIDDLE DISTRICT OF NORTH CAROLINA<br>DURHAM<br>THU JUL 19 14-24-22 EDT 2018 | ~~EXCLUDE~~<br>~~DURHAM~~<br>~~PO BOX 26100~~<br>~~GREENSBORO NC 27402-6100~~ | ACSBOA<br>PO BOX 7060<br>UTICA NY 13504-7060 |
| AMCOL SYSTEMS INC<br>PO BOX 21625<br>COLUMBIA SC 29221-1625 | ATT<br>1801 VALLEY VIEW LN<br>DALLAS TX 75234-8906 | ATT CORP<br>ATT SERVICES INC<br>KAREN CAVAGNARO ESQ<br>ONE ATT WAY ROOM 3A104<br>BEDMINSTER NJ 07921-2693 |
| CONVERGENT OUTSOURCING<br>PO BOX 9004<br>RENTON WA 98057-9004 | CREDITORS COLLECTION SERVICE<br>4530 OLD COVE SPRING RD<br>COVE SPRING VA 24018-3423 | DISH NETWORK<br>9601 S MERIDIAN BLVD<br>ENGLEWOOD CO 80112-5905 |
| DIVERSIFIED CONSULTANTS INC<br>10550 DEERWOOD PARK BLVD 309<br>DOUNTROON FL 32256-2805 | DUKE ENERGY<br>PO BOX 70515<br>CHARLOTTE NC 28272-0515 | HICKS MOTOR SALES<br>532 HILLSBORO ST<br>OXFORD NC 27565-3283 |
| HOKE COUNTY DISTRICT ATTORNEY<br>231 N MAIN ST<br>RAEFORD NC 28376-2805 | HOKE COUNTY TAX COLLECTOR<br>227 N MAIN ST<br>RAEFORD NC 28376-2805 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| JANNETTA JORDAN<br>4160 LAURINBURG ROAD<br>RAEFORD NC 28376-7250 | KROGER<br>1014 VINE ST<br>CINCINNATI OH 45202-1100 | MARINER FINANCE LLC<br>1333 SCOTLAND CROSSING DR<br>LAURINBURG NC 28352-5414 |
| MEADE AND ASSOCIATES<br>737 ENTERPRISE DR<br>LEWIS CENTER OH 43035-9438 | MEADE ASSOCIATES<br>737 ENTERPRISE DR<br>LEWIS CENTER OH 43035-9438 | NEW SOUTH FINANCE<br>2107 CHESTER RIDGE DR<br>HIGH POINT NC 27262-7690 |
| NORTH CAROLINA DEPT OF REVENUE<br>OFFICE SERVICES DIVISION<br>BANKRUPTCY UNIT<br>PO BOX 1168<br>RALEIGH NC 27602-1168 | ONLINE COLLECTIONS<br>PO BOX 1489<br>WINTERVILLE NC 28590-1489 | SCANA AND SUBSIDIARIES<br>220 OPERATION WAY<br>MAIL CODE C 222<br>CAYCE SC 29033-3701 |
| PAYLIANCE<br>EASTERN ORAL STE 120<br>COLUMBUS OH 43219 | PITT COUNTY TAX COLLECTOR<br>PO BOX 43<br>GREENVILLE NC 27835-0043 | RALEIGH RADIOLOGY ASSOCIATES INC<br>PO BOX 2090<br>MORRISVILLE NC 27560-2090 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
RUDOLPH K SMITH                          WAKEMED                                  WILSON UTILITIES
RKS LAW                                  PO BOX 29516                             208 NASH ST E
PO BOX 2095                              RALEIGH NC 27626-0516                    WILSON NC 27893-3802
FAYETTEVILLE NC 28302-2095



DELTARINA V CARR                         EXCLUDE                                  DEBTOR
3300 LAURINBURG RD                       ERICH M FABRICIUS                        LENT CHRISTOPHER CARR II
RAEFORD NC 28376-7204                    FABRICIUS  FABRICIUS PLLC                3300 LAURINBURG RD
                                         PO BOX 1230                              RAEFORD NC 28376-7204
                                         KNIGHTDALE NC 27545-1230



RICHARD M HUTSON II
DURHAM CHAPTER 13 OFFICE
302 EAST PETTIGREW ST SUITE B-140
P O BOX 3613
DURHAM NC 27702-3613
```