SO ORDERED.

SIGNED this 5th day of July, 2019.



                                        LENA MANSORI JAMES
                          UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Lent Christopher Carr II | ) | Case No. 18-80386 |
| and Deltarina V. Carr, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |
| _____ | ) | |

### ORDER AUTHORIZING PRIVATE SALE OF DEBTOR'S REAL PROPERTY AND TRANSFER OF LIENS OR INTERESTS TO PROCEEDS

      THIS MATTER came before the court for hearing on June 20, 2019 upon the Motion by the Debtors to sell their residential real property at 3300 Laurinburg Road, Raeford, NC (the "real property") and transfer of any liens or interests in the real property to the proceeds under 11 U.S.C. § 363(f). At the hearing, Erich Fabricius, Esq. appeared on behalf of the Debtors; Benjamin E. Lovell, Esq. appeared on behalf of the standing Trustee; Jannetta Jordan appeared *pro se*; and the Debtors appeared. The court, after considering the record, statements of counsel, and testimony of Mr. Carr, finds and orders as follows:

1.    The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on March 20, 2018.

2. On April 4, 2018, Janetta Jordan filed a complaint for money owed against Lent Christopher Carr (18 CVS 239) along with a notice of lis pendens in Hoke County, North Carolina.

3. Ms. Jordan filed a proof of claim in this case on May 13, 2018 asserting a claim in the amount of $255,000.00.

4. The Debtors filed an objection to Ms. Jordan's claim, and on October 26, 2018, this court entered an order disallowing the claim.

5. The Debtors now seek permission to sell the real property to Thomas Jerome Marshall (the Purchaser) for a purchase price of $568,000.00. At the hearing, Mr. Carr presented testimony that established that the purchase price is fair and reasonable.

6. In response to the Debtors' Motion, Ms. Jordan filed a motion for limited stay of the sale. At the hearing, Ms. Jordan's primary concern appeared to be whether the Purchaser had sufficient funds to purchase the real property. Certainly, if the Purchaser is unable to pay the contract price of $568,000.00 on the closing date, then the sale of the real property will not occur. This order does not authorize the Debtors to transfer the real property to the Purchaser absent payment of the contract price in full. Therefore, Ms. Jordan's request that the sale be stayed is denied.

7. Under 11 U.S.C. § 363(f)(4) the court may authorize the sale of real property free and clear of any interest if such interest is in bona fide dispute.

8. The court finds that any interest that Ms. Jordon might assert in the real property is in bona fide dispute such that the court may authorize the sale with the transfer of any asserted interest to the proceeds of the sale.

9. Therefore, the Debtors' Motion to sell the real property to Thomas Jerome Marshall for $568,000.00 is granted. Nevertheless, the court does not approve the terms and conditions of the purchase contract other than to generally authorize the sale of the real property for a purchase price of $568,000.00.

10. All liens (excluding pre-petition and post-petition ad valorem taxes) and interests in the real property, other than the estate, are transferred to the sale proceeds.

11. The Debtors are authorized to execute any and all documents necessary to consummate the transfer and pay ad valorem taxes (pre-petition and post-petition) and other customary selling expenses from the sales proceeds.

12. The closing agent or attorney shall remit any remaining net proceeds (the "net proceeds") to the Chapter 13 Trustee. The closing agent shall also send a copy of the final signed HUD settlement statement or other settlement statement together with the net proceeds directed to be paid to the Trustee hereunder, to the Chapter 13 Office, attn.: Lindsay A. Autry, 3518 Westgate Drive, Suite 400, Durham, NC 27707.

13. The stay under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is not applicable to the provisions of the order.

14. Erich Fabricius, Esq. is allowed the presumptive fee of $350.00 for services rendered in the filing of this Motion which shall be paid through the Debtors' plan.

**END OF DOCUMENT**

## PARTIES TO BE SERVED

Lent C. Carr, III
Deltarina V. Carr
Debtors

Erich Fabricius
Attorney for Debtors

Richard M. Hutson, II
Trustee

Jannetta Jordan
4160 Laurinburg Road
Raeford, NC 28376

William Miller
US Bankruptcy Administrator