United States Bankruptcy Court
Middle District of North Carolina

In re:
Lent Christopher Carr, II
Deltarina V. Carr
    Debtors

Case No. 18-80386-lmj
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0418-1     User: franklin     Page 1 of 1     Date Rcvd: Nov 01, 2019
                         Form ID: pdf014     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 03, 2019.
jdb         +Deltarina V. Carr,    3300 Laurinburg Rd.,    Raeford, NC 28376-7204
cr          +Jannetta Jordan,    4160 Laurinburg Road,    Raeford, NC 28376-7250

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
db          +E-mail/PDF: lentcarr@gmail.com Nov 01 2019 18:23:56      Lent Christopher Carr, II,
             3300 Laurinburg Rd.,    Raeford, NC 28376-7204
                                                                                                  TOTAL: 1

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 03, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 1, 2019 at the address(es) listed below:
            Erich M. Fabricius    on behalf of Joint Debtor Deltarina V. Carr emf@fabriciuslaw.com,
             fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
            Erich M. Fabricius    on behalf of Debtor Lent Christopher Carr, II emf@fabriciuslaw.com,
             fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
            Richard M. Hutson, II    office@c13dur.com
            William P Miller    Nicole_farabee@ncmba.uscourts.gov
                                                                                                                       TOTAL: 4



**SO ORDERED.**

**SIGNED this 1st day of November, 2019.**

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lent C. Carr, II and | ) | Case No. 18-80386 |
| Deltarina V. Carr, | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |

**ORDER
DENYING CREDITOR'S MOTION TO RECONSIDER ORDER DISALLOWING CLAIM**

THIS MATTER came before the Court on *pro se* creditor Jannetta Jordan's (the "Creditor") filing of a document captioned as Petition for Relief of Disallowed Judgment (Docket No. 78, the "Motion"), which the Court interprets as a motion to reconsider its Order Sustaining Objection to Claim entered on October 26, 2018 (Docket No. 52, the "Order"). The Debtors filed a response on October 23, 2019, objecting to the relief sought by the Creditor (Docket No. 94). The Court held a hearing on the Creditor's Motion on October 29, 2019, at which Eric Fabricius, Esq., appeared on behalf of the Debtors, and Benjamin Lovell, Esq., appeared on behalf of the Chapter 13 Trustee. The Creditor did not appear at the hearing and provided no advanced notice to the Court or counsel of her inability to attend.

In the Motion, the Creditor seeks to vacate the Order, in which the Court sustained the Debtors' objection and disallowed the Creditor's bankruptcy claim (claim # 5) in the amount of $250,000. The Court entered the Order after the Creditor failed to file a response to the Debtors' objection and did not appear at the hearing on the objection. The Court found the Creditor was properly noticed at the

address provided in her proof of claim, and the Creditor continues to cite this address as her current address (Docket No. 78).

In the Motion, the Creditor described the circumstances behind the filing of her claim in this bankruptcy case (claim # 5), specifically alleging the Debtors misrepresented themselves and unlawfully obtained title to the Creditor's properties. Nowhere in the Motion, however, does the Creditor contend she received insufficient notice of the Debtors' objection to claim. The Creditor similarly fails to cite a mistake, newly discovered evidence, or any other grounds for relief under Bankruptcy Rule 9024 that would justify vacating the Order.

Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, sets forth the grounds for relief from a judgment or order:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In order to obtain relief under Rule 60(b)(6) there must be a showing of extraordinary circumstances justifying relief and the movant must not have contributed to the situation from which relief is sought. *In re Clayton*, No. 02-82063C-13D, 2003 WL 22014579, at *3 (Bankr. M.D.N.C. Aug. 19, 2003) (citation omitted). As the Creditor cited no basis for relief in the Motion, and failed to appear at the hearing, the Court finds no possible grounds for reconsideration of the Order.

For the reasons stated herein, IT IS HEREBY ORDERED that Creditor Jannetta Jordan's motion to reconsider the Court's October 26, 2018 order disallowing her bankruptcy claim is denied in its entirety.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13


Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250