SO ORDERED.

SIGNED this 18th day of November, 2019.



```
                            _____
                                 LENA MANSORI JAMES
                            UNITED STATES BANKRUPTCY JUDGE
```

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lent C. Carr, II and | ) | Case No. 18-80386 |
| Deltarina V. Carr, | ) | Chapter 13 |
|     Debtors. | ) | |
| _____ | ) | |

### ORDER
### GRANTING DEBTORS' MOTION TO ENFORCE AUTOMATIC STAY

THIS MATTER came before the Court on Lent and Deltarina Carr's (collectively, the "Debtors") motion to enforce the automatic stay (Docket No. 91, the "Motion"), filed on October 14, 2019. The Court scheduled the Debtors' Motion for hearing on October 29, 2019, at which Erich Fabricius, Esq., appeared on behalf of the Debtors, and Benjamin Lovell, Esq., appeared on behalf of the Chapter 13 Trustee. The Creditor did not file a response to the Debtors' Motion and did not appear at the scheduled hearing.

In the Motion, the Debtors report that Jannetta Jordan (the "Creditor") filed a state-court complaint on April 4, 2018, which was 15 days after the Debtors filed this chapter 13 case on March 20, 2018. *See Jannetta Jordan v. Lent Carr*, No. 18 CVS 239 (N.C. Super. Apr. 4, 2018). The Creditor's state-court complaint alleges the Debtors misrepresented themselves and unlawfully obtained title to certain real property. Also on April 4, 2018, in connection with the complaint, the Creditor filed a notice of lis pendens, giving potential purchasers of those properties notice of the

pending suit. The Debtors argue the Creditor took these actions in direct violation of the automatic stay and request the Court enter an order either declaring the lis pendens void *ab initio* or requiring the Creditor to cancel the lis pendens.

At the hearing, the Debtors provided time-stamped copies of the state-court complaint (Ex. 1), and the notice of lis pendens (Ex. 2), both of which reflect a filing date of April 4, 2018. Debtor Lent Carr testified regarding the Creditor's filing of the state-court complaint and the shadow the existing lis pendens presently casts over potential sales of estate property (audio available at Docket No. 95). Carr indicated that the sale approved by the Court on July 5, 2019 (Docket No. 77) had fallen through, in part, because of the Creditor's alleged communications and "threats" to the potential buyer.

The Debtors request only that the Court declare the lis pendens void *ab initio* or, in the alternative, issue an order requiring the Creditor to cancel the lis pendens by a date certain (Docket No. 91). Although the Debtors did not specifically request a finding that the Creditor's filing of the complaint was violation of the stay, the Court has the power to raise the issue sua sponte without a motion from a party in interest. *In re Jorge*, 568 B.R. 25, 37 (Bankr. N.D. Ohio 2017); *see also Walker v. Got'cha Towing & Recovery, LLC (In re Walker),* 551 B.R. 679, 692–93 (Bankr. M.D. Ga. 2016); *222 Liberty Assoc. v. Prescott Forbes Real Estate Corp. (In re 222 Liberty Assoc.)*, 110 B.R. 196, 200 (Bankr. E.D. Pa. 1990) (collecting cases).

The Motion and exhibits demonstrate clearly that the Creditor filed her complaint and the accompanying lis pendens after the Debtors filed for bankruptcy relief, and the Creditor does not contest that fact. As such, the Court finds the Creditor's state-court filings to be violations of the automatic stay provided in 11 U.S.C. § 362(a)(1).[1] The "automatic stay represents 'one of the fundamental debtor

