UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-80386 |
| | ) | |
| LENT CHRISTOPHER CARR, II | ) | Chapter 13 |
| DELTARINA V. CARR | ) | |
|                          Debtors. | ) | |
| _____ | ) | |

## OBJECTION TO CLAIM NUMBER 3 OF HOKE COUNTY

NOW COME the Debtors, by and through undersigned counsel, pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and object to Proof of Claim #3 filed by Hoke County. In support thereof, the Debtors show as follows:

1. The Debtors filed this chapter 13 case on March 20, 2018. A plan was confirmed on October 26, 2018.

2. On September 23, 2019, Hoke County filed an amended Proof of Claim #3, which added $2,186.60 to the claim, itemized in attachment one as "G.S. 105-374(i)."

3. N.C. Gen. Stat. § 105-374(i) is the provision of North Carolina law allowing tax authorities to recover costs and attorney fees in certain situations related to tax foreclosures.

4. Upon information and belief, the $2,186.60 is entirely legal fees related to a pre-petition attempt to foreclose the Debtors' property at 3300 Laurinburg Rd, Raeford, NC 28376 for unpaid taxes.

5. N.C. Gen. Stat. § 105-374(i) provides for "one reasonable attorney's fee for the plaintiff [tax authority] in such amount as the court shall, in its discretion, determine and allow."

6. In this case, the court in the civil action never allowed or determined a reasonable attorney fee. The statute is not a general fee shifting statute, but one for a specific remedy by a specific court. See also In re Davis, 570 B.R. 522 (Bankr. E.D.N.C. 2017) ("The court interprets N.C. Gen. Stat. § 105-374 to allow the trial court adjudicating a foreclosure action, that court being the Wayne County District Court with respect to the Foreclosure Actions, to award a determined amount for a singular attorney's fee.").

7. In the absence of approval of the court where the civil action is or was pending, the county's legal fees are not recoverable against the taxpayers or their property.

8. Accordingly, the claim for attorney fees is unenforceable against the debtor under applicable law and should be disallowed under 11 U.S.C. § 502(b)(1).

WHEREFORE, the Debtors respectfully requests that the Court enter an order:

1. Disallowing Claim #3 filed by Hoke County to the extent of $2,186.60; and
2. Providing such other relief as the Court deems just and proper.

Respectfully submitted, this the 7th day of April, 2020

s/ Erich M. Fabricius
Erich M. Fabricius, NC State Bar No. 39667
Attorney for the Debtors
Fabricius & Fabricius PLLC
P.O. Box 1230, Knightdale, NC 27545-1230
Telephone: 919-295-6001   Fax: 919-890-3833
Email: emf@fabriciuslaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and the attached notice of objection to claim was served this day on the following parties, via first class mail unless otherwise indicated:

Richard M. Hutson II
Chapter 13 Trustee
(via CM/ECF)

Letitia Edens
Hoke County Manager
227 N. Main St.
Raeford, NC 28376

Hoke County Tax Collector
227 N. Main St.
Raeford, NC 28376

This 7th day of April, 2020

s/ Erich M. Fabricius

# United States Bankruptcy Court
## Middle District of North Carolina

| | |
|---|---|
| In re<br>    Lent Christopher Carr, II<br>    Deltarina V. Carr<br><br>                        Debtors<br>Address  330 Laurinburg Rd.<br>             Raeford, NC 28376<br><br>Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): 9559 & 6527 | )<br>)<br>)<br>)<br>) Case No. 18-80386<br>)<br>)<br>)<br>) Chapter 13<br>)<br>) |

## NOTICE OF OBJECTION TO CLAIM

Debtors Lent and Deltarina Carr have filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated**. You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then on or before May 11, 2020, you or your lawyer must file with the court a written response to the objection, explaining your position, at:

U.S. Bankruptcy Court, P.O. Box 26100, Greensboro, NC 27402-6100

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:

| | |
|---|---|
| Erich M. Fabricius<br>Fabricius & Fabricius PLLC<br>PO Box 1230<br>Knightdale, NC 27545 | Richard M. Hutson, II<br>Chapter 13 Trustee<br>3518 Westgate Dr. Ste 400<br>Durham, NC 27707 |

Attend the hearing on the objection, to be held only if a response is filed or if directed by the court, on May 21, 2020 at 9:30 a.m. in Courtroom, United States Bankruptcy Court, Ste 280, 302 E. Pettigrew St., Durham, NC 27701

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

| | |
|---|---|
| Date: 4/7/2020 | Signature: /s/ Erich M. Fabricius<br>Name:     Erich M. Fabricius<br>Address:  Fabricius & Fabricius PLLC<br>              PO Box 1230<br>              Knightdale, NC 27545 |

(Revised 5/19)