```
                         United States Bankruptcy Court
                         Middle District of North Carolina

In re:                                                      Case No. 18-80386-lmj
Lent Christopher Carr, II                                   Chapter 13
Deltarina V. Carr
        Debtors                  CERTIFICATE OF NOTICE

District/off: 0418-1      User: admin           Page 1 of 1       Date Rcvd: May 08, 2020
                          Form ID: pdf014       Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2020.
```
jdb          +Deltarina V. Carr,    3300 Laurinburg Rd.,    Raeford, NC 28376-7204
cr           +Jannetta Jordan,    4160 Laurinburg Road,    Raeford, NC 28376-7250
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
db           +E-mail/PDF: lentcarr@gmail.com May 08 2020 18:32:09      Lent Christopher Carr, II,
               3300 Laurinburg Rd.,    Raeford, NC 28376-7204
                                                                                              TOTAL: 1
```

```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 8, 2020 at the address(es) listed below:
```
              Erich M. Fabricius    on behalf of Joint Debtor Deltarina V. Carr emf@fabriciuslaw.com,
               fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
              Erich M. Fabricius    on behalf of Debtor Lent Christopher Carr, II emf@fabriciuslaw.com,
               fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
              Richard M. Hutson, II    office@c13dur.com
              William P Miller    Nicole_farabee@ncmba.uscourts.gov
                                                                                              TOTAL: 4
```

**SO ORDERED.**

**SIGNED this 8th day of May, 2020.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lent C. Carr, II and | ) | Case No. 18-80386 |
| Deltarina V. Carr, | ) | Chapter 13 |
|     Debtors. | ) | |
| | ) | |

## ORDER
### DENYING MOTION TO CONTINUE STATUS HEARING AS MOOT AND WAIVING TRUSTEE'S REQUIREMENT TO FILE WRITTEN RECOMMENDATION

THIS MATTER initially came before the Court on Lent and Deltarina Carr's (the "Debtors") motion to issue a show cause order and award sanctions against creditor Jannetta Jordan (the "Creditor") for violation of the automatic stay (Docket No. 100, the "Sanctions Motion"). In the Sanctions Motion, the Debtors allege the Creditor, in contravention of this Court's November 19, 2019 order, did not dismiss her state-court complaint against the Debtors. The Debtors further allege the Creditor retained control and possession of two properties the Creditor deeded to Lent Carr prepetition. The Debtors assert the Creditor has used one of those properties as a personal residence and collected and withheld rent on the other property. The Debtors request the Court enter an order directing the Creditor to show cause as to why she should not be found in contempt of the November 19th order, and award appropriate damages and sanctions for the alleged violations of the automatic stay by retaining control of the two properties.

After a hearing was held on the Sanctions Motion on March 12, 2020, the Court issued an order, which (1) required the Creditor to dismiss her state-court action within ten days and provide evidence thereof, (2) set a status hearing for May 7, 2020, (3) required Debtors' counsel and the Creditor[1] to conduct a mediation conference, prior to that status hearing, with the Chapter 13 Trustee, or counsel for the Trustee, and (4) required the Trustee to file a written recommendation with the Court on how to proceed in addressing the dispute between the parties (Docket No. 106).

On May 5, 2020, two days prior to the status hearing, the Trustee filed the instant motion to continue the status hearing to July 2, 2020. The Trustee explained that, due to the complications of the COVID-19 pandemic, the required conference between the Trustee, Debtors' counsel, and the Creditor had not yet occurred. While the Trustee was still attempting to arrange a telephonic conference, he was uncertain that it could be completed prior to the status hearing. Therefore, the Trustee requested that the status hearing be continued to July 2, 2020.

At the telephonic status hearing on May 7, 2020, Eric Fabricius appeared on behalf of the Debtors and Benjamin Lovell appeared on behalf of the Chapter 13 Trustee. The Creditor did not appear at the hearing. The Trustee, by and through Mr. Lovell, reported that he successfully conducted a telephone conference call with all required parties on May 6, 2020. The Trustee acknowledged he was not yet able to file the required written recommendation, due to the limited window of time between the conference and the status hearing, as well as the Trustee's desire to conduct a title search regarding the contested properties. The Trustee did state that it was unlikely the Debtors and Creditor would agree to any form of mediated settlement and, consequently, the appointment of an outside mediator was not a worthwhile endeavor.

Considering those representations, the fact that the mediation conference has already occurred, and because the underlying purpose in setting the status hearing

---

[1] At all times during this case, and despite the Court's recommendation, the Creditor has not retained counsel and has instead represented her interests pro se.

has been fulfilled, the Court finds it unnecessary to grant the Trustee's motion to continue the status hearing to a later date. Because the Trustee made his recommendation in open court at the status hearing, the Court also declines to require the Trustee to file the same in writing. The Court will instead issue an order, and schedule an evidentiary hearing, requiring the Creditor to show cause why she should not be found in contempt of this Court's November 19, 2019 order or sanctioned for violations of automatic stay.

Accordingly, IT IS HEREBY ORDERED that the Trustee's motion to continue the status hearing to July 2, 2020 is denied as moot and the status hearing is cancelled.

IT IS FURTHER ORDERED that the Trustee's requirement to file a written recommendation of the results of the mediation conference is waived.

## END OF DOCUMENT

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13


Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401