**SO ORDERED.**

**SIGNED this 11th day of May, 2020.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Lent Christopher Carr, II and ) | Case No. 18-80386 |
| Deltarina V. Carr, ) | |
| ) | |
| Debtors. ) | |
| ) | |

### ORDER AND NOTICE OF HEARING ON
### MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

THIS CASE comes before the Court on the Debtors' Motion for Sanctions for Violation of the Automatic Stay filed against Jannetta Jordan (the "Motion"). After a review of the record, the Court finds and concludes as follows:

1. Lent Christopher Carr, II and Deltarina V. Carr, the Debtors, filed a petition for relief under chapter 13 of the Bankruptcy Code on March 20, 2018. On schedule A/B, Mr. Carr listed five pieces of real property including 3300 Laurinburg Rd, Raeford, NC, 4160 Laurinburg Rd, Raeford, NC, and 521 Gatlin Farm Rd, Raeford, NC.

2. On May 13, 2018, Ms. Jordan filed claim 5 in this case, asserting an unsecured claim in the total amount of $255,000.00 with the basis of the claim described as "$250,000.00 cost of real property; $5,000.00 personal

1

property (Goods sold)." There was no documentation or writing attached to the claim.

3. The Debtors filed an objection to claim 5, attaching a copy of a written agreement regarding real property located at 3300 Laurinburg Rd, Raeford, NC and asserted that the agreement reflected that there was no promise of future payment between the parties at the time of the conveyance. Docket No. 34. The objection was initially scheduled for hearing on October 4, 2018 but was rescheduled upon motion by counsel for the Debtors indicating he had been contacted by Ms. Jordan requesting a continuance. The Court continued the hearing on the objection to its next session on October 18, 2018. Ms. Jordan did not appear at the rescheduled hearing, nor did she file a written response, and after considering the statements of Debtors' counsel and the Chapter 13 Trustee, as well as the written agreement, the Court sustained the Debtors' objection.

4. On July 5, 2019, Ms. Jordan filed a document captioned as Petition for Relief of Disallowed Judgment, Docket No. 78, which the Court interpreted as a motion to reconsider its order sustaining the Debtors' objection to claim 5. The matter was rescheduled for hearing several times, and ultimately set for hearing October 29, 2019, after communication with the Debtors, Ms. Jordan, and the Chapter 13 Trustee, along with a motion to enforce automatic stay which had been filed by the Debtors. Docket No. 91. Ms. Jordan did not appear at the hearing and provided no advanced notice to the Court or counsel of her inability to attend.

5. In her motion to reconsider, Ms. Jordan sought to vacate the order sustaining the objection to her claim. She described the circumstances behind the filing of her claim, alleging her claim was based on a verbal agreement and that Mr. Carr misrepresented himself as an attorney and was able to obtain quitclaim deeds from her transferring 3300 Laurinburg

Rd, Raeford, NC, 4160 Laurinburg Rd, Raeford, NC, and 521 Gatlin Farm Rd, Raeford, NC to him. Docket No. 78. Nowhere in her motion, however, did Ms. Jordan state grounds for relief under Bankruptcy Rule 9024 that would justify vacating the order. As she provided no basis for relief in the motion and failed to appear at the hearing, the court could find no possible grounds for reconsideration of the order and denied her motion.

6. As to the motion to enforce stay heard on that same date, the Debtors reported that Ms. Jordan had filed a state-court complaint on April 4, 2018, 15 days after the petition date in Hoke County, NC. The state-court complaint alleged that the Debtors misrepresented themselves and unlawfully obtained title to three pieces of real property. Also on April 4, 2018, in connection with the complaint, Ms. Jordan filed a notice of lis pendens, giving potential purchasers of those properties notice of the pending suit. The Debtors argued Ms. Jordan took these actions in direct violation of the automatic stay and requested the Court enter an order either declaring the lis pendens void *ab initio* or requiring Ms. Jordan to cancel the lis pendens.

