UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 18-80386 |
| ) | |
| ) | Chapter 13 |
| LENT CHRISTOPHER CARR, II, ) | |
| DELTARINA V. CARR ) | |
| ) | |
| Debtors ) | |

### RESPONSE TO DEBTORS' OBJECTION TO CLAIM NUMBER 3 OF HOKE COUNTY

NOW COMES the Creditor, by and through undersigned counsel, pursuant to 11 U.S.C. §502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and responds to the objection of Debtors to Claim number 3 of Hoke County. In support thereof, the Creditor shows as follows:

    1.    The Creditor has retained RKS Law to prosecute foreclosure actions on behalf of Hoke County.
    2.    RKS Law submitted an invoice to Hoke County dated March 2, 2018 for fees and costs with respect to the foreclosure action against the Debtor Lent Christopher Carr, II related to Creditors proof of claim filed September 23, 2019.
    3.    The $2,186.60 is entirely legal fees related to a pre-petition attempt to foreclosure the Debtors' property at 3300 Laurinburg Road, Raeford, N.C. 28376 for unpaid taxes.
    4.    N.C.G.S. §105-374(i) allows the governing body to "arrange with its attorney for the handling of tax foreclosure suits on a salary basis or make any other reasonable agreement with its attorney or attorneys".
    5.    The Creditor has made arrangements with RKS Law to handle tax foreclosure suits based on the attached agreement, Exhibit A, made a part hereof as if fully set forth herein.
    6.    The property was never foreclosed because the debtors filed bankruptcy; however, the Creditor has paid the fees and costs to RKS Law for the services rendered to the County.
    7.    The fees to RKS Law are reasonable.
    8.    The court would never determine and allow costs in a matter that is not foreclosed.

WHEREFORE, the Creditor respectfully requests that the Court enter an Order:

    A.    Determining that the fees and costs of RKS Law are reasonable and allowing the attorney's fees and costs to Hoke County in the amount of $2,186.60; and
    B.    Providing such other relief the Court deems just and proper.

Respectfully submitted, this the 11th day of May, 2020.

HUNT & BROOKS

BY: /s/ Grady L. Hunt
    GRADY L. HUNT
    Attorney for Hoke County
    203 College Street
    Post Office Box 999
    Pembroke, NC 28372
    Telephone (910) 521-3413
    Facsimile (910) 521-1027
    NC State Bar # 16687
    gradyh@huntbrookslaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing RESPONSE TO DEBTORS' OBJECTION TO CLAIM NUMBER 3 OF HOKE COUNTY was served this date by mailing a copy thereof, first class mail, postage prepaid, to the following:

US Bankruptcy Court
Middle District of NC
PO Box 26100
Greensboro, NC 27402-6100

Erich M. Fabricius
Fabricius & Fabricius, PLLC
Post Office Box 1230
Knightdale, NC 27545

Richard M. Hutson, II
Chapter 13 Trustee
3518 Westgate Drive, Suite 400
Durham, N.C. 27707

HUNT & BROOKS

BY: /s/ Grady L. Hunt
GRADY L. HUNT
Attorney for Hoke County
203 College Street
Post Office Box 999
Pembroke, NC 28372
Telephone (910) 521-3413
Facsimile (910) 521-1027
NC State Bar # 16687
gradyh@huntbrookslaw.com

EXHIBIT A

**NORTH CAROLINA**                      **PROFESSIONAL**
**COUNTY OF HOKE**                    **SERVICES AGREEMENT**

This Agreement, is made this 17th day of September, 2013, by and between the COUNTY OF HOKE, North Carolina, a body politic and corporate of the State of North Carolina (hereinafter referred to as the "COUNTY"), and the law firm of R. KEVIN SMITH, PLLC a professional limited liability company registered in the State of North Carolina (hereinafter referred to as the "FIRM").

**WITNESSETH:**

WHEREAS, the COUNTY desires the services of the FIRM to collect delinquent property taxes using the foreclosure procedures of N.C.G.S. §105-374 and §105-375.

