**SO ORDERED.**

**SIGNED this 20th day of May, 2020.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-80386 |
| | ) | |
| LENT CHRISTOPHER CARR, II | ) | Chapter 13 |
| DELTARINA V. CARR | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER SUSTAINING OBJECTION TO CLAIM**

**THIS MATTER** comes before the Court on the objection of the Debtors to Amended Proof of Claim #3 filed by Hoke County. On September 23, 2019, Hoke County filed this amended claim, which added $2,186.60 to the prior claim balance, itemized in attachment one as "G.S. 105-374(i)," a reference to a provision in the North Carolina General Statutes providing for attorney fees in certain tax foreclosure situations.

In their objection, the Debtors assert that $2,186.60 claimed under that statute has never been approved by the state court, and that N.C. Gen. Stat. § 105-374(i) is not a general fee-shifting statute, but one for a specific remedy by a specific court.

Hoke County filed a response on May 18, 2020 requesting that this court find the attorney fee reasonable and overrule the objection. However, such response was untimely filed, having been received by this court after the May 11, 2020 deadline for receipt of responses. Hoke County also acknowledged that no state court awarded it fees under N.C. Gen. Stat. § 105-374(i).

Accordingly, the Court finds Hoke County's response to be both untimely and without merit. Even if the Court were to consider Hoke County's untimely response, N.C. Gen. Stat § 105-374(i) provides that "costs may be taxed in any foreclosure action" and "shall be construed to include one reasonable attorney's fee for the plaintiff in such amount _as the court shall, in its discretion, determine and allow._"

Because Hoke County points to no state court order allowing the fees it claims under N.C. Gen. Stat. § 105-374(i), those fees are unenforceable under state law, and should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

**THEREFORE, IT IS ORDERED** that Claim #3 filed by Hoke County is disallowed to the extent of $2,186.60, and such amount is unenforceable against the Debtors.

**END OF DOCUMENT**

## Parties to be Served

Richard M. Hutson II
Chapter 13 Trustee

Lent and Deltarina Carr
Debtors

Erich M. Fabricius
Attorney for the Debtors

Grady L. Hunt
Attorney for Hoke County

Hoke County Tax Collector
227 N. Main St.
Raeford, NC 28376