---

[1] While the Fourth Circuit has previously held a creditor's amendment to an existing lis pendens filed *before* a debtor's bankruptcy, is not a violation of the automatic stay, *see In re Knightsbridge Dev. Co.*, 884 F.2d 145, 148 (4th Cir. 1989), the Creditor here filed both her complaint and the lis pendens *after* the Debtors' chapter 13 bankruptcy filing. As such, this case more closely aligns with *In re Byrd*, in which the bankruptcy court held the creditors violated the automatic stay through their post-petition filing of a state-court complaint and request to impose a constructive trust, which the court analogized to a notice of lis pendens. *In re Byrd*, No. 04-35620, 2007 WL 1485441 (Bankr. D. Md. May 18, 2007), *aff'd sub nom Byrd v. Hoffman*, 417 B.R. 320 (D. Md. 2008), *aff'd* 331 Fed. Appx. 212 (4th Cir. 2009).

protections provided by the bankruptcy laws.'" *United States v. Gold (In re Avis)*, 178 F.3d 718, 721 (4th Cir. 1999) (quoting *Midlantic Nat'l Bank v N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)). While the Fourth Circuit has not directly answered the question of whether actions in violation of an automatic stay are void or merely voidable, *see Winters v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) (noting the circuit split on the question but declining to address it), the leading bankruptcy treatise, 3 COLLIER ON BANKRUPTCY ¶ 362.12 (16th ed. 2019) (noting that "[m]ost courts have held that actions taken in violation of the stay are void and without effect"), as well as a majority of the bankruptcy courts within this Circuit to have considered the question, have concluded that actions in violation of the automatic stay are void, rather than voidable.[2]

While the Court does not, as part of this Order, address the alleged communications between the Creditor and the potential purchaser of the Debtors' property, the Creditor is hereby on notice that any future attempts to interfere with prospective sales, or further violations of the automatic stay more broadly, are likely to warrant sanctions.[3]

For the reasons stated herein, IT IS HEREBY ORDERED that Creditor Jannetta Jordan's state-court complaint is void *ab initio* as a violation of 11 U.S.C. § 362(a) and Ms. Jordan is directed to take all action necessary to promptly dismiss

---

[2] *See, e.g.*, *Valenti v. JP Morgan Chase Bank, N.A. (In re Valenti)*, No. 13-01350, 2014 WL 4980039, at *3 (Bankr. E.D.N.C. Oct. 6, 2014) (finding "overwhelming precedent" that an act taken in violation of the automatic stay is void, rather than voidable); *In re NCVAMD, Inc.*, No. 10-03098-8, 2013 WL 6860816, at *3 (Bankr. E.D.N.C. Dec. 31, 2013) (finding government agency's commencement of a condemnation action *void ab initio*); *Weatherford v. Timmark (In re Weatherford)*, 413 B.R. 273, 283 (Bankr. D.S.C. 2009) (noting that, while the Fourth Circuit has not ruled on the issue, courts in the district "have consistently held that actions taken in violation of the automatic stay are void ab initio and thus not legally effective."); *Lykins v. Bottalico (In re Lykins)*, No. 92-14689-RGM, 2006 Bankr. LEXIS 2817, at **6–8 (Bankr. E.D. Va. Jan. 30, 2006) (declining to resolve the question, but proceeding to retroactively annul the automatic stay to address a state-court complaint that had been rendered void *ab initio*); *McGuffin v. Barman (In re BHB Enters., LLC)*, No. 97-80201, 1997 WL 33344249, at *4 (Bankr. D.S.C. Aug. 27, 1997) (holding the filing of a state court complaint and entry of a state-court order "were done in violation of the automatic stay and are therefore void and without effect."); *but see Khozai v. Resolution Trust Corp.*, 177 B.R. 524, 526–27 (E.D. Va. 1995) (finding persuasive those cases concluding acts taken in violation of the stay are voidable).

[3] To date, the Debtors have adopted an inexplicably laissez-faire approach to the Creditor's actions, declining to request compensation for damages or sanctions.

the state-court action pending in the Superior Court for Hoke County, North Carolina. *Jannetta Jordan v. Lent Carr*, No. 18 CVS 239 (N.C. Super. Apr. 4, 2018).

IT IS FURTHER ORDERED that the notice of lis pendens filed by Jannetta Jordan against the Debtors' property is void and of no effect.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13


Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401