7. The Court entered an order finding that Ms. Jordan's state-court complaint was void *ab initio* as a violation of 11 U.S.C. § 362(a) and directing Ms. Jordan to take all action necessary to promptly dismiss the state-court action pending in the Superior Court for Hoke County, North Carolina. Docket No. 98. The Court further found that the notice of lis pendens was void and of no effect.

8. In the present Motion, the Debtors allege Ms. Jordan, in contravention of this Court's November 19, 2019 order, Docket No. 98, did not dismiss her state-court complaint against the Debtors. In addition, the Debtors allege Ms. Jordan retained control and possession of 4160 Laurinburg Rd, Raeford, NC and 521 Gatlin Farm Rd, Raeford, NC, which Ms. Jordan deeded to Lent Carr prepetition. The Debtors assert Ms. Jordan has used

3

one of those properties as a personal residence and collected and withheld rent on the other property.

9. The Debtors request the Court enter an order directing Ms. Jordan to appear and show cause as to why she should not be found in contempt of the November 19th order, and award appropriate damages and sanctions for the alleged violations of the automatic stay by retaining control of the two properties.

10. The Motion initially came on for hearing on March 12, 2020; however, counsel for the Debtors represented that Mr. Carr was unable to appear due to health reasons. Counsel requested that any evidentiary issues be rescheduled to another day. Ms. Jordan appeared at the hearing and explained to the Court that she had gone to the Hoke County courthouse and verbally indicated to an employee in the clerk's office that she had been directed by this Court to dismiss the complaint, and she had been informed that verbal notification was sufficient.

11. After the hearing, Court issued an order, which (1) required Ms. Jordan to dismiss her state-court action within ten days and provide evidence thereof, (2) set a status hearing for May 7, 2020, (3) required Debtors' counsel and Ms. Jordan[1] to conduct a mediation conference, prior to that status hearing, with the Chapter 13 Trustee, or counsel for the Trustee, and (4) required the Trustee to file a written recommendation with the Court on how to proceed in addressing the dispute between the parties. Docket No. 106.

12. On April 8, 2020, the Court received an unfiled copy of a notice of voluntary dismissal of the state court complaint from Ms. Jordan. On May 7, 2020, counsel for the Chapter 13 Trustee reported that he successfully conducted a telephone conference call with all required parties on May 6, 2020, but that it was unlikely the appointment of an outside mediator

---

[1] At all times during this case, and despite the Court's recommendation, the Creditor has not retained counsel and has instead represented her interests pro se.

would be a worthwhile endeavor. It was the Court's hope that the parties would be able to reach to a mutually agreeable, reasonable timetable for Ms. Jordan to vacate the residence.[2] It was also reported that while the copy of voluntary dismissal of the state-court complaint filed with the Court did not have a filed stamp, it appeared that Ms. Jordan had indeed filed the voluntary dismissal in Hoke County.

13. Section 101(5) of the Bankruptcy Code defines the term "claim" broadly to include

> **(A)** right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> **(B)** right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

14. A "creditor" includes an individual who has a claim against the debtor that arose at the time of or before the date of the bankruptcy petition. 11 U.S.C. § 101(10). A creditor *must* file a proof of claim with the bankruptcy court for the claim or interest to be allowed. Fed. R. Bankr. P 3002. The only claim Ms. Jordan filed in this case was claim 5, in which she asserted an unsecured claim in the total amount of $255,000.00 for "goods sold," and that claim has been disallowed. Thus, Ms. Jordan does not hold an allowed claim in this case and may not sidestep this Court, in violation of the automatic stay, by asserting causes of action against Mr. Carr in state court.

15. Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of, among other things (1) the commencement of a judicial action or

---

[2] While the Court will expect Mr. Carr to present evidence at the hearing to substantiate that he is the record owner of 4160 Laurinburg Rd, Raeford, NC and 521 Gatlin Farm Rd, Raeford, NC, Ms. Jordan has stated several times that she executed quitclaim deeds transferring the properties to Mr. Carr.