WHEREAS, the COUNTY has determined that the FIRM possesses an understanding of tax collection and its procedures, the ability to handle the anticipated volume of cases to be referred by the COUNTY in a diligent manner, the ability and capacity to provide accurate title searches, and appropriate litigation experience; and

WHEREAS, the COUNTY proposes to retain the FIRM as an independent contractor for the above purposes;

NOW, THEREFORE, the COUNTY does hereby agree to retain the FIRM as an independent contractor and the FIRM does agree to provide the services under the terms and conditions described below:

1. **TERM:** The term of this Agreement shall be from the date of execution and continue until terminated by either party giving ninety (90) days written notice to the other in accordance with the notice provision stated herein.

2. **SERVICES:** The FIRM and COUNTY agree as follows regarding their respective responsibilities under this Agreement:

   (a) The FIRM shall:

   (i) Within thirty (30) days of receipt of a file assignment, mail the taxpayer a collection letter in a format approved by the COUNTY's Tax Collector.

   (ii) Prior to initiating a foreclosure action, conduct a title search on the accounts referred to the FIRM to determine the description and location of the property and all parties with a legal interest in the property and any liens thereon. A "full warranty" forty-year title search shall be conducted in the discretion of the FIRM. All parties shall be notified and liens identified to satisfy the tax lien imposed against the property named in the complaint to be filed.

   (iii) Timely process the account through to the foreclosure sale process, if

1

APPROVED

JUN 21 2018

Hoke Co. Governing Body

necessary, including the initiation and collection of delinquent taxes, fees, and costs associated with the delinquency. The time shall be tolled for any period of time by which the FIRM is delayed in proceeding because of a delay in receiving necessary information from the COUNTY. If the FIRM determines that it may be unlikely to continue, it shall so advise the Tax Collector and obtain appropriate guidance and direction.

    (iv)    Provide a report (no less than quarterly) regarding the status of each account in a format acceptable to the Tax Collector in an Excel spreadsheet to include activity tracking, dates of service and attorney fees and costs accrued. The report shall be submitted to the Tax Collector by email in electronic format.

    (v)    Establish a separate trust account ("Special Trust Account") with a local bank to exclusively hold the funds received pursuant to this Agreement.

    (vi)    Accept all payments by certified funds only for each delinquency. Partial payment arrangements shall be made only upon prior approval of the Tax Collector or her designee. A copy of an approved signed payment agreement shall be submitted to the FIRM. Payments received shall be applied in the following priority (i) filing and service fees and publication costs, (ii) in the case of installment payments, pro rata to attorney fees, then to penalties, then to interest, and then to principal.

    (vii)    Request a payoff for current taxes, interest, penalties, and any additional tax collection fees, by e-mail format from the Tax Collector's office prior to giving the taxpayer any payoff information. The FIRM shall request payoffs of municipal liens, in writing directly from the municipality.

    (b)    When submitting payment to the COUNTY the FIRM:

    (i) Shall submit a Special Trust Account check, payable to the HOKE COUNTY Tax Collector, for each individual account collected, identifying the tax bill number on the check. If an assignment includes multiple accounts for one taxpayer, then one Special Trust Account check may be remitted to the Tax Collector as long as all bill numbers and amounts for each bill are specified on the check or in a separate statement attached securely to the check.

    (ii) Shall remit funds collected to the Tax Collector as expeditiously as possible, but no later than ten (10) business days after crediting of the taxpayer's payment to the FIRM's Special Trust Account. The FIRM's remittance shall be less all authorized fees, commissions and costs advanced, if any, with appropriate documentation.

    (iii) Shall not be responsible for and shall not engage in collection efforts other than proceeding with a collection letter prior to commencing a title search, in preparation of filing a foreclosure complaint. The Tax Collector will have initiated reasonable collection efforts prior to submitting an account to the FIRM.

    (c)    Upon termination of this Agreement, FIRM shall return files in its possession to

2

the COUNTY, and provide to the Tax Collector or her designee a report reflecting the then current status of each account. The FIRM shall continue through to completion any proceeding that has been advertised for sale prior to such date of termination.

(d)  The COUNTY shall:

(i)  Refer tax delinquency accounts to the FIRM in such numbers as the parties may agree upon, with written receipt of referral of account files to the FIRM.