5

proceeding against the debtor that could have been commenced prepetition, (2) any act to obtain possession of or exercise control over property of the estate, and (3) any act to collect on claims against the debtor that arose prepetition. Property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held, including proceeds or rents from property of the estate. 11 U.S.C. § 541.

16. This Court has already found that Ms. Jordan violated the automatic stay when she commenced the state-court action against Mr. Carr. Docket No. 98. As alleged by the Debtors, Ms. Jordan also exercises control over 4160 Laurinburg Rd, Raeford, NC, and 521 Gatlin Farm Rd, Raeford, NC, which are property of the estate, and exercises control over rents from property of the estate.

17. While it is apparent that Ms. Jordan believes she has some claim against Mr. Carr and to the real property at issue, she did not take the necessary steps to substantiate or preserve any such claim in this Court. As stated above, the only claim she filed was disallowed after notice and hearing under 11 U.S.C. § 502, and the bar date for filing claims in this case has long passed.

18. The Court recognizes that the dispute between the parties is very personal and irregular. The Court also notes that 4160 Laurinburg Rd, Raeford, NC appears to have been Ms. Jordan's residence since the Debtors' petition date, as it is the address she listed on claim 5, and yet the Debtors did not file their Motion until almost two years after the petition date. Similarly, the Debtors filed their motion to enforce stay approximately a year and half after the Ms. Jordan filed the state-court complaint, and at the hearing on the motion, declined to request monetary sanctions.

19. However, the Court is gravely concerned that Ms. Jordan does not appreciate the serious consequences that may result from violating the

automatic stay. The Debtors are now seeking damages under 11 U.S.C. § 362(a) which could be substantial.

20. The Court will schedule a hearing at which it will take evidence and hear arguments on the Debtors' Motion for Sanctions for violation of the automatic stay. This hearing shall be held virtually, by video and teleconference due to the current COVID-19 pandemic.

21. Pursuant to Federal Rule of Civil Procedure 43(a) made applicable by Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 611, the current COVID-19 pandemic provides for good cause and constitutes compelling circumstances for the admission of testimony and evidence in support of the Motion by video means as set forth herein. As a result, the Court determines that the virtual hearing procedures, as set forth below, shall provide appropriate safeguards.

Accordingly, IT IS HEREBY ORDERED that:

1. An evidentiary hearing shall be held on **Tuesday June 9, 2020 at 2 p.m**. to consider the Debtors' Motion for Sanctions against Jannetta Jordan for violation of the automatic stay.

2. The hearings on the Motion, scheduled for Tuesday June 9, 2020 at 2 p.m. shall take place via video and teleconference. Instructions for appearing telephonically are located on the Court's website www.ncmb.uscourts.gov. All parties wishing to attend the hearing via video or wishing to offer witnesses shall provide notice, **no later than 5:00 p.m. June 3, 2020**, to the following Court administrators: janice_leonard@ncmb.uscourts.gov, gavin_holt@ncmb.uscourts.gov, and matt_brittain@ncmb.uscourts.gov.

   > **While parties may present arguments and question witnesses through use of the telephone, all individuals wishing to offer testimony <u>must do so by video</u>. Any parties that anticipate technological limitations (e.g., slow internet connection, inability to access internet) that will prevent them from appearing by video must provide notice to the Court administrators listed above, no later than 5:00 p.m. June 3, 2020.**

Any individuals appearing by video shall conduct a pre-hearing test of the video conference service using the same equipment to be used during the hearing no later than the business day prior to the scheduled hearings.

3. Due to video conferencing limitations, video conference participants may be limited to (a) witnesses, (b) those parties that anticipate questioning or cross-examining witnesses, and (c) one attorney per party. Witnesses shall appear by video conference only during testimony. At all other times during the hearing, witnesses may participate in the hearing by teleconference.

4. Parties represented by counsel and submitting exhibits shall file all exhibits on the docket in .pdf format no later than 5:00 p.m. on Monday, June 8, 2020. Individuals representing themselves pro se shall submit exhibits in accordance with the procedures established in the Court's Amended Standing Order on Court Operations under the Exigent Circumstances Created by COVID-19, which is attached to this Order and found on the Court's website at http://www.ncmb.uscourts.gov/.