(ii)  Refer all questions or concerns from the taxpayer or interested party regarding the account to the FIRM.

(iii)  Promptly provide to the FIRM any information the COUNTY has in its possession to assist in collection of the delinquency or, subsequently within five (5) business days of the FIRM's follow-up request for information.

(iv)  Advance all costs of service and filing in connection with the foreclosure proceedings, if legal action is required.

(v)  Have the right to inspect the Special Trust Account records, tax payment receipts or other documents related to this Agreement at any time during the FIRM's normal business hours. The COUNTY shall provide written request to the FIRM at least forty-eight (48) hours prior to an inspection.

3.  **FEES:**  As compensation to the FIRM for services rendered to the COUNTY as agreed herein, the parties each agree to comply with the fee and cost schedule attached hereto as Attachments 1 and 2 (hereinafter referred to as the "Fee and Cost Schedule Attachments" or "Attachments"). The Attachments may be amended in writing from time to time by the parties. Fees shall be paid by the delinquent taxpayers, except as provided in the Attachments.

4.  **AGENCY AND AUTHORITY:**

(a)  The COUNTY designates its Tax Collector as its exclusive agent with respect to this Agreement, except as otherwise set forth specifically herein. The COUNTY authorizes its Tax Collector, on its behalf, to deal directly with the FIRM on all matters pertaining to interpretation, construction or performance of this Agreement.

(b)  The FIRM hereby designates Rudolph K. Smith as its exclusive agent with respect to this Agreement. The FIRM authorizes Rudolph K. Smith, on its behalf, to deal directly with the COUNTY on all matters pertaining to this Agreement and to commit the FIRM to the objectives and tasks submitted by the COUNTY pursuant to this Agreement.

5.  **NOTICES:**  Any notice to be given by either party to the other under this Agreement shall be in writing and shall be deemed to have been sufficiently given if delivered by hand, with written acknowledgment of receipt, or mailed by certified mail, return receipt requested, or emailed to the other party with a reply email acknowledging receipt to the persons and addresses

3

set forth below:

| | |
|---|---|
| If to the COUNTY: | Tax Collector Office<br>County of Hoke<br>P.O. Box 217<br>227 North Main Street<br>Raeford, North Carolina 28376<br>Fax: (910) 875-9222<br>Email: ddudley@hokecounty.org |
| If to the FIRM: | Rudolph K. Smith, Esq.<br>R. Kevin Smith, PLLC<br>P.O. Box 2095<br>Fayetteville, North Carolina 28302-2095<br>Email: rkslaw90@hotmail.com |

6. **COMMISSIONS:** Rudolph K. Smith, Attorney-at-Law, of the FIRM, shall be identified as the commissioner for each foreclosure sale and shall attend, or designate another FIRM employee to attend in his stead, every foreclosure sale. All commissions awarded as costs of the sale shall be remitted to the FIRM.

7. **INDEMNITY:** The FIRM agrees to defend, hold harmless and indemnify the COUNTY and its officers, agents, and employees against any claims, charges, damages, costs, expenses (including counsel fees), fines, judgments, penalties, liabilities, or losses of any kind or nature whatsoever resulting from, arising out of, related to, or in connection with damage to any person or entity caused, by the FIRM'S negligent acts or failure to act in performing its obligations under this Agreement. The FIRM agrees to maintain professional liability insurance with coverage of at least Five Hundred Thousand Dollars ($500,000.00) with only customary deductibles, exclusions and exceptions, and to provide proof thereof to COUNTY upon its written request. FIRM's total liability to COUNTY under this section shall not exceed the coverage of FIRM's professional liability insurance.

8. **RECORDS:** The FIRM shall retain records of collection efforts and activities in accordance with statutory requirements, including N.C.G.S. § 121 and §132, and until such time as each file record is returned to the Tax Collector.

9. **MISCELLANEOUS:**

(a) In the event a title search discloses the property cannot be identified, located, or surveyed or is in the name of someone other than the listed owner, the Tax Collector shall be notified of these facts before proceeding further. If it is determined that the account should be released and removed from the tax rolls, the Tax Collector shall negotiate a fair fee for the time spent on the title search and any services provided by the FIRM. FIRM agrees that such fee shall not exceed Six Hundred ($600.00) Dollars.