5. The filing of any exhibit shall not require the exhibit to be offered into evidence at the hearing, nor shall any proposed exhibit be considered as evidence unless offered and admitted at the hearing.  All objections to any exhibits are preserved for the hearing.  Only those exhibits timely submitted may be offered at the hearing absent good cause, unless offered solely for rebuttal.

6. Each party shall combine all its potential exhibits into one .pdf document beginning with a table of contents.

7. In accordance with Federal Rule of Civil Procedure 43(a) made applicable by Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence Rule 611, for good cause and in compelling circumstances, a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Based on the foregoing, any witness called to testify or subject to cross-examination in relation to the

pending proceeding shall be permitted to testify by contemporaneous transmission from a different location ("Remote Witness").

8. As additional safeguards for the allowance of a Remote Witness, the party sponsoring the Remote Witness shall file with the Court, no later than 12:00 p.m. on June 8, 2020, a document containing the following information:
    a. The name and title of the Remote Witness.
    b. The matter on which the Remote Witness will provide testimony.
    c. The location of the Remote Witness (city, state, country).
    d. The place from which the Remote Witness will testify (e.g. home, office – no addresses are required).
    e. Whether anyone will be in the room with the Remote Witness during the testimony, and if so, who (name, title, relationship to the Remote Witness), and for what purpose.
    f. Whether the Remote Witness will have access to any documents other than exhibits that have been filed on the docket, and if so, an explanation of those documents.

    Individuals representing themselves pro se shall submit this document in accordance with the procedures established in the Court's Amended Standing Order on Court Operations under the Exigent Circumstances Created by COVID-19, which is attached to this Order and found on the Court's website at http://www.ncmb.uscourts.gov/.

9. All Remote Witnesses shall be affirmed during the video conference and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was affirmed by the Court deputy in person in open court.

10. The party sponsoring the Remote Witness shall be responsible for ensuring that all video conference information and all exhibits are supplied to the Remote Witness prior to the hearings and that the Remote Witness has access to the video conference link, as applicable.

11. All individuals attending the hearing shall review and comply with the instructions for appearing telephonically that are located on the Court's website <u>www.ncmb.uscourts.gov.</u>

END OF DOCUMENT

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| COURT OPERATIONS UNDER THE EXIGENT ) | AMENDED |
| CIRCUMSTANCES CREATED BY COVID-19 ) | STANDING ORDER |

The United States Bankruptcy Court for the Middle District of North Carolina continues to monitor the severity of the Coronavirus (COVID-19) outbreak, including directives and executive orders issued by the President of the United States and Governor of North Carolina, as well as proclamations issued by county boards of commissioners, orders issued by mayors, and guidance issued by the Centers for Disease Control and Prevention. In order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel, the United States Bankruptcy Court for the Middle District of North Carolina hereby issues the following amended order regarding Court operations, which shall remain in effect pending further order of the Court:

**IT IS HEREBY ORDERED** that the public intake counters in the Greensboro and Winston-Salem divisions of the Clerk's Office are CLOSED; and

**IT IS FURTHER ORDERED** that attorneys shall continue to file bankruptcy petitions and other papers by electronic filing on CM/ECF; and

**IT IS FURTHER ORDERED** that members of the public without an attorney ("*pro se* parties") shall file bankruptcy petitions and other papers with the Court by email, U.S. Mail, or drop boxes located in the locations as set forth below; and

**IT IS FURTHER ORDERED** that all papers filed by email, U.S. Mail, or drop box should include a telephone number at which the filer may be reached; and

**IT IS FURTHER ORDERED** that all bankruptcy petitions filed by email, U.S. Mail, or drop box should be accompanied by a copy of a form of government issued identification for the debtor(s). Debtors who do not have any such form of identification should contact the Clerk's Office at 336-358-4000 for further instructions; and