4

(b)  In the event a taxpayer files bankruptcy, the FIRM shall cease collection efforts, shall return the file to the Tax Collector and shall be paid for the work completed according to the Fee and Cost Schedule Attachments.

c)  In the event a Taxpayer pays the full amount of the tax lien without paying any attorney fees or costs prior to a foreclosure action being filed, the FIRM shall close and return the file to the Tax Collector and be paid for the work completed according to the Fee and Cost Schedule Attachments.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the dates indicated by the signatures of each.

ATTEST:

BY: _____
        WITNESS

By: _____
        WITNESS

COUNTY OF HOKE

_____  9-23-13
James Leach                          DATE
Chairman, Board of Commissioners

_____  9/17/13
R. KEVIN SMITH, PLLC         DATE
For the FIRM

ATTEST:
_____     9-23-13
Linda Revels, Clerk to the Board     Date

PRE-AUDIT STATEMENT
This instrument has been pre-audited in the manner required by the Local Government Budget and Fiscal Control Act.

_____     9-23-13
County of Hoke Finance Officer     Date

5

## ATTACHMENT 1
## FEE SCHEDULE
## CONTRACT BETWEEN HOKE COUNTY and
## R. KEVIN SMITH, PLLC

**Step 1** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Turnover Received & Inputted | $85 |
| Demand Letter Sent | $185 |
| Demand Letter Expired/Title Search ordered | $285 |
|     Plus additional Real Estate Bill(s) if any .................... Add | $50 |

**Step 2** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Title Search Completed, No Complaint Drafted | $285 |
| Complaint Drafted but not filed | $500 |
|     Plus Assessment(s) (per municipality), if any ................Add | $100 |
|     Plus additional Real Estate Bill(s), if any ....................Add | $50 |

**Step 3** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Complaint filed, Obtaining Service | $850 |
|     Plus Assessment(s) (per municipality), if any ............. Add | $150 |
|     Plus additional Real Estate Bill(s), if any ....................Add | $50 |

**Step 4a** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Entry of Default and Judgment | $1,000 |
|     Plus Assessment(s) (per municipality), if any ..............Add | $150 |
|     Plus additional Real Estate Bill(s), if any ....................Add | $50 |

**Step 4b** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Judgment on Pleadings/Summary Judgment/Trial/Hearing set | $1,300 |
|     Plus Assessment(s) (per municipality), if any ...............Add | $150 |
|     Plus additional Real Estate Bill(s), if any....................Add | $50 |
|     Trial/Hearing — continued (per continuance) .................... Add | $50 |

**Step 5** *(Fees are step by step and NOT cumulative)*
| | |
|---|---:|
| Sale Set/Conduct of Foreclosure Sale | $1,500* |
| | *or Fee as Ordered by Court |
|     Plus Assessment(s) (per municipality), if any ..............Add | $150 |
|     Plus additional Real Estate Bill(s), if any....................Add | $50 |

| | |
|---|---:|
| Conduct Foreclosure Sale Where COUNTY Acquires Property | $1350 |

**ATTACHMENT 2**
**COST SCHEDULE**
**AGREEMENT BETWEEN HOKE COUNTY and**
**R.KEVIN SMITH PLLC**

| | |
|---|---|
| Copies | $ 0.25 (per page) |
| Faxes | $ 0.50 (per page) |
| Long Distance Calls | Providers actual cost |
| Certified Mail | USPS actual cost |
| Clerk's Filing Fee | COSC actual cost |
| Service's Service Fee | Sheriff's actual cost |
| Publication (service/sale) | Actual cost |
| Regular Mail | Actual cost |
| Title Search | $ 75.00 (per search) |
| Update Title Search from delayed file | $ 35.00 (per search) |
| "Full warranty" forty year Title Search | $ 175.00 (per search) |
| Agents Fee for Sale Held | $ 35.00* |
| * (per sale event, regardless of the number of sales held at one time) | |
| Travel Cost to Raeford for hearing/sale | $25.00 |

7