**IT IS FURTHER ORDERED** that *pro se* parties may email signed bankruptcy petitions and other documents to the Court at ncmb_intake@ncmb.uscourts.gov. A *pro se* party who emails a signed petition to the Court shall also send the following to the Court by U.S. Mail within 14 days thereafter: (1) the original petition, along with supporting schedules and papers, with original signatures, and (2) the required filing fee, unless said party has also filed a request to waive the filing fee (a request to proceed *in forma pauperis)* or a request to pay the filing fee in installments; and

**IT IS FURTHER ORDERED** that the Clerk's Office shall not process a request to proceed *in forma pauperis* or a request to pay the filing fee in installments from a *pro se* party who has emailed a signed bankruptcy petition to the Court until the Clerk receives said party's original petition, with original signatures, by U.S. Mail; and

**IT IS FURTHER ORDERED** that drop boxes shall be available to those who do not meet the travel or health criteria enumerated in Amended Standing Order 12 of the United States District Court, or who do not meet the exceptions outlined therein. One drop box is currently available from 9:00 a.m. to 3:00 p.m., Monday through Friday, in the lobby of the United States District Court, located at 324 W. Market Street, Greensboro, NC 27401. It is anticipated that drop boxes will also be available: (1) in the lobby of the Greensboro divisional office building, and (2) inside the entrance of the Winston-Salem divisional office by April 7, 2020. Parties are directed to check the Court's website, www.ncmb.uscourts.gov, or call the Clerk's Office at 336-

2

358-4000 to determine whether a drop box has been installed in one of those locations prior to visiting. Once available, drop boxes in the Greensboro and Winston-Salem divisional offices will be open from 9:00 a.m. to 3:00 p.m, Monday through Friday; and

**IT IS FURTHER ORDERED** that filings made by drop box must be accompanied by either: (1) an email to ncmb_intake@ncmb.uscourts.gov, indicating the filer's name, the case name and number (unless the filing is a bankruptcy petition), and the date and time at which the filing was placed into the drop box, or (2) a telephone call to the Clerk's Office at 336-358-4000 to confirm the deposit; and

**IT IS FURTHER ORDERED** that, if a *pro se* party files a bankruptcy petition by email, the Clerk's Office shall, as soon as practicable, contact the filing party with the assigned bankruptcy case number. *Pro se* parties who file a bankruptcy petition by U.S. Mail or drop box may include a self-addressed stamped envelope and request that the case number be mailed to them, or they may contact the Clerk's Office at 336-358-4000; and

**IT IS FURTHER ORDERED** that all required filing fees shall be mailed to the Court. The only acceptable forms of payment are cashier's check and money orders. Should any party be unable to obtain a check or money order, that party may file a motion to request temporary relief from the judge assigned to the case; and

**IT IS FURTHER ORDERED** that all deadlines in all cases continue to remain in effect, unless modified by further order; and

**IT IS FURTHER ORDERED** that ALL BANKRUPTCY HEARINGS remain telephonic. Parties are prohibited from accessing the courtrooms at this time.

Parties are directed to check the Court's website, www.ncmb.uscourts.gov, for instructions on accessing hearings telephonically and other updates regarding 11 U.S.C. § 341

hearing dates. Parties are also encouraged to contact the Clerk's Office at 336-358-4000 for any necessary assistance. A list of mailing and drop box addresses follows.

This the 26th day of March 2020.

*Lena M. James*
Lena M. James, Chief Judge
FOR THE COURT

Greensboro Mailing Address:
U.S. Bankruptcy Court
Middle District of North Carolina
P.O. Box 26100
Greensboro, NC 27402

Greensboro Drop Box Address (check the Court's website or call to determine when available):
U.S. Bankruptcy Court
Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC 27401

District Court Drop Box Address (available immediately):
U.S. District Court
L. Richardson Preyer Courthouse
324 W. Market Street
Greensboro, NC 27401

Winston-Salem Mailing and Drop Box Address (check the Court's website or call to determine when drop box available):
U.S. Bankruptcy Court
Middle District of North Carolina
601 W. 4th St., STE 100
Winston-Salem, NC 27101

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13

Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401