# Debtors' Exhibit 1

## STATE OF NORTH CAROLINA
In The General Court Of Justice

Hoke _____ County

**CERTIFICATE OF TRUE COPY**

# OFFICE OF THE CLERK OF THE SUPERIOR COURT

As a Clerk of the Superior Court of this County, State of North Carolina, I certify that the attached copies of the documents described below are true and accurate copies of the originals now on file in this office.

*Number And Description Of Attached Documents:*

18CVS239
Jannetta Jordan v Lent Carr
4/18/2018-4/22/2020



Witness my hand and the seal of the Superior Court

| | |
|---|---|
| *Date* | |
| 06/04/2020 | |
| *Clerk Of Superior Court* | |
| Evelyn M. McLeod | |
| *Name Of Undersigned Clerk (type or print)* | |
| Kristina Black | |
| *Signature* | |

☒ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court*

**SEAL**

AOC-G-101, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

No. _____    18CVS00239

HOKE _____ County

In The General Court Of Justice
☐ Small Claims    ☒ District    ☐ Superior Court Division

Name Of Plaintiff
JANNETTA JORDAN

**VERSUS**

Name Of Defendant
LENT CARR

## NOTICE OF VOLUNTARY DISMISSAL ✓

☒ **COMPLAINT**
☐ **COUNTERCLAIM**
☐ **OTHER** _____

G.S. 1A-1, Rule 41

*Complete the following information if known:*

| Court Date | Time | | Location |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☒ The plaintiff gives notice of voluntary dismissal    ☐ with prejudice    ☒ without prejudice
in this case as to all of the defendants.

☐ The plaintiff gives notice of voluntary dismissal    ☐ with prejudice    ☐ without prejudice
in this case as to only the defendants named below and this case remains open as to defendants not listed.
*(Name of defendants for whom dismissal taken.)*

**RECEIVED**

APR 0 8 2020

U.S. Bankruptcy Court
Greensboro, NC

☐ The defendant gives notice of voluntary dismissal    ☐ with prejudice    ☐ without prejudice
of the counterclaim in this case as to all of the plaintiffs.

☐ The defendant gives notice of voluntary dismissal    ☐ with prejudice    ☐ without prejudice
in this case as to only the plaintiffs named below and the counterclaim remains open as to plaintiffs not listed.
*(Name of plaintiffs for whom dismissal taken.)*

☒ Other:
Dismissal requested per Federal "Stay" Laws of Bankruptcy Court as Lent Carr has filed bankruptcy therefore Court ruling and relief of this matter cannot be heard. At this time the Bankruptcy Court has ordered Jannetta Jordan to submit form of Dismissal to Hoke County Courts due to the Federal Statute governing Lent Carr's Bankruptcy proceedings. At this time, due to federal regulations and guidelines Jannetta Jordan cannot pursue the suing on this case. Jannetta Jordan stands by the content of the court filing and will pursue the legal remedy for her property at 3300 Laurinburg Road, Raeford, NC 28376 along with all personal belonging presently in the custody of Lent Carr when Lent Carr's bankruptcy has been discharged. If Lent Carr sells the property or Jannetta Jordan's personal belongings then future filings will include Lent Carr and all parties involved for monetary and other damages due to Lent Carr's fraudulent dealings in this manner.

| Date | | Plaintiff Or Attorney |
|---|---|---|
| | 03/11/2020 | *Jannetta Jordan* |
| Date | | Defendant Or Attorney |
| | | |

**NOTE TO CITY OR COUNTY PLAINTIFF:** *If, pursuant to G.S. 7A-317, you were not required to pay all costs when filing the complaint to which you are taking a voluntary dismissal, you must pay the costs to the Clerk of Superior Court upon taking a voluntary dismissal. See G.S. 1A-1, Rule 41(d).*

Re:    Bankruptcy Case # 18-80386
            Chapter 13

LENT CHRISTOPHER CARR
DELTARINA V. CARR



**FabriciusLaw**
Fabricius & Fabricius PLLC, Attorneys-at-Law

Erich M. Fabricius
Stephanie L. Fabricius

tel 919-295-6001
fax 919-890-3833

office 106 North First Avenue
Suite D
Knightdale NC

mail P.O. Box 1230
Knightdale NC 27545-1230

**Erich M. Fabricius**
Attorney-at-Law

emf@fabriciuslaw.com

April 20, 2020

Hoke County Clerk of Superior Court
PO Drawer 1569
Raeford, NC 28376

Re: Jannetta Jordan v. Lent Carr, 18 CVS 239

Dear Sir or Madam:

I am in receipt of the enclosed voluntary dismissal in the above-referenced case. However, this notice does not appear to bear a file stamp. Could your office verify that this noticed has been previously filed, and provide a copy of the file-stamped document?

Alternatively, if the document has not been filed, please file one of the enclosed copies. I have also included a return envelope for your convenience.

Should you require anything of us, please do not hesitate to contact us.

Sincerely,

Erich M. Fabricius

Enclosure

BY_____

HOKE COUNTY, C.S.C.

2020 APR 22 A 11: 30

FILED

www.fabriciuslaw.com

**SO ORDERED.**

**SIGNED this 1st day of November, 2019.**



FILED

2020 JUN -5  A II:01

MORE CO M N. C.S.O.

BY___

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

IN RE:                                    )
                                          )
Lent C. Carr, II and                      )     Case No. 18-80386
Deltarina V. Carr,                        )     Chapter 13
        Debtors.                          )
_____)

### ORDER
#### DENYING CREDITOR'S MOTION TO RECONSIDER ORDER DISALLOWING CLAIM

THIS MATTER came before the Court on *pro se* creditor Jannetta Jordan's
(the "Creditor") filing of a document captioned as Petition for Relief of Disallowed
Judgment (Docket No. 78, the "Motion"), which the Court interprets as a motion to
reconsider its Order Sustaining Objection to Claim entered on October 26, 2018
(Docket No. 52, the "Order"). The Debtors filed a response on October 23, 2019,
objecting to the relief sought by the Creditor (Docket No. 94). The Court held a
hearing on the Creditor's Motion on October 29, 2019, at which Eric Fabricius, Esq.,
appeared on behalf of the Debtors, and Benjamin Lovell, Esq., appeared on behalf of
the Chapter 13 Trustee. The Creditor did not appear at the hearing and provided no
advanced notice to the Court or counsel of her inability to attend.

In the Motion, the Creditor seeks to vacate the Order, in which the Court
sustained the Debtors' objection and disallowed the Creditor's bankruptcy claim
(claim # 5) in the amount of $250,000. The Court entered the Order after the
Creditor failed to file a response to the Debtors' objection and did not appear at the
hearing on the objection. The Court found the Creditor was properly noticed at the

address provided in her proof of claim, and the Creditor continues to cite this address as her current address (Docket No. 78).

In the Motion, the Creditor described the circumstances behind the filing of her claim in this bankruptcy case (claim # 5), specifically alleging the Debtors misrepresented themselves and unlawfully obtained title to the Creditor's properties. Nowhere in the Motion, however, does the Creditor contend she received insufficient notice of the Debtors' objection to claim. The Creditor similarly fails to cite a mistake, newly discovered evidence, or any other grounds for relief under Bankruptcy Rule 9024 that would justify vacating the Order.

Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, sets forth the grounds for relief from a judgment or order:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In order to obtain relief under Rule 60(b)(6) there must be a showing of extraordinary circumstances justifying relief and the movant must not have contributed to the situation from which relief is sought. *In re Clayton*, No. 02-82063C-13D, 2003 WL 22014579, at *3 (Bankr. M.D.N.C. Aug. 19, 2003) (citation omitted). As the Creditor cited no basis for relief in the Motion, and failed to appear at the hearing, the Court finds no possible grounds for reconsideration of the Order.

For the reasons stated herein, IT IS HEREBY ORDERED that Creditor Jannetta Jordan's motion to reconsider the Court's October 26, 2018 order disallowing her bankruptcy claim is denied in its entirety.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13

Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

SO ORDERED.

SIGNED this 18th day of November, 2019.

_Lena Mansori James_
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lent C. Carr, II and | ) | Case No. 18-80386 |
| Deltarina V. Carr, | ) | Chapter 13 |
|     Debtors. | ) | |
| | ) | |

### ORDER
#### GRANTING DEBTORS' MOTION TO ENFORCE AUTOMATIC STAY

THIS MATTER came before the Court on Lent and Deltarina Carr's (collectively, the "Debtors") motion to enforce the automatic stay (Docket No. 91, the "Motion"), filed on October 14, 2019. The Court scheduled the Debtors' Motion for hearing on October 29, 2019, at which Erich Fabricius, Esq., appeared on behalf of the Debtors, and Benjamin Lovell, Esq., appeared on behalf of the Chapter 13 Trustee. The Creditor did not file a response to the Debtors' Motion and did not appear at the scheduled hearing.

In the Motion, the Debtors report that Jannetta Jordan (the "Creditor") filed a state-court complaint on April 4, 2018, which was 15 days after the Debtors filed this chapter 13 case on March 20, 2018. *See Jannetta Jordan v. Lent Carr*, No. 18 CVS 239 (N.C. Super. Apr. 4, 2018). The Creditor's state-court complaint alleges the Debtors misrepresented themselves and unlawfully obtained title to certain real property. Also on April 4, 2018, in connection with the complaint, the Creditor filed a notice of lis pendens, giving potential purchasers of those properties notice of the

pending suit. The Debtors argue the Creditor took these actions in direct violation
of the automatic stay and request the Court enter an order either declaring the lis
pendens void *ab initio* or requiring the Creditor to cancel the lis pendens.

At the hearing, the Debtors provided time-stamped copies of the state-court
complaint (Ex. 1), and the notice of lis pendens (Ex. 2), both of which reflect a filing
date of April 4, 2018. Debtor Lent Carr testified regarding the Creditor's filing of
the state-court complaint and the shadow the existing lis pendens presently casts
over potential sales of estate property (audio available at Docket No. 95). Carr
indicated that the sale approved by the Court on July 5, 2019 (Docket No. 77) had
fallen through, in part, because of the Creditor's alleged communications and
"threats" to the potential buyer.

The Debtors request only that the Court declare the lis pendens void *ab initio*
or, in the alternative, issue an order requiring the Creditor to cancel the lis pendens
by a date certain (Docket No. 91). Although the Debtors did not specifically request
a finding that the Creditor's filing of the complaint was violation of the stay, the
Court has the power to raise the issue sua sponte without a motion from a party in
interest. *In re Jorge*, 568 B.R. 25, 37 (Bankr. N.D. Ohio 2017); *see also Walker v.
Got'cha Towing & Recovery, LLC (In re Walker)*, 551 B.R. 679, 692–93 (Bankr. M.D.
Ga. 2016); *222 Liberty Assoc. v. Prescott Forbes Real Estate Corp. (In re 222 Liberty
Assoc.)*, 110 B.R. 196, 200 (Bankr. E.D. Pa. 1990) (collecting cases).

The Motion and exhibits demonstrate clearly that the Creditor filed her
complaint and the accompanying lis pendens after the Debtors filed for bankruptcy
relief, and the Creditor does not contest that fact. As such, the Court finds the
Creditor's state-court filings to be violations of the automatic stay provided in 11
U.S.C. § 362(a)(1).[1] The "automatic stay represents 'one of the fundamental debtor

---

[1] While the Fourth Circuit has previously held a creditor's amendment to an existing lis pendens filed *before* a
debtor's bankruptcy, is not a violation of the automatic stay, *see In re Knightsbridge Dev. Co.*, 884 F.2d 145, 148
(4th Cir. 1989), the Creditor here filed both her complaint and the lis pendens *after* the Debtors' chapter 13
bankruptcy filing. As such, this case more closely aligns with *In re Byrd*, in which the bankruptcy court held the
creditors violated the automatic stay through their post-petition filing of a state-court complaint and request to
impose a constructive trust, which the court analogized to a notice of lis pendens. *In re Byrd*, No. 04-35620, 2007
WL 1485441 (Bankr. D. Md. May 18, 2007), *aff'd sub nom Byrd v. Hoffman*, 417 B.R. 320 (D. Md. 2008), *aff'd* 331
Fed. Appx. 212 (4th Cir. 2009).

protections provided by the bankruptcy laws.'" *United States v. Gold (In re Avis)*, 178 F.3d 718, 721 (4th Cir. 1999) (quoting *Midlantic Nat'l Bank v N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)). While the Fourth Circuit has not directly answered the question of whether actions in violation of an automatic stay are void or merely voidable, *see Winters v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) (noting the circuit split on the question but declining to address it), the leading bankruptcy treatise, 3 COLLIER ON BANKRUPTCY ¶ 362.12 (16th ed. 2019) (noting that "[m]ost courts have held that actions taken in violation of the stay are void and without effect"), as well as a majority of the bankruptcy courts within this Circuit to have considered the question, have concluded that actions in violation of the automatic stay are void, rather than voidable.[2]

While the Court does not, as part of this Order, address the alleged communications between the Creditor and the potential purchaser of the Debtors' property, the Creditor is hereby on notice that any future attempts to interfere with prospective sales, or further violations of the automatic stay more broadly, are likely to warrant sanctions.[3]

For the reasons stated herein, IT IS HEREBY ORDERED that Creditor Jannetta Jordan's state-court complaint is void *ab initio* as a violation of 11 U.S.C. § 362(a) and Ms. Jordan is directed to take all action necessary to promptly dismiss

---

[2] *See, e.g., Valenti v. JP Morgan Chase Bank, N.A. (In re Valenti)*, No. 13-01350, 2014 WL 4980039, at *3 (Bankr. E.D.N.C. Oct. 6, 2014) (finding "overwhelming precedent" that an act taken in violation of the automatic stay is void, rather than voidable); *In re NCVAMD, Inc.*, No. 10-03098-8, 2013 WL 6860816, at *3 (Bankr. E.D.N.C. Dec. 31, 2013) (finding government agency's commencement of a condemnation action *void ab initio*); *Weatherford v. Timmark (In re Weatherford)*, 413 B.R. 273, 283 (Bankr. D.S.C. 2009) (noting that, while the Fourth Circuit has not ruled on the issue, courts in the district "have consistently held that actions taken in violation of the automatic stay are void ab initio and thus not legally effective."); *Lykins v. Bottalico (In re Lykins)*, No. 92-14689-RGM, 2006 Bankr. LEXIS 2817, at **6–8 (Bankr. E.D. Va. Jan. 30, 2006) (declining to resolve the question, but proceeding to retroactively annul the automatic stay to address a state-court complaint that had been rendered void *ab initio*); *McGuffin v. Barman (In re BHB Enters., LLC)*, No. 97-80201, 1997 WL 33344249, at *4 (Bankr. D.S.C. Aug. 27, 1997) (holding the filing of a state court complaint and entry of a state-court order "were done in violation of the automatic stay and are therefore void and without effect."); *but see Khozai v. Resolution Trust Corp.*, 177 B.R. 524, 526–27 (E.D. Va. 1995) (finding persuasive those cases concluding acts taken in violation of the stay are voidable).
[3] To date, the Debtors have adopted an inexplicably laissez-faire approach to the Creditor's actions, declining to request compensation for damages or sanctions.

the state-court action pending in the Superior Court for Hoke County, North Carolina. *Jannetta Jordan v. Lent Carr*, No. 18 CVS 239 (N.C. Super. Apr. 4, 2018).

IT IS FURTHER ORDERED that the notice of lis pendens filed by Jannetta Jordan against the Debtors' property is void and of no effect.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13

Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401



**SO ORDERED.**

**SIGNED this 5th day of July, 2019.**

F I L E D

2019 JUL -8 A 10: 49

*Lena Mansori James*
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

HOKE COUNTY, C.S.C.

BY_____

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Lent Christopher Carr II | ) | Case No. 18-80386 |
| and Deltarina V. Carr, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |

## ORDER AUTHORIZING PRIVATE SALE OF DEBTOR'S REAL PROPERTY
## AND TRANSFER OF LIENS OR INTERESTS TO PROCEEDS

THIS MATTER came before the court for hearing on June 20, 2019 upon the Motion by the Debtors to sell their residential real property at 3300 Laurinburg Road, Raeford, NC (the "real property") and transfer of any liens or interests in the real property to the proceeds under 11 U.S.C. § 363(f). At the hearing, Erich Fabricius, Esq. appeared on behalf of the Debtors; Benjamin E. Lovell, Esq. appeared on behalf of the standing Trustee; Jannetta Jordan appeared *pro se*; and the Debtors appeared. The court, after considering the record, statements of counsel, and testimony of Mr. Carr, finds and orders as follows:

1.    The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on March 20, 2018.

2.     On April 4, 2018, Janetta Jordan filed a complaint for money owed against
       Lent Christopher Carr (18 CVS 239) along with a notice of lis pendens in
       Hoke County, North Carolina.

3.     Ms. Jordan filed a proof of claim in this case on May 13, 2018 asserting a claim
       in the amount of $255,000.00.

4.     The Debtors filed an objection to Ms. Jordan's claim, and on October 26, 2018,
       this court entered an order disallowing the claim.

5.     The Debtors now seek permission to sell the real property to Thomas Jerome
       Marshall (the Purchaser) for a purchase price of $568,000.00. At the hearing,
       Mr. Carr presented testimony that established that the purchase price is fair
       and reasonable.

6.     In response to the Debtors' Motion, Ms. Jordan filed a motion for limited stay
       of the sale. At the hearing, Ms. Jordan's primary concern appeared to be
       whether the Purchaser had sufficient funds to purchase the real property.
       Certainly, if the Purchaser is unable to pay the contract price of $568,000.00 on
       the closing date, then the sale of the real property will not occur. This order
       does not authorize the Debtors to transfer the real property to the Purchaser
       absent payment of the contract price in full. Therefore, Ms. Jordan's request
       that the sale be stayed is denied.

7.     Under 11 U.S.C. § 363(f)(4) the court may authorize the sale of real property
       free and clear of any interest if such interest is in bona fide dispute.

8.     The court finds that any interest that Ms. Jordon might assert in the real
       property is in bona fide dispute such that the court may authorize the sale
       with the transfer of any asserted interest to the proceeds of the sale.

9.     Therefore, the Debtors' Motion to sell the real property to Thomas Jerome
       Marshall for $568,000.00 is granted. Nevertheless, the court does not approve
       the terms and conditions of the purchase contract other than to generally
       authorize the sale of the real property for a purchase price of $568,000.00.

10.    All liens (excluding pre-petition and post-petition ad valorem taxes) and
       interests in the real property, other than the estate, are transferred to the sale
       proceeds.

11.     The Debtors are authorized to execute any and all documents necessary to consummate the transfer and pay ad valorem taxes (pre-petition and post-petition) and other customary selling expenses from the sales proceeds.

12.     The closing agent or attorney shall remit any remaining net proceeds (the "net proceeds") to the Chapter 13 Trustee. The closing agent shall also send a copy of the final signed HUD settlement statement or other settlement statement together with the net proceeds directed to be paid to the Trustee hereunder, to the Chapter 13 Office, attn.: Lindsay A. Autry, 3518 Westgate Drive, Suite 400, Durham, NC 27707.

13.     The stay under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is not applicable to the provisions of the order.

14.     Erich Fabricius, Esq. is allowed the presumptive fee of $350.00 for services rendered in the filing of this Motion which shall be paid through the Debtors' plan.

**END OF DOCUMENT**

## PARTIES TO BE SERVED

Lent C. Carr, III
Deltarina V. Carr
Debtors

Erich Fabricius
Attorney for Debtors

Richard M. Hutson, II
Trustee

Jannetta Jordan
4160 Laurinburg Road
Raeford, NC 28376

William Miller
US Bankruptcy Administrator

**SO ORDERED.**

**SIGNED this 26th day of October, 2018.**



*Lena Mansori James*
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | No. B-18-80386 C-13D |
| Lent Christopher Carr II | ) | |
| Deltarina V. Carr | ) | |
| | ) | |
| Debtors | ) | |

### ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM

On October 18, 2018, a hearing was held on the Debtors' Objection to the claim of Jannetta Jordan (Claim No. 5) in the amount of $255,000.00. At the hearing, Erich Fabricius, Esq. appeared on behalf of the Debtors and Benjamin E. Lovell, Esq., appeared on behalf of the Standing Trustee, and no other party appeared. The Court, after considering the Objection in this matter and having heard and considered the statements of counsel and the attorney for the Trustee, finds that the claimant, Jannetta Jordan, after proper notice has failed to respond or appear at the hearing and the Objection should be sustained; therefore, it is

ORDERED that the Debtors' Objection to the claim of Jannetta Jordan (Claim No. 5) is sustained and the claim in the amount of $255,000.00 is disallowed.

END OF DOCUMENT

*Ref. 18 CVS 000239*

**PARTIES TO BE SERVED**
**Page 1 of 1**
**B-18-80386 C-13D**

Erich Fabricius, Esq.                    CM/ECF electronic mail
Attorney for Debtors

Richard M. Hutson II, Esq.               CM/ECF electronic mail
Standing Trustee

William P. Miller, Esq.                  CM/ECF electronic mail
U.S. Bankruptcy Administrator

Jannetta Jordan
4160 Laurinburg Road
Raeford, NC 28376

SO ORDERED.

SIGNED this 5th day of October, 2018.



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

IN RE:                                    )        Case No. 18-80386
                                          )
LENT CHRISTOPHER CARR, II                 )        Chapter 13
DELTARINA V. CARR                         )
                        Debtor.           )
                                          )

## ORDER CONTINUING HEARING

This matter comes before the Court on the motion of the Debtors to continue the hearing on the Debtors' objection to the claim of Jannetta Jordan. Ms. Jordan contacted counsel for the Debtors and the Trustee and indicated that she was unavailable for the hearing due to the funeral of a brother. Based on the parties consent, the Court finds the motion should be allowed.

**THEREFORE, IT IS ORDERED** that hearing on the Debtors' Objection to the Claim of Jannetta Jordan and the hearing on Confirmation of the Plan is continued to October 18, 2018, at 9:30 AM in Courtroom, Venable Center, Dibrell Building, 302 East Pettigrew Street, Suite C280, Durham, NC.

**END OF DOCUMENT**

*Ref: 18 CVS 000239*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                       )         Case No. 18-80386
                                )
LENT CHRISTOPHER CARR, II     )         Chapter 13
DELTARINA V. CARR             )
                Debtor.     )
_____)

## VERIFIED OBJECTION BY DEBTOR TO CLAIM #5 OF JANNETTA JORDAN

NOW COME the Debtors, pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and object to Proof of Claim #5, filed by Jannetta Jordan in the amount of $255,000.00. In support thereof, the Debtors show as follows:

1.     The Debtors filed this chapter 13 case on March 20, 2018, and a plan has not been confirmed.

2.     On May 13, 2018, Jannetta Jordan filed a claim #5 in this case in the unsecured amount of $255,000.00, the aggregate of a $250,000.00 claim on "cost of real property" and a $5,000.00 claim on "personal property (Goods sold)."

3.     Upon information and belief, the amounts claimed are based on an asserted implied contract or contract sounding in quantum merit.

4.     As there is no writing attached to the Proof of Claim as required by Bankruptcy Rule 3001(c)(1) for claims based on writings, it is reasonable to infer that the claim is not based on a written agreement.

5.     The claim for $250,000.00 is inconsistent with the terms of an express agreement between the parties, attached hereto as Exhibit A. This agreement concerning the property at 3300 Laurinburg Rd, Raeford, NC 28736 documents that was no promise of future payment contemplated by the parties at time of conveyance.

6.     Similarly, the claim for $5,000.00 is associated with personal property that was gifted and conveyed as part of the transaction documented in Exhibit, and no money is presently owed.

Ref: 18 CVS 00239

**WHEREFORE,** the Debtors respectfully requests that the Court enter an order:

      1.    Disallowing in its entirety Claim #5 of Jannetta Jordan in the amount of $255,000.00; and

      2.    Providing such other relief as the Court deems just and proper.

I, **Lent Christopher Carr, II,** declare under penalty of perjury that the facts recited in the foregoing objection are true and correct to the best of my knowledge, information, and belief.

This the ___ day of August, 2018.     18th

                                                  Lent Christopher Carr, II

Respectfully submitted, this the ___ day of August, 2018.

                         /s/ Erich M. Fabricius
                         Erich M. Fabricius, NC State Bar No. 39667
                         Attorney for the Debtors
                         Fabricius & Fabricius PLLC
                         P.O. Box 1230, Knightdale, NC 27545-1230
                         Telephone: 919-295-6001     Fax: 919-890-3833
                         Email: emf@fabriciuslaw.com

STATE OF NORTH CAROLINA     F I L E D      IN THE GENERAL COURT OF JUSTICE
COUNTY OF <u>HOKE</u>                         DISTRICT COURT DIVISION

18 AUG 24   PM 3:00         <u>18-CVS-000239</u>

<u>JANNETTA JORDAN</u>,
     Plaintiff

                                     AFFADAVIT OF RETURN OF SERVICE
                                     BY CERTIFIED MAIL

v.

<u>LENT CARR II</u>,
Defendant

I, <u>Jannetta Jordan</u>, the Plaintiff in this action for subpoena being first duly sworn, depose, say and certify that:

1. A copy of the subpoena in the above entitled action was deposited in the U.S. Mail and mailed via certified mail, return receipt requested, to Wake County Sheriff's Department.
2. I, <u>Jannetta Jordan</u>, served this subpoena by certified mail and U.S. Postage paid mail.
3. The subpoena was in fact received by the Wake County Sheriff's Department per attached return receipt.

                                  *Jannetta Jordan*
                                     Plaintiff's SIGNATURE
                         <u>4160 Laurinburg Road, Raeford, NC 28376</u>
                                   Plaintiff's mailing address

        <u>Hoke</u>        County, North Carolina

Sworn to (or affirmed) and ascribed before me,
this date by <u>JANNETIA JORDAN</u>

Date: <u>8/24/2018</u>

(official seal)

                   *Odell L. Hope Jr.*
                   Official Signature of Notary
                   <u>Odell L. Hope Jr.</u>, Public Notary
                   Notary's Printed or typed name

                   My commission expires: <u>05/13/2023</u>

ODELL L HOPE JR
NOTARY
PUBLIC
HOKE COUNTY, NC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wake County Sheriff's Dept.
330 S. Salisbury Street
Raleigh, NC 27601

9590 9402 3686 7335 1355 23

2. Article Number *(Transfer from service label)*

7018 0680 0001 5579 3190

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature Benjamin R. Thomas
X                                     ☐ Agent
                                                          ☐ Addressee
B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Domestic Return Receipt



# STATE OF NORTH CAROLINA

No. 18CVS000239

_____HOKE_____ County

In The General Court Of Justice
☒ District  ☐ Superior Court Division

JANNETTA JORDAN

Additional File Numbers

**VERSUS**

LENT CHRISTOPHER CARR

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

Party Requesting Subpoena
☒ State/Plaintiff  ☐ Defendant

NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

TO | Name And Address Of Person Subpoenaed
WAKE COUNTY SHERIFF'S DEPARTMENT
330 S. SALISBURY STREET
RALEIGH, NC 27602

Alternate Address

Telephone No.
919-856-6900

Telephone No.

**YOU ARE COMMANDED TO:** (check all that apply)

☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.

☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.

☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.

☐ See attached list. (List here if space sufficient)

All Recorded telephone conversations of former Wake County Detention Center inmate, Jannetta Jordan #11246814. Ms. Jordan was an inmate from 11/23/2015-12/12/2017. Information will be picked up directly from the Wake County Sheriff's Department upon availability. Telephone records are requested together with an affidavit by the Wake County Sheriff's Office testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business.  Please contact Jannetta Jordan at (910) 583-0399 when information is ready to be released. Information requested is to be received within 30 days of receipt of this subpoena.

Name And Location Of Court/Place Of Deposition/Place To Produce
Wake County Sheriff's Department
330 S. Salisbury St.
Raleigh, NC 27602

Date To Appear/Produce, Until Released
9/12/2018

Time To Appear/Produce, Until Released
9:00   ☒ AM  ☐ PM

Name And Address Of Applicant Or Applicant's Attorney
Jannetta Jordan
4160 Laurinburg Road
Raeford, NC 28376

Date
8/13/18

Signature
Michelle

☐ Deputy CSC        ☒ Assistant CSC    ☐ Clerk Of Superior Court
☐ Magistrate        ☐ Attorney/DA      ☐ District Court Judge
                                        ☐ Superior Court Judge

Telephone No. Of Applicant Or Applicant's Attorney
910-583-0399

## RETURN OF SERVICE

I certify this subpoena was received and served on the person subpoenaed as follows:

By  ☐ personal delivery.  ☒ registered or certified mail, receipt requested and attached.

☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).

☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).

**NOTE TO COURT:** If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may **not** issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.

☐ I was unable to serve this subpoena. Reason unable to serve: _____

| Service Fee | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency |
|---|---|---|---|---|
| $  ☐ Paid  ☐ Due | | | | |

**NOTE TO PERSON REQUESTING SUBPOENA:** A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

STATE OF NORTH CAROLINA

▶

No. 18CVS000239

HOKE County

In The General Court Of Justice
[X] District  [ ] Superior Court Division

JANNETTA JORDAN

Additional File Numbers

**VERSUS**

LENT CHRISTOPHER CARR

COPY

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

Party Requesting Subpoena
[X] State/Plaintiff  [ ] Defendant

NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

TO
Name And Address Of Person Subpoenaed
WAKE COUNTY SHERIFF'S DEPARTMENT
330 S. SALISBURY STREET
RALEIGH, NC 27602

Alternate Address

Telephone No.
919-856-6900

Telephone No.

**YOU ARE COMMANDED TO:** (check all that apply)

[ ] appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
[ ] appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.
[X] produce and permit inspection and copying of the following items, at the place, date and time indicated below.
[ ] See attached list. (List here if space sufficient)

All Recorded telephone conversations of former Wake County Detention Center inmate, Jannetta Jordan #11246814. Ms. Jordan was an inmate from 11/23/2015-12/12/2017. Information will be picked up directly from the Wake County Sheriff's Department upon availability. Telephone records are requested together with an affidavit by the Wake County Sheriff's Office testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business. Please contact Jannetta Jordan at (910) 583-0399 when information is ready to be released. Information requested is to be received within 30 days of receipt of this subpoena.

Name And Location Of Court/Place Of Deposition/Place To Produce
Wake County Sheriff's Department
330 S. Salisbury St.
Raleigh, NC 27602

Date To Appear/Produce, Until Released
9/12/2018

Time To Appear/Produce, Until Released
9:00                [X] AM  [ ] PM

Name And Address Of Applicant Or Applicant's Attorney
Jannetta Jordan
4160 Laurinburg Road
Raeford, NC 28376

Date
8/13/18

Signature

[ ] Deputy CSC  [X] Assistant CSC  [ ] Clerk Of Superior Court
[ ] Magistrate  [ ] Attorney/DA  [ ] District Court Judge
[ ] Superior Court Judge

Telephone No. Of Applicant Or Applicant's Attorney
910-583-0399

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows:

By  [ ] personal delivery.  [X] registered or certified mail, receipt requested and attached.
[ ] telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).
[ ] telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).
**NOTE TO COURT:** If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may **not** issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.
[ ] I was unable to serve this subpoena. Reason unable to serve: _____

| Service Fee | | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency |
|---|---|---|---|---|---|
| $ | [ ] Paid [ ] Due | | | | |

**NOTE TO PERSON REQUESTING SUBPOENA:** A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:

    a. The subpoena fails to allow reasonable time for compliance.
    b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
    c. The subpoena subjects a person to an undue burden or expense.
    d. The subpoena is otherwise unreasonable or oppressive.
    e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets, confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a).The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

---

## INFORMATION FOR WITNESS

NOTE: *If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."*

**DUTIES OF A WITNESS**

• Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.

• In answering questions, speak clearly and loudly enough to be heard.

• Your answers to questions must be truthful.

• If you are commanded to produce any items, you must bring them with you to court or to the deposition.

• You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**

It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**

A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and for travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

STATE OF NORTH CAROLINA

COUNTY OF HOKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO.: 18 CVS 000239

JANNETTA JORDAN, a non-secured and
non-verified party,

       Plaintiff,

v.

LENT CHRISTOPHER CARR,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT, LENT CHRISTOPHER
CARR'S MOTION FOR SUMMARY
JUDGMENT**
[Rule 56]

      NOW COMES Defendant, Lent Christopher Carr, and hereby moves the Court for summary

judgment pursuant to the provisions of Rule 56 of the North Carolina Rules of Civil Procedure. This

Motion is made and based upon the ground that there is no genuine issues as to any material fact as

shown by the pleadings, affidavits, and discovery in this case, and the record establishes that Defendant

is entitled to judgment as a matter of law.


      In support of said motion, Defendant submits the "QUITCLAIM DEED" **(Exhibit "A,"**

hereinafter "contract")** as evidenced and filed in the Hoke County Register of Deeds Office at Book 1207,

Page 0977, a "contract" as entered into by plaintiff, Jannetta Jordan, and Defendant, Lent Christopher

Carr, on 3 February 2017 -- SWORN, SIGNED, DECREED, AND AFFIRMED by and before an Official

of the State of North Carolina who, in accordance with the Laws of the State of North Carolina duly

administers OATHS conclusively in contractual law within the ambit of this State as fully acknowledged by plaintiff by her legal hand or endorsement of the same, and thereafter received for value and valuable consideration in fee simple by Defendant under the expressed terms and conditions of the written contract therefore. Also see, the addendum agreement in support of the quitclaim contract denominated as "AGREEMENT AND PERPETUAL LEASE/QUITCLAIM DEED" (**Exhibit "B,"** hereinafter "Addendum Agreement").

For purposes of this herein Motion for Summary Judgment, and further support therefor, Defendant respectfully shows the court "Quantum Meruit is not an appropriate remedy when there is an actual agreement between the parties, because an express contract precludes an implied contract with reference to the same matter" *Ron Medlin Construction v. Harris,* 704 S.E.2d 486, 489, 2010 N.C. Lexis 1079 (2010)(Emphasis in original).

Therefore, Plaintiff's sole Quantum Meruit claim should be dismissed in its entirety, and this Court is prayed to find that it is thus divest of subject-matter-jurisdiction and personal jurisdiction to entertain Plaintiff's *estopped complaint,* claims and plaintiff's improperly filed, and non-served Service of Process of the frivolous complaint and lack of Service of Process for her slanderous and unauthorized "LIS PENDENS NOTICE," as omitting the required Certificate of Service therefor, and in which has placed an illegal cloud on Defendant's Title Rights, and as a direct and proximate result thereof has unduly interrupted the quiet enjoyment to Defendant's real property with prejudice. See, (**Exhibit "C,"** hereinafter "Illegal Lien Notice").

This is especially axiomatic whereas the one page body of plaintiff's estopped (non-verified) complaint merely seeks alleged money damages owed in quantum meruit in a specific amount unlawfully stipulated in said complaint for an amount certain of $250,000.00, interest and court cost. *See, e.g., Britt,*

2

320 N.C. at 577 ("If there is a contract between the parties the contract governs the claim and the law will not imply a contract."). *See also Whitfield*, 348 N.C. at 42 ("An implied contract is not based on an actual agreement, and *quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties."); *Potter*, 330 N.C. at 578 ("*Quantum meruit* is not an appropriate remedy when the plaintiff has alleged an express oral contract.").

As to Defendant's counterclaims in contravention to Plaintiff's *estopped* complaint in *quantum meruit*, breaches of contract, slander of title, wrongful interference with contract rights, improper filing of Lis Pendens herein and fraud upon this court *inter alia*, Defendant, Lent Christopher Carr, do hereby invoke this Honorable Court's subject-matter and personal jurisdiction and venue pursuant to North Carolina General Statutes solely for those purposes as governed under North Carolinas' Law, Practices and Procedures respectfully.

Moreover, as was succinctly answered and averred in Defendant's responsive answers and affirmative defenses respecting venue of Plaintiff's *estopped* complaint, the Defendant herein and therein do/did assert that statements of law require no response; to the extent that a response is/was required, venue is/was disputed as to all matters surrounding Plaintiff's Complaint for *estoppel* prohibition and because plaintiff's failure to properly file her written copy of the notice of lis pendens in accordance with NCGS § 1-116.1(2)(3), and Rule 5 of the Rules of Civil Procedure. (1949, c. 260; 1967, c. 954, s. 3.), and proof of service or record the proof of service, as required by NCGS. Therefore, Plaintiff's contemporaneous estopped complaint has no basis at law upon which relief may be granted as plaintiff's estopped complaint merely argues and demand monetary recovery in quantum meruit in which plaintiff is not entitled; the Defendant up until the filing of his Answer herein "HAS NOT BEEN SERVED SERVICE OF PROCESS [at all], NOR OF PLAINTIFF'S ESTOPPED, AND OTHERWISE FRIVOLOUS COMPLAINT FOR [fabricated and alleged] MONEY OWED;" the Plaintiff has failed to

3

serve on Defendant notice of her inappropriately filed Lis Pendens that upon information and belief was merely instituted to cause or attempt to cause a claim of lien on Defendant's real property and to slander his Title Rights, including but not limited to plaintiff's frivolous complaint and other documents filed, knowing that the filing was not authorized by statute, being the sole intent of plaintiff that her illegal and otherwise inappropriate filing thereof is made for an improper purpose to hinder Defendant's quiet enjoyments of his real property, harassment, and to otherwise wrongfully interfere with Defendant's legal rights not to have a cloud over his real property title rights to real property nominally known as 3300 Laurinburg Road, Raeford, NC. Such interference has thus interfered with Defendant's Consumer rights to credit, contract and business obligations with third parties. A clear violation NCGS § 44A-12.1(c) which holds in pertinent part: *"[A]ny person who causes or attempts to cause a claim of lien on real property or other document to be filed, knowing that the filing is not authorized by statute, or with the intent that the filing is made for an improper purpose such as to hinder, harass, or otherwise wrongfully interfere with any person, shall be guilty of a Class I felony."* (Emphasis in original).

Finally, it is hereby noted herein that Defendant became aware of the improper lis penden and complaint filed by plaintiff on 4 April 2018, as a result of his having filed unrelated documents with the Hoke County Register of Deeds Office, and shockingly, but mercifully stumbled upon said lis pendens when indexing other unrelated documents electronically as maintained by the Hoke County Register of Deeds Data Base. Accordingly, but for Defendant's researching of other unrelated documents as held in the Register's Office, he would never have been apprised that plaintiff had lodged such a fraudulent complaint and notice of lis pendens against him and unlawfully against his real property. The actions of plaintiff, upon information and belief was meant to ingeniously be unduly and unjustly enriched at the Defendant's expense through an unbeknownst act of default at law respecting time restraints as statutorily governed by North Carolina General Statutes.

For whatever else could be said on this subject, intentional gaming of the law clearly shows Plaintiff's intent to defraud and commit fraud against the Defendant and reprehensible fraud upon this Court. For this standing cause alone, plaintiff's estopped, fraudulent and otherwise frivolous claims in its entirety should be dismissed, and Rule 11 Sanctions should be measured against this plaintiff to the full extent in which the law permits and Defendant's Motion for Summary Judgment is prayed and should be granted in the best and just interest of Justice and Judicial Economy.

**[W]HEREFORE,** Defendant, Lent Christopher Carr, prays that the Court enter summary judgment as a matter of law as to the above-referenced complaint and claims in their behalf, that the costs be taxed to plaintiff, Jannetta Jordan, and that the Court grant such further relief as justice may require. This the _11th_ day of May, 2018.

Respectfully submitted,

LENT CHRISTOPHER CARR, Defendant
3300 Laurinburg Road, Raeford N.C. 28376
emmauscorp.legalconsult@gmail.com
(919)-417-6768

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2018, I, the Undersigned caused a true and correct copy of the foregoing **Notice and Motion For Summary Judgment** to be served on Plaintiff, and the original and necessary copies of said Notice and Motion For Summary Judgment was served on this Court by placing the same in the United States Postal Service, Postage Prepaid and mailed to the following:

Jannetta Jordan,

Plaintiff
4160 Laurinburg Road
Raeford, North Carolina 28376

This the 11th day of May, 2018.

Lent Christopher Carr, Defendant

## VERIFICATION

LENT CHRISTOPHER CARR, being first duly sworn, deposes and says that he is the DEFENDANT in the above entitled action; that he has read the foregoing document; that the same is true of his own respective knowledge, except as to those matters and things alleged therein upon information and belief, and to those things, he believes them to be true.

LENT CHRISTOPHER CARR

6

STATE OF NORTH CAROLINA

COUNTY OF HOKE

I, Jeremy Irving, a NOTARY PUBLIC of the County and State aforesaid, do hereby certify that LENT CHRISTOPHER CARR, personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this 11th day of May, 2018.

JEREMY IRVING NOTARY PUBLIC CUMBERLAND COUNTY, NC

NOTARY PUBLIC

MY COMMISSION EXPIRES: June 8, 2019

STATE OF NORTH CAROLINA

COUNTY OF HOKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 18 CVS 000239

JANNETTA JORDAN, a non-secured and
non-verified party,

    Plaintiff,

v.

LENT CHRISTOPHER CARR,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DEFENDANT, LENT CHRISTOPHER CARR
ANSWERING PLAINTIFF'S ESTOPPED &
NON-SERVICE OF PROCESS COMPLAINT;
(G.S. 7A-218)

AFFIRMATIVE DEFENSES;
(Rule 8(a)(1)(2)(c))

MOTION TO DISMISS;
(Rule 12(b)6)

-and-

DEFENDANT'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS and
CANCELLATION OF PLAINTIFF'S
IMPROPER LIS PENDEN;

**COMES NOW** LENT CHRISTOPHER CARR, and files this ANSWER; AFFIRMATIVE

DEFENSES; MOTION TO DISMISS; and MOTION FOR CANCELLATION OF PLAINTIFF'S

IMPROPER LIS PENDEN, and to Plaintiff's *"estopped"* and **UNVERIFIED** Complaint in this matter

in which , and in support thereof states the following:


In the Plaintiff's "COMPLAINT FOR [alleged] MONEY OWED" in an amount as fictitiously

claimed in plaintiff's quantum meruit complaint dated 4 April 2018, and further in her prayer for relief –

Defendant first note that by plaintiff stipulating and requesting the outrageous amount of $250,000.00,

plus interest and reimbursement for court cost in which she is not entitled to is in clear violation of Rule

8(A) of the North Carolina Rules of Civil Procedure.

In the State of North Carolina, pursuant to NCGS Chapter 1A Rules of Civil Procedure, Rule 8(A), when

1

a Plaintiff files a lawsuit, the Plaintiff may not state a specific amount of relief sought other than to specify that the case seeks either less than $10,000.00 (District Court) or an amount exceeding $10,000.00 (Superior Court).

Under Rule 8A(2), a party may make a written request to another party to seek the exact amount of relief sought in the suit. In the ordinary operation of civil law the plaintiff generally "Request for Statement of Monetary Relief". This is not the case here as violated by this plaintiff in contravention to North Carolinas' established laws governing the same. The Rule states in pertinent part:

> Rule 8A(2) – *"A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. In all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000). However, at any time after service of the claim for relief, any party may request of the claimant a written statement of the monetary relief sought, and the claimant shall, within 30 days after such service, provide such statement, which shall not be filed with the clerk until the action has been called for trial or entry of default entered. Such statement may be amended in the manner and at times as provided by Rule 15."*

Secondly, Jannetta Jordan, (hereinafter "Plaintiff") seemingly asserts two separate, but joinder dependent claims for relief against Lent Christopher Carr, (hereinafter referred to as "Defendant"): a claim for recovery of a "quantum meruit" value of an alleged verbal breach of contract for money as falsely

2

claimed by plaintiff was allegedly to be borrowed by Defendant for plaintiff's benefit from a financial institution on the basis of a purported breach of contract, as improperly and fictionally asserted by plaintiff of $250,000.00, coupled by an improper attachment non-claimed and non-raised boilerplate styled Notice of Lis Penden as improperly filed with the Clerk of Superior Court, a claim not presented nor argued in Plaintiff's estopped complaint for purposes of claiming for imposition of a constructive trust or equitable lien upon certain real property of Defendant.

Both, the non-meritorious presented claim and non-presented or argued estopped claims may be properly dismissed for failing to state a claim upon which relief may be granted under any legal theory.

However, the sole focus of Defendant's expedited motion to dismiss is the latter non-claim whereby plaintiff has prejudicially, illegally and having no legal basis for her ill conceived and filed lis penden non-raised claim which, in conjunction with an improperly filed lis pendens, presents a potential devastating chilling effect on credit and prohibits Defendant, who have you is the Senior Pastor of a local Congregation DBA Emmaus Cathedral Church, an extension of Emmaus Puritan Apostolic Baptist Church, Inc., as located on the subject property of 3300 Laurinburg Road, Raeford North Carolina, and real property owned and operated as a Church by Defendant, and a parsonage residence for Defendant and his Family, that has, as a direct and proximate result of plaintiff's improper lis pendens prohibited Defendant and his established Church from fulfilling its contractual obligations to third parties. Defendant shall address in line the validity of the former claim in his Answer, Affirmative Defenses, Motion to Dismiss, and Motion to Cancel Lis Pendens, and if so required at a later date in the normal course of this estopped and frivolous litigation of plaintiff respectfully.

3

## JURISDICTION and VENUE

Subject-matter-jurisdiction and personal jurisdiction of this Court to entertain Plaintiff's frivolous and *"Estopped Complaint,"* is hereby disputed, specifically for reason of *estoppel prohibition* whereas there exist a binding contract (the "contract) as entered into between both the Plaintiff and Defendant as evidenced in the record before this court, signed and SWORN before a Notary Public of the State of North Carolina by the Plaintiff being of sound mind, competent and of legal age to convey real property on the date certain of 03 February 2017, in the County of Wake, at the Wake County Detention Center where Plaintiff was awaiting trial, and later plead guilty to, amongst other crimes of Felony Fraud by a Medical Assistance Provider, Felony Accessing a Government Computer to Defraud and two counts of Felony Obstruction of Justice. The same was likewise accepted by Defendant for value in fee simple and for valuable consideration. **(Exhibit "A" NORTH CAROLINA QUIT CLAIM DEED),** (hereinafter "Contract").

Plaintiff is not entitled to recover nothing of Defendant in *"Quantum Meruit"* when a contract exists, and a binding contract has been SWORN, ratified, decreed and affirmed by and before an Official of the State of North Carolina who in accordance with the Laws of the State of North Carolina administers Oaths conclusively in contractual law within the ambit of this State, and said contract has been duly registered in Hoke County, North Carolinas' Registry at Book 1207 Page 0977.

Therefore, "Quantum Meruit is not an appropriate remedy when there is an actual agreement between the parties, because an express contract precludes an implied contract with reference to the same matter." Ron Medlin Construction v. Harris, 704 S.E. 2d. 486, 489, 2010 N.C. Lexis 1079 (2010).

Therefore, Plaintiff's sole Quantum Meruit claim should be dismissed in its entirety, and this Court is prayed to find that it is thus divest of subject-matter-jurisdiction and personal jurisdiction to entertain

Plaintiff's *estopped complaint,* claims and plaintiff's improperly filed slanderous title Lis Pendens Notice in which has placed an unauthorized cloud on Defendant's quiet enjoyment to his real property with prejudice. This is especially axiomatic whereas the one page body of plaintiff's estopped (non-verified) complaint merely seeks alleged money damages owed in quantum meruit in a specific amount unlawfully stipulated in said complaint for an amount certain of $250,000.00, interest and court cost. *See, e.g., Britt,* 320 N.C. at 577 ("If there is a contract between the parties the contract governs the claim and the law will not imply a contract."). *See also Whitfield,* 348 N.C. at 42 ("An implied contract is not based on an actual agreement, and *quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties."); *Potter,* 330 N.C. at 578 ("*Quantum meruit* is not an appropriate remedy when the plaintiff has alleged an express, oral contract.").

As to Defendant's counterclaims in contravention to Plaintiff's *estopped* complaint in *quantum meruit,* breaches of contract, slander of title, wrongful interference with contract rights, improper filing of Lis Pendens herein and fraud upon this court *inter alia,* Defendant, Lent Christopher Carr, do hereby invoke this Honorable Court's subject-matter and personal jurisdiction and venue pursuant to North Carolina General Statutes solely for those purposes as governed under North Carolinas' Law, Practices and Procedures respectfully.

As to venue of Plaintiff's *estopped* complaint, the Defendant herein assert that statements of law require no response; to the extent that a response is required, venue is disputed as to all matters surrounding Plaintiff's Complaint for *estoppel* prohibition and because plaintiff's failure to properly file her written copy of the notice of lis pendens in accordance with NCGS § 1-116.1(2)(3), and Rule 5 of the Rules of Civil Procedure. (1949, c. 260; 1967, c. 954, s. 3.), and proof of service or record the proof of service, as required by NCGS. Thus Plaintiff's contemporaneous estopped complaint has no basis at law upon which relief may be granted as plaintiff's estopped complaint merely argues and demand monetary recovery in

5

quantum meruit in which plaintiff is not entitled; the Defendant up until the filing of his Answer herein "HAS NOT BEEN SERVED SERVICE OF PROCESS [at all] NOR PLAINTIFF'S ESTOPPED, AND OTHERWISE FRIVOLOUS COMPLAINT FOR [fabricated and alleged] MONEY OWED;" the Plaintiff has failed to serve on Defendant notice of her inappropriately filed Lis Pendens that upon information and belief was merely instituted to cause or attempt to cause a claim of lien on Defendant's real property, including plaintiff's frivolous complaint and other documents filed, knowing that the filing was not authorized by statute, being the sole intent of plaintiff that her illegal and otherwise inappropriate filing thereof is made for an improper purpose to hinder Defendant's quiet enjoyments of his real property, harassment, and to otherwise wrongfully interfere with Defendant's legal rights not to have a cloud over his real property title rights to real property nominally known as 3300 Laurinburg Road, Raeford, NC. Such interference has thus interfered with Defendant's Consumer rights to credit, contract and business obligations with third parties. A clear violation NCGS § 44A-12.1(c) which holds in pertinent part: *"[A]ny person who causes or attempts to cause a claim of lien on real property or other document to be filed, knowing that the filing is not authorized by statute, or with the intent that the filing is made for an improper purpose such as to hinder, harass, or otherwise wrongfully interfere with any person, shall be guilty of a Class I felony."* (Emphasis in original).

It is hereby noted herein that Defendant became aware of the improper lis penden and complaint filed by plaintiff on 4 April 2018, as a result of his having filed unrelated documents with the Hoke County Register of Deeds Office, and shockingly, but mercifully stumbled upon said lis pendens when indexing other unrelated documents electronically as maintained by the Hoke County Register of Deeds Data Base. Accordingly, but for Defendant's researching of other unrelated documents as held in the Register's Office, he would never have been apprised that plaintiff had lodged such a fraudulent complaint and notice of lis pendens against him and unlawfully against his real property. The actions of plaintiff, upon information and belief was meant to ingeniously be unduly and unjustly enriched at the Defendant's

expense through an unbeknownst act of default at law respecting time restraints as statutorily governed by North Carolina General Statutes.

For whatever else could be said on this subject, intentional gaming of the law clearly shows Plaintiff's intent to defraud and commit fraud against the Defendant and reprehensible fraud upon this Court. For this cause standing alone, plaintiff's estopped, fraudulent and otherwise frivolous claims in its entirety should be dismissed, and Rule 11 Sanctions should be measured against this plaintiff to the full extent in which the law permits.

Furthermore, venue is likewise disputed whereas this Plaintiff on a numerous of occasions, including 12 April 2018, was harshly admonished by a duly elected Judge of the Hoke County Court that she was in violation of an automatic stay for having direct knowledge of a Bankruptcy Proceeding involving Defendant that provided an automatic stay in which was duly pre-instituted under Case No. 18-01386-5-JNC, within the ambit of the United States District Court for the Eastern District of North Carolina prior to another frivolous complaint as filed by plaintiff in another estopped *quantum meruit* civil matter that was dismissed by that court under File No. 18 CVM 000218 for plaintiff's blatant disregard of laws respecting Federal Automatic Stay, and the harmonious laws observed and enforced by the State of North Carolina under NCGS jurisdictional boundary in concert with Federal Bankruptcy's Orders of automatic stays respectfully.

That Court, after hearing testimony from the plaintiff admitting that she was indeed aware and had knowledge of the said Bankruptcy proceeding, to wit, being personally informed and as a courtesy was also put on direct notice by Defendant's Attorney via letters, determined that plaintiff had been put on full notice that there existed a Federal Bankruptcy **AUTOMATIC STAY** as issued by the Eastern District of North Carolina Federal Court, on 20 March 2018, and that plaintiff had therefore filed her estopped

complaint willfully in violation of the stay post-bankruptcy stay and filing of 20 March 2018. For that cause *inter alia*, dismissal was had with a voluntary dismissal of all claims. Consequently, dismissal of this frivolous action should likewise be dismissed with prejudice, and Rule 11 Sanctions are in order for reasons of plaintiff's continued disregard for the orderly operation of law as governed by The State of North Carolina and the United States of America respecting strict compliance of Automatic Stays.

## I. **ANSWER**

NOW COMES Defendant Answering Plaintiff's Complaint and says:

1. ADMITTED that Defendant is a resident of Hoke County, North Carolina.

2. DENIED that Defendant owes plaintiff money as improperly raised in contravention to a legally binding and expressed (written) contract as entered into by both Plaintiff and Defendant on 3 February 2017, a contract that precludes plaintiff's falsely asserted implied (verbal) contract in *quantum meruit* that never existed at any time relevant (before or after) as relating to the legal conveyance of real property as transferred, remised, relinquished, released and forever quitclaim into the Defendant, his heirs, assigns and successors all rights, title, claim, and interest of plaintiff in certain tracts and parcels of land lying and being in the County of Hoke, and State of North Carolina , in the Township of Raeford, more particularly described as 3300 Laurinburg Road, Raeford, North Carolina 28376 via Quit Claim Deed by plaintiff, Sworn to by Plaintiff as being true and correct under legal framework before an Official of the State of North Carolina authorized to take Oaths who is/was a duly registered Notary Public at the time of said transaction, signed by Plaintiff and thereafter received and ratified by Defendant as a complete acknowledgment of the aforesaid;

a. DENIED that the Defendant entered into any such verbal contract as alleged by plaintiff, nor any other like contract as relating to the conveyance of the subject property with plaintiff, let alone plaintiff's

8

fabricated and alleged verbal contract as subsumed improperly in *quantum meruit* as falsely claimed by plaintiff to have occurred on or about 17 January 2017, upon information and belief was manufactured with the expressed intent of plaintiff to gain unjust enrichment of the Defendant, while at the same time attempting to commit *fraud upon the court*;

b. As to plaintiff allegation in the complaint that the purported, but fabricated *"verbal agreement"* in quantum meruit "was for Lent Carr to: pay back taxes on the property located at 3300 Laurinburg Road, Raeford, NC 28376 ($12,432.41) with Lent Carr's 401K plan," that allegation likewise is without merit, and once again a fictional fabrication conjured up by this plaintiff's erraticism for even her art of untruthfulness, let alone being capable of truth telling even if it's in written contractually;

The Defendant shows to this Court as elucidated as expressed contracts tend and are certain to do-- speak the truth of a subject matter i.e. this falsity (quoted above) in which plaintiff espouses in her fraudulently induced, estopped and otherwise frivolous complaint based in whole on an alleged inappropriate verbal contract in quantum meruit;

Contrary to the plaintiff's claim relating to "back taxes," and the remainder of plaintiff's baseless caveats alleged as quoted earlier herein, the facts of the matter is axiomatic whereas 1) plaintiff represented to the Defendant and his Wife, Deltarina Carr, while plaintiff was incarcerated within the confines of the Wake County Jail awaiting trial for felonious crimes in which she later plead guilty to, and prior to Defendant's acceptance of the Quit Claim Deed contract that there existed NO outstanding taxes, liens or other encumbrances on the real property in question; 2) plaintiff further represented that "God had spoken to her to remise, title and Quit Claim said real property over to the Defendant for valuable consideration in fee simple for the furtherance of Kingdom work and as a parsonage residence for the Defendant/Pastor, his Family and his Congregation, Emmaus Cathedral Church as she would no longer

need it as she 'was going to prison for her felonious crimes;" 3) following plaintiff's representations, Defendant gave up his home and moved into said real property only to later discover that the property had astronomical taxes outstanding with the Hoke County Tax Office after having sat and spoken with the Tax Collector thereof, but also that the plaintiff was served multiple Certified Letters to this fact, and knew full well under her personal knowledge that the Tax Collector had gone through the obligatory legal proceedings and had indeed secured an In Rem Foreclosure Judgment against plaintiff and said property for lien of subject 3300 Laurinburg Road's property. However,  plaintiff omitted apprising the Defendant of this critical information, and by the time Defendant was informed, he had relinquished the rights to his Home for a home that was facing foreclosure sale; 4) as mentioned supra., Defendant was ensnared into plaintiff's intentional entrapment web of deceit and unfair trade practice acts by having given up his non-encumbered home as induced by plaintiff into a web of deception whereas this plaintiff had direct knowledge that she had deceived the Defendant to move into a home in which legally speaking, she had NO legal right to any longer due to the In Rem Foreclosure, and the pending Foreclosure sale of said Real Property; 5) having been informed of the deceptive trade practice of plaintiff, to her direct credit, the Tax Collector agreed to permit the Defendant to enter into  a promissory note whereby he agreed to take over the tax matter and did begin paying in installments said outstanding delinquent taxes as irresponsibly accrued as a direct result of plaintiff's derelictions of duties under the law to have refused to pay such for more than five years under her contributory negligence by reason of not  paying the Tax Office what the law required of every other taxpayer similarly situated; 6) that upon information and belief, as part of plaintiff's carefully crafted scheme to defraud and further her deceptive trade practices against Defendant, and knowing that Defendant not only agreed per contract to legally receive said real property she had rightfully forfeited under law due to the delinquent taxes in which precipitated the In Rem Foreclosure, and was contractually deeded over to Defendant in an expressed written document denominated "Quit Claim Deed," dated 03 February 2017,  fee simple;

As part of plaintiff's calculated scheme she insisted that Defendant act as her Durable Power of Attorney in order to legally handle other matters believed by Defendant would be above board as plaintiff's attorney in fact/agent as property manager for other real property that plaintiff knew faced the same fate as that of 3300 Laurinburg Road-- delinquent taxes and possible foreclosure as unbeknownst to Defendant. Yet and still, upon information and belief, that was not plaintiff climatic finale; having a keen sense of real estate practices, plaintiff would later in the Month of October 2017, appear to be remorseful of her devious and immoral behavior as mentioned earlier, and direct Defendant, as plaintiff's legal power of attorney to locate a check book in which she kept secured in a drawer in the kitchen when she was the owner of said property, and that because she felt bad for deceiving me concerning the truth of the property, plaintiff quite rationally requested the Defendant to endorse said check as represented by Plaintiff was backed by the necessary funds to satisfy the remaining balance of taxes on 3300 Laurinburg Road, taxes upon promissory note with the tax office in which Defendant had already paid down considerably, as well as taxes as owed on properties in which plaintiff still owned owing delinquent taxes since legally plaintiff had previously gave Defendant her sworn, notarized and signed authorization as the principal grantor of such POA rights to act on her behalf in financial matters *inter alia.*

As a matter of competent evidence as part of the file, and the POA grant unambiguously state in the contract entitled "Durable Power of Attorney" (hereinafter "POA") "My Agent shall have full power and authority to...'conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or **endorsing any checks or instruments** with respect to any such accounts..." See e.g., **(Exhibit "B" DURABLE POWER OF ATTORNEY).** As mentioned earlier, it was a critical part of plaintiff's scheme to entrap Defendant into making, endorsing and presenting the check to the tax office in which Defendant reasonably believed were supported by the necessary funds (though legally done by Defendant acting as the principal's agent upon her directive to cure defaults created by the plaintiff against the tax office and

11

the Defendant) and having the sole intent of doing that in which he was legally granted to do on Plaintiff's behalf via POA and other documents that shall be introduced into evidence at trial. Plaintiff's unlawful scheme may have worked but for the contractual dictates of said POA, have you the Raeford Police Department Detective in charge of that matter did not previously possess when he had determined to target Defendant for questioning and arrest following a calculated jailhouse call from the Plaintiff on or about October 23, 2017, in which upon information and belief was carefully choreographed by plaintiff to produce such a chilling and unjust effect that has thus caused Defendant multiple damages as a direct and proximate result thereof. Further telling is a letter received by Defendant post marked 29 November 2017, **(Exhibit "C" THE LETTER)** accompanied by two hand written Quit Claim Deeds from this Plaintiff where she once again went into her apologetic manipulative mode that was not well received this go around by Defendant, even by the reception of plaintiff's purported gifts to Defendant to convey two distinct real properties as plaintiff's means of an end to plaintiff's harms in which she had caused Defendant; in said letter as marked Exhibit "C," plaintiff clearly states in pertinent part that she had this person who she claims was supposed to deposit said funds into the subject bank *"who would testify they were supposed to have loaned me [plaintiff] $10,000.00, I [plaintiff] could testify that I [plaintiff] thought they had wire transferred the money into my [plaintiff's] checking account and I [plaintiff] told you [Defendant] on the date you [Defendant] wrote the check to write the check because the money is in the account. I [plaintiff] did not know because I [plaintiff] did not all the person back to confirm that the money was wire transferred, the money was not put into the account until you [Defendant] were arrested for the check. If you can get the other person [Defendant's Wife Deltarina Carr] to testify then I [plaintiff] would too. This should take care of your charge."* (Emphasis in original). As detailed, plaintiff knew that her schemes were coming to a head at some point, especially whereas Defendant Carr did always cautiously have another individual to listen in on every call that came from this plaintiff, that is, once he had figured out that plaintiff was a habitual deceiver and who had created in her own mind a fatalistic attraction for the Defendant post-Quitclaim-Deed procurement amongst other unscrupulous acts that

shall be presented at trial solely to show plaintiff's propensity for untruthfulness, to refute her assertion as raised in her frivolous complaint that for all intent and purposes as raised in plaintiff's estopped complaint has absolutely nothing to do with the non-meritorious quantum meruit complaint whereas plaintiff's falsely asserted claim in quantum meruit that there existed a non-sequitur verbal contract between herself and Defendant and to put the same into proper perspective, this plaintiff's nefarious intentions as relating to her absurd raised and estopped claims and the illegally documented lis pendens theretofor. Therefore, the same in its entirety is hereby DENIED.

b. Moreover, as [a]n expressed written contract entitled "AGREEMENT AND PERPETUAL LEASE/QUIT CLAIM DEED" (herinafter Agreement") that is in total contravention to plaintiff's falsely alleged verbal contract in quantum meruit reflects as a matter of contractual law, **(Exhibit "D" "AGREEMENT AND PERPETUAL LEASE/QUIT CLAIM DEED)**   and was/is an integral part of a Quit Claim Deed "CONTRACT," as entered into by both plaintiff and defendant herein – plaintiff agreed and represented therein on 03 February 2017, as relating to real property nominally known as 3300 Laurinburg Road, Raeford N.C. 28376, as legally conveyed to Defendant as part and parcel of the transfer of Title Ownership of the ranch home and church, including personal property conveyed by plaintiff as fully set out by the terms of said contracts and  competent evidence proves as stipulated in said Agreement that *"The Tenant/Grantee agree to indemnify and save the Landlord/Grantor harmless...[excepting] unforeseen liens [or] taxes previously attributable. Notwithstanding, any such future taxes shall be paid by Tenant/Grantee in consideration of the annexed Quitclaim Deed."* This is a breach of contract on plaintiff's part, and no such breaches of the representative contracts and entered into with this plaintiff is attributable to the Defendant under contractual law. Furthermore, plaintiff's false and estopped frivolous claim in quantum meruit as claimed in her complaint is without merit whereas she state in pertinent part: **"verbal agreement was for Lent Carr to: 'pay back taxes on the property located at 3300 Laurinburg Road, Raeford, NC 28376 ($12,432.21)...'"** This claim including all the

other baseless claims as raised by this plaintiff should be dismissed in their entirety as frivolous and patently false. Therefore, each and every allegation to plaintiff's manufatured (UNVERIFIED) quantum meruit verbal contract claim is hereby DENIED, including but not limited to her illegally subsumed Lis Pendens Notice as improperly filed with the Clerk of the Superior Court of Hoke County, as well as the relief sought therein in which plaintiff is not entitled to.

c. DENIED that the plaintiff is entitled to Lis Pendens lien or otherwise as illegally attached to subject property as falsely asserted in plaintiff estopped Lis Pendens Notice, but not argued nor raised in her fabricated complaint whereby plaintiff merely seeks to be unjustly enriched via monetary gain. Therefore plaintiff is not entitled to recover noting of Defendant in quantum meruit;

3. Defendant further notes, as is a total disrespect and disregard to the Rule of Law of this State of North Carolina, an unconscionable waste of tax payers dollars better served for those non-frivolous claims from citizens seeking viable redress, this plaintiff seems to have no reverence to this Court or otherwise for the truth, to wit, her blatant attempt to commit fraud now on this court's tribunal.

Plaintiff falsely asserted claims are barred by contract law that precludes *quantum meruit* alleged verbal agreements as falsely alleged in the estopped complaint, and plaintiff's failure to comply with N.C. Gen. Stat. § 58-70-1 to -155 , N.C. Gen. Stat. §§ 75-50 to -56 or any other required "demand notice" prerequisites accorded N.C.G.S. bars any such claimed relief in which competent evidence proves plaintiff is not entitled to.

Furthermore, it is herein noted that Defendant had no prior knowledge of plaintiff's obfuscating claim for any such loan prerequisite, thus, such manufactured claim is without sufficient knowledge of the

14

Defendant herein to even form a belief to the truth of plaintiff's assertion except to the extent that they are false and misleading for purposes of undue enrichment in which plaintiff is not entitled. Therefore, the same is hereby DENIED in its entirety.

DENIED. To the extent that an answer is required regarding the alleged money owed due plaintiff for her non-existent verbal contract with the Defendant are wholly delusional in nature and fact – such non-sequitur engineered loss and damages by plaintiff is fraudulently subsumed, lacking any credible evidence to the contrary, and created for the expressed means of improperly inducing this Court to adopt plaintiff's non-written Quantum Meruit contract over a legally binding written contract as protected under Laws of North Carolina.


Consequently, such has no operation of law, and therefore Plaintiff has no legal standing to unlawfully enrich her-self for relief in which she've attempted to blindside this Court for through plaintiff's carefully orchestrated fraud upon the court plights, and are entirely barred as a legal prohibition under *equitable estopell* from obtaining anything of the Defendant As a direct and proximate result of Defendant's lack of knowledge as to the alleged verbal agreement for any such loan or otherwise for this plaintiff as falsely claimed in her estopped complaint, and thereby possessing a lack of intent to deprive, cause a lack of use or even to have allegedly done monetary damage to plaintiff in which plaintiff has not provided one shred of evidence, notwithstanding a contract or receipt notification thereof from Defendant beyond what has been documented as part as the real and personal property agreed to in Plaintiff's SWORN DEED contract inter alia. Without sufficient knowledge or knowledge at all relating to the inanimated verbal agreements as fictitiously asserted and not governed by contract. Therefore, Plaintiff is not entitled to recover nothing of Defendant, and relief for alleged money, loss, interest, reimbursement and court cost are in nowise attributable to Defendant, but rather are matters weighed upon the Plaintiff for her egregious attempts to commit fraud upon this Court, and to pilfer from Defendant things of value that does not exist or are either covered under binding and *written contract* not belonging to plaintiff, testified

15

of through letters of Plaintiff or agreed to in other supporting documents procured before, during, after, and in relation to the real and personal property conveyance, notwithstanding loan monies from a financial institution listed in said complaint in which Defendant has no conceivable knowledge of; all of which shall be detailed more fully herein. Therefore, DENIED.

4. Defendant incorporates by reference each and every answer and allegation set forth hereinabove as though the same was fully set forth herein and with like effect.

*THE ANSWERING DEFENDANT DENIES EACH AND EVERY ALLEGATION OF PLAINTIFF'S COMPLAINT NOT SPECIFICALLY DENIED HEREIN, INCLUDING ANY ALLEGATIONS CONTAINED IN PLAINTIFF'S "ESTOPPED" PRAYER FOR RELIEF.*

## Rule 12(b)(6) MOTION TO DISMISS

### (As to the Breach of Implied Contract Claim;

### Plaintiff's Estopped "Quantum Meruit" Complaint; The Lack of

### Subject-Matter-Jurisdiction; Personal Jurisdiction; Venue & Plaintiff's

### Improperly Filed, Illegal and Otherwise Inappropriate Reprisal Lis Pendens Notice

5. Plaintiff, in her estopped and frivolous complaint admittedly SWORE, signed and certified a binding and legally written contract denominated "Quit Claim Deed" as evidenced and entered into between both Plaintiff and Defendant whereby both parties agreed that along with the conveyance of real property identified as 3300 Laurinburg Road, Raeford, North Carolina 28376, for valuable consideration in fee simple, as recorded in the Hoke County Register of Deeds Office at Book No. 1207, Page 0977, and parcel No. 394130001095 , and

delivered to Defendant said contract that duly represented Plaintiff did indeed transfer, release and by those present did remise, and forever quitclaim into Grantee/Defendant, his heirs and assigns all rights, title, claim, and interest of said Grantor/Plaintiff in and to a certain tract or parcel of land lying and being in the County of Hoke, and State of North Carolina, in Raeford Township, included, but not limited to personal property *thereon* and *therein* more particularly described per written contract as follows:

"*3300 Laurinburg Road, Raeford, North Carolina 28376, as recorded in the Hoke County Register of Deeds Office at Book Number 00866, Page 0729-073 - **to include** a completely and newly renovated 5300 Sq. Ft., 4BR, 3Ba Home/Church, and its entire parcel of land as mapped, drawn, surveyed, charted, plotted, delineated, drawn, depicted, pertraded and recorded thereto, '[a]ll amenities **thereon**, i.e., a Great Room/Church, kitchen, Library, Entertainment Room, 3 Heating/Air Conditioning Units (Electric), Shingled Roof, Fully Armed with Security Cameras and Alarm Systems, Carbon-Monoxide Alarms, installed Fire Alarms, Jacuzzi, [and] **any and all properties located [on] said land (externally and internally)** as ascertained heretofor, [thereon, and therein] as agreed between Grantor and Grantee at the signing of this herein Quit Claim Deed, etc. inter alia.'*"

(Please refer to **Exhibit "A"** Recorded Quit Claim Deed)(Emphasis in original)

6. Plaintiff is not entitled to recover in Quantum Meruit when an *expressed* contract exists, and the same has been entered on the Hoke County Register of Deeds Registry Book. "Quantum Meruit is not an appropriate remedy when there is an actual agreement between the parties, because an express contract precludes an implied contract with reference to the same matter." Ron Medlin Construction v. Harris, 704 S.E. 2d. 486, 489, 2010 N.C. Lexis 1079 (2010). Therefore, Plaintiff's Quantum Meruit claim should be dismissed in its entirety.

7. Moreover, Defendant further note herein that the doctrine of quasi-estoppel prohibits the Plaintiff from denying the validity of the Deed/Contract simply because she may have a change of heart because of her own creation of her financial woes that are not supported or considered in the normal operation of Law in the State of North Carolina, and her deranged desire and nefarious actions to impede the sacred union of marriage as futilely, but

17

aggressively pursued by that plaintiff to no avail as her individually consumed campaign as embarked upon with hopes of destabilizing an otherwise healthy matrimony bond as entered into by Defendant and his Wife of many years, and thus no fault of Defendant, and having no bearings on plaintiff's non-meritorious complaint. A gross act, upon information and belief that precipitated plaintiff's attempt to commit *fraud upon this court* by plaintiff's unlawful plight to re-write a binding contract as entered into by the Plaintiff and Defendant on 3 February 2017, and thereafter recorded within the ambit of the Hoke County Registry on 4 October 2017. Even so, there is no remedy at law to support such a *quasi estopped* prohibited contract in *quantum meruit* when there exist a written contract to the contrary detailing its terms and conditions.

8. "Under a *quasi-estoppel* theory, a party who accepts a transaction or instrument and then accepts benefits under it [is] estopped to take a later position inconsistent with the prior acceptance of that same transaction or instrument." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 18, 591 S.E.2d 870, 881-82 (2004) (citation and quotation marks omitted).

9. "[T]he essential purpose of *quasi-estoppel* is to **prevent a party from benefitting** by taking two clearly inconsistent positions." Id. at 18-19, 591 S.E.2d at 882 (citation, quotation marks, and ellipsis omitted). Quasi-estoppel "rests upon principles of equity and is designed to aid the law in the administration of justice when without its intervention injustice would result. Equity serves to moderate the unjust results that would follow from the unbending application of common law rules and statutes." Brooks v. Hackney, 329 N.C. 166, 173, 404 S.E.2d 854, 859 (1991) (internal citation and quotation marks omitted).

10. Our North Carolina Supreme Court in Creech v. Melnik, 347 N.C. 520, 528, 495 S.E.2d 907,

913 (1998) defined the doctrines of equitable estoppel together with quasi-estoppel by

characterizing quasi-estoppel as a "branch of equitable estoppel," Whitacre, 358 N.C. at 18, 591 S.E.2d

at 881, and not long thereafter the North Carolina Appeal Court in JASON KYLE, Plaintiff, v. HELMI

L. FELFEL and LAURA C. FELFEL, Defendants. No. COA16-1318 (Decided: August 01, 2017) found that

there are no distinction between the two doctrines for purposes of protecting the sanctity and validity of

terms of what a contract meant in its native form, in contravention to another, i.e. the plaintiff in this

matter inconsistent views for a benefit contradictory to a contract that speaks for itself, and whereby

plaintiff is not entitled to inequitable relief. Creech is, therefore, consistent with the proposition that a

party seeking to rely upon a theory of quasi-estoppel must invoke the doctrine in advance of trial.

Therefore Defendant, Lent Christopher Carr, invokes quasi-estoppel, amongst other legal doctrines that

clearly precludes this plaintiff from moving any further with her frivolous and estopped complaint, let

alone her improper and unlawful Lis Pendens Notice. Alas, plaintiff's complaint should be dismissed in

its entirety.

11.    Finally, pursuant to N.C.G.S. §1A-1, Rule 12(b)(6) plaintiff's ill procured, improperly

placed, illegally and otherwise devised scheme of the improper Lis Pendens being filed in the

record book as maintained by the Superior Clerk of Superior Court under File No. 18 M 00032

and indexed by reference at Book No. 01225 Page 0203, filed 4 February 2018, within the

record keeping confines of the Hoke County Register of Deeds should be dismissed, and

appropriate Rule 11 Sanctions to the full extent in which the Law allows should be imputed

upon this plaintiff for her willful intent to violate N.C.G.S § 44A-12.1(c) which holds in

pertinent part: "*"Slander of title of property may be committed and published orally or by*

*writing, printing or otherwise." Cardon v. McConnell, 120 N.C. 461, 462, 27 S.E. 109 (1897).*

*"[T]he gist of the action is the special damage sustained, and unless the plaintiff shows the*

19

*falsity of the words published, the malicious intent with which they were uttered, and a pecuniary loss or injury to himself, he cannot maintain the action." Id. To establish a claim of slander of title, a plaintiff must allege: "(1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice; and (4) special damages." Broughton, 161 N.C. App. at 30, 588 S.E.2d at 28.* Here in this case, however, the record is clear and unambiguous, and Defendant alleges that Defendant Jannetta Jordan did utter false, malicious and slanderous words by filing the lis pendens on the 3300 Laurinburg Road, Raeford, North Carolina Property, seeking to impose constructive and resulting trusts on the Property in which she was not otherwise authorized by the normal operation of law, fact and justification.

12.    In plaintiff's estopped and frivolous complaint filed in quantum meruit of 4 April 2018, Jannetta Jordan asserts two separate claims of relief against Lent Christopher Carr: a claim for recovery of the fictional quantum meruit alleged verbal agreement on the basis of a non-existent agreement that Defendant allegedly was obligated to plaintiff to secure a loan for the plaintiff in consideration of the conveyance of subject real property, and a claim for an alleged beach of contract. Most notably, NO WHERE in plaintiff's estopped complaint does she allege unjust enrichment of the Defendant's conveyance of said real property, nor do plaintiff claim for imposition of a constructive trust or equitable lien upon certain real property legally owned by Defendant, Lent Christopher Carr, and NO WHERE does this plaintiff even remotely raise the improper claim in her ill conceived estopped complaint that the drastic measure of a Lis Pendens Notice is applicable to her claims, nor legally legally entered as part of the NON-VERIFIED or SWORN complaint in quantum meruit. As matters would have it, this plaintiff's one page estopped complaint never raises arguments for such a Lis Pendens Notice for lien, but merely throughout said complaint, including plaintiff's prayer for relief seeks only money

damages totaling $250,000.00 for [a] fabricated and baseless verbal agreement subsumed in quantum meruit.

13.    Consequently, [b]oth of these estopped and otherwise frivolous claims may be properly dismissed for failing to state a claim upon which relief may be granted under any legal theory. Notwithstanding plaintiff's nefarious acts of premeditated and unjust harms directed and intended upon information and belief to disturb Defendant's quiet enjoyments of his real property legally conveyed via an expressed contract well over a year earlier.

14.    However, the sole focus of this expedited motion is the latter non-claimed or raised issue at law, respecting plaintiff's inappropriately filed Lis Pendens, in conjunction with an improperly filed lis pendens in which was never served upon the Defendant, bears no certificate of service as accorded N.C.G.S., nor the estopped complaint being properly served on Defendant to date, and within the statutory time frame set out in North Carolina General Statutes for such, in like manner being non-verified and lacking certificate of service or endorsement therefore, presents a potentially devastating chilling effect on credit and prohibits Lent Christopher Carr, and his Church and other businesses as located on the real property in question from fulfilling its obligations to third parties. Though Defendant believes established law is clear on the matter of plaintiff's estopped quantum meruit claims in which are misplaced, misleading and misappropriated herein, thus being ripe for adjudication in the first instance, if need be as determined by this Honorable Court, Defendant Lent Christopher Carr shall await to address the validity of the former claim at a later date in the normal course of this litigation respectfully.

15.    The nature of plaintiff's action is not one affecting title to real property but is rather one

seeking to secure a monetary judgment. Accordingly, the notice of lis pendens was filed by plaintiff without authorization or justification and constitutes an unlawful cloud on title and acts as an unlawful restraint on Lent Christopher Carr's lawful rights of alienation with respect to his Real Property.

16.    Given the pressing and onerous nature of this unlawful restraint of Lent Christopher Carr's rights and in order to prevent any further unnecessary injury or burden on Defendant's lawful rights to convey or otherwise deal with the Property, Jannetta Jordan's notice of lis pendens must be canceled  and dismissed immediately.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

If it is determined that Defendant owes Plaintiff any sums, which Defendant denies, Defendant pleads that the amount allegedly owed be set-off by any amount that Plaintiff owes Defendant, Lent Christopher Carr, for breach of contract.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery on an estopped claim, expressed or implied contract, Plaintiff's contemptuous performance    contradictory and inconsistent and improper quantum meruit attempt subsumed by fraud upon the court to re-write her own SWORN contract "Quit Claim Deed," as entered into between Plaintiff and Defendant on 3 February 2017, and the ensuing unambiguous terms thereof and its filing with the Register of Deeds Office, is based upon Plaintiff's negligent or defective behaviors in which Plaintiff has attempted to evade, prevent enforcement, and self nullify, or all, has barred Plaintiff of any right of recovery – especially where as here, Plaintiff knew or should have known

22

that her most recent fraudulent Complaint was prohibited by quasi and equitable estoppel whereas it is axiomatic that a binding contract exist between the Parties herein, but effectively breached by Plaintiff, and placed before this court for an equitable remedy of specific performance of the terms thereof, and but for plaintiff's breaches, the Defendant would not have had to move this Court to compel plaintiff "to do that which in good conscience she ought to have done without court compulsion." Bell v. Concrete Products, Inc. 263 N.C. 389, 390, 139 S.E.2d 629, 630 (1965). In order to claim a right to specific performance, that [a]n affected party need only to show the "existence of a valid contract, it terms, and either full performance on his part or that he is ready, willing and able to perform." Munchak Corp. v. Caldwell, 301 N.C. 689, 694, 273 S.E.2d 281, 285 (1981).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering any damages against the Defendant because Plaintiff has not performed under her SWORN contract with Defendant; specifically, Defendant Lent Christopher Carr, the newly acquired property Owner of subject Property nominally known as 3300 Laurinburg Road, Raeford, North Carolina 28376, the party of direct interest, privy, assign and legal successor who've relied upon the terms of said "Quit Claim Deed's" dictates, the receipt therefrom and therefore, the legal filing thereof with the Hoke County Register of Deeds Office on 4 October 2017 -- filed by full and mutual agreement and ratification of Plaintiff's SWORN and signed contract in which Plaintiff clearly meant to convey personal and real properties therein as accorded said contract which holds in relevant part: "...*[any] and [all] properties located on said land (externally and internally) as ascertained heretorfor, [thereon], and [therein] as agreed between Grantor and Grantee at the signing of...Quit Claim Deed, etc. inter alia.*" Quoting from the Quit Claim Deed Contract at Pg. 1, ¶ 5. (Emphasis in original). The Contract speaks for itself. Ignorance to the law is no defense. Especially where this Plaintiff is a formal and learned Doctor of psychotherapy, whose only loss her credential as such for reasons of her volition to knowingly commit felonious crimes whereby she betrayed the public's trust through her

lies, deceit, frauds and proclivities falsely believing upon here actions there and here that she is above the our State's Rule of Law that demand truth over false conjectures. Thus, the breach of contract and contempt of the legally entered and filed Deed with this Court's Register of Deeds Office.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's recovery, if any, is barred by its failure to mitigate damages, or in the alternative, that Plaintiff's recovery, if any must be reduced by those damages that Plaintiff failed to mitigate which was each and every falsely alleged property claim asserted in plaintiff's estopped and non-factual Complaint before this Court that has no operation of law.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has unclean hands with regard to its dereliction of duty to perform and adhere to a simple rudimentary and expressed contract dictates that is clearly unambiguous and binding in all respects heretofor – specifically, whereas here, plaintiff attempts and does repudiate a binding contract, its terms, conditions and grant in her estopped and frivolous complaint that's not accorded plaintiff's fictional and contradictory based quantum meruit contract barred claims, where plaintiff attempts to commit fraud upon this court to unjustly enrich herself through fraud, deceit and chicanery. Moreover, as a raised counterclaim of actual breach of contract by Defendant, plaintiff did illegally further violate the terms of the contract as was reported to the Hoke County Sheriff's Office, and captured by Defendant's 24 hr. Security Firm on 29 January 2018, whereas Plaintiff, having been cautioned by numerous Sheriff Deputies called to the premises for illegal acts of Plaintiff's trespassing thereon by the Defendant and/or his Security Firm breached the contract by stealing a vehicle that was part of the conveyance of said contract Quit Claim Deed – a 2004 Jeep MP, Vin. No. 1J4GK58K54W241125, and Title No. 775617151062152 that has precipitated one of Defendant's legal counterclaims under contract law amongst other breaches detailed in the counterclaim. See e.g., **(Exhibit**

**"E," Copy of Title, Vehicle Report and Incident Report)** as was investigated by Detective Lori Taylor, of the Hoke County Sheriff's Department, who questioned plaintiff and cautioned her that such violation of said contract could become a civil matter since there existed a contract, and the vehicle was [on] the land as conveyed by contract as part of said personal and real property conveyance therefore.

Furthermore, Plaintiff hand are unclean respecting its non-performance under its contract with Defendant and therefore, the doctrine of unclean hands is pled in bar of all Plaintiff's claims. The "clean hands" doctrine prevents recovery in equity where the party seeking relief comes to court with unclean hands. Ray v. Norris, 78 N.C. App. 379, 384, 337 S.E.2d 137, 141 (1985), disc. review denied, 316 N.C. 378, 342 S.E.2d 897 (1986). "The maxim applies to the conduct of a party..." Creech v. Melnik, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998).

This established, Defendant will now point out to the Court contradictory writings as it relate to Plaintiff's estopped and fraudulent claims herein; 1) while still confined in the Wake County Jail, prior to Defendant and his Family packing up and giving up there then newly acquired home to enter this contract with Plaintiff, Plaintiff did write to Defendant numerous letters that proves that she is attempting to commit fraud on this court, to wit, one letter specifically and goes to the heart of this frivolous estopped complaint whereas – in a letter time stamped by the United States Postal Service of 09 January 2017, and addressed to the Defendant under his Pastoral name as Senior Pastor, Bishop of his Church Conference and Chief Apostle of the Diocese, nominally known as Emmaus Cathedral, GPACFB International Church, Inc., Plaintiff detailed specific property items included on her 3 page attachment to said Complaint that she clearly states that the Plaintiff could take full possession of, property he never requested, but did upon Plaintiff's promptings receive for value - Plaintiff states as follows in her letter: *"Now as it relates to the house at 3300 Laurinburg Rd., Raeford, NC 28976. I still have my stuff in the house but I was thinking that you guys should just move on in the house. Instead of you first moving to 4160 Laurinburg Rd when I get out of jail I will move in that house . This would save you from moving twice. That house needs a*

*stove but has a huge industrial refrigerator. There are some items that will stay with the house because they are made for large rooms such as that, {so] you can have those items; the master bedroom furniture, the dinning room table and china cabinet, the side (in the dinning room) white furniture piece, the living room wall units (along the front wall and side wall). In the library you can have the file cabinets just please pour my files together in boxes and label them. You can have the office furniture in the file cabinet room and the library room. Please pack my books from the library. You can take all of it and store it one side of the great room (gym) until I come get it or move it into the house at 4160 Laurinburg Rd.([unlegiable] there a mile down the street) for me...[PLEASE TURN EXHIBIT OVER SIDEWAYS TO CONTINUE]...You can have the large grill in the back yard also, the swing on the back porch. You can also have the large T.V. In the living room but put all my other T.V.'s at the other house for me*; See,

**(Exhibit "F" Letter Sent to Defendant from Plaintiff While she Was Incarcerated in Wake County Jail);** at all times relevant hereto, Defendant states that the contradictory statements as un-sworn in Plaintiff's estopped complaint is clear and convincing evidence that this Plaintiff has no reservations for lying in order to achieve an objective end to unlawfully gain and enrich herself, even if it means blatantly lying to a Court of Competent Justice in her outlandish and egregious attempts to lead the court in the dark by way of her obvious frauds upon this court. This Plaintiff's hands are unclean and is therefore barred from recovering anything of the Defendant. Moreover, it is/was clearly documented by its terms as laid out in the Quit Claim Deed Contract in no uncertain terms under the English Language, N.C.G.S., Precedents of the Courts of North Carolina and defined in our Black Law Dictionary and elsewhere. Therefore, plaintiff's quantum meruit claims must fail it their entirety, and plaintiff is not entitled to recover nothing of the Defendant. For this reason, amongst others this Plaintiff is not only barred from the fraudulent relief she seek of this Court, this Plaintiff should be barred by Rule 11 from filing any further frivolous complaints within the jurisdiction of this Honorable Court; 2) a contract exist, and quantum meruit is therefore impermissible; 3) Plaintiff clearly breached several terms of said contract, including but not limited to fraudulently attempting to repudiate its terms thereof; 4) "As a general rule,

26

the remedy for breach of contract for the conveyance of personal property is an action at law, where damages are awarded." Bell v. Concrete Products, Inc., 263 N.C. 389, 390, 139 S.E.2d 629, 630 (1965). However, our Supreme Court has stated "there are recognized exceptions." Trust Co. v. Webb, 206 N.C. 247, 250, 173 S,E 598, 600 (1934). "Jurisdiction to enforce specific performance rests, not on the distinction between real and personal property, but on the ground that damages at law will not afford a complete remedy." Id. (citing Paddock v. Davenport, 107 N.C. 710, 12 S.E. 474 (1890); Tobacco Association v. Battle, 187 N.C. 260, 121 S.E. 629 (1924)). Here, the plain language of the contract, plaintiff's admissions in her letter mentioned supra., and other competent evidence in the record clearly proves plaintiff intended to convey to Defendant "...*[any] and [all] properties located on said land (externally and internally) as ascertained heretorfor, [thereon], and [therein] as agreed between Grantor and Grantee at the signing of...Quit Claim Deed, etc. inter alia."* The trial Court here is therefore authorized to provide "a complete remedy" in Defendant's favor. It would in nowise be error by this court as a matter of law by awarding Defendant's specific performance of the Quit Claim Deed Contract for the full conveyance terms as unambiguously agreed to by Plaintiff and Defendant herein for real property in an expressed contract, that included incidental personal property, as consideration for and part of the conveyance.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant(S) assert the defense of "accord and satisfaction" as a bar to any recovery by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that any issues regarding the "Quit Claim Deed" contract interpretation, though not ambiguous, or regarding the construction of the contract be construed against the Plaintiff, the

27

SWORN party and legal Grantor/Signer of the Contract, terms, content and accord of the satisfaction, ratification and binding effect thereof.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff officiously and/or gratuitously performed the crafting in signing, sealing and delivering the contract – a non-alleged and non-raised claim in contravention to the validity of said Sworn contract, whereby Plaintiff's estopped claims are heretofor and for all times barred as a matter of quasi and equitable estoppel prohibition, and was thereafter accepted, approved or ratified by Defendant, but rather as part of plaintiff's fraudulent estopped complaint was seemingly repudiated by that party, thus breaching the contract, legally accepted for value by Defendant Lent Christopher Carr, the Property Owner of subject property, and as the legal successor, grantee and assign, Defendant Lent Christopher Carr, did and do however, take full possession of said contract rights as governed by Law of assign and successor. However, to the extent that Plaintiff is claiming monies owed she is not entitled to for any irregularities of said contract in which Defendant did not approve either by contract or otherwise, but did and do accept the same for value, and reiterate Defendant accord and satisfaction defense as a bar for any recovery by Plaintiff, thus, Plaintiff is not entitled to such relief. Plaintiff can make no claim under Quantum Meruit for officious or gratuitous contractual drafting, signing and the Swearing thereof accorded law and practice of the State of North Carolina.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and Defendant, Lent Christopher Carr, had and have a contract by way of successor rights to the property in which Plaintiff has so fraudulently attempted to repudiate through her breaches of contract, and gain illegal leverage over through her estopped complaint in which is a clear and concise element of plaintiff's breach of contract, that Plaintiff did not and has not performed under, therefore, Plaintiff is not

entitled to recover under Quantum Meruit since and actual contract exists. Further, a Quit Claim Deed Contract conveying both real and personal property is likewise pre-existing within the ambit of the Hoke County Register of Deeds Office, in contravention of plaintiff's most recent estopped complaint in quantum meruit.

## ELEVENTH AFFIRMATIVE DEFENSE

The contributory negligence of the plaintiff serves as a bar to any recovery against Defendant based on negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant assert the defense of the parol evidence rule and Plaintiff is barred from a recovery from Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant assert the defense of waiver and plaintiff is barred from a recovery from the Defendant.

## FORTEENTH AFFIRMATIVE DEFENSE

Defendant assert the law of unintended consequences whereby the Quit Claim Deed was drafted, and thereafter upon Plaintiff's own competent recognizance did legally sign, Swore before a Notary who is/was officially granted to administer oaths, the "Quit Claim Deed" Contract that created the real and personal conveyance, the binding effect thereof, the preclusion of quantum meruit, accord and satisfaction, the estoppel bar, and there was no a material breach of the agreement by Defendant, but rather the Plaintiff. As part of the estoppel effect of plaintiff's fraudulent complaint, Defendant also shows this Court that on 3 February 2017, Plaintiff further made Defendant her legal Power of Attorney, and stipulated in pertinent part: "[M]y Agent shall not be liable for any loss that result from a judgment error

that was made in good faith..." Refer to **(Exhibit "G" Dual Power of Attorney).** Therefore, any unintended consequences, though there are none as there exist a clear and concise contract is likewise barred by reason of Plaintiff holding Defendant harmless.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant assert the defense of forfeited collateral where both the Plaintiff and Defendant did enter into a binding contract for personal as well as real property. The Quit Claim Deed was completed and its terms thereof. Said Quit Claim Deed was thereafter filed in the Hoke County Register of Deeds Office. Plaintiff attempted to commit fraud upon this Court by omitting this critical fact in her estopped complaint inter alia upon information and belief as Plaintiff knew or should have known that quasi and equitable estoppel prohibition had attached, and arbitrary and fraudulent attack on the contract as entered was impermissible by operation of law, and as a direct and proximate result of Plaintiff's bad faith efforts to lead this court in the dark, inter alia, Plaintiff is barred from a recovery of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to N.C.G.S. §1A-1, Rule 12(b)(6) plaintiff's ill procured, improperly placed, illegally and otherwise devised scheme of the improper Lis Pendens being filed in the record book as maintained by the Superior Clerk of Superior Court under File No. 18 M 00032 and indexed by reference at Book No. 01225 Page 0203, filed 4 February 2018, within the record keeping confines of the Hoke County Register of Deeds should be dismissed, and appropriate Rule 11 Sanctions to the full extent in which the Law allows should be imputed upon this plaintiff for her willful intent to violate N.C.G.S § 44A-12.1(c) which holds in pertinent part: *""Slander of title of property may be committed and published orally or by writing, printing or otherwise." Cardon v. McConnell, 120 N.C. 461, 462, 27 S.E. 109 (1897). "[T]he gist of the action is the special damage sustained, and unless the plaintiff shows the falsity of the words published, the malicious intent with which they were uttered, and a pecuniary loss or injury to himself, he cannot*

*maintain the action." Id. To establish a claim of slander of title, a plaintiff must allege: "(1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice; and (4) special damages." Broughton, 161 N.C. App. at 30, 588 S.E.2d at 28.* Here in this case, however, the record is clear and unambiguous, and Defendant alleges that Defendant Jannetta Jordan did utter false, malicious and slanderous words by filing the lis pendens on the 3300 Laurinburg Road, Raeford, North Carolina Property, seeking to impose constructive and resulting trusts on the Property in which she was not otherwise authorized by the normal operation of law, fact and justification.

"Slander of title of property owned by Defendant Lent Christopher Carr, and as falsely claimed in plaintiff's estopped and frivolous quantum meruit action against the Defendant was committed knowingly and deceptively committed by plaintiff when she without good cause, authorization accorded North Carolina General Statutes, and improperly filed with the Clerk of Superior Court, and thereafter on the same day of 4 April 2018, was filed with the Hoke County Register of Deeds Office a document denominated as "Notice of Lis Pendens," and published by writing, and printing in which plaintiff knew or should have known she was not legally entitled to as their existed at the time of said filings an expressed contract between plaintiff and Defendant legally entered into with specific terms." Cardon v. McConnell, 120 N.C. 461, 462, 27 S.E. 109 (1897). [T]here, however, as a direct and proximate result thereof were special damage sustained against Defendant and his Real Property rights in which placed a cloud upon his title rights that caused credit issues to arise, not being able to fulfill his obligations between third party creditors as said cloud did cause a ripple effect whereby the Defendant's Banks were apprehensive in providing credit in which was previously approved until the detection of plaintiff's Notice of Lis Pendens, in which was newly acquired information even unbeknownst to Defendant was filed by plaintiff until such was stumbled upon when Defendant was cross indexing other documents as held by the Hoke County Register of Deeds Office.

Plaintiff's filing of said notice of lis pendens, as stated above was not legally authorized by law. [A] notice of lis pendens "is only authorized in actions affecting title to real property." Parker v. White, 235 N.C. 680 at 687 (1952)(citing N.C. Gen. Stat. §1-116). "In determining whether a cause of action affects title to real property within the meaning of G.S. §1-116(a)(1), the nature of the action must be analyzed by reference to the facts alleged in the body of the complaint rather than by what is contained in the prayer for relief." George v. Administrative Office of the Courts, 142 N.C. App. 479, 522 S.E.2d 699 (2001)(citing Pegram v. Tomrich Corp., 4 N.C. App. 413, 166 S.E.2d 849 (1969)). "Actions which are considered to fall within the lis pendens statute include actions to set aside deeds for mutual mistake, and other like cases..." Id. At 479. "[T]he courts of this state have consistently held that the lis pendens statute does not apply to an action the purpose of which is to secure a personal money judgment even though such a judgment, if obtained and properly docketed, is a lien upon the land of the defendant named in the complaint." Id. At 479(internal citations omitted).

As noted above, and Defendant Lent Christopher Carr, does hereby incorporate the allegations afore-mentioned with like effect as though the same was incorporated herein by reference, Jannetta Jordan does not allege a legal defect in the Quitclaim Deed whereas in plaintiff's estopped and fabricated complaint she readily admits that "Lent Carr place[] the property at 3300 Laurinburg Road, Raeford, N.C. 28376 in his name via Quit Claim Deed 'signed and notarized by Jannetta Jordan' on February 3, 2017." Plaintiff does not seek to set aside or modify the deed that transferred legal title to Defendant Lent Christopher Carr. The only allegation within the complaint purporting to have standing enshrined in plaintiff's convoluted reasoning and false quantum meruit claim that there was some sort of fictional verbal contract outside of a written and expressed contract as evidenced, whereby plaintiff assert by way of plaintiff's prayer for a non-entitled imposition of an ethereal equitable interest in Defendant Carr's personal finances despite a lawful quitclaim transfer of title rights and conveyance of clear title outside of plaintiff's responsibilities to inform Defendant that their were 5 years of outstanding taxes due of said Real Property;

the fact that when plaintiff conveyed the property she had indeed forfeited her rights to such via In Rem

Foreclosure as sued by the Hoke County Tax Office in January, 2017, only a mere month prior to signing,

swearing under the penalty of perjury and delivering said quitclaim deed over to Defendant; plaintiff

failure to apprise Defendant Carr of a $48,000.00 lien on the property by a Mr. Willie Harrell, Jr;

plaintiff's irresponsibility and fraudulent concealment that she had secured another loan allegedly from

an LLC out of Nevada by the tune of $28,000.00, that purportedly was secured by the property,

notwithstanding plaintiff's actions being the catalyst of Defendant being made an unsuspecting

Defendant and party to an action he knows absolutely nothing about, and of course plaintiff's most recent

fraudulent complaint here knowingly and intentionally attempting to commit fraud upon the court for

unjust enrichment at yet again Defendant Lent Christopher Carr's expense *inter alia.*


As previously set forth herein, plaintiff's claim of relief and the body of her estopped complaint is not

supported by law and must be dismissed in its entirety. None of plaintiff's allegations or claims purport

to affect title as is required in order to justify the filing of a notice of lis pendens. The nature of plaintiff's

action is not one affecting title to real property but is rather one seeking to secure an unjust enrichment

for monetary judgment award. Therefore, the notice of lis pendens upon information and belief was

procured , uttered  and filed by plaintiff, knowing the same to be falsely made with the direct and

malicious intent to slander the Defendant's title of property with producing the exact and sole malice, in

which plaintiff knew or should have known would cause immediate and irreparable pecuniary loss,

damages, injury, compensatory damages, actual damages, credit worthiness damages, derogatory

business damages, personal and business defamation, emotional, mental pains and anguishes as a

precursor to plaintiff's slanderous and illegally filed lis pendens against Defendant's real property rights.

See e.g., Broughton, 161 N.C. App. at 30, 588 S.E.2d at 28. It is quite axiomatic upon information and

belief when reviewing plaintiff's estopped and otherwise frivolous complaint that Plaintiff Jannetta

Jordan is vicariously liable for the resulting damages sustained by Plaintiff, Lent Christopher Carr, and

33

is in clear violation of N.C.G.S § 44A-12.1(c) which holds in pertinent part: *"[A]ny person who causes or attempts to cause a claim of lien on real property or other document to be filed, knowing that the filing is not authorized by statute, or with the intent that the filing is made for an improper purpose such as to hinder, harass, or otherwise wrongfully interfere with any person, shall be guilty of a Class I felony."*

## RESERVATION and NONWAIVER

Defendant, Lent Christopher Carr, to this Answer, Affirmative Defenses, Motion to Dismiss, and Motion for Cancellation of Plaintiff's Improper Lis Pendens, do hereby reserves the right to plead additional affirmative defenses, and counterclaims against plaintiff which may be adduced through further investigation, discovery or at trial.

**[W]HEREFORE,** Defendant, Lent Christopher Carr, respectfully prays unto the Court the following:

1.      That Plaintiff's Complaint be dismissed in its entirety, and that Plaintiff have and recover nothing from Defendant;

2.      That Defendant be awarded litigant's fees and treble damages under N.C.G.S. § 75-1.1;

3.      That Defendant be awarded punitive damages under the counterclaim as clearly enunciated in Defendant Answer, Affirmative Defenses, and Motion to Dismiss for fraudulent misrepresentation and fraud upon this Court and slander of title by Plaintiff;

4.      That Defendant requests monetary relief in an amount of $ <u>LOW RANGE</u> to $ <u>HIGH RANGE</u> dollars at this time. Defendant cannot give a more specific answer to this request at this time as discovery is still ongoing in this matter. Further, Defendant asserts that Defendant is entitled to damages for past, present, and future pain and suffering, loss of full enjoyment of personal and real property as the subject of plaintiff's improper lis pendens and frivolously estopped quantum meruit complaint, loss of use of a personal property, and permanent slander being unjustly waged aginst his person and his real property.

34

These damages can not be determined by any formula and are to be determined by a jury in a manner which is just and fair. Further, Defendant's's request includes damages for (each and every alleged counterclaim as alleged and incorporated by reference above as though the same was plead herein). In any event, the Defendant does not request relief to exceed that as provided by law in the amount of $(LIMITS) though Defendant reserves the right to amend this statement of relief requested;

5.      That each and every relief requested in Defendant's Counterclaim be awarded in excess of $10,000.00 respectfully;

6.      That the Court grant damages for the theft of the Jeep that was and is part of the Quit Claim Deed Contract in an amount not in excess of $7,993.36, plus interest and loss;

7.      That the Court grant Defendant Unfair Trade Practices award, an amount to be proved at trial;

8.      That this Honorable Court expedite the dismissal of plaintiff's non-claimed, but illegally and improperly filed lis pendens against Defendant's Property nominally known as 3300 Laurinburg Road, Raeford, North Carolina 28376 and issue its Order that the lis pendens which the plaintiff has filed as to the subject Real Property be cancelled;

9.      The costs of this action be taxed against Plaintiff;

10.     The Court grant Defendant such further relief as this Court deems just and reasonable;

and;

11.     That Rule 11 Sanctions be attributable to plaintiff as a deterrence in filing frivolous claims and improperly non-authorized Lis Pendens Notices in the future that slanders and deprives a real property's owner's quiet enjoyment to his Real Estate as protected under North Carolina Law, Practices and Procedures to the fullest extent under circumstance in which the Law allows;

12.   *The Defendant demands a trial by jury.*

This the *11 th* day of  May, 2018.

Respectfully submitted,

LENT CHRISTOPHER CARR, Defendant
3300 Laurinburg Road, Raeford N.C. 28376
emmauscorp.legalconsult@gmail.com
(919)-417-6768

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2018, I, the Undersigned caused a true and correct copy of the foregoing Answer, Affirmative Defenses and Motion to Dismiss and Counterclaims to be served on Plaintiff, and the original and necessary copies of said Answer, Affirmative Defenses and Motion to Dismiss was served on this Court by placing the same in the United States Postal Service, Postage Prepaid and mailed to the following:

Jannetta Jordan

4160 Laurinburg Rd

Raeford, NC 28376

This the *11 th* day of May, 2018.

Lent Christopher Carr, Litigant/Defendant

VERIFICATION

LENT CHRISTOPHER CARR, being first duly sworn, deposes and says that he is the

DEFENDANT in the above entitled action; that he has read the foregoing document; that the same is true

of his own respective knowledge, except as to those matters and things alleged therein upon information

and belief, and to those things, he believes them to be true.

_____
LENT CHRISTOPHER CARR

STATE OF NORTH CAROLINA

COUNTY OF HOKE

I, _Jeremy Irving_____, a NOTARY PUBLIC of the County and State aforesaid, do hereby
certify that LENT CHRISTOPHER CARR, personally appeared before me this day and acknowledged
the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _11th_ day of
_May_____, 2018.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _June 8, 2019_

STATE OF NORTH CAROLINA

COUNTY OF HOKE

FILED

JANNETTA JORDAN,

2018 APR 25 A II: 39
Plaintiff,

HOKE CO., C.S.C.

VS.

BY_____

LENT CARR,

Defendant

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No. 18 CVS 239

NOTICE OF BANKRUPTCY

**NOW COMES** undersigned counsel, and give notice to the court and parties in interest that a bankruptcy case under Chapter 13 of the United States Bankruptcy Code is pending concerning Defendant Lent Carr, Case No. 18-01386-5-JNC, United States Bankruptcy Court for the Eastern District of North Carolina, filed on Tuesday, March 20, 2018. The automatic stay is in effect in this case.

This notice is not intended as an appearance, and undersigned does not enter an apperance before this court on behalf of any party. The document is filed for the sole purpose of giving the notice made herein.

**THIS** the 20th day of April, 2018

By:

Erich M. Fabricius
Bankruptcy Counsel for the Debtor
NC State Bar # 39667

Fabricius & Fabricius PLLC
106 N 1st Ave, Ste D.
P.O. Box 1230
Knightdale, NC 27545-1230
Telephone: (919) 295-6001
Fax: (919) 890-3833
Email: emf@fabriciuslaw.com

## CERTIFICATE OF SERVICE

I, the undersigned Attorney for Defendant, do hereby certify that I have this day served a copy of the Notice of Bankruptcy by depositing a copy of the same in the U.S. Mail, postage prepaid, properly addressed as shown:

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376

**THIS** the 23rd day of April, 2018

FILED
2018 APR 25  A 11: 39
HOKE CO., C.S.C.
BY_____

By:_____
Erich M. Fabricius
NC State Bar # 39667

Fabricius & Fabricius PLLC
106 N 1st Ave, Ste D.
P.O. Box 1230
Knightdale, NC 27545-1230
Telephone: (919) 295-6001
Fax: (919) 890-3833
Email: emf@fabriciuslaw.com

**United States Bankruptcy Court**
**Eastern District of North Carolina**
**Fayetteville Division**

FILED

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Lent Christopher Carr II** | | Social Security number or ITIN | xxx–xx–9559 |
| | First Name   Middle Name   Last Name | 2018 APR 25  A  11:39 | | |
| Debtor 2 (Spouse, if filing) | **Deltarina V. Carr** | | Social Security number or ITIN | xxx–xx–6527 |
| | First Name   Middle Name   Last Name | HOKE CO., C.S.NC. | | |
| | | | Date case filed for chapter  13  3/20/18 | |
| Case number  **18–01386–5–JNC** | | BY_____ | | |

Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov)

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Lent Christopher Carr II | Deltarina V. Carr |
| 2. All other names used in the last 8 years | | aka Deltarina V. Diaz |
| 3. Address | 3300 Laurinburg Rd. Raeford, NC 28376 | 3300 Laurinburg Rd. Raeford, NC 28376 |
| 4. Debtor's attorney Name and address | Erich M. Fabricius Fabricius & Fabricius PLLC PO Box 1230 Knightdale, NC 27545–1230 | Contact phone: 919 295–6001 |
| 5. Bankruptcy trustee Name and address | Joseph A. Bledsoe III PO Box 1618 New Bern, NC 28563 | Contact phone: 252 633–0074 |
| 6. Bankruptcy clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 300 Fayetteville Street, 4th Floor P.O. Box 791 Raleigh, NC 27602 | Office Hours: 8:30 a.m. – 4:30 p.m. Contact phone: 919–856–4752 Date: 3/20/18 |

For more information, see page 2

Case 18-01386-5-JNC    Doc 9    Filed 03/20/18    Entered 03/20/.3 23:12:01    Page 2 of 2

Debtor  Lent Christopher Carr II  and  Deltarina V. Carr                                                                                  Case number 18–01386–5–JNC

| 7. | Meeting of creditors | | |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 17, 2018 at 10:30 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: <br><br> **U. S. Post Office & Federal Building, Third Floor Courtroom, 301 Green Street, Fayetteville, NC 28303** <br><br> Please bring a government issued picture ID with you to the meeting of creditors. This ID is required for entry into the building |

| 8. | Deadlines | | |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** <br><br> You must file: <br> • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or <br> • a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 6/18/18 |
| | | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 5/29/18 |
| | | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 9/17/18 |
| | | **Deadlines for filing proof of claim:** <br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.nceb.uscourts.gov or any bankruptcy clerk's office. Alternatively, the claim may be filed electronically on the above website by accessing the Proof of Claim section. *When filing electronically, it is not necessary to complete a paper claim form.* <br><br> If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. <br><br> Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | | **Deadline to object to exemptions:** <br> The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the conclusion of the meeting of creditors |

| 9. | Filing of plan | The debtor has filed a plan. The plan and notice of confirmation hearing will be sent separately. |
|---|---|---|
| 10. | Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11. | Electronic noticing | Parties may opt to receive notices from the court via email rather than U.S. Mail. Register at ebn.uscourts.gov. |
| 12. | Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 13. | Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 14. | Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |

18 CV 00239

# STATE OF NORTH CAROLINA

_____ County

| | |
|---|---|
| *File No.* | |

In The General Court Of Justice
☐ District  ☐ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>JANNETTA JORDAN | **CIVIL SUMMONS** |
| *Address*<br>4160 LAURINBURG ROAD | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip*<br>RAEFORD, NC 28376 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>LENT CARR | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>LENT CARR<br>3300 LAURINBURG ROAD<br>RAEFORD, NC 28376 | *Name And Address Of Defendant 2* |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>JANNETTA JORDAN<br>4160 LAURINBURG ROAD<br>RAEFORD, NC 28376 | *Date Issued*<br>11/4/18 | *Time*<br>12:08  ☐ AM  ☑ PM |
|---|---|---|
| | *Signature*<br>Michelle | |
| | ☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM  ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

File no. _____

STATE OF NORTH CAROLINA
HOKE COUNTY
In the General Court of Justice
District Court Division

JANNETTA JORDAN, Plaintiff
4160 Laurinburg Road
Raeford, NC 28376
Hoke County
(910) 583-0399

**COMPLAINT FOR MONEY OWED**

Versus

LENT CHRISTOPHER CARR, Defendant      x individual
3300 Laurinburg Road
Raeford, NC 28376
Hoke County

1.  The Defendant is a resident of the County named above.
2.  The Defendant owes me the money listed for the following reason:

Defendant and I entered into a verbal agreement on or around January 17, 2017.  Verbal agreement was for Lent Carr to: pay back taxes on the property located at 3300 Laurinburg Road, Raeford, NC 28376 ($12,432.21) with Lent Carr's 401K plan; Lent Carr place the property at 3300 Laurinburg Road, Raeford, NC 28376 in his name via Quit Claim Deed signed and notarized by Jannetta Jordan on February 3, 2017; secure a loan on behalf of Jannetta Jordan (using the property at 3300 Laurinburg Road as collateral on the loan) in the amount of $250,000.00; Lent Carr was to deduct $23,000.00 from the loan amount for himself (to reimburse him for paying the past due property taxes  and $10,000.00 for completing all transactions).

Instead of completing the verbal agreement as stated, Lent Carr found a check of Jannetta Jordan at the home located at 3300 Laurinburg Road, Raeford, NC 28376 and wrote the amount of $9,050.00 to the Hoke County tax office stating that Jannetta Jordan had told him (Lent Carr) to write this check to the Hoke County tax office.  Lent Carr presented the check with my signature in which he forged.  The tax office staff stamped the Quit Claim Deed as having all tax obligations paid and Lent Carr immediately recorded fraudulent deed with the Register of Deeds.  At that time, Lent Carr legally became the Registered Owner of the property located at 3300 Laurinburg Road, Raeford, NC 28376.  Lent Carr never obtained the loan in the amount of $250,000.00 as agreed upon.  This is a breach of contract.

Principal Amount owed: $250,000.00
Interest owed:  $0
Total Amount owed: $250,000.00

3.  I demand to recover the total amount listed above, plus interest and reimbursement for court costs.

Date: 4/4/2018    Name of Plaintiff: JANNETTA JORDAN      Signature: Jannetta Jordan

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE

                                       SUPERIOR COURT DIVISION

HOKE COUNTY                           Case No._____

JANNETTA JORDAN
     Plaintiff

                                  18 M    32

VS.

                          NOTICE OF LIS PENDENS

LENT CARR
     Defendant

This notice of Lis Pendens, filed in the Office of Hoke County, North Carolina, shows and gives notice that:

1. A Civil Action has been filed in the General Court of Justice, Superior Court Division, in Hoke County. The action is identified as case number _____.

2. The names of the parties of the action referred to above are Jannetta Jordan, Plaintiff and Lent Carr, defendant.

3. The nature and purpose of the above referenced action is an action for: breach of contract, wrongful termination of Plaintiff's possessory right to the Real Property located at 3300 Laurinburg Road, Raeford, North Carolina, Hoke County, fraud in the inducement by the Defendant with respect to the Real Property, and certain injunctive relief sought by the Plaintiff regarding the agreed compensation amount of $250,000.00.

4. Plaintiff is requesting that a Judgment Lien be placed upon the real property located at 3300 Laurinburg Road, Raeford, North Carolina, Hoke County.

5. This notice of Lis Pendens is filed pursuant to the provisions of Chapter 1, Article 11 of the North Carolina General Statutes N.C.G.S. ξ 1-116, ξ 1-116(b)(1)-(4), and ξ 1-116.1 and North Carolina General Statute Chapter 39, Article 3A, et seq. and all persons shall take notice of the same.

This the ___4th___ day of ___April___, 2018.

*Jannetta Jordan*

18 CV 000239

## STATE OF NORTH CAROLINA

HOKE _____ County

File No. _____

In The General Court Of Justice

Name And Address Of Plaintiff
JANNETTA JORDAN
4160 LAURINBURG Rd
Raeford, NC 28372

**VERSUS**

Name And Address Of Defendant
LENT CARR
3350 Laurinburg Rd.
Raeford, NC 28372

### SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

50 U.S.C. 3901 to 4043

NOTE: *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

**AFFIDAVIT**

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - [ ] a. I have personal knowledge that the defendant named above is in military service.*
   - [X] b. I have personal knowledge that the defendant named above is **not** in military service.*
   - [ ] c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - [ ] a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
       - [ ] The results from my use of that website are attached.
       (NOTE: *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - [X] b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

   Lent Carr informed me that he has never served in the U.S. military

*NOTE: *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 4/4/18 |
|---|---|
| Date 4/4/18 | Signature Of Affiant *Jannetta Jordan* |
| Signature Of Person Authorized To Administer Oaths *Michelle* | Name Of Affiant (type or print) JANNETTA JORDAN  4160 Laurinburg Rd.  Raeford, NC 28372 |
| [ ] Deputy CSC  [X] Assistant CSC  [ ] Clerk Of Superior Court  [ ] Magistrate | |
| SEAL  [ ] Notary     Date My Commission Expires | |

NOTE TO COURT: *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

(Over)

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# Information About Servicemembers Civil Relief Act Affidavits

1. **Plaintiff to file affidavit**

   In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—

   (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

   (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

   50 U.S.C. 3931(b)(1).

2. **Appointment of attorney to represent defendant in military service**

   If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

3. **Defendant's military status not ascertained by affidavit**

   If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

4. **Satisfaction of requirement for affidavit**

   The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

5. **Penalty for making or using false affidavit**

   A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).

# STATE OF NORTH CAROLINA

_____HOKE_____ County

File No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
JANNETTA JORDAN

**VERSUS**

Name Of Defendant
LENT CHRISTOPHER CARR, II

## PETITION TO PROCEED AS AN INDIGENT

G.S. 1-110; 7A-228

| AFFIDAVIT |
|---|

*(check one of the four boxes below)*

☐ **Petition To Assert Claims** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs for the prosecution of the claims I have asserted. Therefore, I now petition the Court for an order allowing me to assert my claims as an indigent.
   ☐ I am an inmate in the custody of the Division of Adult Correction and Juvenile Justice.
   (NOTE TO CLERK: *If this block is checked, this Petition must be submitted to a Superior Court Judge for disposition provided on the reverse.)*

☒ **Petition To File Motions** - As a party in the above entitled action, I affirm that I am financially unable to advance the required costs to file a notice of hearing on a motion. Therefore, I now petition the Court for an order allowing me to file my motion as an indigent.

☐ **Petition To Appeal** - As the individual appellant in the above entitled small claims action, I affirm that I am financially unable to pay the cost for the appeal of this action from small claims court to district court. Therefore, I now petition the Court for an order allowing me to appeal this action to district court as an indigent.

☐ **Petition To File Expunction Petition** - As the petitioner in the above entitled action, I affirm that I am financially unable to advance the required costs to file an expunction petition. Therefore, I now petition the Court for an order allowing me to file my expunction petition as an indigent.

*(check one or more of the boxes below as applicable)*

☒ I am presently a recipient of
   ☒ Supplemental Nutrition Assistance Program (SNAP/food stamps).  ☐ Temporary Assistance for Needy Families (TANF).
   ☐ Supplemental Security Income (SSI).

☐ I am represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons, or I am represented by private counsel working on behalf of such a legal services organization. *(Attach a letter from your legal services attorney or have your attorney sign the certificate below.)*

☐ Although I am not a recipient of SNAP/food stamps, TANF, or SSI, nor am I represented by legal services, I am financially unable to advance the costs of filing this action or appeal.

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 4/4/18 |
|---|---|

Date 4-4-2018  Signature *Lynette L. Dial*

Signature Of Petitioner *Jannetta Jordan*

Title Of Person Authorized To Administer Oaths
*Notary, Hoke County, North Carolina*

Date Commission Expires
*11-19-2022*

Name And Address Of Petitioner (type or print)
JANNETTA JORDAN
4160 LAURINBURG RD.
Raeford, NC 28376

*(Seal: LYNETTE L. DIAL, NOTARY PUBLIC, HOKE COUNTY, NC, MY COMMISSION EXPIRES...)*

### CERTIFICATE OF LEGAL SERVICES/PRO BONO REPRESENTATION

I certify that the above named petitioner is represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons or is represented by private counsel working on behalf of or under the auspices of such legal services organization.

| Date | Signature |
|---|---|

Name And Address (type or print)

| ORDER |
|---|

Based on the Affidavit appearing above, it is ORDERED that:

☑ the petitioner is authorized to assert claims, to appeal, or file notices of hearing or petitions in this action as an indigent.

☐ the petition is denied.

| Date 4/4/18 | Signature *Michelle K.* | ☒ Assistant CSC ☐ Judge | ☐ Clerk Of Superior Court ☐ Magistrate (for appeal only) |
|---|---|---|---|

NOTE TO CLERK: *If the petitioner is NOT a recipient of SNAP/food stamps, TANF, SSI or is NOT represented by legal services or a private attorney on behalf of legal services, you may ask for additional financial information to determine whether the petitioner is unable to pay the costs.*

AOC-G-106, Rev. 2/18, © 2018 Administrative Office of the Courts   (Over)

| | ORDER - DACJJ INMATES |
|---|---|

The undersigned superior court judge of this district finds that the petitioner is an inmate in the custody of the Division of Adult Correction and Juvenile Justice and that the complaint

☐ is not frivolous.
☐ is frivolous.

It is ORDERED that

☐ the petitioner is authorized to sue in this action as an indigent.
☐ the petitioner is not authorized to sue as an indigent.
☐ the action is dismissed.

| Date | Name Of Superior Court Judge (type or print) | Signature Of Superior Court Judge |
|---|---|---|
| | | |

| | CERTIFICATION |
|---|---|

I certify that this Petition has been served on the party named by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the United States Postal Service.

| Date | Signature | | | |
|---|---|---|---|---|
| | | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE:** G.S. 1-110(b) provides: "The clerk of superior court shall serve a copy of the order of dismissal upon the prison inmate."

*(TYPE OR PRINT IN BLACK INK)*
# STATE OF NORTH CAROLINA

HOKE _____ County

File No. _____

In The General Court Of Justice
☐ District ☐ Superior Court Division

Name Of Applicant
JANNETTA JORDAN

Street Number And Street Name, Including Apartment Or Unit Number If Applicable
4160 Laurinburg Rd.

City, State And Zip Code
Raeford, NC 28376

Full Permanent Mailing Address Of Applicant (If Different Than Above)

## CIVIL AFFIDAVIT OF INDIGENCY

Telephone Number Of Applicant
(910)583-0399

Date Of Birth
08/08/1971

☒ Plaintiff   ☐ Defendant

Full Social Security No.
☐ Has No Social Security No.

G.S. 7A-450 et seq.

| MONTHLY INCOME (money you make) | | MONTHLY EXPENSES (money you pay out) | |
|---|---|---|---|
| Employment - Applicant | $ -0- | Number Of Dependents | 1 |
| Name And Address Of Applicant's Employer (If not employed, state reason; if self-employed, state trade) N/A | | Shelter ☐ Buying ☐ Renting | $ |
| | | Food (including Food Stamps) | $ 200.00 |
| | | Utilities (power, water, heating, phone, cable, etc.) | $ 300.00 |
| Other Income (Welfare, Food Stamps, S/S, Pensions, etc.) | $ 191.00 | Health Care | $ -0- |
| Employment - Spouse | $ N/A | Installment Payments ☐ Vehicle ☐ Other | $ 150.— |
| Name And Address Of Spouse's Employer 0 | | Car Expenses (gas, insurance, etc.) | $ 400.— |
| | | Support Payments | $ -0- |
| | | Other: (specify) Children college expenses | $ 500.— |
| Total Monthly Income ► $ 191.00 | | Total Monthly Expenses ► $ 1550.00 | |

| DESCRIPTION OF ASSETS AND LIABILITIES | ASSETS (things you own) | LIABILITIES (amounts you owe) |
|---|---|---|
| Cash On Hand And In Bank Accounts (List Name Of Bank & Account No.) | $ -0- | |
| Money Owed To Or Held For Applicant | $ | |
| Motor Vehicles (List Make, Model, Year) 2005 Dodge Caravan | *(Fair Market Value)* $ 5000.— | *(Balance Due)* $ 2500.— |
| Real Estate 521 Gatlin Farm Rd., Raeford NC 28376 | *(Fair Market Value)* $ 25,000.00 | *(Balance Due)* $ -0- |
| Personal Property | *(Fair Market Value)* $ | *(Balance Due)* $ |
| Other Debts | $ | $ |
| Last Income Tax Filed 20 15 ☐ Refund ☒ Owe | $ | $ |
| Other | $ | $ |
| Total Assets And Liabilities | ► $ 30,000.— | ► $ 39,050.00 |

| Bond Type | Amount $ | By Whom Posted |
|---|---|---|

NOTE: *Read the notice on the reverse side before completing this form.*

AOC-CV-226, Rev. 10/13
© 2013 Administrative Office of the Courts

(Over)

## NOTICE TO PERSONS REQUESTING INDIGENCY OR PARTIAL INDIGENCY DESIGNATION

1. When answering the questions on the Affidavit Of Indigency *(reverse side of this form)*, please do not discuss your case with the interviewer. The interviewer can be called as a witness to testify about any statements made in his/her presence. Do not ask the interviewer for any advice or opinion concerning your case.

2. **A designation of indigency relieves your obligation to pay all of the arbitration fee. A designation of partial indigency requires you to pay your appropriate percentage of your pro rata share of the arbitration fee prior to arbitration. Failure to pay the arbitration fee will result in the entry of a civil judgment against you, which will accrue interest at the legal rate set out in G.S. 24-1 from the date of the entry of judgment. Your North Carolina Tax Refund and/or North Carolina Lottery winnings may be taken.**

3. The information you provide may be verified, and your signature below will serve as a release permitting the interviewer to contact your creditors, employers, family members, and others concerning your eligibility for an indigency designation. A false or dishonest answer concerning your financial status could lead to prosecution for perjury. See G.S. 7A-456(a) ("A false material statement made by a person under oath or affirmation in regard to the question of his indigency constitutes a Class I felony.").

Under penalty of perjury, I declare that the information provided on this form is true and correct to the best of my knowledge, and that I am financially unable to pay all or part of the arbitration fees prior to the arbitration. I now request that I be designated indigent or partially indigent. I authorize the Court to contact my creditors, employers, or family members, any government agencies or any other entities listed below concerning my eligibility for such designation.

I further authorize my creditors, employers, or family members, any governmental agencies or any other entities listed below to release financial information concerning my eligibility for such designation upon request of the Court.

*Governmental Agencies Or Other Entities Authorized To Be Contacted And/Or To Release Information*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | | Date 4/4/18 |
|---|---|---|
| *Date* | *Signature* | Signature Of Applicant *Jannetta Jordan* |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court ☐ Magistrate | | Name Of Applicant (Type Or Print) JANNETTA JORDAN |
| ☐ Notary | Date My Commission Expires | ☑ Plaintiff ☐ Defendant |
| SEAL | County Where Notarized | |

Case Identifier: 210395245
Worker: DEMETRIA BLUE
Date Generated: 12-14-2017

Hoke County DSS
P.O. Box 340
Raeford, NC 28376

JANNETTA JORDAN
3300 LAURINBURG RD
RAEFORD, NC 28376

# NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES
## Division of Social Services(DSS)
### Notice of Eligibility, Denial, or Pending Status

We are writing to tell you about the action we've taken on your Food and Nutrition Services case. If you have been approved to receive Public Assistance and/or SSI benefits or benefits from a State or local General Assistance program let your local agency know. We've explained our action below.

- Your household is eligible for Food and Nutrition Services for the first month you applied. Your household's first month of benefits are prorated, meaning you will not receive a full month for your month of application. Your first month of benefits will only include the days that start with your application date and run through the last day of the month. Your benefits for the month of 12-2017 is $115.

- Your household is not meeting the Able-Bodied Adults without Dependents work requirements and received 0 available month(s) of Food and Nutrition Services, your household is only eligible to receive the month(s) of 01-01-2018 to 03-31-2018. The amount is $192. If you believe you are meeting the work requirements or are exempt, contact your caseworker.

If you have questions, please call your caseworker, DEMETRIA BLUE, at 910- 878-1951.

You can have a fair hearing of your case if you do not agree with our decision. You must request a hearing no later than 03-14-2018. In addition, if you have been certified, you can request a hearing at any time to dispute your current level of benefits. To request a fair hearing, call the Food and Nutrition Services office at 910- 875-8725 or fill out and return the third page of this form. You can also call this number if you want to know more about how a fair hearing works. Free legal advice is available. Contact Legal Aid of North Carolina office. Street: 224 South Dawson St. Raleigh, NC 27601. Mailing: PO Box 26087 Raleigh, NC 27611 1-866-219-5262.

DSS-8551 (Rev.05/17)
Economic and Family Services

# Hoke Coun⌐ Clerk of Superior Court, Raeford NC
## Civil Receipting

| VCAP Receipting (Print validation on back of form) | File Number(s) |
|---|---|

**VCAP Receipting**
(Print validation on back of form)

VCAP FLAG: Y_____ N_____

Arbitration Fee: 24311   $_____(n)

Arbitration: 24310   $_____(y)
TRIAL DE NOVO

**File Number(s)**

_18_ CVD _239_

Book and Page or Abstract (Judgment) #

Party ID: _____ P-1 _____

Payor Name: _Jordan, Jannetta_

Party ID: _____ D-1 _____

Payee Name: _Carr, Lent_

---

**Execution:**
☐   21430   $_____

**Transcript Fee:**
☐   21440   $_____

**Copy:**
☑   21410   $ _2.25_

**Misc:**
☐   21400   $_____

**Misc Filing Fee:**
☐   21435   $_____

**Motions:**
☐   21450   $_____

**Alias & Pluries:**
☐   21455   $_____

**Filing Fees:**

☐   CVSC   $_____

☐   CVDC   $_____

☐   CVM___   $_____

☐   CDDC   $_____

**Service Fees:**

☐   Sheriff   $_____ (225____)

☐   City   $_____ (235____)

Municipality: _____

County of Other Jurisdiction:

_____

---

**Bond Forfeiture After Judgment:**

22800   $_____

**Bond Forfeiture Before Judgment:**

22800   $_____

**Upset Bid:**

26700   $_____

**Judgment Payment: 26115 (JA)   $_____**
☐   Full
☐   Partial

**Judgment Payment: 26120(Books) $_____**

Attorney Fees: $_____

Name: _____

**TOTAL: $__ _2.25_ _____**

# Hoke Count Clerk of Superior Court, R ford NC
## Civil Receipting

| VCAP Receipting (Print validation on back of form) | File Number(s) ___18___ CVS ___239___ |
|---|---|
| VCAP FLAG: Y_____ N_____ | Book and Page or Abstract (Judgment) # _____ |
| | Party ID: _____ D1 |
| Arbitration Fee: 24311   $_____(n) | Payor Name: _Lest Can_____ |
| Arbitration: 24310   $_____(y) TRIAL DE NOVO | Party ID: _____ |
| | Payee Name: _____ |

| Execution: ☐ 21430  $_____ | Filing Fees: |
|---|---|
| Transcript Fee: ☐ 21440  $_____ | ☐ CVSC   $_____ |
| Copy: ☐ 21410  $ 3.00 | ☐ CVDC   $_____ |
| | ☐ CVM___   $_____ |
| Misc: ☐ 21400  $_____ | ☐ CDDC   $_____ |
| Misc Filing Fee: ☐ 21435  $_____ | Service Fees: |
| | ☐ Sheriff   $_____ (225_____) |
| Motions: ☐ 21450  $_____ | ☐ City   $_____ (235_____) |
| | Municipality: _____ |
| Alias & Pluries: ☐ 21455  $_____ | County of Other Jurisdiction: _____ |

| Bond Forfeiture After Judgment: 22800  $_____ | Judgment Payment: 26115 (JA)   $_____ ☐ Full ☐ Partial |
|---|---|
| Bond Forfeiture Before Judgment: 22800  $_____ | Judgment Payment: 26120(Books) $_____ |
| Upset Bid: 26700  $_____ | Attorney Fees: $_____ Name: _____ TOTAL: $ 3.00 |

## Rule 45. Subpoena.

(a)    Form; Issuance. -

     (1)    Every subpoena shall state all of the following:

         a.    The title of the action, the name of the court in which the action is pending, the number of the civil action, and the name of the party at whose instance the witness is summoned.

         b.    A command to each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated records, books, papers, documents, electronically stored information, or tangible things in the possession, custody, or control of that person therein specified.

         c.    The protections of persons subject to subpoenas under subsection (c) of this rule.

         d.    The requirements for responses to subpoenas under subsection (d) of this rule.

     (2)    A command to produce records, books, papers, electronically stored information, or tangible things may be joined with a command to appear at trial or hearing or at a deposition, or any subpoena may be issued separately. A subpoena may specify the form or forms in which electronically stored information is to be produced.

     (3)    A subpoena shall issue from the court in which the action is pending.

     (4)    The clerk of court in which the action is pending shall issue a subpoena, signed but otherwise blank, to a party requesting it, who shall complete it before service. Any judge of the superior court, judge of the district court, magistrate, or attorney, as officer of the court, may also issue and sign a subpoena.

(b)    Service. -

     (1)    Manner. - Any subpoena may be served by the sheriff, by the sheriff's deputy, by a coroner, or by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to that person or by registered or certified mail, return receipt requested. Service of a subpoena for the attendance of a witness only may also be made by telephone communication with the person named therein only by a sheriff, the sheriff's designee who is not less than 18 years of age and is not a party, or a coroner.

     (2)    Service of copy. - A copy of the subpoena served under subdivision (b)(1) of this subsection shall also be served upon each party in the manner prescribed by Rule 5(b).

     (3)    Subdivision (b)(2) of this subsection does not apply to subpoenas issued under G.S. 15A-801 or G.S. 15A-802.

(c)    Protection of Persons Subject to Subpoena. -

     (1)    Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

     (2)    For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this

(1)  Form of . ,ponse. - A person responding to a s. poena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2)  Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3)  Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4)  Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a). The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5)  Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

(d1)  Opportunity for Inspection of Subpoenaed Material. - A party or attorney responsible for the issuance and service of a subpoena shall, within five business days after the receipt of material produced in compliance with the subpoena, serve all other parties with notice of receipt of the material produced in compliance with the subpoena and, upon request, shall provide all other parties a reasonable opportunity to copy and inspect such material at the expense of the inspecting party.

(e)  Contempt; Expenses to Force Compliance With Subpoena. -

(1)  Failure by any person without adequate excuse to obey a subpoena served upon the person may be deemed a contempt of court. Failure by any party without adequate cause to obey a subpoena served upon the party shall also subject the party to the sanctions provided in Rule 37(d).

(2)  The court may award costs and attorney's fees to the party who issued a subpoena if the court determines that a person objected to the subpoena or filed a motion to quash or modify the subpoena, and the objection or motion was unreasonable or was made for improper purposes such as unnecessary delay.

(f)  Discovery From Persons Residing Outside the State. -

(1)  Any party may obtain discovery from a person residing in another state of the United States or a territory or an insular possession subject to its jurisdiction in any one or more of the following forms: (i) oral depositions, (ii) depositions upon written questions, or (iii) requests for production of documents and tangible things. In doing so, the party shall use and follow any applicable process and procedures required and available under the laws of the state, territory, or insular possession where the discovery is to be obtained. If required by the process or procedure of the state, territory, or insular possession where the discovery is to be obtained, a commission may issue from the court in which the action is pending in accordance with the procedures set forth in subdivision (2) of this subsection.

(2)  Obtaining a commission. -

a.  The party desiring a commission to obtain discovery outside the State shall prepare and file a motion indicating the party's intent to obtain a commission and requesting that the commission be issued.

b.     The motion shall indicate that the moving party has conferred, or describe fully the moving party's good faith attempts to confer, with counsel for all other parties regarding the request and shall indicate whether the motion is unopposed. The motion shall also attach a copy of any proposed subpoena, notice of deposition, or other papers to be served on the person from whom the moving party is seeking to obtain discovery.

c.     The motion shall indicate that counsel for the moving party has read the applicable rules and procedures of the foreign state and that the moving party will comply with those rules and procedures in obtaining the requested discovery.

d.     If the motion reflects that it is unopposed or indicates that the moving party has made reasonable, good faith efforts to confer with all other parties and that no other party has indicated that it opposes the motion, the motion shall immediately be placed on the calendar for a hearing within 20 days before the court in which the action is pending where the commission shall be issued. However, if the court determines, in its discretion, that the moving party has failed to make reasonable, good faith efforts to confer with all other parties prior to filing the motion, the court shall refuse to issue the commission, and the motion shall be denied.

e.     If the motion does not reflect that it is unopposed or that the moving party has made reasonable, good faith efforts to confer with all other parties and that no other party has indicated that it opposes the motion, any party wishing to oppose the motion shall file written objections to issuance of the commission within 10 days of being served with the motion, and the motion shall immediately be placed on the calendar for a hearing to be held within 20 days before the court in which the action is pending. The hearing may be held by telephone in the court's discretion. The court may refuse to issue the commission only upon a showing of substantial good cause to deny the motion.

f.     If the court, in its discretion, determines that any party opposing the motion did so without good cause, the court shall require the party opposing the motion to pay the moving party the reasonable costs and expenses incurred in obtaining the order, including attorneys' fees, unless circumstances exist which make an award of expenses unjust.

(3)     In addition to any terms required by the foreign jurisdiction to initiate the process of obtaining the requested discovery, the commission shall:

a.     State the time and place at which the requested discovery is to occur;

b.     State the name and address of the person from whom the discovery is sought, if known, and, if unknown, a general description sufficient to identify the person or the particular class or group to which he or she belongs; and

c.     Attach a copy of any case management order, discovery order, local rule, or other rule or order establishing any discovery deadlines in the North Carolina action. (1967, c. 954, s. 1; 1969, c. 886, s. 1; 1971, c. 159; 1975, c. 762, s. 3; 1983, c. 665, s. 1; c. 722; 1989, c. 262, s. 1; 2003-276, s. 1; 2007-514, s. 1; 2011-199, s. 6; 2011-247, s. 3.)

# Hoke County Clerk of Superior Court, Raeford NC
## Civil Receipting

| | |
|---|---|
| **VCAP Receipting** (Print validation on back of form) | **File Number(s)** 18 CVS 239 |
| VCAP FLAG: Y_____ N_____ | Book and Page or Abstract (Judgment) # |
| | Party ID: D1 |
| Arbitration Fee: 24311   $_____(n) | Payor Name: Kent Carn II |
| Arbitration: 24310   $_____(y) TRIAL DE NOVO | Party ID: _____ |
| | Payee Name: _____ |

| **Execution:** | **Filing Fees:** |
|---|---|
| ☐  21430   $_____ | ☐  CVSC     $_____ |
| **Transcript Fee:** ☐  21440   $_____ | ☐  CVDC     $_____ |
| **Copy:** ☐  21410   $ 2.75 | ☐  CVM___  $_____ |
| | ☐  CDDC    $_____ |
| **Misc:** ☐  21400   $_____ | **Service Fees:** |
| **Misc Filing Fee:** ☐  21435   $_____ | ☐  Sheriff    $_____ (225_____) |
| | ☐  City       $_____ (235_____) |
| **Motions:** ☐  21450   $_____ | Municipality: _____ |
| **Alias & Pluries:** ☐  21455   $_____ | County of Other Jurisdiction: _____ |

| **Bond Forfeiture After Judgment:** | **Judgment Payment: 26115 (JA)   $_____** |
|---|---|
| 22800   $_____ | ☐  Full ☐  Partial |
| **Bond Forfeiture Before Judgment:** | **Judgment Payment: 26120(Books) $_____** |
| 22800   $_____ | Attorney Fees: $_____ |
| **Upset Bid:** | Name: _____ |
| 26700   $_____ | **TOTAL: $ 2.75** |

# Hoke County Clerk of Superior Court, Raeford NC
## Civil Receipting

| VCAP Receipting (Print validation on back of form) | File Number(s) |
|---|---|

**VCAP FLAG: Y_____ N_____**

**File Number(s)**

_____18_____ CVD _239_

**Book and Page or Abstract (Judgment) #**

_____

Arbitration Fee: 24311    $_____(n)

**Party ID:** _____

Arbitration: 24310    $_____(y)
TRIAL DE NOVO

**Payor Name:** CARR, LENT

**Party ID:** _____

**Payee Name:** _____

---

**Execution:**
☐  21430    $_____

**Transcript Fee:**
☐  21440    $_____

**Copy:**
☐  21410    $2.50

**Misc:**
☐  21400    $_____

**Misc Filing Fee:**
☐  21435    $_____

**Motions:**
☐  21450    $_____

**Alias & Pluries:**
☐  21455    $_____

**Filing Fees:**

☐   CVSC    $_____

☐   CVDC    $_____

☐   CVM___    $_____

☐   CDDC    $_____

**Service Fees:**

☐   Sheriff    $_____ (225___)

☐   City    $_____ (235___)

Municipality: _____

County of Other Jurisdiction:

_____

---

**Bond Forfeiture After Judgment:**

22800    $_____

**Bond Forfeiture Before Judgment:**

22800    $_____

**Upset Bid:**

26700    $_____

**Judgment Payment: 26115 (JA)    $_____**
☐   Full
☐   Partial

**Judgment Payment: 26120(Books) $_____**

Attorney Fees: $_____

Name: _____

**TOTAL: $** _2.50_

18 MAY 17 PH 3:21

HOKE COUNTY, C.S.C.

BY_____

<u>*18 CVS 000239*</u>

# EXHIBIT A

## "NORTH CAROLINA QUITCLAIM DEED"

## -for-

## DEFENDANT'S LENT CHRISTOPHER CARR'S MOTION FOR SUMMARY JUDGMENT
## [Rule 56]

<u>**EXHIBIT "A"**</u>

BK 1207 PG 0977

| | |
|---|---|
| FILED | Oct 04, 2017    08:11:04 am |
| BOOK | 01207 |
| PAGE | 0977 THRU 0979 |
| INSTRUMENT # | 06029 |
| INSTRUMENT TYPE | QCD |
| RECORDING | $26.00 |
| EXCISE TAX | (None) |

FILED
HOKE COUNTY NC
CAMILLE D. HURST
REGISTER OF DEEDS

ELP

This certifies that pin:394130001095 ;
is free of any delinquent ad valorem Tax liens charged to the
Hoke County Tax Collector; but does not certify that the deed
description matches the PIN.

Collection Clerk Signature          Date:  10/3/2017
NCGS 161-31

## NORTH CAROLINA QUITCLAIM DEED

Tax Lot No. _____ Parcel Identifier No. 394130001095 _____
Verified by _____ County on the ___ day of _____, 20_____
By _____

Mail after recording to Emmaus Corp. Legal Briefing Firm of North Carolina C/O: Deltarina Diaz, Esq., P.O. Box 27193, Raleigh, North
Carolina 27611.

This instrument prepared by Deltarina Diaz. _____

Brief description for the index 3300 Laurinburg Road, Raeford, North Carolina 28376. Recorded in the Hoke County Register of Deeds
Office at Book # 00866, Pg. # 0729-073; 5300 Sq. Ft., 4BR and 3.5Ba Resident/Church Property

THIS QUITCLAIM DEED made this the 25th day of ___January___, in the year ___2017___, by and between

| GRANTOR | | GRANTEE |
|---|---|---|
| | + | |
| | + | |
| Jannetta Jordan | + | Lent Christopher Carr |
| 4160 Laurinburg Road | + | 3300 Laurinburg Road |
| Raeford, North Carolina 28376 | + | Raeford, North Carolina 28376 |
| | + | |
| | + | Property Address: |
| | + | 3300 LAURINBURG ROAD |
| | + | RAEFORD, NC |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include
singular, plural, masculine, feminine, or neuter as may be required by context.

WITNESSETH, that said Grantor, for and in consideration of ten dollars and other consideration to them in hand paid, the receipt of
which is hereby acknowledged, have remised and released and by these present do remise, and forever quitclaim into the Grantee and
his heirs and assigns all rights, title, claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being in the
County of ___Hoke___, and State of North Carolina, in ___Raeford___ Township, and more particularly described as follows:

3300 Laurinburg Road, Raeford, North Carolina 28376, as recorded in the Hoke County Register of Deeds Office at Book Number
00866, Page 0729-073-- to include a completely and newly renovated 5300 Sq. Ft., 4BR, 3Ba Home/Church, and its entire parcel of
land as mapped, drawn, surveyed, charted, plotted, delineated, drawn, depicted pertraded and recorded thereto, all amenities
thereon, i.e., a Great Room/Church, Kitchen, Library, Entertainment Room, 3 Heating/Air Conditioning Units (Electric), Shingled Roof,
Fully Armed with Security Cameras and Alarm Systems, Carbon-Monoxide Alarm, installed Fire Alarms, Jacuzzi, and any and all
properties located on said land (externally & internally) as ascertained heretofor, thereon, and therein as agreed between Grantor
and Grantee at the signing of this herein Quit Claim Deed, etc. inter alia.

Grantor acquired the property hereinabove described by instrument recorded in Book 00866 at Page 0729-073. More
particularly described as follows:

## SEE ATTACHED EXHIBIT "A"

BK 1207 PG 0978

A map showing the above-described property is recorded in Map/Cabinet __00866__ at Page __ 0729-073 .

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

### ANY AND ALL OF PUBLIC RECORD

IN TESTIMONY WHEREOF, said Grantors have hereunto set their hands and seal the day and year first above written.

_Janette Jordan_

_____(SEAL)

_____(SEAL)

_____(SEAL)

_____(SEAL)

STATE OF NORTH CAROLINA
COUNTY OF __WAKE__

I, a Notary Public, of said State and County aforesaid, do hereby certify that _Jannette Jordan_ grantor(s), personally appeared before me this day, and (i) I have personal knowledge of the identity of the grantor(s), or (ii) I have seen satisfactory evidence of the grantor(s) identity, by current state or federal identification with the grantor(s) photographs in the form of __I.D. Card__ , or (iii) a credible witness has sworn to the identity of the grantor(s) each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

WITNESS my hand and Official Seal or Stamp, this _3rd_ day of _February_ , in the year _2017_ .

SEAL OR STAMP

_William Thomas_
Notary Public Official Signature

_William Thomas_
Notary Printed or Typed Name

My Commission Expires: _____

BK 1207 PG 0979

0866
0731                                      BK 00866 PG 0731

EXHIBIT "A"

BEGINNING at an iron stake in a ditch in the north edge of U. S. Highway 401, Hendrix's corner, and running thence N 12-45 W 350 feet to an iron at an oak; thence S 84-00 W 424.5 feet to a stake, the northwest corner of Tract No. 1 as shown in Book of Maps 1, Page 129 of the Hoke County Public Registry; thence S 9-15 E 510 feet to a steel blade in the north edge of U. S. Highway 401, McNeill's corner; thence N 62-30 E 475 feet along the north edge of said U. S. Highway 401 to the point of beginning.

This description is taken from a map by R. H. Gatlin, Registered Surveyor, dated 10-5-57, and the property herein described contains 4.2 acres.

THERE IS EXCEPTED FROM THIS CONVEYANCE THE FOLLOWING TWO TRACTS:

Tract I:

A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., lying about 75 yards northwest of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west, J. B. McLeod on the north and Willie Harrell on the east, being further described as follows:

Beginning at an iron pipe with two pine pointers, said iron pipe being the northwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with the John K. McNeill tract described in Deed Book 106 at Page 8 and the J. B. McLeod tract described in Deed Book 145 at Page 984 in the Hoke County Registry; running thence from the beginning as the common line of J. B. McLeod and the aforementioned Willie Harrell 4.2 acre tract, N 82-21 E 150.00 feet to a 5/8 inch iron set in the north line of said Harrell 4.2 acre tract; thence a new line, S 22-22.2 E 254.88 feet to a 5/8 inch iron; thence a new line, S 62-30 W 222.95 feet to a 5/8 inch iron in the west line of said Harrell 4.2 acre tract; thence as the west line of said 4.2 acre tract, a common line with John K. McNeill, N 08-33 W 322.26 feet to the point of beginning, containing 1.2 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

Tract II:

A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., fronting on the northwest side of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west and Willie Harrell on the east, being further described as follows:

Beginning at an iron blade 50.3 feet north of the center line of the pavement of U. S. Highway No. 401, said iron blade being the southwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with John K. McNeill tract described in Deed Book 106 at Page 8 in the Hoke County Registry; running thence from the beginning as the common line of Harrell and McNeill, N 08-93 W 187.64 feet to a 5/8 inch iron set in said common line of Harrell and McNeill; thence a new line N 62-30 E 222.95 feet to a 5/8 inch iron; thence a new line S 22-22.2 E 178.18 feet to a 5/8 inch iron set in the southeast line of the Harrell 4.2 acre tract, said iron being 50.8 feet northwest of the center line of the pavement of U. S. Highway No. 401; thence as the southeast line of said Harrell 4.2 acre tract, generally as the northwest right-of-way line of U. S. Highway No. 401, S 62-30 W 267.95 feet to the beginning, containing 1.0 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

<u>*18 CVS 000239*</u>

# EXHIBIT B

## "AGREEMENT AND PERPECTUAL LEASE/QUITCLAIM DEED"

-for-

## DEFENDANT'S LENT CHRISTOPHER CARR'S MOTION FOR SUMMARY JUDGMENT
### [Rule 56]

<u>EXHIBIT "B"</u>

STATE OF NORTH CAROLINA
COUNTY OF HOKE

AGREEMENT AND PERPETUAL LEASE/QUITCLAIM DEED

THIS AGREEMENT, PERPETUAL LEASE, AND ATTACHED QUITCLAIM DEED OF LEGAL RIGHT made and entered into this 3rd day of February, 2017, by and between Jannetta Jordan ("LANDLORD, OWNER AND QUITCLAIM GIFT GRANTOR"), and Lent Christopher Carr. II ("TENANT, NEWLY GRANTED QUITCLAIM DEED PROPERTY OWNER, AND GIFT RECIPIENT").

WITNESSETH

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed Attached Hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of cost, lease and herewith acknowledge Quitclaim Deed of remised property Granted/Gifted to Lent Christopher Carr, in valuable consideration of Ten-Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property/Land, nominally, the premises located at 3300 Laurinburg Road, Raeford N.C. 28376, County of Hoke, State of North Carolina on the terms and conditions hereinafter set forth:

1. TERM. This lease shall extend for a perpetual period of years to no end, beginning on February 3rd, 2017 through all times of perpetuity, irrespective of Grantor's Gift of the above-mentioned property as evidenced by the attached legal Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal laws, including but not limited to NCGS and IRS Tax Laws etc.

2. RENTAL. The Tenant shall pay to Landlord rent for the premises as follows: $0.00 0/100 in consideration of Grantor's GIFT in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract law and procedures

3. IMPROVEMENTS AND ALTERATIONS. Tenant/Grantee may make any improvements, alterations or additions or place any sign on said premises without the prior written consent of the Landlord/Grantor. If any locks are changed on premises, interior or exterior, a set of keys will be maintained by Tenant/Grantee. Any signs placed on exterior of building will meet zoning requirements of City of Raeford. All improvements, expressed or implied shall be at the sole expense of Tenant/Grantee.

4. MAINTENANCE AND REPAIRS. The Tenants acknowledge that they have inspected the premises and hereby accept the premises in its current physical condition. The Tenant/Grantee will maintain and make all repairs to the roof and exterior walls of the building and will provide parking for vehicles. The Tenant will keep maintained and repaired the interior of the premises, to include small plumbing leaks and repairs, changing electrical fuses, changing of furnace filters, painting, ceiling tiles, etc.. The Tenant will be responsible for any and all repairs that are caused by the negligence of the Tenant, their agents or employees, and shall be repaired by Tenant at his sole expense immediately.

5. INSURANCE. Tenant/Grantee party may insure their own interest in the leased/quitclaim premises against loss by fire or other casualty and make himself the party to whom loss benefits are payable.

The Landlord/Grantor shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the leased/deeded remised premises, by reason of any existing or future condition, defect, matter or thing in said leased/remised premises or the property of which the premises are a part, or for the acts, omissions or negligence of third persons or tenant/grantee in and about the said property. The Tenant/Grantee agree to indemnify and save the Landlord/Grantor harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the leased/deeded premises unless caused by the negligence of the Landlord/Grantor, including, but not limited to, all claims and liability caused by the negligence of Tenant/Grantee, their agents, employees, invitees, and independent contractors excepting unforeseen liens or taxes previously attributable. Notwithstanding, any such future taxes shall be paid by Tenant/Grantee in consideration of the annexed Quitclaim Deed.

6. CASUALTY. In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to its prior state.

7. TAXES. During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES. During the term of this perpetual Lease/attched Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance. The yard, parking area, driveways and outside of premises.

9. ASSIGNMENT AND SUBLETTING. The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.

IN TESTIMONY WHEREOF, the parties hereto have caused this Perpetual Agreement and Lease/Quitclaim gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.

_____ (SEAL)
Jannetta Jordan,
Landlord/Grantee

**Emmaus, Greater Pentecostal Assembly, Churches of the First Born International, Inc.**

By: _____
        Lent C. Carr, II
                 President

Attested by: _____
                   Doltarina V. Diaz
                             Secretary

**(CORPORATE SEAL)**

*18 CVS 000239*

# EXHBIT C

## "ILLEGAL LIEN NOTICE"

### -for-

## DEFENDANT'S LENT CHRISTOPHER CARR'S MOTION FOR SUMMARY JUDGMENT
### [Rule 56]

**EXHIBIT "C"**

STATE OF NORTH CAROLINA

HOKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
Case No. _____

JANNETTA JORDAN
    Plaintiff

VS.

NOTICE OF LIS PENDENS

LENT CARR
    Defendant

This notice of Lis Pendens, filed in the Office of Hoke County, North Carolina, shows and gives notice that:

1. A Civil Action has been filed in the General Court of Justice, Superior Court Division, in Hoke County. The action is identified as case number _____.

2. The names of the parties of the action referred to above are Jannetta Jordan, Plaintiff and Lent Carr, defendant.

3. The nature and purpose of the above referenced action is an action for: breach of contract, wrongful termination of Plaintiff's possessory right to the Real Property located at 3300 Laurinburg Road, Raeford, North Carolina, Hoke County, fraud in the inducement by the Defendant with respect to the Real Property, and certain injunctive relief sought by the Plaintiff regarding the agreed compensation amount of $250,000.00.

4. Plaintiff is requesting that a Judgment Lien be placed upon the real property located at 3300 Laurinburg Road, Raeford, North Carolina, Hoke County.

5. This notice of Lis Pendens is filed pursuant to the provisions of Chapter 1, Article 11 of the North Carolina General Statutes N.C.G.S. ξ 1-116, ξ 1-116(b)(1)-(4), and ξ 1-116.1 and North Carolina General Statute Chapter 39, Article 3A, et seq. and all persons shall take notice of the same.

This the ___4th___ day of ___April___, 2018.

*Jannetta Jordan*

FILED   Apr 06, 2018     03:24:07 pm
BOOK   01225
PAGE   0203 THRU 0203
INSTRUMENT #   01856
RECORDING        $26.00
EXCISE TAX       (None)

FILED
HOKE COUNTY, NC
CAMILLE D. HURST
REGISTER
OF DEEDS
JOP

FILED   May 08, 2018    09:40:38 am
BOOK   01228                          FILED
PAGE   0376 THRU 0376          HOKE COUNTY, NC
INSTRUMENT #  02508          CAMILLE D. HURST
RECORDING      $26.00              REGISTER
EXCISE TAX     (None)              OF DEEDS
                                        JOP

## NOTICE OF VOID OF POWER OF ATTORNEY, QUITCLAIM DEEDS AND PROPERTY MANAGEMENT AGREEMENT

**RE: LENT CHRISTOPHER CARR II**

As of 12/22/2017 a verbal notice was provided to Lent Carr II from Jannetta Jordan informing him that the; Power of Attorney, Quitclaim Deeds, Property Management Agreement and all other agreements verbal or otherwise provided to him by Jannetta Jordan are nullified and voided. Lent Carr continues to falsify statements and attempt to illegally possess Jannetta Jordan's properties using said documents. This notice is a written notification that **ALL** verbal and written agreements, correspondences, etc. between Jannetta Jordan and Lent Carr II are nullified and voided. Any attempts by Lent Carr to attain information, property, permission, etc. on behalf of Jannetta Jordan are falsified and **NOT** based upon any agreement by Jannetta Jordan.

Sincerely,

*Jannetta Jordan*

Jannetta Jordan

State of NC , County of Hoke
Signed before me on this 8th day
of May, 2018 by Jannetta Jordan
Notary Public *Lynette L. Dial*

LYNETTE L DIAL
NOTARY
MY
COMMISSION EXPIRES
11-19-2022
PUBLIC
HOKE COUNTY, NC

18 MAY 17  PM 3: 21

HOKE COUNTY, C.S.C.

BY_____

# EXHIBIT A

## "NORTH CAROLINA QUITCLAIM DEED"

### -for-

**Defendant Lent Christopher Carr's
ANSWER, AFFIRMATIVE DEFENSES,
MOTION TO DISMISS, MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS &
CANCELLATION OF PLAINTIFF'S LIS PENDENS**

### EXHIBIT "A"

FILED    Oct 04, 2017          08:11:04 am

BOOK    01207
PAGE    0977 THRU 0979
INSTRUMENT #    06029
INSTRUMENT TYPE    QCD
RECORDING    $26.00
EXCISE TAX    (None)

FILED
HOKE COUNTY NC
CAMILLE D. HURST
REGISTER OF DEEDS
ELP

This certifies that pin:394130001095 ;
is free of any delinquent ad valorem Tax liens charged to the
Hoke County Tax Collector; but does not certify that the deed
description matches the PIN.

_____    Date: 10/3/2017
Collection Clerk Signature

NCGS 161-31

## NORTH CAROLINA QUITCLAIM DEED

Tax Lot No. _____    Parcel Identifier No. 394130001095
Verified by _____ County on the ___ day of _____, 20____
By _____

Mail after recording to Emmaus Corp, Legal Briefing Firm of North Carolina C/O: Deltarina Diaz, Esq., P.O. Box 27193, Raleigh, North Carolina 27611.

This instrument prepared by Deltarina Diaz _____

Brief description for the index 3300 Laurinburg Road, Raeford, North Carolina 28376. Recorded in the Hoke County Register of Deeds Office at Book # 00866, Pg. # 0729-073; 5300 Sq. Ft., 4BR and 3.5Ba Resident/Church Property

THIS QUITCLAIM DEED made this the 25th day of __January__, in the year __2017__, by and between

| GRANTOR | | GRANTEE |
|---|---|---|
| | + | |
| | + | |
| Jannetta Jordan | + | Lent Christopher Carr |
| 4160 Laurinburg Road | + | 3300 Laurinburg Road |
| Raeford, North Carolina 28376 | + | Raeford, North Carolina 28376 |
| | + | |
| | + | Property Address: |
| | + | 3300 LAURINBURG ROAD |
| | + | RAEFORD, NC |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may be required by context.

WITNESSETH, that said Grantor, for and in consideration of ten dollars and other consideration to them in hand paid, the receipt of which is hereby acknowledged, have remised and released and by these present do remise, and forever quitclaim unto the Grantee and his heirs and assigns all rights, title, claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being in the County of __Hoke__, and State of North Carolina, in __Raeford__ Township, and more particularly described as follows:

*3300 Laurinburg Road, Raeford, North Carolina 28376, as recorded in the Hoke County Register of Deeds Office at Book Number 00866, Page 0729-073-- to include a completely and newly renovated 5300 Sq. Ft., 4BR, 3Ba Home/Church, and its entire parcel of land as mapped, drawn, surveyed, charted, plotted, delineated, drawn, depicted pertraded and recorded thereto, all amenities thereon, i.e., a Great Room/Church, Kitchen, Library, Entertainment Room, 3 Heating/Air Conditioning Units (Electric), Shingled Roof, Fully Armed with Security Cameras and Alarm Systems, Carbon-Monoxide Alarm, installed Fire Alarms, Jacuzzi, and any and all properties located on said land (externally & internally) as ascertained heretofor, thereon, and therein as agreed between Grantor and Grantee at the signing of this herein Quit Claim Deed, etc. inter alia.*

Grantor acquired the property hereinabove described by instrument recorded in Book 00866 at Page 0729-073. More particularly described as follows:

## SEE ATTACHED EXHIBIT "A"

A map showing the above-described property is recorded in Map/Cabinet ___00866___ at Page ___ 0729-073 .

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

ANY AND ALL OF PUBLIC RECORD

IN TESTIMONY WHEREOF, said Grantors have hereunto set their hands and seal the day and year first above written.

_____(SEAL)

_____(SEAL)

_____(SEAL)

_____(SEAL)

STATE OF NORTH CAROLINA
COUNTY OF ___WAKE___

I, a Notary Public, of said State and County aforesaid, do hereby certify that ___Jannette Jordan___ grantor(s), personally appeared before me this day, and (i) I have personal knowledge of the identity of the grantor(s), or (ii) I have seen satisfactory evidence of the grantor(s) identity, by current state or federal identification with the grantor(s) photographs in the form of ___I.D. Band___, or (iii) a credible witness has sworn to the identity of the grantor(s) each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

WITNESS my hand and Official Seal or Stamp, this __3rd__ day of __February__, in the year __2017__.

SEAL OR STAMP

_____
Notary Public Official Signature

_____
Notary Printed or Typed Name

My Commission Expires: _____

·0866·
0731

BK:00866 PG 0731

EXHIBIT "A"

BEGINNING at an iron stake in a ditch in the north edge of U. S. Highway 401, Hendrix's corner, and running thence N 12-45 W 350 feet to an iron at an oak; thence S 84-00 W 424.5 feet to a stake, the northwest corner of Tract No. 1 as shown in Book of Maps 1, Page 129 of the Hoke County Public Registry; thence S 9-15 E 510 feet to a steel blade in the north edge of U. S. Highway 401, McNeill's corner; thence N 62-30 E 475 feet along the north edge of said U. S. Highway 401 to the point of beginning.

This description is taken from a map by R. H. Gatlin, Registered Surveyor, dated 10-5-57, and the property herein described contains 4.2 acres.

THERE IS EXCEPTED FROM THIS CONVEYANCE THE FOLLOWING TWO TRACTS:

Tract I:
    A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., lying about 75 yards northwest of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west, J. B. McLeod on the north and Willie Harrell on the east, being further described as follows:
    Beginning at an iron pipe with two pine pointers, said iron pipe being the northwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with the John K. McNeill tract described in Deed Book 106 at Page 8 and the J. B. McLeod tract described in Deed Book 145 at Page 984 in the Hoke County Registry; running thence from the beginning as the common line of J. B. McLeod and the aforementioned Willie Harrell 4.2 acre tract, N 82-21 E 150.00 feet toa 5/8 inch iron set in the north line of said Harrell 4.2 acre tract; thence a new line, S 22-22.2 E 254.88 feet to a 5/8 inch iron; thence a new line, S 62-30 W 222.95 feet to a 5/8 inch iron in the west line of said Harrell 4.2 acre tract; thence as the west line of said 4.2 acre tract, a common line with John K. McNeill, N 08-33 W 322.26 feet to the point of beginning, containing 1.2 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

Tract II:
    A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., fronting on the northwest side of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west and Willie Harrell on the east, being further described as follows:
    Beginning at an iron blade 50.3 feet north of the center line of the pavement of U. S. Highway No. 401, said iron blade being the southwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with John K. McNeill tract described in Deed Book 106 at Page 8 in the Hoke County Registry; running thence from the beginning as the common line of Harrell and McNeill, N 08-33 W 187.64 feet to a 5/8 inch iron set in said common line of Harrell and McNeill; thence a new line N 62-30 E 222.95 feet to a 5/8 inch iron; thence a new line S 22-22.2 E 178.18 feet to a 5/8 inch iron set in the southeast line of the Harrell 4.2 acre tract, said iron being 50.8 feet northwest of the center line of the pavement of U. S. Highway No. 401; thence as the southeast line of said Harrell 4.2 acre tract, generally as the northwest right-of-way line of U. S. Highway No. 401, S 62-30 W 267.95 feet to the beginning, containing 1.0 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

*18 CVS 000239*

18 MAY 17 PH 3: 23

[illegible] COUNTY C.S.C.

BY:_____

# EXHIBIT B

## "DURABLE POWER OF ATTORNEY"

### -for-

**Defendant Lent Christopher Carr's
ANSWER, AFFIRMATIVE DEFENSES,
MOTION TO DISMISS, MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS &
CANCELLATION OF PLAINTIFF'S LIS PENDENS**

**EXHIBIT "B"**

# DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE DEFINED IN CHAPTER 32A OF THE NORTH CAROLINA GENERAL STATUTES WHICH EXPRESSLY PERMITS THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY DESIRED BY THE PARTIES CONCERNED.

I, Jannetta Jordan, residing at 4160 Laurinburg Road, Raeford, North Carolina 28376, hereby appoint Dr. Lent C Carr, II of 3300 Laurinburg Road, Raeford, North Carolina 28376, as my attorney-in-fact ("Agent") to act in my name in any way which I could act myself, with respect to the following matters as each of them is defined in Chapter 32A of the North Carolina General Statutes.

This power of attorney shall not be affected by disability, incompetency, or incapacity of the principal.

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me. However, the preceding sentence shall not have the effect of revoking any powers of attorney that are directly related to my health care that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

    a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

    b. Add, delete or change beneficiaries to any financial accounts I own including insurance policies, annuities, retirement accounts, payable on death savings or checking accounts or other investments.

    c. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

    d. Have access to any safe deposit box that I might own, including its contents.

2. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

3. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

4. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.

5. Demand, sue for or use other lawful means to obtain, collect, and take possession and control of any sums of money, debts, checks, accounts, interest, dividends, annuities, rents, goods, chattels, inheritances, insurance benefits, social security benefits, unemployment benefits, veteran's benefits and any other claims and rights whatsoever which are now or may hereafter become due, owing, payable or belonging to me, and to compromise, settle, arbitrate, abandon or otherwise deal with any such claims.

6. Enter into binding contracts on my behalf.

7. Acquire and retain for any period of time as investments, without diversification as to kind or amount, any real or personal property, or interest in such property, including an undivided, temporary or remainder interest, income or non-income producing, located within or outside the United States, and including, but not limited to, notes, U.S. Treasury Bonds redeemable at par in payment of federal estate tax, any other bonds, debentures, mortgages and other obligations, secured or unsecured, common and preferred stocks, mutual funds, legal and discretionary trust funds, general and limited partnership interests, leases and securities of any corporate Attorney-in-Fact or any corporation owning stock of the corporate Attorney-in-Fact or of any subsidiary or affiliate of or successor to such corporation.

5. Maintain and/or operate any business that I may own.

6. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate Agents.

7. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future legally described as follow:

3300 Laurinburg Road, Raeford, North Carolina 28376, Recorded in the Hoke County Register of Deeds Office at Book Number 00866, Page 0729-073-- a

Completely renovated 5300 Sq. Ft., 4BR, 3.5Ba, Great Room (Church), Living Room, Kitchen, Library, Entertainment Room, 3 Heating/Air Conditioning Units, Two New Hot Water Heaters (Electric), Shingled Roof, Fully Armed With Security Cameras and alarm system, carbon-monoxide alarm installed etc.; 4160 Laurinburg Road, Raeford, North Carolina 28376, and Rental Property located at and nominally known as 571 Gatlin Farm Road, Raeford, North Carolina 28376.

8. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

a. Perform any and all acts that I might perform with respect to any and all federal, state, local and foreign taxes, for prior tax years as well as for tax years ending subsequent to the date of this power of attorney, including, but not limited to, the power (i) to make, execute and file returns, amended returns, powers of attorney, and declarations of estimated tax, joint or otherwise, (ii) to represent me before any office of the Internal Revenue Service or other taxing authority with respect to any audit or other tax matter involving any tax year or period, (iii) to receive confidential information, (iv) to receive, endorse, and collect checks refunding taxes, penalties or interest, (v) to execute waivers of restrictions on assessment or collection of deficiencies in tax, (vi) to execute consents extending the statutory period for assessment or collection of taxes, (vii) to execute and prosecute protests or claims for refund or applications for correction of assessed value, (viii) to execute closing agreements, (ix) to prosecute, defend, compromise or settle any tax matter, and (x) to delegate authority to or substitute another agent or attorney respecting any such taxes or tax matters.

b. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

12. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support.

13. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

14. To utilize my assets to fund a trust not created by me, but to which I have either established a pattern of funding, or to fund a trust created by my Agent for my benefit or the benefit of my dependents, heirs or devisees upon the advice of a financial adviser.

15. To create, sign, modify or revoke any trust agreements or other trust documents in an attempt to manage or create a trust that was created for my benefit or the benefit of my dependants, heirs or devisees. This shall include the creation, modification or revocation of any inter vivos, family living, irrevocable or revocable trusts.

16. Subject to other provisions of this document, my Agent may disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, my Agent may not disclaim assets to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate. Provided that they are not the same person, my Agent may disclaim assets which pass to my Gift Agent, and my Gift Agent may disclaim assets which pass to my Agent.

17. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death.

If this Power of Attorney has not been registered in an office of the register of deeds in any county in North Carolina, then in addition to the methods of revocation provided by section 32A-13(b) of the General Statutes of North Carolina, this Power of Attorney may be revoked by my executing and acknowledging, in the manner provided for execution of durable powers of attorney in Article 2 of Chapter 32A of the General Statutes of North Carolina, a subsequent Power of Attorney, a copy of which is delivered to the Agent acting under this Power of Attorney in person or to such persons last known address by certified or registered mail, return receipt requested

Dated __2/3/2017_____, _____, at Raleigh, North Carolina.

_Jannetta Jordan_
Jennetta Jordan — *DOB: 8-8-1971*
*SSN: 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*

State:  North Carolina

STATE OF NORTH CAROLINA,
COUNTY OF NC, ss:

On this __3__ day of __February_____, _2017_, before me,
__Jannetta Jordan_____, personally appeared Jannetta Jordan, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same as for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal. *William Thomas*
*my commission expires - 3/11/2018*

*18 CVS 000239*

IS MAY 17  PM 3: 23

# EXHBIT C

## "THE LETTER"

### -for-

**Defendant Lent Christopher Carr's
ANSWER, AFFIRMATIVE DEFENSES,
MOTION TO DISMISS, MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS &
CANCELLATION OF PLAINTIFF'S LIS PENDENS**

## EXHIBIT "C"

o will testify that they were supposed to have loaned me $10,000. 😊 . I could testify that I ught they had wire transferred the money into my checking account and I tell you, on the date wrote the check, to write the check because the money is in the account. I did not know because I l not call the person back to confirm that the money was wire transferred. The money was not put into the ount until you were arrested for the check. If you can get the other person to testify then I would too this uld take care of your charge. On the other hand, you must get that money paid before this happens that us that the money was to be paid. ** Financially you are strapped for money and I would ngly suggest that you settle the car accident so you can pay off the taxes and have money to breathe with. we stop financially helping people you simply cannot afford it. At times like this you gotta do what gotta do. To switch things a little, I am direly concerned about Olivia. How is she doing physically? Ruby l me that monster is refusing to take responsibility for the guns and drugs. He's a truly poor soul, I don't w why Olivia would choose to be associated with such a person. If monster does not take responsibility, w k he's probably not Olivia is going to prison. What about our Grandchildren, Kent? I know they will be but that means that we will have to raise them. I have no issues with that at all but we were planning our family. I think with all things considered we should rethink having children. We need to go back to God ! ask if us having children is in his will, I believe it is but I want to make sure that we operate, from now God's perfect will. Is Isaiah doing O.K.? I heard that he broke the relationship off with Ruby. She's vastated, of course. I'm sure she'll be O.K. though. She's 17yrs. old with a 2 yrs. old child; she is in the 10th grade; family dynamics are truly chaotic and there's always something going on; from what I hear before she met or dating Isaiah she was into prostitution; she's left her mother's home and lived on the streets; she and Isaiah in Raleigh selling drugs; etc. Ruby is an adorable young lady and I would love to help her but she's not my d, Isaiah is. Kent, don't mention these things to Isaiah but for heaven's sake get our son away from Raleigh-place is going to eat him up. Tell him to go out to Smithfield Packing in Tarheel, NC and work. Have him go to rphell's soup near Maxton, NC looking for work. Ruby said that your son, Kent is running from the Police on bation violation; she also said Olivia was running from the Police for Probation violation too. We indeed have a lot issues in our home that needs to be addressed and cleared up. Ja'Lee told me that he and her father are going



FOREVER USA

RALEIGH NC 276
Research Triangle Region
27 JUN 2013 PM 4

Jeanette Gordon
3300 Laurinburg Rd.
Raeford, NC 28376

Lent Christopher Carr
3300 Laurinburg Road
Raeford, NC
28376

28376-720400

Love suffers long and is kind, love does not envy; love does not seek its own; love does not parade itself; is not puffed up; does not behave rudely, does not seek its own; is not provoked; thinks no evil; does not rejoice in iniquity, but rejoices in the truth; bears all things, believes all things, hopes all things, endures all things. Love never fails."

And now abide faith, hope, love; these three; but the greatest of these is love.

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30 POST CONSUMER CONTENT

© USPS 2013

6944 6000 1055

North Carolina Quit Claim Deed

Mail after recording to: EMMAUS CORP. Legal Briefing Firm C/O Deitarina Diaz, Esq.
P.O. Box 27193, Raleigh, NC 27611.

This instrument prepared by: Jannetta Jordan, Grantor

Brief description for the index: 521 Gatlin Farm Road, Raeford, NC 28376
(refer to typed property description attached to this document for further reference).

This QUITCLAIM DEED made this the 16th day of October, in the year 2017,
by and between

GRANTOR                                          GRANTEE

JANNETTA JORDAN                          LENT CHRISTOPHER CARR
P.O. Box 2419                                   5300 Laurinburg Road
Raleigh, NC 27602                            Raeford, NC 28376

The designation Grantor and Grantee as used herein shall include said parties, their
heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or
neuter as may be required by context.

Witnesseth, that said Grantor, for and in consideration of ten dollars and other consideration
to them in hand paid, the receipt of which is hereby acknowledged, have remised and released
and by these present do remise, and forever Quit claim unto the Grantee and his heirs
and assigns all rights, title, claim, and interest of said Grantor in and to a certain
tract or parcel of land lying and being in the County of HOKE, the State of North Carolina,
in Raeford Township, and more particularly described as follows (please refer to attached property
description)

Grantor acquired the property herein above described by instrument recorded in
Book 01062 at page 0118.

A map showing the above described property is recorded in MAP/ Cabinet _____ at page _____

To Have and to Hold the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said Grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

Any and all of Public Record

In Testimony whereof, said Grantor have hereunto set their hands and seal the day and year first above written.

Jannetta Jordan    10/23/17
_____
Name / Signature of Grantor

State of North Carolina
County of Wake

State of North Carolina
County of Wake
This Instrument was acknowledged before me on 23 day of October , 20 17 by Titania Baggett
_____
Notary Public Signature
My Commission Expires 05/31/2022

I, a Notary Public, of said State and county aforesaid, do hereby certify that Jannetta Jordan, Grantor, personally appeared before me this day, and (i) I have personal knowledge of the identity of the Grantor, or (ii) I have seen satisfactory evidence of the Grantor's identity, by current state or federal identification with the Grantor photograph in the form of _____, or (iii) a credible witness has sworn to the identity of the Grantor each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

39413-00-01-054
39413-00-01-055
39413-00-01-119

North Carolina Quitclaim Deed

Mail after recording to EMMAUS CORP. Legal Briefing Firm C/O Deltarina Diaz, Esq.
P.O. Box 27193 Raleigh, NC 27611

This instrument prepared by: Jannetta Jordan, Grantor

Brief description for the index : 4160 Laurinburg Road, Raeford, NC 28376, including
the 2 attached tracts of land associated with the presumed address (also refer to typed property
description attached to this document for further reference).

This QUITCLAIM DEED made this the 16th day of October, in the year 2017,
by and between

GRANTOR

Jannetta Jordan

P.O. Box 2419

Raleigh, NC 27602

GRANTEE

Lent Christopher Carr

3300 Laurinburg Road

Raeford, NC 28376

The designation Grantor and Grantee as used herein shall include said parties, their heirs,
successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may
be required by context.

Witnesseth, that said Grantor, for and in consideration of ten dollars and other consideration to them in
hand paid, the receipt of which is hereby acknowledged, have remised and released and by these
present do remise, and forever quitclaim unto the Grantee and his heirs and assigns all rights, title,
claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being
in the County of HOKE, and State of North Carolina, in Raeford Township, and more particularly
described as follows: ( please refer to attached typed document of description of property)

Grantor acquired the property herein above described by instrument recorded
in Book 317    at page 328  ;
         254          1197
         256          115

A map showing the above described property is recorded in Map/Cabinet _____ at page _____.

To Have and to Hold the aforesaid tracts or parcels of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said Grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

Any and all of Public Record

In Testimony whereof, said Grantor have hereunto set their hands and seal the day and year first above written.

Jannetta Jordan  10/23/17

_____
Name/Signature of Grantor

State of North Carolina

County of Wake

*[Notary seal: TITANIA BAGGETT — NOTARY PUBLIC — WAKE COUNTY, N.C.]*

State of North Carolina
County of Wake
This instrument was acknowledged before me
on 23 day of October , 20 17
by Titania Baggett

_____
Notary Public Signature
My Commission Expires 05/31/2022

I, a Notary Public, of said State and County aforesaid, do hereby certify that Jannetta Jordan , Grantor, personally appeared before me this day, and (i) I have personal knowledge of the identity of the Grantor, or (ii) I have been satisfactory evidence of the Grantor's identity, by current state or federal identification with the Grantor photograph(s) in the form of _____ , or (iii) a credible witness has sworn to the identity of the Grantor each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

State of North Carolina
County of HOKE

Agreement and Perpetual Lease / Quitclaim Deed

This agreement / Perpetual Lease, and attached Quitclaim Deed of legal Right made and entered into this 16th day of October, 2017, by and between Jannetta Jordan (1st Landlord, Owner and Quitclaim Deed Gift Grantor), and LENT Christopher Carr ("Tenant, Newly Granted Quitclaim Deed Property Owner, and Gift Recipient).

Witnesseth

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed attached Hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of cost, lease and herewith acknowledge Quitclaim Deed of remised property Granted / Gifted to Lent Christopher Carr, in valuable consideration of Ten Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property / Land, nominally, the premises located at 521 Gatlin Farm Road, Raeford, NC 28376, County of Hoke, State of north carolina on the terms and conditions hereinafter set forth:

1. TERM: This lease shall extend for a perpetual period of years to no end, beginning on October 16, 2017 through all times of perpetuity, irrespective of Grantor's Gift of the above mentioned property as evidenced by the attached legal Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal laws, including but not limited to NCGS and IRS Tax laws, etc.

2. RENTAL: The Tenant shall pay to Landlord rent for the premises as follows: $0.00 0/100 in consideration of Grantor's GIFT in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract law and procedures.

consideration of the annexed Quitclaim Deed.

6. CASUALTY: In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to it prior state.

7. TAXES: During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES: During the term of this perpetual Lease/attached Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance. The yard, parking area, driveway, and outside of premises.

9. ASSIGNMENT AND SUBLETTING: The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.

In Testimony Whereof, the parties hereto have caused this Perpetual Agreement and Lease/Quitclaim Gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.

Jannette Jordan
LANDLORD/GRANTEE

EMMAUS, Greater Pentecostal Assembly, Churches of the First Born International, Inc.

By: _____
KENT C. CARR II

Attested by: _____
Deltharina V. Diez
— Secretary

<u>*18 CVS 000239*</u>

18 MAY 17  PM 3: 23

BY

# EXHIBIT D

## "AGREEMENT AND PERPETUAL LEASE/QUITCLAIM DEED"

-for-

### Defendant Lent Christopher Carr's ANSWER, AFFIRMATIVE DEFENSES, MOTION TO DISMISS, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS & CANCELLATION OF PLAINTIFF'S LIS PENDENS

<u>EXHIBIT "D"</u>

STATE OF NORTH CAROLINA
COUNTY OF HOKE

AGREEMENT AND PERPETUAL LEASE/QUITCLAIM DEED

THIS AGREEMENT, PERPETUAL LEASE, AND ATTACHED QUITCLAIM DEED OF LEGAL RIGHT  made and
entered into this 3rd day of February, 2017, by and between Jannetta Jordan ("LANDLORD, OWNER AND
QUITCLAIM GIFT GRANTOR"), and Lent Christopher Carr, II ("TENANT, NEWLY GRANTED QUITCLAIM
DEED PROPERTY OWNER, AND GIFT RECIPIENT").

WITNESSETH

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed Attached
Hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of cost, lease and herewith
acknowledge Quitclaim Deed of remised property Granted/Gifted to Lent Christopher Carr, in valuable consideration
of Ten-Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property/Land, nominally,
the premises located at 3300 Laurinburg Road, Raeford N.C. 28376, County of Hoke, State of North Carolina on the
terms and conditions hereinafter set forth:

1. TERM. This lease shall extend for a perpetual period of years to no end, beginning on February 3rd, 2017 through all
times of perpetuity, irrespective of  Grantor's Gift of the above-mentioned property as evidenced by the attached  legal
Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal laws, including but not
limited to NCGS and IRS Tax Laws etc.

2. RENTAL. The Tenant shall pay to Landlord rent for the premises as follows:  $0.00 0/100 in consideration of
Grantor's GIFT in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract
law and procedures

3. IMPROVEMENTS AND ALTERATIONS. Tenant/Grantee may make any improvements, alterations or additions or
place any sign on said premises without the prior written consent of the Landlord/Grantor. If any locks are changed on
premises, interior or exterior, a set of keys will be maintained by Tenant/Grantee. Any signs placed on exterior of
building will meet zoning requirements of City of Raeford. All improvements, expressed or implied shall be at the sole
expense of Tenant/Grantee.

4. MAINTENANCE AND REPAIRS. The Tenants acknowledge that they have inspected the premises and hereby
accept the premises in its current physical condition. The Tenant/Grantee will maintain and make all repairs to the roof
and exterior walls of the building and will provide parking for vehicles. The Tenant will keep maintained and repaired
the interior of the premises, to include small plumbing leaks and repairs, changing electrical fuses, changing of furnace
filters, painting, ceiling tiles, etc.. The Tenant will be responsible for any and all repairs that are caused by the
negligence of the Tenant, their agents or employees, and shall be repaired by Tenant at his sole expense immediately.

5. INSURANCE. Tenant/Grantee party may insure their own interest in the leased/quitclaim premises against loss by
fire or other casualty and make himself the party to whom loss benefits are payable.

The Landlord/Grantor shall not be responsible for the loss of or damage to property, or injury to persons, occurring in
or about the leased/deeded remised premises, by reason of any existing or future condition, defect, matter or thing in
said leased/remised premises or the property of which the premises are a part, or for the acts, omissions or negligence
of third persons or tenant/grantee in and about the said property. The Tenant/Grantee agree to indemnify and save the
Landlord/Grantor harmless from all claims and liability for losses of or damage to property, or injuries to persons
occurring in or about the leased/deeded premises unless caused by the negligence of the Landlord/Grantor, including,
but not limited to, all claims and liability caused by the negligence of Tenant/Grantee, their agents, employees, invitees,
and independent contractors excepting unforeseen liens or taxes previously attributable. Notwithstanding, any such
future taxes shall be paid by Tenant/Grantee in consideration of the annexed Quitclaim Deed.

6. CASUALTY. In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to its prior state.

7. TAXES. During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES. During the term of this perpetual Lease/attched Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance. The yard, parking area, driveways and outside of premises.

9. ASSIGNMENT AND SUBLETTING. The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.

IN TESTIMONY WHEREOF, the parties hereto have caused this Perpetual Agreement and Lease/Quitclaim gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.

_____ (SEAL)
Jannetta Jordan,
Landlord/Grantee

**Emmaus, Greater Pentecostal Assembly, Churches of the First Born International, Inc.**

By: _____
Lent C. Carr, II
President

Attested by: _____
Deltarina V. Diaz
Secretary

**(CORPORATE SEAL)**

<u>*18 CVS 000239*</u>

19 MAY 17  PH 3: 24

BY_____

# EXHIBIT E

## "COPY OF TITLE & VEHICLE REPORT and INCIDENT REPORT"

### -for-

**Defendant Lent Christopher Carr's
ANSWER, AFFIRMATIVE DEFENSES,
MOTION TO DISMISS, MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS &
CANCELLATION OF PLAINTIFF'S LIS PENDENS**

<u>**EXHIBIT "E"**</u>

## STATE OF NORTH CAROLINA

MVR 191 (Rev 1/13)

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 1J4GK58K54W241125 | 2004 | JEEP | MP |
| TITLE NUMBER | TITLE ISSUE DATE | | PREVIOUS TITLE NUMBER |
| 775617151062152 | 04/28/2015 | | 771182150498106 |

MAIL TO

JANNETTA PIGFORD JORDAN
3300 LAURINBURG RD
RAEFORD   NC   28376-7204

**ODOMETER READING**

**ODOMETER STATUS**

**TITLE BRANDS**

OWNER(S) NAME AND ADDRESS

JANNETTA PIGFORD JORDAN
3300 LAURINBURG RD
RAEFORD   NC   28376-7204

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:                DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

SECOND LIENHOLDER:                DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

THIRD LIENHOLDER:                DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

FOURTH LIENHOLDER:                DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

ADDITIONAL LIENS:

94917282

152  T1C1527

## ANY ALTERATIONS OR ERASURES VOID TITLE

1J4GK58K54W241125 Jeep Liberty 4x2 2004 - VIN vindecoderz.com is a free VIN number check and vehicle lookup report provider

3/20/18, 1:53 PM

Case 18-80386   Doc 125   Filed 06/08/20   Page 128 of 220

# Equipment Listing

See
also:

**Get Vehicle History Report >** (http://www.vincheckup.com/affiliateLinks/?
aid=GSMCAMP&item=3&exitValue=ON&landing=loading&vin=1J4GK58K54W241125)

Jeep VIN decoder (/EN/Jeep) | Jeep Liberty 4x2 2004 Specs and features (/EN/Jeep/Liberty/2004/specs-features) | Jeep problems, recalls and complaints (/EN/Jeep/problems-recalls-complaints)

⬆ Top

Make sure to check VIN number before buying a used car. Please search the VIN number to obtain a Jeep vehicle history report. Features:

**Free Jeep VIN Number Decoder - Jeep Vehicle History with recalls and complaints - Cost effective Carfax Alternative**

- **What is VDS?** VDS is a Vehicle Descriptor Section. VDS is used to specify a type of vehicle and may include information about the model, platform, engine and transmission.
- **What is VIN?** VIN is a Vehicle Identification Number
- **What is VIS?** VIS is a Vehicle Identifier Section
- **What is WMI?** WMI is a World Manufacturer Identifier. The first three symbols identify the manufacturer of the car.

## Last decoded VIN numbers:

1J4GK58K54W241125 (/EN/check-lookup/1J4GK58K54W241125)

5HD1TC8C7DB953690 (/EN/check-lookup/5HD1TC8C7DB953690)

VF1JK03D638191062 (/EN/check-lookup/VF1JK03D638191062)

ZAM56PPA7E1077487 (/EN/check-lookup/ZAM56PPA7E1077487)

1J8HCE8N68Y130300 (/EN/check-lookup/1J8HCE8N68Y130300)

JN1CV6AR9CM974705 (/EN/check-lookup/JN1CV6AR9CM974705)

5TFRM5F11EX080612 (/EN/check-lookup/5TFRM5F11EX080612)

WP1AB2A51HLB12027 (/EN/check-lookup/WP1AB2A51HLB12027)

VSSZZZ1MZXB016915 (/EN/check-lookup/VSSZZZ1MZXB016915)

VF1BB0J0F21058601 (/EN/check-lookup/VF1BB0J0F21058601)

JT164EEB103117725 (/EN/check-lookup/JT164EEB103117725)

WF0GXXGAJGAJ43373 (/EN/check-lookup/WF0GXXGAJGAJ43373)

1J4GK58K54W241125 Jeep Liberty 4x2 2004 - VinDecoderz.com is a free VIN number lookup and vehicle - tory report provider                3/20/18, 1:53 PM

| Campaign # | Report date | Affected Component | Recall Initiator |
|---|---|---|---|
| 04V337000 | 12/07/04 | ENGINE AND ENGINE COOLING (/EN/Jeep/LIBERTY/2004/engine and engine cooling/recall/41032) | MFR |
| 04V048000 | 06/02/04 | EQUIPMENT:OTHER:LABELS (/EN/Jeep/LIBERTY/2004/equipment:other:labels/recall/41064) | MFR |
| 06E065000 | 17/07/06 | EXTERIOR LIGHTING (/EN/Jeep/LIBERTY/2004/exterior lighting/recall/36908) | OVSC |
| 09E012000 | 07/04/09 | EXTERIOR LIGHTING (/EN/Jeep/LIBERTY/2004/exterior lighting/recall/83364) | OVSC |
| 06E026000 | 23/03/06 | EXTERIOR LIGHTING (/EN/Jeep/LIBERTY/2004/exterior lighting/recall/60784) | OVSC |
| 06E049000 | 05/06/06 | EXTERIOR LIGHTING (/EN/Jeep/LIBERTY/2004/exterior lighting/recall/51129) | OVSC |
| 13V252000 | 19/06/13 | FUEL SYSTEM, GASOLINE:STORAGE:TANK ASSEMBLY (/EN/Jeep/LIBERTY/2004/fuel system, gasoline:storage:tank assembly/recall/102856) | ODI |
| 04V111000 | 10/03/04 | LATCHES/LOCKS/LINKAGES:DOORS:LATCH (/EN/Jeep/LIBERTY/2004/latches-locks-linkages:doors:latch/recall/42066) | MFR |
| 13V252000 | 19/06/13 | STRUCTURE (/EN/Jeep/LIBERTY/2004/structure/recall/102857) | ODI |
| 09E039000 | 19/06/09 | SUSPENSION (/EN/Jeep/LIBERTY/2004/suspension/recall/74648) | ODI |
| 06V288000 | 03/08/06 | SUSPENSION:FRONT:CONTROL ARM:LOWER BALL JOINT (/EN/Jeep/LIBERTY/2004/suspension:front:control arm:lower ball joint/recall/50954) | ODI |
| 12E047000 | 23/10/12 | SUSPENSION:FRONT:HUB (/EN/Jeep/LIBERTY/2004/suspension:front:hub/recall/66795) | MFR |
| 12V085000 | 05/03/12 | SUSPENSION:REAR (/EN/Jeep/LIBERTY/2004/suspension:rear/recall/91166) | ODI |

| Issue ID | Failed | Affected Component | Miles | City/State | VIN Pattern |
|---|---|---|---|---|---|
| 615142 | 20/12/06 | SUSPENSION:FRONT:CONTROL ARM:LOWER BALL JOINT (/EN/Jeep/LIBERTY/2004/suspension:front:control arm:lower ball joint/problems/615142) | 15000 | LOS ANGELES , CA | 1J4GK58K54W |
| 834649 | 23/12/10 | STEERING (/EN/Jeep/LIBERTY/2004/steering/problems/834649) | 124000 | BATON ROUGE, LA | 1J4GK58K54W |
| 925618 | 18/06/12 | SUSPENSION (/EN/Jeep/LIBERTY/2004/suspension/problems/925618) | 18400 | FORT MOHAVE, AZ | 1J4GK58K54W |
| 955028 | 05/12/12 | AIR BAGS (/EN/Jeep/LIBERTY/2004/air bags/problems/955028) | 14700 | ALBUQUERQUE, NM | 1J4GK58K54W |

❶ Extra information on the vehicle:

Status:

# INCIDENT/INVESTIGATION REPORT

| | | |
|---|---|---|
| Agency Name | HOKE COUNTY SHERIFFS OFFICE | 18010350 |
| ORI | NC0470000 | Date / Time Reported: Month Day Yr Time 1/29/2018 10:14:52 PM Hrs |

**INCIDENT DATA**

**#1** Crime / Incident(s): 2690 INFORMATION — ☑ Complete / ☐ Attempt
At Found: Month Day Yr Time 1/29/2018 10:14:52 PM Hrs
Last Known Secure: Month Day Yr Time 1/29/2018 3:30:00 PM Hrs

**#2** Crime / Incident — ☐ Attempt / ☐ Complete
Location of Incident: 3300 LAURINBURG RD RAEFORD NC
Offense Tract: 03

**#3** Crime / Incident — ☐ Attempt / ☐ Complete
Premise Type: OTHER RESIDENCE - SINGLE FAMILY DWELLING
Residence Type: ☑ Single Family / ☐ Multi Family

**MO**

How Attacked or Committed: BY REPORTING INFORMATION
Forcible: ☐ Yes ☑ No ☐ N/A
Weapon / Tools: PERSONAL WEAPONS (HANDS, FEET, TEETH, ETC.)
Additional Weapons: ☐ Yes ☐ No

**VICTIM**

# of Victims — Type: ☐ Person ☐ Business ☐ Society ☐ Government ☐ Financial Institute ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unk
Injury: ☐ None ☐ Minor ☐ Loss of Teeth ☐ Broken Bones ☐ Severe Lacerations ☐ Internal ☐ Unconscious ☐ Other Major
Drug/Alcohol Use: ☐ Yes ☐ No ☐ Unknown ☐ N/A

**V1**
Victim/Business Name (Last, First, Middle):
Victim of Crime #:
DOB / Age:
Sex: ☐ M ☐ F
Race:
Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown
Relationship To Offender:
Resident Status: ☐ Resident ☐ Non-Resident ☐ Unknown

Home Address:
Home Phone:

Employer Name / Address:
Business Phone:

**OTHERS INVOLVED**

CODES: V-Victim (Denote V2, V3)   O-Owner (if other than victim)   R-Reporting Person (if other than victim)

Type: ☐ Person ☐ Business ☐ Society ☐ Government ☐ Financial Institute ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unknown
Code: REPO
Name (Last, First, Middle): CARR LENT CHRISTOPHER
Victim of Crime #:
DOB / Age: ●●●●●●●●●● 44
Sex: ☑ M ☐ F
Race: B
Ethnicity: ☐ Hispanic ☑ Non Hispanic ☐ Unknown

Home Address: 3300 LAURINBURG ROAD RAEFORD NC 28376-
Home Phone: ●●●●●●●●●●
Employer:
Phone:

Type: ☐ Person ☐ Business ☐ Society ☐ Government ☐ Financial Institute ☐ Religious ☐ L.E. Officer Line of Duty ☐ Other/Unknown
Code:
Name (Last, First, Middle):
Victim of Crime #:
DOB / Age:
Sex: ☐ M ☐ F
Race:
Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown

Home Address:
Home Phone:
Employer:
Phone:

**PROPERTY**

Status Codes: L - Lost   S - Stolen   R - Recovered   D - Damaged   Z - Seized   B - Burned   C - Counterfeit / Forged   F - Found
(Check "OJ" column if recovered for other jurisdiction)

| Victim Number | DCI | Status | Value | OJ | Property Description (include quantity) | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**DRUGS**

| DCI | Status | Quantity | Type Measure | Suspected Type | Possess | Buy | Sale | Mfg | Importing | Operating |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

Check up to 3 types of activity for each

**VEH**

☐ Suspect?   ☐ Victim?
Number Stolen: 0   Number Recovered: 0

| VYR | Make | Model | Style | Color | Lic/Lis | Vin |
|---|---|---|---|---|---|---|
| | | | | | | |

**OFFENDER**

Offender Used: ☐ Alcohol/Drugs ☐ Computer ☐ Unknown

Offender 1 — Age: Sex: Race: Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown
Offender 2 — Age: Sex: Race: Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown
Offender 3 — Age: Sex: Race: Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown
Offender 4 — Age: Sex: Race: Ethnicity: ☐ Hispanic ☐ Non Hispanic ☐ Unknown

**STATUS**

Officer Name: EVANS, JOSPEH   ID#: 3133
Officer Signature:
Supervisor Signature:

Complainant Signature:

Case Status: ☐ Further Investigation ☐ Inactive ☑ Closed/Cleared ☐ Closed/Leads Exhausted

Case Disposition: ☑ Unfounded ☐ Cleared by Arrest ☐ Cleared by Arrest by Another Agency ☐ Death of Offender ☐ Juvenile/No Custody ☐ Refuse to Cooperate ☐ Prosecution Declined ☐ Extradition Declined

Page 1 of 5

DCI-600   A

ORIGINAL

PS-181



# Office of the Sheriff

Hoke County Sheriff's Office and Emergency Management
## HUBERT A. PETERKIN, Sheriff



| 423 East Central Avenue | PO Box 300 | Phone (910) 875-5111 |
| Raeford, NC 28376 | Raeford, NC 28376 | Fax (910) 904-1968 |

Investigadora Adjunta _____    Número de Caso _____

Fecha _____

Esta información le ayudará a obtener una copia de su informe. Por favor guárdelo para futuras consultas. Su caso se clasifica en una de cuatro maneras, que son:

INACTIVO: Un caso que, después de haber sido revisado, y por falta de información o pruebas que no se asignará inmediatamente una investigación de seguimiento. Será, sin embargo, permanecen en el archivo. Más investigación se iniciará si desarrollamos y / o proporcionarle información adicional

CERRADO / ACLARADOS: Un caso, que se clasifica como "cerrado / borrado" de las siguientes maneras: la detención, la víctima se niega acusación, la localización de la propiedad y / o de las personas o la investigación revela no hubo delito.

CERRADO LLEVA AGOTADO: Un caso que se clasificarán en esta forma, se hará así que después de todos los conductores han sido objeto de seguimiento y / o agotado y persecución no era posible.

INVESTIGACIÓN MÁS: Un caso que se clasificarán en esta forma será remitido a un detective para una mayor investigación y / o serán objeto de seguimiento por el diputado original para determinar si el caso se puede borrar alguna de las situaciones de casos anteriores.

Usted nos puede ayudar en nuestra investigación informando puntualmente:

- La nueva información se descubre o recuerda
- Propiedad faltante adicional no mencionado anteriormente
- recuperado la propiedad
- Otra información, como números de serie, testigos, etc

Si el diputado la investigación de su caso determina que puede que tenga que hablar con el magistrado para solicitar una orden, usted puede hacerlo comparecer ante un magistrado del Condado de Hoke ubicada en el 119 Este Edinborough Avenida. Raeford, NC 28376.

USTED PUEDE OBTENER UNA COPIA DE SU INFORME DE 7 A 10 DÍAS LABORALES POR VENIR A LA OFICINA DEL SHERIFF DEL CONDADO DE HOKE CON SU NUMERO DE INFORME.

Nationally Accredited Agency



<u>*18 CVS 000239*</u>

18 MAY 17  PM 3: 24

BY_____

# EXHIBIT F

## "LETTER SENT TO DEFENDANT FROM PLAINTIFF WHILE SHE WAS INCARCERATED IN WAKE COUNT JAIL"

### -for-

## Defendant Lent Christopher Carr's ANSWER, AFFIRMATIVE DEFENSES, MOTION TO DISMISS, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS & CANCELLATION OF PLAINTIFF'S LIS PENDENS

<u>EXHBIT "F"</u>

Also, Apostle please pray and ask God to lead us to the right attorney who will do the suing for me. I need someone who is honest, wise, knows the law, unafraid and will fight for every penny I need to get out of the system. As I said before I want to start at $100 million. I believe if John Parris feel I was worth $1,286 million per day to kidnap and hold hostage for over a year then I should believe him. I need someone who knows the law, can interpret the law, cares about getting justice for me and will not try and steal my settlement on the back end.

Now as it relates to the house at 3500 Laurinburg Rd., Raeford, NC 28376. I still have my stuff in the home but I was thinking that you guys should just move in the house. Instead of you first moving to 4160 Laurinburg R. when I get out of jail I will move in that house. This would save you'll from moving twice. What house needs a stove but has a huge industrial refrigerator. There are some items that will stay with the house because they are made for large homes such as that so you can have these items: the master bedroom furniture, the dining room table and china cabinet, the side (in the dining room) white furniture piece, the living room wall units (along the front wall and side wall). In the library you can have the file cabinets just please pull my files together or boxes and label them. You can have the office furniture in the file cabinet room and the library room. Please pull my books from the library. If yo you can also have all the carpets and rugs on the floors. You have 2 options for my stuff: either you can ① take all of it and store it on one side of the great room (gym) until I come get it or ② move it into the house at 4160 Laurinburg Rd. (less than a mile down the street) for me. Mrs. Eleanor Kirkland (910) 978-7531, has the key to the house. Oh! There is supposed to be a chair on the fence to the house my youngest daughter, Ge'lani has the key call her at (910) 527-1898 so she can give you the key. The code to the house is [0937] then press the unlock icon. Please when you leave press the lock icon and make sure the door locks behind you.

If you chose to move the stuff to the other house for me this would be a blessing to me plus all that furniture would not be in your way.

Lastly, there is a dent in the great room floor. Over half the floor was re-fortified by concrete columns underneath. Over the years as the floor settled it created this dent. There is also a soft space going into the kitchen area, but still in the great room part. There was jacks placed under this part and over the years it felt. Don't worry, I'm gonna have a Brother in Christ come and resecure the rest of the great room with the concrete columns underneath. I'm praying

[right margin, written vertically:] - you can have the large pool table in the back yard also; the swing - the bird feed perch. - you can also have the large TV in the other room you see - Living room that you see in my other TV's in the other rooms you see

Lanette Tinder #134
P.O. Box 3419
Raleigh, NC 27602

Opnate Kent Cair
P.O. Box 27193
Raleigh, NC 27611

27611-719393

RALEIGH NC 275
Research Triangle Region
06 JUN 2017 PM 4 L

FOREVER
USA

Bank Swallow

Mailed From
Wake County Jail

18 MAY 17  PM 3: 24

MORE COUNTY, C.S.C.

BY_____


# **EXHIBIT G**


## "DURABLE POWER OF ATTORNEY"


### -for-


**Defendant Lent Christopher Carr's
ANSWER, AFFIRMATIVE DEFENSES,
MOTION TO DISMISS, MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS &
CANCELLATION OF PLAINTIFF'S LIS PENDENS**


**EXHIBIT "G"**



**FabriciusLaw**
Fabricius & Fabricius PLLC, Attorneys-at-Law

Erich M. Fabricius
Stephanie L. Fabricius

tel 919-295-6001
fax 919-890-3833

106 North First Avenue
Suite D
Knightdale NC

P.O. Box 1230
Knightdale NC 27545-1230

**Erich M. Fabricius**
Attorney-at-Law

emf@fabriciuslaw.com

April 20, 2018

Hoke County Clerk of Superior Court
PO Drawer 1569
Raeford, NC 28376

Re: Jannetta Jordan v. Lent Carr, 18 CVS 239

Dear Sir or Madam,

We are submitting the enclosed notice of bankruptcy for filing in the case of Jannetta Jordan v. Lent Carr, 18 CVS 239.

Should you require anything of us, please do not hesitate to contact us.

Sincerely,

Erich M. Fabricius

Enclosure

*FILED
2018 APR 25 A 11: 39
HOKE CO., C.S.C.
BY_____*

**www.fabriciuslaw.com**

# Hoke County Clerk of Superior Court, Raeford NC
## Civil Receipting

| VCAP Receipting (Print validation on back of form) | File Number(s) 18 CVD 239 |
|---|---|

VCAP FLAG: Y_____ N_____

Book and Page or Abstract (Judgment) #
_____

Arbitration Fee: 24311   $_____(n)

Party ID: ___ D/ ___

Payor Name: _Kent Carr_

Arbitration: 24310   $_____(y)
TRIAL DE NOVO

Party ID: _____

Payee Name: _____

---

**Execution:**
☐   21430   $_____

**Transcript Fee:**
☐   21440   $_____

**Copy:**
☒   21410   $ _10.50_

**Misc:**
☐   21400   $_____

**Misc Filing Fee:**
☐   21435   $_____

**Motions:**
☐   21450   $_____

**Alias & Pluries:**
☐   21455   $_____

**Filing Fees:**

☐   CVSC       $_____

☐   CVDC       $_____

☐   CVM___   $_____

☐   CDDC       $_____

**Service Fees:**

☐   Sheriff   $_____   (225____)

☐   City       $_____   (235____)

Municipality: _____

County of Other Jurisdiction:
_____

---

**Bond Forfeiture After Judgment:**

22800   $_____

**Bond Forfeiture Before Judgment:**

22800   $_____

**Upset Bid:**

26700   $_____

Judgment Payment: 26115 (JA)   $_____
☐   Full
☐   Partial

Judgment Payment: 26120(Books) $_____

Attorney Fees: $_____

Name: _____

TOTAL: $ _10.58_

# Debtors' Exhibit 2

July 15, 2019

To: Pastor Lent Carr
    3300 Laurinburg Road
    Raeford, NC 28376

**In Re:** <u>Real Estate Purchase Contract for 3300 Laurinburg Road, Raeford NC 28376</u>

Dear Pastor Lent Carr:

I am writing you this letter post your and I's meeting had July 6, 2019, discussing the Federal Judge's Order made and entered on July 5, 2019. As I stipulated to you during our meeting "the Order granting the "Motion For Private Sale Free And Clear" as filed by your Attorney in your Chapter 13 case seemed to me at the time to be in order, and would rectify my concerns of the lis pendens issue I had with moving forward with the sell initially as to 3300 Laurinburg Road, Raeford NC.

Of course as you maintained to me during our prior discussions for purchase of the property that Janetta Jordan's filing of such lis pendens was illegal and a slander to your title rights as owner, along with my Attorney's reassurances that it was indeed a violation of North Carolina Law and had to be dismissed at some point, as there was absolutely no constructive interests alleged in the Complaint she filed in Hoke County, but claiming nothing more than money you allegedly owed her bearing no such written contract even remotely to that effect. Nevertheless, Judge James' ruling on my part did provide a *Pyrrhic Victory* regarding the illegally made lis pendens issue, but in hindsight, as I told you I would, I did go over the Order with my Attorney, and he like myself did express major concerns regarding the language of the Order on Page 2 and Numbered Paragraph 9. As you well know Sir., I was ready to purchase the property for my Family Business on the day you and I negotiated the sell price of $568,000.00, and contract stipulation for that venture. However, it would be unconscionably unfair to me not to have some sort of protection beyond my acquiesce to pay the amount in which you and I found just and reasonable for what my Family and I envisioned marketable for our new business venture. Please don't take my position here wrong Pastor; my Family and I have had occasion to truly get to know you and your Family; your integrity, sincere pastoral care and community advocacy for those less fortunate. Albeit, you are a staunch business man in your own right, and leader who I know can understand and appreciate my trepidation here and decision to exercise my rights as governed by our previously entered contract in its original form to void and nullify said agreement as of NO FAULT OF DEFAULT OF EITHER PARTY. Equally understood, I do understand Judge James' concern for estate protection, her judicious legal insulation of your not encumbering additional debt and her entire rationale in the Order. Even so, I am not protected from exposure to unforeseen financial obligations as part of the Ruling. Thus, nullification.

Furthermore, as has been chronicled by Myra,(I've attached a copy of her Affidavit) regarding this lady, Janetta Jordan coming by one of our properties on numerous occasions with nefarious intent, and her being so emboldened as to hold herself out as a Federal Agent disparaging you, your church and harassing my Family through threats and bribery of money not to move forward with our purchase contract has certainly lend to our final decision not to pursue the acquisition of the property. We are just not certain as to what this woman is capable of. With what you described about her for purposes of full disclosure of our agreement, Sir. It is true! She's Lawless to say the least. Myra has confided in me that she now look over her back all the time, especially when she is preparing to come to your Church. I asked my Attorney to do a background check on her and along with her defrauding medicaid of hundreds of thousands of dollars; and her taking advantage of 5 of her clients in which would have thought she would have at least a moral and ethical decency not to have paid or bribed mentally challenged patients if not for no other reason than just human regard, Pastor, did you know that this lady has been convicted of breaking and entering also? And to call herself a Doctor? We see you know, Janetta Jordan's for Professional Counseling with the State Board has also been suspended and they have been trying to serve her with a Hearing Summons in which my Attorney says she has been ducking. Not to make this regrettable letter to void our contract about Janetta Jordan Sir. Just thought you should know that the same trick in which she has attempted to harm you with, she also

apparently did the identical thing to a Mr. William Buckley, according to court filings I've attached I believe in whom was supposed to be one of her husbands in the past. You've got to read the information, then you will understand that this woman will stop at nothing to get what she wants. Pastor, please be careful. I fear even the more now having read with my own eyes information provided me.

Also, look at the attached News Paper article regarding the property sold by Mr. Buckley to a Mr. McDuffy. That property burned down mysteriously with young children in the trailer, and Mr. Buckley at some point was able to escape Janetta and went to Ohio where his Family was and she tracked him down there too. Finally, what was interesting about these occurrences is that as my Attorney pointed out to me is that it appears that when Janetta doesn't get her way, she tries to frame individuals in court settings as having some sort of mental disorder. She did it with Mr. Buckley, and according to what I believe is an ongoing investigation regarding some of what Janetta requested you to do as you showed me in a letter written by her to you from jail, (check with the Fayetteville Police Department Detective assigned to a case where a man name Henry Wayne Moore and others, along with Janetta are the subject) this seems to be her signature. I'll discuss these matters further when I phone you.

At any rate, I am requesting that we meet on Thursday, July 18, 2019, so that the earnest money given to you of $10,000.00 will be reimbursed, and we can follow-up on the purchase of your property by sometimes later in the future when we both can be fully protected per contract, and most importantly, Janetta Jordan prayerfully will be out of the equation all together legally speaking. I, nor my Family intend to be intimidated any further by this woman any further. As Myra warned Janetta when she came to our house posing as a Federal Agent; she is trespassing and the next time charges will be filed against her. I believe Myra has already reported her to the FBI. Though she was able to interfere with our contract on so many ways this time, there will be no next time as we are on guard now.

Sincerely,

Thomas J. Marshall

# RECEIPT

*Reimbursement of Earnest Money to Thomas Marshall*

**No.** 003191

DATE *July 17, 2019*

FROM *Lewis Christopher Carr*

$ *10,000.00*

*Ten Thousand Dollars %/100* — DOLLARS

○ FOR *Voided Purchase Contract Earnest Money Refund*

| Amount of Account | | ☒ CASH | FROM — TO — |
|---|---|---|---|
| Amount of Paid | *10,000.00* | ○ CHECK | |
| Balance Due | *— 0 —* | ○ MONEY ORDER | BY *Thomas Marshall* |
| | | ○ CREDIT CARD | |

# Debtors' Exhibit 3

# REAL ESTATE PURCHASE AGREEMENT

This REAL ESTATE PURCHASE AGREEMENT (hereinafter referred to as the **"Agreement"**) is made and entered into on March 1, 2019, by and between Lent Christopher Carr (**"Seller"**) and Thomas Jerome Marshall (**"Buyer"**) (Seller and Buyer are each a **"Party"** to this Agreement and are collectively the **"Parties"**).

1.  **Purchase Agreement.** Seller hereby agrees to sell and convey to Buyer, and Buyer hereby agrees to purchase from Seller, the property located at 3300 Laurinburg Road, RAEFORD, North Carolina 28376 (the **"Property"**) including all buildings, improvements, and fixtures attached or located on the land other than those excluded herein and subject to all easements, protective covenants, rights-of-way, and mineral rights, if any, according to the terms and conditions contained herein.

2.  **Legal Description.** The Property is legally described as follows:

    a.  BEGINNING" at an icon stake .in a ditch in the north edge of U. S. Highway 401, Hendrix's corner, and running thence N 12-45 W 350 feet to an iron, at an oak; thence S 84-00 W 424.5 feet to a stake, the northwest corner of Tract No. 1 as shown in Book of Maps 1, Page 129 of the Hoke County Public Registry; thence S 9-15 E 510 feet to a steel blade in the north edge of U. S. Highway 401, McNeill's corner; thence N 62-30 B 475 feet along the north edge of said U. S< Highway 401 to the point of beginning. This description is taken from a map by R. H. Gatlin, Registered Surveyor, dated 10-5-57, and the property herein described contains 4.2 acres. THERE IS EXCEPTED FROM THIS CONVEYANCE THE FOLLOWING TWO TRACTS: * • . -• - - - Tract I: —Ascertain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., lying about 75 yards northwest of U. S, Highway 401 near its intersection with State Road No. 1139/ adjoining the lands of John K- McNeill on the west, 3• B. McLeod on the north and Willie Harrell on the east, being further described as follows: Beginning at an iron pipe with two pine pointers, said iron pipe being the northwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with the John K. McNeill tract described in Deed Book 106 at Page 8 and the J. B* McLeod tract described in Deed Book 145 at Page 984 in the Hoke County Registry? running thence from the beginning as the common line of J- B. McLeod and the aforementioned Willie Harrell 4.2 acre tract, N 82-21 E 150*00 feet toa 5/8 inch iron set in the north line of said Harrell 4.2 acre tract; thence a new line, S 22-22.2 E 254«88 feet to a 5/8 inch iron; thence a new line, S 62-30 w 222.95 feet to a 5/8 inch iron in the west

line of said Harrell 4.2 acre tract; thence as the west line of said 4.2 acre tract, a common line with John K. McNeill, N 08-33 W 322.26 feet to the point of beginningf containing 1.2 acre, more or less, as surveyed by Leland D« Strotherf R, L« S., on November 24r 1982, and being a portion of the Willie Harrell 4*2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry. Tract II: A certain tract or parcel of land in Blue Springs Township, Hoke County# North Carolina, situated about three miles southwest of Eaeford/ N. C., fronting on the northwest side of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K, McNeill on the west and Willie Harrell on the east, being further described as follows : Beginning at an iron blade 50^3 feet north of the center line of the pavement of U. S. Highway No. 401, said iron blade being the southwest corner o£ the Willie Harrell 4.2 acre tract described in Deed Book ‑159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with John K. McNeill tract described in Deed Book 106 at Page 8 in the Hoke County Registry; running thence from the beginning as the common line of Harrell and McNeill, N 08-33 W 187.64 feet to a 5/8 inch iron set in said conation line of Harrell and McNeill; thence a new line N 62-30 E 222.95 feet to a 5/8 inch iron ; thence a new line S 22-22.2 E 178.18 feet to a 5/8 inch iron set in the south- easst line of the Harrell 4.2 acre tract, said iron being 50.8 feet northwest of the center line of the pavement of U. S. Highway No* 401 ; thence as the southeast line of said Harrell 4.2 acre tract, generally ds the northwest right-of-way line of U. S. Highway No. 401, s 62-30 w 267.95 feet to the beginning, containing 1.0 acre, more or less, as surveyed by Leland D. Strother9 R. L« S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre described in Deed Book 159 at Page 223 in the Hoke County Registry.

3. **Purchase Price.** The total purchase price for the Property is $568,000.00. Buyer will pay $10,000.00 (the **"Earnest Money"**) upon the execution of this Agreement and then pay the remaining $558,000.00 of the purchase price at closing.

4. **Earnest Money and Other Deposits.** Buyer swears and Seller acknowledges that upon the execution of this Agreement the Earnest Money will be deposited into an **"Escrow Account."** Any and all other deposits made will also be deposited into the Escrow Account. The Earnest Money is nonrefundable unless an exception herein applies.

5. **Closing Date.** Closing will occur on July 5, 2019 (the **"Closing Date"**), at which point Seller will transfer title to the Property to Buyer. However, either Party may unilaterally delay closing for any reason, but in no event will closing occur more than 30 days after the Closing Date specified herein unless both Parties agree to extend the Closing Date in writing. If closing is delayed or extended as permitted by this Agreement, the Closing Date for purposes of this Agreement will be the date on which closing actually occurs.

6. **Delivery of Possession.** On the Closing Date, Seller will deliver possession of the Property to Buyer unless the Parties agree to a different date in writing. Seller will maintain all insurance covering the Property until the Closing Date. Seller agrees to deliver the Property in substantially the same condition as its present state and that Buyer will have the opportunity to inspect the Property prior to the Closing Date. If the Property is not in substantially the same condition as its present state upon delivery, Buyer will have the right to either (a) have the Earnest Money and all other deposits refunded and cancel this Agreement, or (b) accept the Property in such condition and require Seller to pay for the repairs to restore the Property to its former condition. Should Buyer choose this second option, all such repairs must be completed no later than 45 days after the Closing Date, with Seller paying Buyer a $200 penalty for each additional day after the 45-day period that such repairs are not complete.

7. **Closing Costs.** The costs associated with closing this Agreement will be paid as follows:

   a. Seller pays all costs associated with preparation of the deed of the Property; property transfer tax including City and County transfer tax if applicable; for recording any documents related to this sale and ownership change; for half of the escrow fees, if applicable; for any home loans and other debts on the Property not assumed by Buyer including any associated fees; for any judgments, tax liens, or other liens necessary to clear title; and for any recording charges for documents necessary to clear title.

   b. Buyer pays for a title search, a title report, and a property owner's title insurance policy covering the amount of the purchase price; any real estate agent's commission, unless otherwise agreed in writing by the Parties; for half of the escrow fees, if applicable; for the Homeowners' Association transfer fee, if applicable; the lender's title insurance premium, if applicable; for any new home loan charges or assumption of existing loan charges unless otherwise required by the lender; and for any costs associated with financing the purchase of the Property.

   c. Each Party pays for their own notary fee associated with signing this Agreement, if applicable;

   d. Each Party agrees to pay for all other cost associated with closing this Agreement in additional writing, if applicable.

8. **Escrow Account.** A third-party trustee chosen by Buyer will manage the Escrow Account according to the terms of this Agreement. Any procedures followed by the Escrow Account manager must not conflict with the terms herein. The Escrow Account manager is hereby relieved and released of all liability in the event the close of this transaction and/or loan payoff is delayed pending clearance of such funds in accordance with standard banking practices.

9. **Procedure at Closing.** On the Closing Date, Buyer and Seller, the Escrow Account manager, and any other party required to be present will gather to execute the necessary documents, at which point the Escrow Account manager will distribute the funds in the Escrow Account to the appropriate parties and file the deed to the Property. Closing will not occur if any of the following conditions have not been met:

   a. The purchase price, closing costs, and all other payments required herein are deposited into the Escrow Account;

   b. The deed to the Property and any other documentation needed to close the transaction are prepared and delivered to the necessary parties;

   c. The title company is ready to issue a title policy and, if title defects are preventing the title company from issuing the policy, closing will not occur unless Buyer chooses to waive such title defects in writing;

   d. Seller has repaired or removed all material defects on the Property prior to the Closing Date unless waived in writing by Buyer;

   e. All contingencies stated in this Agreement have been satisfied unless waived in writing; or

   f. All other conditions of closing stated in this Agreement or required by law are satisfied.

10. **Proration.** Taxes, assessments, rents, and Homeowners' Association dues, if any, are to be prorated to Seller up to, but not including, the Closing Date. The Parties will coordinate with each other and the utility companies to ensure all utilities are transferred out of Seller's name and into Buyer's name on the Closing Date, including water, sewer, electric, and gas. Any utilities not transferred on the Closing Date will be prorated according to historical average usage for that month or otherwise according to the prior month's charges.

11. **Title Requirements**

   a. **Title Report.** Upon executing this Agreement, Seller will order a title report and have it sent to Buyer. Buyer must notify Seller within 10 business days of any objections Buyer has to any existing title defects, including any encumbrance, easement, or other recorded restriction. Upon receiving notice of an objection to a title defect, Seller must cure the defect on or before the Closing Date. Seller may use money deposited from the purchase price to clear any title defect. If Seller fails to cure all defects objected to on or before the Closing Date, Buyer may choose to have the Earnest Money and all other deposits refunded and cancel this Agreement. Alternatively, Buyer may choose to continue the transaction by waiving any title defect in writing.

b. **Title Insurance.** Buyer agrees to purchase a standard form property owner's title insurance policy covering the amount of the purchase price for Buyer from a certified insurance company. Such policy will insure Buyer against any defect or encumbrance on the title to the Property other than those stated on the deed transferring title to Buyer.

## 12. Buyer Contingencies

a. **Financing: Third-Party Lender.** Unless waived by Buyer in writing, this Agreement is contingent on Buyer's ability to obtain a financing commitment from an institutional third-party lender on or before July 1, 2019 (the **"Financing Contingency Date"**). The loan must be at the prevailing interest rate, and the loan must finance at least 80% of the purchase price unless Buyer has sufficient funds by the Contingency Date to pay for the portion of the purchase price not being financed by a third-party lender. Buyer will make a good faith effort to secure such financing by the Contingency Date; however, if Buyer is nonetheless unable to secure such financing, this Agreement will be canceled and the Earnest Money and all other deposits will be refunded to the respective Parties.

    i. **Commitment or Denial Statement.** Buyer will provide Seller a copy of a commitment or denial statement from the third-party lender by the Financing Contingency Date. If Buyer does not provide Seller a copy of a commitment or denial statement from the third-party lender by the Financing Contingency Date, this Agreement will be canceled and Buyer will forfeit to Seller the Earnest Money and all other deposits made by Buyer. If Buyer does provide Seller a copy of a denial statement from the third-party lender by the Financing Contingency Date and Buyer so requests, Seller may choose to give written consent to extend the Financing Contingency Date to allow Buyer additional time to secure financing. In this event, if Seller does not then extend financing by the extended Financing Contingency Date this Agreement will be canceled and the Earnest Money and all other deposits will be refunded to the respective Parties.

    ii. **Alternative Financing.** Buyer reserves the right to obtain alternative financing by the Financing Contingency Date, but any alternative financing obtained must not result in any increased costs to Seller.

b. **Appraisal.** Unless waived by Buyer in writing, this Agreement is contingent on the Property receiving an appraisal for an amount equal to or greater than the purchase price. Buyer will pay for and obtain an appraisal of the Property within 10 business days of this Agreement. If the appraised value of the Property is for less than the purchase price, either Party may choose to renegotiate for a new

purchase price prior to the Closing Date, and, if the Parties are unable to agree on a new purchase price prior to the Closing Date, this Agreement will be canceled and the Earnest Money and all other deposits will be refunded to the respective Parties.

    **c.**    **Inspection.** Unless waived by Buyer in writing, this Agreement is contingent on Buyer receiving an inspection report on the condition of the Property from a reputable inspection company. Buyer must pay for and have the inspection completed within 10 business days of this Agreement. If the inspection is not completed within 10 business days of this Agreement, Buyer will be said to have waived this inspection contingency unless the delay is on the part of the inspection company, in which case the inspection must be completed within 15 business days of this Agreement. If the inspection report discovers the existence of a material defect, as defined below, Buyer may choose to either (a) accept the defect and continue with this Agreement, (b) negotiate a reduction of the purchase price, (c) cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties, or (d) request that Seller repair the material defect. If Buyer chooses to negotiate a reduction of the purchase price, the Parties will have 10 business days to reach an agreement, otherwise this Agreement will be canceled and the Earnest Money and all other deposits will be refunded to the respective Parties. If Buyer requests that Seller repair the material defect and Seller fails to repair the material defect within 10 days of Seller receiving notice of it, Buyer may choose to cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties. Seller will pay the cost of any re-inspection to confirm repairs were made.

        **i.**    **Violation of Local Ordinance.** If the inspection report discovers that repairs are required to bring the Property in conformance with any local ordinance and Seller fails to repair the material defect within 10 days of Seller receiving notice of it, Buyer may choose to cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties.

        **ii.**    **Notice of Repairs.** If repairs are requested by Buyer or are required to bring the Property in conformance with any local ordinances, Seller covenants to provide Buyer written notice of any such repairs made to the Property within 5 business days of completing the repairs or by the Closing Date, whichever occurs first.

    **d.**    **Waiver of Contingencies.** If Buyer so chooses, Buyer may waive any or all contingencies set forth herein by so stating in a signed writing.

**13.**    **Seller Representations and Warranties**

a.    **Marketable Title.** Seller represents that it owns the Property in fee and has the authority and capacity to enter into this Agreement. Seller covenants to convey good and marketable title to the Property by general warranty deed that warrants that the Property is free of all title defects except those stated on the deed and waived by Buyer in writing. The deed will be deposited into the Escrow Account on or before the Closing Date.

b.    **Condition of Property.** Unless otherwise agreed in writing, Seller represents and Buyer acknowledges and accepts that the Property is sold (a) "As Is" in the substantially similar physical condition as of the date of this Agreement and (b) subject to all applicable Buyer's inspection, contingency, and due diligence rights herein.

    i.    **Material Defect Disclosure.** A **"material defect"** means any condition existing on the Property that would cost more than $500 to repair or remove or any condition that would have a substantial negative effect on the value of the Property or the health or safety of the occupants, including structural, mechanical, environmental, pest, or other conditions. Unless waived by Buyer in writing, Seller agrees to disclose known material facts and material defects affecting the Property, including known insurance claims within the past 5 years, and make any and all other disclosures required by law within 5 business days of this Agreement. At Buyer's own expense, Buyer has the right to conduct investigations into the disclosed material facts and material defects. Based upon the information discovered from such investigations, Buyer may choose to cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties or request Seller make repairs or take other action.

c.    **Violations.** Seller represents that it has not received notice from any government authority regarding any violation of any laws, ordinances, or codes in connection with the condition of the Property. If Seller learns of the existence of any such violation, Seller covenants to immediately notify Buyer.

d.    **Encroachments.** With the exception of the following encroachments, Seller has no knowledge of the existence of any improvement encroaching on boundary lines of the Property: _____ By signing this Agreement, Buyer acknowledges that Seller has recommended for Buyer to obtain a survey of the Property at Buyer's expense.

e.    **Environmental Threats.** Seller represents that it has no knowledge of any existing or impending environmental threat that poses a substantial risk of significantly diminishing the value of the Property or that would impair Buyer's intended use of the Property such that it would be unconscionable for Seller not to

disclose it. Examples of such threats include, without limitation, environmental hazards, toxic substances, endangered species, sinkholes, pollution, and pest problems.

**f.**  **Government Assessments.** Local governments may periodically charge property owners an assessment for improvements that benefit their properties, such as sidewalks or sewers. Seller covenants to pay for any government assessments for municipal improvements completed on or before the Closing Date, and Buyer will pay any assessments for municipal improvements completed thereafter.

**g.**  **Mechanic's Liens.** Seller covenants to pay off any existing mechanic's liens on the Property on or before the Closing Date and to ensure that any labor or materials furnished between the signing of this Agreement and closing will be paid for in full on or before Closing Date.

**h.**  **Foreign Investment In Real Property Tax Act (FIRPTA).** Seller represents it is not a foreign person or foreign corporation as defined by the Foreign Investment In Real Property Tax Act (FIRPTA), and, therefore, Buyer will not be required to comply with the withholding requirements of FIRPTA at closing.

**i.**  **Survival of Warranties.** Seller's warranties in this section will continue through and survive the Closing Date, the completion of this Agreement, and the delivery of the deed and possession of the Property to Buyer.

## 14.  Seller Disclosures

**a.**  **Local and State Ordinances.** Buyer acknowledges and understands that real estate owners are legally required to abide by state and local ordinances and zoning restrictions and that it is Buyer's responsibility to ensure it is acting in compliance with the law regarding this Property.

**b.**  **Flood Area.** Seller agrees to disclose whether or not the Property is located in a flood area as determined by the pertinent government authority. Buyer acknowledges and understands that the location of rivers, swamps, lakes, and other wetlands, if present nearby, could have a negative impact on the value of the Property or the development of local real estate.

**c.**  **Radon Gas.** Buyer acknowledges and understands the following:
RADON IS A NATURALLY OCCURRING RADIOACTIVE GAS THAT, WHEN IT HAS ACCUMULATED IN A BUILDING IN SUFFICIENT QUANTITIES, MAY PRESENT HEALTH RISKS TO PERSONS WHO ARE EXPOSED TO IT OVER TIME. LEVELS OF RADON THAT EXCEED FEDERAL AND STATE GUIDELINES HAVE BEEN FOUND IN BUILDINGS IN THIS STATE. ADDITIONAL INFORMATION REGARDING RADON

AND RADON TESTING MAY BE OBTAINED FROM YOUR COUNTY HEALTH DEPARTMENT.

    **d.**    **Smoke and Carbon Monoxide Detectors.** Buyer acknowledges and understands that local or state law may require the use of smoke and/or carbon monoxide detectors. If so required by local or state law, Seller agrees to provide Buyer a certificate confirming compliance with local or state smoke and/or carbon monoxide law.

    **e.**    **Lead Contamination.** Buyer acknowledges and understands the following: EVERY PURCHASER OF ANY INTEREST IN RESIDENTIAL REAL PROPERTY ON WHICH A RESIDENTIAL DWELLING WAS BUILT PRIOR TO 1978 IS NOTIFIED THAT SUCH PROPERTY MAY PRESENT EXPOSURE TO LEAD FROM LEAD-BASED PAINT THAT MAY PLACE YOUNG CHILDREN AT RISK OF DEVELOPING LEAD POISONING. LEAD POISONING IN YOUNG CHILDREN MAY PRODUCE PERMANENT NEUROLOGICAL DAMAGE, INCLUDING LEARNING DISABILITIES, REDUCED INTELLIGENCE QUOTIENT, BEHAVIORAL PROBLEMS, AND IMPAIRED MEMORY. LEAD POISONING ALSO POSES A PARTICULAR RISK TO PREGNANT WOMEN. SELLER OF ANY INTEREST IN RESIDENTIAL REAL PROPERTY IS REQUIRED TO PROVIDE BUYER WITH ANY INFORMATION ON LEAD-BASED PAINT HAZARDS FROM RISK ASSESSMENTS OR INSPECTIONS IN SELLER'S POSSESSION AND NOTIFY BUYER OF ANY KNOWN LEAD-BASED PAINT HAZARDS. A RISK ASSESSMENT OR INSPECTION FOR POSSIBLE LEAD-BASED PAINT HAZARDS IS RECOMMENDED PRIOR TO PURCHASE.

    **f.**    **Government Action and Restrictions.** Buyer acknowledges and understands that it is Buyer's sole responsibility to investigate whether any existing, pending, or proposed government legislation, restriction, or action may affect the value of the Property or Buyer's intended use of the Property.

**15.**    **Release of Dower.** If not already a Party to this Agreement, Seller's spouse, if any, joins in signing this Agreement in order to give his or her consent to the release of any dower or other marital rights in the Property.

**16.**    **Risk of Loss.** Seller assumes the risk of loss if the Property is destroyed or a material defect or other loss occurs between the date of this Agreement and the Closing Date. If Seller fails to restore the Property to its former condition, Buyer may choose to either (a) cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties, or (b) accept the Property with the loss and require Seller to pay or assign to Buyer any insurance proceeds payable to Seller as a result of such loss.

17. **Cancelation of Agreement.** If this Agreement is canceled as permitted by the terms herein, it will be deemed voided, with both Parties being fully released from performance, and neither Party will have any recourse against the other.

18. **Default and Remedies.** Upon Seller's default of this Agreement, Buyer will be entitled to either (a) cancel this Agreement and have the Earnest Money and all other deposits refunded to the respective Parties, or (b) pursue any remedy available by law or equity, including seeking specific performance. Upon Buyer's default of this Agreement, Seller will be entitled to either (a) cancel this Agreement, keep the Earnest Money as liquidated damages, and have all other deposits returned to the respective Parties, or (b) pursue any remedy available by law or equity, including seeking specific performance. In addition to any other relief that may be awarded, the prevailing Party of any action at law or in equity brought to enforce or interpret this Agreement will be entitled to reasonable attorneys' fees and costs.

19. **Mediation and Arbitration.** All claims or disputes related to the performances or interpretation of this Agreement that the Parties are unable to resolve themselves will be first submitted to a mediation services provider mutually acceptable to both Parties or otherwise through a mediator with the American Arbitration Association. If Parties are unable to resolve the claims or disputes themselves or through mediation, all claims or disputes will be resolved by neutral binding arbitration through an arbitration services provider mutually acceptable to both Parties or otherwise through the American Arbitration Association. Both Parties will share the costs of mediation and arbitration equally.

20. **Deposit Procedure During Disputes.** In the event of a claim or dispute related to the performances or interpretation of this Agreement, the party managing the Escrow Account will either (a) retain all deposits, including the Earnest Money, until the claim or dispute is resolved, (b) release any or all deposits, including the Earnest Money, if the Parties so agree to release the funds by written agreement, or (c) take any other action permitted or required by law or regulation regarding the deposits in the Escrow Account.

21. **Accurate Purchase Price.** The Parties agree that the purchase price paid by Buyer will be an accurate reflection of the true value of the Property at the time of closing. The Parties agree to disclose this to the Internal Revenue Service as required by law.

22. **Further Assurances.** The Parties agree to execute such further documents and do any and all such further things as may be necessary to implement and carry out the intent of this Agreement, including, without limitation, any documents or things that may be required by a third-party lender or title company.

23. **Notices.** Any notice, service of process, or demands required or permitted under this Agreement or under law will be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

**IF TO SELLER SEND TO:** Lent Christopher Carr, 3300 Laurinburg Road, Raeford, North Carolina 28376

**IF TO BUYER SEND TO:** Thomas Jerome Marshall, 114 King Robinson Drive, Elizabethtown, North Carolina 28377

24. **Miscellaneous Terms**

    a.   **Entire Agreement.** This Agreement, including any attachments, addendums, exhibits, and amendments hereto, represents the entire and singular agreement between the Parties with respect to the matters herein stated, and any prior agreements, promises, or representations not included herein are void and of no effect.

    b.   **Governing Law.** The Parties agree and acknowledge that all provisions of this Agreement shall be governed by and construed in accordance with the laws of North Carolina exclusively and without reference to principles of conflict of laws.

    c.   **Assignment.** This Agreement will be binding and inure to the benefit of the Parties, their personal representatives, successors, guardians, and assigns, but only to the extent that such assignment is permitted by the terms of this Agreement, if at all.

    d.   **Survival.** The terms of this Agreement that impose an obligation on either Party after the delivery of the deed to Buyer will continue to survive until satisfied.

    e.   **Severability.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, that provision shall be considered removed from this Agreement; however, the remaining provisions shall continue to be valid and enforceable according to the intentions of the Parties. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision will be deemed written, construed, and enforced as so limited.

    f.   **Force Majeure.** Neither Party will be liable for any failure or delay in performing an obligation under this Agreement that results from causes or events beyond its reasonable control, including, without limitation, uncontrollable natural forces, war, labor or trade disputes, riots or civil unrest, or government action.

    g.   **Joint and Several Liability.** In the event two or more persons or entities are named as one Party to this Agreement, such persons' obligations and responsibilities will be joint and several.

    **h.**   **Amendments.** Any amendments, modifications, or additions to this Agreement must be expressly made in a writing signed by all Parties.

    **i.**   **Time of Essence.** Time is of the essence for this Agreement.

    **j.**   **Construction.** In this Agreement, the masculine, feminine, and neuter genders will be interpreted to include each other, as will the singular and plural. Headings used herein are for convenience only and will not be interpreted to give any meaning to their respective provisions.

    **k.**   **Counterparts.** This Agreement may be executed in counterparts, each of which will be deemed an original but considered part of one agreement.

**The Parties have read this entire Agreement and hereby agree to fully perform all the terms and conditions in good faith. By signing this Agreement each Party swears that the information it has provided is true and accurate to the best of its knowledge and belief.**

NOTICE: THIS IS AN IMPORTANT LEGAL DOCUMENT THAT CREATES BINDING OBLIGATIONS. CONSULT AN ATTORNEY IF YOU DO NOT UNDERSTAND THE TERMS OF THIS AGREEMENT.

BUYER

Name: Thomas Jerome Marshall

Sign: *Thomas Jerome Marshall* Date: *5 / 20 / 2019*

SELLER

Name: Lent Christopher Carr

Sign: *[signature]* Date: *5/20/2019*

SELLER'S SPOUSE - SPOUSAL ACKNOWLEDGMENT

(If a Seller is an individual with a spouse that is *not also a Seller in this Agreement*, that spouse must sign here. If not, ignore this section.)

By signing below I hereby release any right of dower in the Property subject to this agreement.

Name: *Deltarinav Carr*

Sign: *Deltarinav Carr* Date: *5/20/19*

**Witnesses**

On this the _20th_ day of _May_ , 20 _19_ , the foregoing instrument was sworn to and acknowledged before me by _Thomas Jerome Marshall, Lent Christopher Carr, and Catharine V Carr_ , known or proven to me to be the person(s) whose name(s) is/are subscribed to within the instrument. I further swear that I am unrelated to the parties signing this document by blood and hold no interest in the transaction.

FIRST WITNESS

Name: _Chad McMillen_

Sign: _(signature)_          Date: _5/20/19_

Address: _1108 Fayetteville Rd._

_Raeford, NC 28376_

SECOND WITNESS

Name: _Michele Hart_

Sign: _Michele Hart_          Date: _5.20.19_

Address: _1108 Fayetteville Rd_

_Raeford, NC 28376_

# NOTARY ACKNOWLEDGMENT

## (Seller)

State of _North Carolina_

SS.

County of _Hoke_

On _5-20-19_ (date), before me, _Darrall F Murchison_ (notary), personally appeared **Lent Christopher Carr**, who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to within the attached REAL ESTATE PURCHASE AGREEMENT, and acknowledged to me that they executed the same in authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Print: _Darrall F Murchison_          Commission Expires: _9-22-21_

Sign: _Darrall F Murchison_          [Affix seal]

      NOTARY PUBLIC

# NOTARY ACKNOWLEDGMENT

## (Buyer)

State of _North Carolina_

SS.

County of _Hoke_

On _5-20-19_ (date), before me, _Darrall F Murchison_ (notary), personally appeared **Thomas Jerome Marshall**, who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to within the attached REAL ESTATE PURCHASE AGREEMENT, and acknowledged to me that they executed the same in authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Print: _Darrall F Murchison_          Commission Expires: _9-22-21_

Sign: _Darrall F Murchison_          [Affix seal]

NOTARY PUBLIC

# Debtors' Exhibit 4

This certifies that pin 39413000105A, 39413000105S, 39413000111S
have no delinquent ad valorem taxes and are charged to the
Hoke County Tax Collector; but does not certify that this
description matches the PIN.
Collection Clerk Signature          Date: 10/5/2018
                                    NCGS 161-31

BK 1244 PG 0001

39413-00-01-054
39413-00-01-055
39413-00-01-119

                                    FILED   Oct 05, 2018   04:41:59 pm
                                    BOOK  01244                        FILED
                                    PAGE  0001 THRU 0011        HOKE COUNTY, NC
                                                               CAMILLE D. HURST

*North Carolina Quitclaim Deed*

Mail after recording to: EMMAUS CORP. Legal Briefing Firm C/O Deltarina Diaz, Esq.
P.O. Box 27193 Raleigh, NC 27611

This instrument prepared by: Jannetta Jordan, Grantor

Brief description for the index: 4160 Laurinburg Road, Raeford, NC 28376, including
the 2 attached tracts of land associated with the presumed address (also refer to typed property
description attached to this document for further reference).

This QUITCLAIM DEED made this the 16th day of October, in the year 2017,

by and between

    INSTRUMENT # 05759          REGISTER
    RECORDING  $51.00           OF DEEDS
    EXCISE TAX  (None)          JOP

GRANTOR                         GRANTEE

Jannetta Jordan                 Lent Christopher Carr

P.O. Box 2419                   3300 Laurinburg Road

Raleigh, NC 27602               Raeford, NC 28376

The designation Grantor and Grantee as used herein shall include said parties, their heirs,
successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may
be required by context.

Witnesseth, that said Grantor, for and in consideration of ten dollars and other consideration to them in
hand paid, the receipt of which is hereby acknowledged, have remised and released and by these
present do remise, and forever quitclaim unto the Grantee and his heirs and assigns all rights, title,
claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being
in the county of HOKE, and State of North Carolina, in Raeford Township, and more particularly
described as follows: ( please refer to attached typed document of description of property)

Grantor acquired the property herein above described by instrument recorded
in Book 317    at page 228  ;
        256           119;
        256           115;

A map showing the above described property is recorded in Map/Cabinet _____ at page _____.

To Have and to Hold the aforesaid tracts or parcels of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said Grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

Any and all of Public Record

In Testimony Whereof, said Grantor have hereunto set their hands and seal the day and year first above written.

Jannetta Jordan    10/23/17
Name/Signature of Grantor

State of North Carolina
County of Wake

State of North Carolina
County of Wake
This instrument was acknowledged before me
on 23 day of October , 20 17
by Titania Baggett

Notary Public Signature
My Commission Expires 05/31/2022

I, a notary Public, of said State and County aforesaid, do hereby certify that Jannetta Jordan, Grantor, personally appeared before me this day, and (i) I have personal knowledge of the identity of the Grantor, or (ii) I have been satisfactory evidence of the Grantor's identity, by current state or federal identification with the Grantor photograph(s) in the form of _____, or (iii) a credible witness has sworn to the identity of the Grantor each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

State of North Carolina

County of Hoke

### Agreement and Perpetual Lease/Quit claim Deed

This Agreement, Perpetual Lease and attached Quitclaim Deed of Legal Right made and entered into this 16th day of October, 2017, by and between Jannetta Jordan (" Landlord, Owner and Quitclaim Deed Grantor), and LENT CHRISTOPHER CARR II ("Tenant, Newly Granted Quitclaim Deed Property Owner, and Gift Recipient).

#### Witnesseth

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed attached hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of cost, lease and herewith acknowledge Quitclaim Deed of revised property Granted/Gifted to LENT CHRISTOPHER CARR, in valuable consideration of Ten Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property/Land, nominally, the premises located at 4160 Laurinburg Road, Raeford, NC 28376, County of Hoke, State of North Carolina on the terms and conditions hereinafter set forth:

1. TERM: This lease shall extend for a perpetual period of years to no end, beginning this 16th day of October, 2017 through all times of perpetuity, irrespective of Grantor's Gift of the above mentioned property as evidenced by the attached Legal Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal laws, including but not limited to NCGS and IRS Tax laws, etc.

2. RENTAL: The Tenant shall pay the Landlord rent for the premises as follows: $0.00 0/100 in consideration of Grantor's Gift in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract law and procedures.

3. IMPROVEMENTS AND ALTERATIONS: Tenant/Grantee may make any improvements, alterations, additions or place any sign on said premises without the prior written consent of the Landlord/Grantor. If any locks are changed on premises, interior or exterior, a set of keep will be maintained by Tenant/Grantee. Any signs placed on exterior of building will meet Zoning requirements of City of Raeford. All improvements, expressed or implied shall be at the sole expense of Tenant/Grantee.

4. MAINTENANCE AND REPAIRS: The Tenants acknowledge that they have inspected the premises and hereby accept the premises in its current physical condition. The Tenant/Grantee will maintain and make all repairs to the roof and exterior walls of the building and will provide parking for vehicles. The Tenant will keep maintained and repaired the interior of the premises, to include small plumbing leaks and repairs, changing electrical fuses, changing of furnace filters, painting, ceiling tiles etc. The Tenant will be responsible for any and all repairs that are caused by the negligence of the Tenant, their agents or employees, and shall be repaired by Tenant at his sole expense immediately.

5. INSURANCE: Tenant/Grantee party may insure their own interest in the leased/quitclaim premises against loss by fire or other casualty and make himself the party to whom loss benefits are payable. The Landlord/Grantor shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the leased/deeded remised premises, by reason of any existing or future condition, defect, matter or thing in said leased/remised premises or the property of which the premises are a part, or for the acts, omissions or negligence of third persons or tenant/grantee in and about the said property. The Tenant/Grantee agree to indemnify and save the Landlord/Grantor harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the leased/deeded premises unless caused by the negligence of the Landlord/Grantor, including, but not limited to, all claims and liability caused by the negligence of Tenant/Grantee, their agents, employees, invitees, and independent contractors excepting unforeseen liens or taxes previously attributable

consideration of the annexed Quitclaim Deed.

6. CASUALTY: In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to it prior state.

7. TAXES: During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES: During the term of this perpetual Lease/attached Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance. The yard, parking area, driveway, and outside of premises.

9. ASSIGNMENT AND SUBLETTING: The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.

In Testimony Whereof, the parties hereto have caused this Perpetual Agreement and Lease/Quit claim gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.

Jannette Jordan
(LANDLORD) GRANTEE

EMMAUS, Greater Pentecostal Assembly, Churches of the First Born International, Inc.

By: _____
KENT C. CARR II

Attested by: _____
Bethanna V. Diaz
— Secretary

# Debtors' Exhibit 5

FILED    Oct 05, 2018    04:11 PM
BOOK    01243
PAGE    1026 THRU 1033B

BK 1243 PG 1026

HOKE COUNTY, NC
CAMILLE D. HURST

North Carolina Quit Claim Deed

Mail after recording to: EMMAUS CORP. Legal Briefing Firm C/O Dettarina Diaz, Esq.
P.O. Box 27193, Raleigh, NC 27611.

This instrument prepared by: Jannetta Jordan, Grantor

Brief description for the index : 521 Gatlin Farm Road, Raeford, NC 28376
(refer to typed property description attached to this document for further reference).

This QUITCLAIM DEED made this the 16th day of October, in the year 2017,
by and between

INSTRUMENT # 05745
RECORDING    $51.00
EXCISE TAX    (None)

REGISTER
OF DEEDS
JOP

### GRANTOR

JANNETTA JORDAN

P.O. Box 2419

Raleigh, NC 27602

### GRANTEE

LENT CHRISTOPHER CARR

3300 Laurinburg Road

Raeford, NC 28376

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may be required by context.

Witnesseth, that said Grantor, for and in consideration of ten dollars and other consideration to them in hand paid, the receipt of which is hereby acknowledged, have remised and released and by these present do remise, and forever Quit claim into the Grantee and his heirs and assigns all rights, title, claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being in the County of HOKE, the State of North Carolina, in Raeford Township, and more particularly described as follows : ( please refer to attached property description)

Grantor acquired the property herein above described by instrument recorded in Book 01062 at page 0168.

This certifies that pin 6844600010055 is free of any delinquent ad valorem taxes. Hoke County Tax Collector. This does not certify that the deed description matches the PIN.

Date: 10/5/2018
NCGS 161-31

Collision Clerk Signature

A map showing the above described property is recorded in MAP/Cabinet _____ at page _____

To Have and to Hold the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantor and his heirs and assigns free and discharged from all right, title, claim or interest of the said Grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

Any and all of Public Record

In Testimony whereof, said Grantor have hereunto set their hands and seal the day and year first above written.

Jannetta Jordan   10/23/17
_____
Name/Signature of Grantor

State of North Carolina
County of Wake

State of North Carolina
County of Wake
This instrument was acknowledged before me
on 23 day of October, 2017
by Titania Baggett
_____
Notary Public Signature
My Commission Expires 05/31/2022

I, a Notary Public, of said State and county aforesaid, do hereby certify that Jannetta Jordan, Grantor, personally appeared before me this day, and (i) I have personal knowledge of the identity of the Grantor, or (ii) I have seen satisfactory evidence of the Grantor's identity, by current state or federal identification with the Grantor photograph in the form of _____, or (iii) a credible witness has sworn to the identity of the Grantor each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

State of North Carolina

County of HOKE

Agreement and Perpetual Lease / Quitclaim Deed

This agreement, Perpetual Lease, and attached Quitclaim Deed of Legal Right made and entered into this 16th day of October, 2017, by and between Jannetta Jordan (1st Landlord, Owner and Quitclaim Deed Gift Grantor), and LENT Christopher Carr ("Tenant, newly Granted Quitclaim Deed Property Owner, and Gift Recipient).

Witnesseth

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed attached hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of rent, lease and herewith acknowledge Quitclaim Deed of remised property Granted/Gifted to Lent Christopher Carr, in valuable consideration of Ten Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property/Land, nominally, the premises located at 521 Gatlin Farm Road, Raeford, NC 28376, County of Hoke, State of North Carolina on the terms and Conditions hereinafter set forth:

1. TERM: This lease shall extend for a perpetual period of years to no end, beginning on October 16, 2017 through all times of perpetuity, irrespective of Grantor's Gift of the above mentioned property as evidenced by the attached legal Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal Laws, including but not limited to NCGS and IRS Tax Laws, etc.

2. RENTAL: The Tenant shall pay to Landlord rent for the premises as follows: $0.00 0/100 in consideration of Grantor's GIFT in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract law and procedures.

Notwithstanding, any such future taxes shall be paid by Tenant/Grantee in consideration of the annexed Quitclaim Deed.

6. CASUALTY: In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to its prior state.

7. TAXES: During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES: During the term of this perpetual Lease/attached Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance, the yard, parking area, driveways, and outside premises.

9. ASSIGNMENT AND SUBLETING: The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.


In Testimony Whereof, the parties hereto have caused this Perpetual Agreement and Lease/Quitclaim gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.


Jarretha Gordon
Landlord/Grantee

EMMAUS, Greater Pentecostal Power Assembly, Churches of the First Born International, Inc.

By: _____
Lent C. Carr II

Attested by: _____
DeHavina V. Diaz
___ Secretary

**ESTOPPEL CERTIFICATION/AFFIDAVIT BY GRANTEE/OWNER**

STATE NORTH CAROLINA

COUNTY OF HOKE

That on 23 October 2017, Jannetta Jordan, Grantor/s did convey all of the property in fee simple and for valuable consideration in that certain deed as pertaining to lot or parcel of land and all amenities thereon, nominally known as 521 Gatlin Farm Road, Raeford North Carolina 28376, as recorded in Book No. 01062, Page No. 0168; Parcel No. 694460001055 by means of her sworn Quit Claim Deed gift grant to Lent Christopher Carr, Grantee/s as evidenced by the attached (Quit Claim Deed) and dated 23 October 2017 conveying the following property.

SEE ATTACHED EXHIBIT "A"

A certain tract of parcel of land in Raeford Township, Hoke County, NC, situated about 2.5 miles northeast of Raeford, NC fronting on the south side of a 60 foot wide unnamed street, being further described as follows:

BEGINNING at an iron pipe in the south right of way line of a 60 foot wide tree, said iron pipe being located N 86-44-10 W 690.00 feet from the northwest corner of the Perry McNeill lot described in Deed Book 228, Page 533 in the Hoke County Registry; running thence from the beginning as the south right of way line of said street, N. 86-44-10 W 90 feet to an iron pipe; thence leaving said street S 02-55-05 W 224.87 feet to an iron pipe; thence S. 86-44-10 E. 90.00 feet to an iron pipe; thence N 02-55-05 E 224.87 feet to the beginning containing 0.46 acre more or less and being a portion of the Upchurch Milling & Storage Company tracts described in Deed Book 128, Page 309 and in Deed Book 228, Page 267 in the Hoke County Registry and being Lot No. 23.

See that Deed recorded in Book 426, Page 006 of the Hoke County Public Registry for further title information.

SEE ATTACHED EXHIBIT "B"

That the aforesaid deed is/was intended to be and is an absolute conveyance of the title to said land to the Grantee/s, and was not and is not now intended as a mortgage, trust conveyance, or security of any kind; that it was the intention of the Grantor/s to convey to Grantee/s all right, title and interest absolutely in and to said premises; that possession of said premises has been surrendered to the Grantee/s;

That in the execution and delivery of said deed said Grantor/s was not acting under any misapprehension as to the legal effect thereof, acted freely and voluntarily, was not acting under any coercion or duress; that the consideration for said deed was a gift by and from Grantor/s deed holder as recorded in Deed Book at Book 01062, Page 0168;

Said real property gift being in the amount of $29,050.00 as established by appraisal and Hoke County's Tax Assessors as fully agreed and accepted to by the parties; and that at the time of the making of said deed said Grantor/s conveying said real property affirmed under sworn oath and now Grantte/s believes the same to be correct, and do hereby receive the same for value and fee simple that the aforesaid consideration therefore represents the fair value of the property so deeded;

That by executing said deed to Grantee/s, the Grantee/s believes and hereby accepts that the Grantor/s is/are solvent and have no other creditors whose rights would be prejudiced by this conveyance, and that the Grantor/s is/are not obligated under any judgment, bond, mortgage, obligation or other encumbrance whereby any lien has been created or exists against the premises described in said deed;

That Grantee/s believes and accepts to the extent of his personal beliefs and information that the aforesaid deed was not given as a preference against any other creditors of the Grantor/s; that at the time the conveyance was given there was no other person, firm, or corporation other than Grantor/s interested, either directly or indirectly in the premises;

This affidavit and estoppel certificate is made for the sole protection and benefit of the Grantee/s in said deed, its successors and assigns, and all other parties hereafter dealing with or who may acquire an interest in the land herein described, and specifically any title insurer which may insure the title to said land in reliance hereof;

That the affiant will testify, declare, depose, or certify before any competent tribunal or person in any case now pending or hereafter brought as to the facts hereinabove setout.

By: _____ (SEAL)
Lent Christopher Carr, Grantee Successor

Sworn to and subscribed before me this
the 3ᵉᵈ day of April , 2018.

_____
Darrall F Murchison
Notary Public

My Commission Expires: 9-22-21

(seal/stamp)

North Carolina Quit Claim Deed

Mail after recording to: Emmaus Corp. Legal Briefing Firm c/o Dettarino Diaz, Esq.
P.O. box 27193, Raleigh, NC 27611.

This instrument prepared by: Jurnetta Jesson, Grantor

Brief description for the index: 521 Gratton Farm Road, Raleigh, NC 28316
(refer to typed property description attached to this document for further reference)

This QUITCLAIM DEED made this the 16th day of October, in the year 2017,
by and between

GRANTOR                                GRANTEE

Jurnetta Jesson                        LENT CHRISTOPHER CARR
P.O. Box 829                           [illegible address]
Raleigh, NC 27622                      Raleigh, NC 27616

The Designated Grantor and Grantee as used herein shall include said parties, their
heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or
similar as may be required by context.

[several illegible handwritten lines] ... Grantor, for and in consideration of ten dollars and other considerations
... have paid, the receipt of which is hereby acknowledged, has remised and released ...
... do hereby remise, release, and forever quitclaim unto the Grantee and his heirs ...
... assigned all rights, title, claim, and interest of said Grantor in and to a certain
tract or parcel of land lying and being in the County of WAKE, the state of North Carolina,
in _____ Township, and more particularly described as follows ( please refer to attached property
description )

Grantor acquired the property hereinabove described by instrument recorded in
... Book ... at page ... [illegible]

A map showing the within described property is recorded in map cabinet _____ at page _____

To Have and to Hold the aforenamed tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said Grantor or anyone claiming by and through or under the said Grantor to the property hereinabove described or subject to the following exceptions if any:

Any and all of Public Record

In testimony whereof, said Grantor have hereunto set their hands and seal this day and year above written.

_Jannetta Jordan_   10/23/19
Printed/Signature of Grantor

State of North Carolina
County of Wake

State of North Carolina
County of Wake
This instrument was acknowledged before me
on 23 day of October, 2019
by Titania Baggett
_Titania Baggett_
Notary Public Signature
My Commission Expires 05/31/2022

[Notary Seal: TITANIA BAGGETT NOTARY PUBLIC WAKE COUNTY N.C.]

I, a notary public, of said State and County _____, do hereby certify that Jannetta Jordan, Grantor, personally appeared before me this day, and a) I have personal knowledge of the identity of the Grantor, or b) I have seen satisfactory evidence of the Grantor's identity, by current state or federal identification with the Grantor photograph in the form of _____, or c) a credible witness has sworn to the identity of the Grantor each acknowledging to me that he/she voluntarily signed the foregoing instrument for the purpose stated therein and in the capacity indicated.

# Debtors' Exhibit 6

     

# Emmaus Cathedral Church

an extension of Emmaus Puritan Apostolic Baptist Church, Inc.

*3300 Laurinburg Road, Raeford, North Carolina 28376*

Office#: (919)-709-7493     Office#: (919)-417-6768

October 27, 2018

**To:** Current Tenant/or Alternative Recipient
521 Gatlin Farm Road
Raeford, North Carolina 28376

RE: *Landlord/Owner NOTICE to Tenant Regarding Change in Property Management*

Dear Sir/Ma'am Tenant:

Please be advised that the Ownership Rights respecting real property nominally known as 521 Gatlin Farm Road, Raeford, North Carolina 28376, has been acquired and legal ownership rights transferred to that of Lent C. Carr, II, (hereinafter "Landlord") and all other Lease Contracts or agreements as you may have entered into between Jannetta Jordan, or agent in her stead is hereby Noticed void and null respecting Lease Payments allotments in which you may have been obligated to her for prior to this herein OFFICIAL NOTICE of new Management and Ownership.

Be further advised that your Rent Payments due for the Month of November, 2018, included, but not limited to, any and all arrearages, cumulative late fees, interests or the like should upon your receipt of this Notice be addressed and mailed directly to the attention of Lent Carr, 3300 Laurinburg Road, Raeford, North Carolina 28376. Failure to pay rent shall be grounds for immediate eviction. Also, it is your responsibility to demand your security deposit from the previous Landlord. Such should be mailed to the address provided above upon reimbursement.

It is my desire to work with you, and develop a healthy Landlord Tenant Relationship of mutual benefit. Nothing in this Notice should be construed as your being disallowed continued tenancy. But rather Notice of change of management and legal ownership. Nevertheless, the Owner reserves his right to review any prior lease in which you may have entered into with Jannetta Jordan, or her agent representative, and along with your November, 2018 Rent Payment it is your responsibility to mail a copy of the same with said payment. Your prompt attention to this Notice is tantamount to your continued tenancy. Therefore, within five (5) days from your receipt of this Notice, the Landlord expect for your November, 2018, Rent Payment and a True and Correct Copy of any Lease Agreement as previously entered into be mailed to the address as indicated above. Your failure to adhere to any part of this Notice may result in summary ejectment action being filed with the Hoke County Court in the first instance.

Due to the nature of new Ownership, the Landlord shall make arrangements to inspect his property

within ten (10) days following the receipt of this Notice. All pets (if any) should be securely contained during the inspection. Our Team of Contractors, Landscape Crew, Appraiser and Inspectors should be completed with our duties within one (1) hour or less. Thank you in advance for your cooperation. We look forward to working with you.

Be it further NOTICED that any attempt of Jannetta Delois Pigford Jordan, or anyone acting on her behalf to enter the property whether an attempt to gain entry inside the demised premises or outside on the grounds thereof shall constitute an illegal trespass on my lands, and you should immediately contact the appropriate law enforcement authorities, and thereafter the Landlord, Lent C. Carr, at (919)-417-6768. Be sure to provide the responding Officer a copy of this NOTICE and your Landlord will handle such illegal trespass matters from there with the Officer and Magistrate.

Finally, this is to serve final NOTICE on Jannetta Jordan, that is, should you or your agent acting on your behalf intercepts this herein NOTICE, please be advised that your receipt of this Letter of Notice shall constitute legal notice that you are not to enter or be on the grounds of 521 Gatlin Farm Road under no condition. Your wilful and blatant disregard shall result in your being formally charged with first degree trespass and possibly additional charges to the fullest extent that the law permit. In like manner, in conjunction with your being placed on notice not to enter the premises of 521 Gatlin Farm Road in this Letter, you are not to remove any amenities i.e., appliances, fixtures, hot water heater, heating and ac units, or for that matter items on said property whatsoever as these premises has been legally transferred per deed of exclusive right since 23 October 2017.

SO NOTICED

Should there be any questions of the Tenant, or other persons requiring additional information, please do not hesitate contacting me in the first instance at (919)-417-6768.

Sincerely,

By:

- Lent C. Carr, II,
  Property Owner and Landlord of Real Property
  Located at 521 Gatlin Farm Road
  Raeford, North Carolina 28376

**\*\*\*END OF NOTICE\*\*\***

Lc/c

# Emmaus Cathedral Church

an extension of Emmaus Puritan Apostolic Baptist Church, Inc.

3500 Laurinburg Road, Raeford, North Carolina 28376

Office: (919) 700-4493      Office: (919) 417-6768

      

The Trinity Institute of Emmaus Cathedral (ECI) International Church

January 14, 2018

**To:** Jannetta Delois Pigford Jordan,
UNAUTHORIZED HOLDER TENANT
4160 Laurinburg Road
Raeford, North Carolina 28376


RE: *Landlord/Owner NOTICE to Unauthorized/Trespassing Tenant DEMAND to Vacate*

Dear Ms. Jordan:

It has come to my attention that you have been trespassing on my Titled land nominally known as 4160 Laurinburg Road, Raeford North Carolina, and quite possibly upon information and belief have unlawfully, and without my expressed permission as the Deed Holder of said Real Property, set up residence thereon.

As such, I will caution you and remind you that you and I did enter an expressed contract for the conveyance of said Real Property via Quit Claim Deed on or about 23 October 2017, whereas a Memorandum Agreement contesting that fact was drafted by you directly and denominated "Agreement and Perpetual Lease/Quitclaim Deed" bearing the same said date.

Therefore, your unlawful squatting is hereby Noticed and is being viewed as an implied contract in quantum meruit as a month-to-month tenancy at a fair market value rental rate in an amount not in excess of Eight Hundred Dollars ($800.00) 0/100 per month beginning January 2018. In the event that said implied contract term is not adhered to, and rental payments are not received, then this would further Notice you that you are an unlawful holdover without the inherent dictates and implied agreement being enforceable as accorded NCGS 42 *inter alia*. At which time, the Landlord shall file for Summary Ejectment, and you will, at that instant be in violation of North Carolina Trespass Laws.

This is further to memorialize an earlier verbal agreement in which you an I entered into in the month of December, 2017, upon your release from the Wake County Detention Center on or about 13 December 2017, whereas you propositioned an agreement in which was supposed to be in written contract form for your Lease of said Property at the rate as mentioned above, and I did agree but did not hear back from you until it was reported that you were residing in my Real Property at 4160 Laurinburg Road earlier this month.

1

Please understand Jannetta, your unlawful lease hold of my property is a reprehensible act of egregious disregard to my Exclusive Title Rights as protected under North Carolina General Statutes and elsewhere in our North Carolina precedent against such. Nevertheless, though not well taken, I will honor our verbal agreement above-referenced, but your continued stay as a Tenant at 4160 Laurinburg Road-- beginning this month of January 2018, is contingent upon your making the agreed rental payments of $800.00 immediately. Otherwise, your leasehold estate of tenancy shall be terminated, and I will seek to recover possession of my Titled Real Property through Summary Ejectment proceedings under law.

If any part of this agreement is not met Jannetta, this will serve as your ten (10) day Notice to Quit and to Cease to Exist your unlawful holdover of my property.

Should you require any additional information, or have any concerns regarding this most urgent matter, please do not hesitate contacting me directly at 919-417-6768.

Sincerely,

By:

Lent C. Carr, II,

Property Owner and Landlord of Real Property
Located at 4160 Laurinburg Road
Raeford, North Carolina 28376

## ***END OF NOTICE***

Lc/c

2

# Emmaus Cathedral Church

an extension of Emmaus Prairie Apostolic Baptist Church
1960 Laurinburg Road Raeford North Carolina 28376
Office: (919) 789-3193          Office: (919) 43-9-6768

    

October 02, 2018

To: Jannetta Delois Pigford Jordan,
    UNAUTHORIZED HOLDER TENANT
    4160 Laurinburg Road
    Raeford, North Carolina 28376

RE: **_Landlord/Owner NOTICE to Unauthorized/Trespassing Tenant DEMAND to Vacate_**

Dear Ms. Jordan:

Please be advised that your leasehold tenancy is hereby, and effective immediately revoked for non-payment of your rents for the months of January, February, March, April, May, June, July, August, September, and October 2018.

You are Noticed to vacate the premises of 4160 Laurinburg Road, Raeford, North Carolina 28376, by and including 12 October 2018, or the Undersigned shall file a summary ejectment action against you in Hoke County's Small Claims Court in the first instance.

Further, you've been duly, and hereby NOTICED that you are trespassing on Real Property in which I own and have exclusive Legal Title to. Accordingly, to ignore this Notice shall constitute an illegal act of trespassing that may be prosecuted in a Court of Law.

Should you require any additional information, or have any concerns regarding this most urgent NOTICE, please do not hesitate contacting me directly at 919-417-6768.

Sincerely,

By: _____
Lent C. Carr, II,
Property Owner and Landlord of Real Property
Located at 4160 Laurinburg Road
Raeford, North Carolina 28376

## ***END OF NOTICE***

Lc/c

1



# NON-PAID RENTS

## Payable to: Lent C. Carr, II, Landlord
*Referenced Real Property: 4160 Laurinburg Rd., Raeford NC 28376*

3300 Laurinburg Rd, Raeford, NC 28376
Phone 910.250.8845 Fax 910.250.8861
lentcarr@gmail.com

INVOICE # 294012
DATE: NOVEMBER 21, 2018

**EXPIRATION DATE** JANUARY, 2018-NON-PAYMENT

TO   Jordan, Jannetta Delois
Holdover Month-to-Month Tenant
4160 Laurinburg Road
Raeford, North Carolina 28376
919-583-0399
Customer ID JDJ416092100

DO NOT IGNORE. A CIVIL ACTION HAS BEEN
FILED AGAINST YOU IN THE HOKE COUNTY
SMALL CLAIMS COURT. YOUR IMMEDIATE
ATTENTION AND LATE PAYMENTS, INCLUDING
INTERESTS AND COURT COST MUST BE MADE TO
THE LANDLORD OWNER PRIOR TO COURT.

| COLLECTION REP. | NOTICE REASON | PAYMENT TERMS/RENTAL RATE | DUE DATE |
|---|---|---|---|
| Lent C. Carr, II | Non-Payment of Rent | $800.00 + Interest, Late Fees Applicable Court Cost | IMMEDIATELY |

| RENTAL QTY | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| 1 | 4160 Laurinburg Rd., Raeford, NC 28376 | $800.00 Monthly | $800.00 1-1-18 |
| 1 | " | $800.00 Monthly | $800.00 2-1-18 |
| 1 | " | $800.00 Monthly | $800.00 3-1-18 |
| 1 | " | $800.00 Monthly | $800.00 4-1-18 |
| 1 | " | $800.00 Monthly | $800.00 5-1-18 |
| 1 | " | $800.00 Monthly | $800.00 6-1-18 |
| 1 | " | $800.00 Monthly | $800.00 7-1-18 |
| 1 | " | $800.00 Monthly | $800.00 8-1-18 |
| 1 | " | $800.00 Monthly | $800.00 9-1-18 |
| 1 | " | $800.00 Monthly | $800.00 10-1-18 |
| 1 | " | $800.00 Monthly | $800.00 11-1-18 |
| | | **SUBTOTAL** | $8,800.00 |
| | | **LATE INTERESTS** | 4% per Month $704.00 |
| | | **TOTAL** | $9,504.00 |

Delinquent Rent Cost Data Report  prepared by: _____

***END OF DELINQUINCY REPORT AND COSTS***

# Debtors' Exhibit 7

File No.

# STATE OF NORTH CAROLINA

HOKE _____ County

In The General Court Of Justice
District Court Division - Small Claims

**COMPLAINT
IN SUMMARY EJECTMENT**

1. The defendant is a resident of the county named above.

2. The defendant entered into possession of premises described below as a lessee of plaintiff.

| Description Of Premises (include location and address) | |
|---|---|
| 4160 Laurinburg Road, Raeford, North Carolina 28376, including the 2 addittional tracts of land associated thereto as Recorded within the ambit of the Hoke County Register of Deeds Office at Book No's 317, 256 and 256; Page No's 228, 119 and 115 respecfully. Bearing Tax Identification No's 39413-00-054, 39413-00-01-055 and 39413-00-01-119, as lying in the County of Hoke and Hwy. 401. | ☒ Conventional<br>☐ Public Housing<br>☐ Section 8 |

| Rate Of Rent (Tenant's Share) | | Date Rent Due | Date Lease Ended | Type Of Lease |
|---|---|---|---|---|
| $ 800.00 | ☒ Month ☐ per Week | 01/01/2018 | 01/01/2018 | ☒ Oral ☐ Written |

G.S. 7A-216, 7A-232, Ch. 42, Arts. 3 and 7

Name And Address Of Plaintiff
Lent C. Carr
3300 Laurinburg Road
Raeford, North Carolina 28376

| County | Telephone No. |
|---|---|
| HOKE | (919)-417-6768 |

**VERSUS**

Name And Address Of Defendant 1    ☒ Individual    ☐ Corporation
Jannetta D. Jordan
4160 Laurinburg Road
Raeford, North Carolina 28376

| County | Telephone No. |
|---|---|
| HOKE | (919)-583-0399 |

Name And Address Of Defendant 2    ☐ Individual    ☐ Corporation

3. ☒ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

☐ The defendant breached the condition of the lease described below for which re-entry is specified.

☐ Criminal activity or other activity has occurred in violation of G.S. 42-63 as specified below.

Description Of Breach/Criminal Activity (give names, dates, places and illegal activity)
Defendant, Jannetta D. Jordan, is in breach of an implied quantum meruit contract as an illegal holdover "month-to-month" Tenant who has been duly noticed of her unlawful trespass upon Plaintiff's Real Property nominally known as 4160 Laurinburg Rd., Raeford NC. The leasehold estate of the tenant has been terminated. The tenant no longer has the legal right to remain on the property but refuses to move voluntarily, and the landlord seeks legal process to recover possession.

4. The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

5. The defendant owes the plaintiff the following:

Description Of Any Property Damage
Not known as Defendant, Jannetta D. Jordan, has illegally changed the locks on Plaintiff, Lent C. Carr's Property without permission nor have Defendant provided him a copy of said keys therefore.

| County | Telephone No. |
|---|---|
| | |

Name And Address Of Plaintiff's Attorney Or Agent

| Amount Of Damage (if known) | Amount Of Rent Past Due | Total Amount Due |
|---|---|---|
| $ | $ 8,000.00 | $ 8,000.00 |

6. I demand to be put in possession of the premises and to recover the total amount listed above and daily rental until entry of judgment plus interest and reimbursement for court costs.

| Date | Name Of Plaintiff/Attorney/Agent (type or print) | Signature Of Plaintiff/Attorney/Agent |
|---|---|---|
| 10/09/2018 | Lent C. Carr | |

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Attorney Bar No. | Date | Name Of Agent (type or print) | Signature Of Agent |
|---|---|---|---|
| | | | |

AOC-CVM-201, Rev. 8/17
© 2017 Administrative Office of the Courts

(Over)

File No. _____

## STATE OF NORTH CAROLINA

HOKE _____ County

In The General Court Of Justice
District Court Division - Small Claims

**COMPLAINT
IN SUMMARY EJECTMENT**

G.S. 7A-216, 7A-232; Ch. 42, Arts. 3 and 7

**Name And Address Of Plaintiff**
Lent C. Carr
3300 Laurinburg Road
Raeford, North Carolina 28376

| County | Telephone No. |
|---|---|
| HOKE | (919)-417-6768 |

**VERSUS**

**Name And Address Of Defendant 1** — ☒ Individual ☐ Corporation
Jannetta D. Jordan
4160 Laurinburg Road
Raeford, North Carolina 28376

| County | Telephone No. |
|---|---|
| HOKE | (919)-583-0399 |

**Name And Address Of Defendant 2** — ☐ Individual ☐ Corporation

| County | Telephone No. |
|---|---|
| | |

**Name And Address Of Plaintiff's Attorney Or Agent**

**Attorney Bar No.**

1. The defendant is a resident of the county named above.

2. The defendant entered into possession of premises described below as a lessee of plaintiff.

Description Of Premises (include location and address)
521 Gatlin Farm Road, Raeford, North Carolina 28376. A single Doublewide Trailer, w/Barn attachment and Land associated theretofore. This including all amenities thereon, as lying off of Hwy 401. Recorded with Hoke County Register of Deeds Office at Book No. 01062; Page No. 0168 respecfully. Bearing Tax Identification No 694460001055.

☒ Conventional
☐ Public Housing
☐ Section 8

| Rate Of Rent (Tenant's Share) | Date Rent Due | Date Lease Ended | Type Of Lease |
|---|---|---|---|
| $650.00 per ☒ Month ☐ Week | 01/01/2018 | 01/01/2018 | ☒ Oral ☐ Written |

3. ☒ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

☐ The defendant breached the condition of the lease described below for which re-entry is specified.

☐ Criminal activity or other activity has occurred in violation of G.S. 42-63 as specified below.

Description Of Breach/Criminal Activity (give names, dates, places and illegal activity)
Defendant, Jannetta D. Jordan, is in breach of an implied quantum meruit contract as an illegal holdover "month-to-month" Tenant who has been duly noticed of her unlawful trespass upon Plaintiff's Real Property nominally known as 521 Gatlin Farm Road, Raeford NC. The leasehold estate of the tenant has been terminated. The tenant no longer has the legal right to remain on the property but refuses to move voluntarily, and the landlord seeks legal process to recover possession.

4. The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

5. The defendant owes the plaintiff the following:

Description Of Any Property Damage
Not known as Defendant, Jannetta D. Jordan, has illegally changed the locks on Plaintiff, Lent C. Carr's Property without permission nor have Defendant provided him a copy of said keys therefore.

| Amount Of Damage (if known) | Amount Of Rent Past Due | Total Amount Due |
|---|---|---|
| $ | $ 6,500.00 | $ 6,500.00 |

6. I demand to be put in possession of the premises and to recover the total amount listed above and daily rental until entry of judgment plus interest and reimbursement for court costs.

| Date | Name Of Plaintiff/Attorney/Agent (type or print) | Signature Of Plaintiff/Attorney/Agent |
|---|---|---|
| 10/04/2018 | Lent C. Carr | |

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Date | Name Of Agent (type or print) | Signature Of Agent |
|---|---|---|
| | | |

AOC-CVM-201, Rev. 8/17
© 2017 Administrative Office of the Courts

(Over)

# Debtors' Exhibit 8

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE

**FILED** DISTRICT COURT DIVISION

COUNTY OF HOKE             FILE #: 18 CVD 879

2019 JUL 19 P 2: 14

LENT C. CARR           )

HOKE COUNTY, C.S.C.

-vs-             )     **ORDER**

BY_____)

JANETTA P. JORDAN,    )
      **Defendant**


    **THIS CAUSE**, coming on to be heard and being heard before the undersigned Judge presiding at the July 19, 2019 regular Civil Session of Hoke County District Court upon Plaintiff's appeal from a Magistrate's ruling in 18 CVM 762 in favor of the Defendant dismissing the complaint for summary ejectment; and from the record in this cause and the evidence presented the Court makes the following:

### FINDINGS OF FACT

1. That the Plaintiff appeared *pro se* and the Defendants appeared *pro se.*

2. A complaint in summary ejectment for failure to pay rent was filed by Plaintiff against the Defendant on November 2, 2018.

3. Defendant was properly served prior to the hearing of this matter.

4. On November 21, 2018 the Magistrate dismissed the complaint without prejudice based on: "The case is a land dispute and belongs in a higher court." The Defendant timely filed notice of appeal on November 30, 2018.

5. That there does not exist a landlord – tenant relationship between the parties.

6. While not necessary based upon the court not having found a landlord tenant relationship between the parties, the Court finds that there is neither a written nor verbal lease agreement between the parties or that any terms were established by their actions.

7. Plaintiff may have some other recourse but the Court is not satisfied that all elements have been proven to warrant relief by way of summary ejectment for failure to pay rent.


Based upon the foregoing **Findings of Fact**, the Court makes the following:

## CONCLUSIONS OF LAW

1.   That the parties are properly before this Court and this Court has jurisdiction over the parties and the subject matter of this action.

2.   That the Plaintiff has failed to establish all elements necessary and has, therefore, failed to prove his case by the greater weight of the evidence.

**THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  That this action be dismissed with prejudice.

This the 19th day of July, 2019.

Hon. Warren McSweeney
District Court Judge Presiding

STATE OF NORTH CAROLINA
COUNTY OF HOKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
18 CVD 870

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF:

**Lent C. Carr**
v.
**Jannetta P. Jordan**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF APPEAL

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NOW COMES the Appellant, Lent C. Carr, and hereby gives notice of appeal from the district court judgment and order as entered in the above-captioned case dismissing his *summary ejectment* civil action *sua sponte* on his own motion, lacking the requisite competent and subject-matter-jurisdiction *inter alia* on 19 July 2019.  Mr. Carr hereby appeals to the North Carolina Court of Appeals.

This the 25th day of July, 2019.

LENT C. CARR,
Appellant
3300 Laurinburg Road
Raeford, NC 28376
Email: lentcarr@gmail.com
Tele: (919)-417-6768

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF APPEAL was served on Defendant, Jannetta P. Jordan, 4160 Laurinburg Road, Raeford NC 28376, by deposit in the United States mail, first-class and postage prepaid.

This the 25th day of July, 2019.

Lent C. Carr,
Appellant

# Debtors' Exhibit 9

PAYMENT SUMMARY RECEIPT

COUNTY OF HOKE
227 NORTH MAIN STREET
RAEFORD NC 28376


DATE:  10/05/18  CUSTOMER#: MULTI
TIME:  15:14
CLERK: 9698squi.

RECPT#: 1290975    PREV BAL:      836.65
TP/YR:  RE/2017    AMT PAID:      836.65
BILL:   19642      ADJSTMNT:         .00
EFF DT: 10/05/18   BAL DUE:          .00
Parcel ID: 394130001055
4160 LAURINBURG RD


RECPT#: 1290976    PREV BAL:      866.41
TP/YR:  RE/2016    AMT PAID:      866.41
BILL:   19616      ADJSTMNT:         .00
EFF DT: 10/05/18   BAL DUE:          .00
Parcel ID: 394130001055
4160 LAURINBURG RD


RECPT#: 1290977    PREV BAL:      408.73
TP/YR:  RE/2017    AMT PAID:      408.73
BILL:   11744      ADJSTMNT:         .00
EFF DT: 10/05/18   BAL DUE:          .00
Parcel ID: 694460001055
521 GATLIN FARM RD


RECPT#: 1290978    PREV BAL:      442.48
TP/YR:  RE/2016    AMT PAID:      442.48
BILL:   11707      ADJSTMNT:         .00
EFF DT: 10/05/18   BAL DUE:          .00
Parcel ID: 694460001055
521 GATLIN FARM RD


RECPT#: 1290979    PREV BAL:      476.22
TP/YR:  RE/2015    AMT PAID:      476.22
BILL:   11516      ADJSTMNT:         .00
EFF DT: 10/05/18   BAL DUE:          .00
Parcel ID: 694460001055
521 GATLIN FARM RD


-----------------TOTALS-----------------

PRINCIPAL PAID:    2666.63
INTEREST PAID:      363.86
ADJUSTMENTS:           .00
DISC TAKEN:            .00

AMT TENDERED:      3040.00
AMT APPLIED:       3030.49
CHANGE:               9.51

PAID BY:    CARR, LENT
PAYMENT METH: CASH

```
DATE: 10/05/18  CUSTOMER#: MULTI
TIME: 16:01
CLERK: 9698squi

RECPT#: 1291001   PREV BAL:      510.55
TP/YR: RE/2017   AMT PAID:      510.55
BILL:  19641     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001054
ON 401

RECPT#: 1291002   PREV BAL:      552.72
TP/YR: RE/2016   AMT PAID:      552.72
BILL:  19615     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001054
ON 401

RECPT#: 1291003   PREV BAL:      594.89
TP/YR: RE/2015   AMT PAID:      594.89
BILL:  19415     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001054
ON 401

RECPT#: 1291004   PREV BAL:      799.39
TP/YR: RE/2014   AMT PAID:      799.39
BILL:  19328     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001054
ON 401

RECPT#: 1291005   PREV BAL:       59.23
TP/YR: RE/2017   AMT PAID:       59.23
BILL:  19643     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001119
LAURINBURG RD

RECPT#: 1291006   PREV BAL:       64.10
TP/YR: RE/2016   AMT PAID:       64.10
BILL:  19617     ADJSTMNT:         .00
EFF DT: 10/05/18  BAL DUE:         .00
Parcel ID: 394130001119
LAURINBURG RD

------------------TOTALS------------------

PRINCIPAL PAID:      2254.29
INTEREST PAID:        326.64
ADJUSTMENTS:            .00
DISC TAKEN:            .00

AMT TENDERED:        2585.00
AMT APPLIED:         2580.93
CHANGE:                4.07

PAID BY:     CARR, LENT
PAYMENT METH: CASH
PAYMENT REF:

TOT PREV BAL DUE:     945.39
TOT BAL DUE NOW :     522.00
```

# Debtors' Exhibit 10

```
10/05/2018 15:06    |COUNTY OF HOKE                              |P      1
9698squi            |Real Estate Tax Statement                  |txtaxstm
```

PARCEL: 69446-00-01-055

LOCATION: 521 GATLIN FARM RD

```
CURRENT OWNER:                      CURRENT STATUS:
   JORDAN, JANETTA P.                  SQ FT:                        0
   CARR,   C/O LENT                    LAND VALUATION:           9,560
   4160 LAURINBURG RD                  BUILDING VALUATION:      19,490
   RAEFORD NC 28376                    EXEMPTIONS:                   0
                                       TAXABLE VALUATION :      29,050
                                       INTEREST PER DIEM        208.07
LEGAL DESCRIPTION:
   #23 GATLIN


   DEED DATE: 12/03/2013  BOOK/PAGE: 1062/168          INTEREST DATE: 10/05/2018
```

| YEAR TYPE | BILL | BILLED | PRIN DUE | INT DUE | TOTAL DUE |
|-----------|------|--------|----------|---------|-----------|
| INST CHARGE | | | | | |
| 2018 RE-R | 11856 | | | | |
| 1  CO TX RE | | 217.88 | 217.88 | .00 | 217.88 |
|    N RAE FD | | 29.05 | 29.05 | .00 | 29.05 |
|    SW FEE | | 128.00 | 128.00 | .00 | 128.00 |
| | | 374.93 | 374.93 | .00 | 374.93 |
| | | 374.93 | 374.93 | .00 | 374.93 |
| 2017 RE-R | 11744 | | | | |
| 1  CO TX RE | | 217.88 | 217.88 | 19.06 | 236.94 |
|    N RAE FD | | 29.05 | 29.05 | 2.54 | 31.59 |
|    SW FEE | | 128.00 | 128.00 | 11.20 | 139.20 |
|    ADVERTISIN | | 1.00 | 1.00 | .00 | 1.00 |
| | | 375.93 | 375.93 | 32.80 | 408.73 |
| | | 375.93 | 375.93 | 32.80 | 408.73 |
| 2016 RE-R | 11707 | | | | |
| 1  CO TX RE | | 217.88 | 217.88 | 38.67 | 256.55 |
|    N RAE FD | | 29.05 | 29.05 | 5.16 | 34.21 |
|    SW FEE | | 128.00 | 128.00 | 22.72 | 150.72 |
|    ADVERTISIN | | 1.00 | 1.00 | .00 | 1.00 |
| | | 375.93 | 375.93 | 66.55 | 442.48 |
| | | 375.93 | 375.93 | 66.55 | 442.48 |
| 2015 RE-R | 11516 | | | | |
| 1  CO TX RE | | 217.88 | 217.88 | 58.28 | 276.16 |
|    N RAE FD | | 29.05 | 29.05 | 7.77 | 36.82 |
|    SW FEE | | 128.00 | 128.00 | 34.24 | 162.24 |
|    ADVERTISIN | | 1.00 | 1.00 | .00 | 1.00 |

```
10/05/2018 15:06     |COUNTY OF HOKE                                    |P      2
9698squi             |Real Estate Tax Statement                        |txtaxstm
```

| YEAR TYPE | BILL | | | | |
|-----------|------|--------|----------|---------|-----------|
| INST CHARGE | | BILLED | PRIN DUE | INT DUE | TOTAL DUE |
| | | 375.93 | 375.93 | 100.29 | 476.22 |
| | | 375.93 | 375.93 | 100.29 | 476.22 |
| GRAND TOTALS | | 1,502.72 | 1,502.72 | 199.64 | 1,702.36 |

```
10/05/2018 15:07     |COUNTY OF HOKE                              |P     1
9698squi             |Real Estate Tax Statement                  |txtaxstm
```

PARCEL: 39413-00-01-055

LOCATION: 4160 LAURINBURG RD

```
CURRENT OWNER:                      CURRENT STATUS:
   ROBERSON, KATIE ANN                 SQ FT:                        0
   C/O JANETTA JORDAN                  LAND VALUATION:           6,370
   4160 LAURINBURG RD                  BUILDING VALUATION:      69,870
   RAEFORD NC 28376                    EXEMPTIONS:                   0
                                       TAXABLE VALUATION :      76,240
                                       INTEREST PER DIEM        175.74
LEGAL DESCRIPTION:
   MCQUEEN (WRIGHT)
```

DEED DATE: 01/01/1987  BOOK/PAGE: 256/119          INTEREST DATE: 10/05/2018

| YEAR TYPE<br>INST CHARGE | BILL | BILLED | PRIN DUE | INT DUE | TOTAL DUE |
|---|---|---|---|---|---|
| 2018 RE-R | 19801 | | | | |
| 1   CO TX RE | | 571.80 | 571.80 | .00 | 571.80 |
|     W HOKE FD | | 68.62 | 68.62 | .00 | 68.62 |
|     SW FEE | | 128.00 | 128.00 | .00 | 128.00 |
| | | 768.42 | 768.42 | .00 | 768.42 |
| | | 768.42 | 768.42 | .00 | 768.42 |
| 2017 RE-R | 19642 | | | | |
| 1   CO TX RE | | 571.80 | 571.80 | 50.03 | 621.83 |
|     W HOKE FD | | 68.62 | 68.62 | 6.00 | 74.62 |
|     SW FEE | | 128.00 | 128.00 | 11.20 | 139.20 |
|     ADVERTISIN | | 1.00 | 1.00 | .00 | 1.00 |
| | | 769.42 | 769.42 | 67.23 | 836.65 |
| | | 769.42 | 769.42 | 67.23 | 836.65 |
| 2016 RE-R | 19616 | | | | |
| 1   CO TX RE | | 571.80 | 571.80 | 62.09 | 633.89 |
|     W HOKE FD | | 68.62 | 68.62 | 12.18 | 80.80 |
|     SW FEE | | 128.00 | 128.00 | 22.72 | 150.72 |
|     ADVERTISIN | | 1.00 | 1.00 | .00 | 1.00 |
| | | 769.42 | 769.42 | 96.99 | 866.41 |
| | | 769.42 | 769.42 | 96.99 | 866.41 |

```
10/05/2018 15:07    |COUNTY OF HOKE                        |P      2
9698squi            |Real Estate Tax Statement            |txtaxstm

YEAR TYPE    BILL
INST CHARGE            BILLED       PRIN DUE       INT DUE      TOTAL DUE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GRAND TOTALS          2,307.26      2,307.26        164.22      2,471.48
```

```
                              COUNTY OF HOKE
                            TAX CERTIFICATION

PARCEL NUMBER: 394130001054
ALT PARCEL:    394130001054
CURRENT OWNER: 101922-ROBERSON, KATIE ANN
LOCATION:      OFF LAURINBURG RD              UNIT:
PROPERTY DESC:       #10 #11 MCNEILL SUB 210

VALUES: LAND             4460                 BOOK/PAGE 317/228
        BUILDING            0                 JURISD.   3
        PERSONAL            0                 SUBDIV
        GROSS            4460                 ZONE

YEAR LISTED OWNER                                            TAXES DUE
---- --------------------------------------------       ---------------
2018 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                    37.46
2017 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                   510.55
2016 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                   552.72
2015 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                   594.89
2014 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                   799.39
2013 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                      .00
2012 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                      .00
2011 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                      .00
2010 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                      .00
2009 ROBERSON, KATIE ANN, C/O JANNETTA JORDAN                      .00
                                                       ---------------
              TOTAL TAXES DUE AS OF 10/05/2018                2,495.01

THIS PROPERTY HAS A DEFERRED VALUE OF 0

I certify that in accordance with General Statute 105-361 the above
is a true statement of the tax and assessment status of the property
and individual(s) listed above that are in my hands for collection.

STATEMENT DATE 10/05/2018
                                  ------------------------------
                                  DAPHNE GRAHAM-DUDLEY
                                  TAX COLLECTOR
```

```
                         COUNTY OF HOKE
                       TAX CERTIFICATION

PARCEL NUMBER: 394130001119
ALT PARCEL:    394130001119
CURRENT OWNER: 102600-ROBERSON, KATIE ANN
LOCATION:      LAURINBURG RD                    UNIT:
PROPERTY DESC:      WRIGHT & BEST

VALUES: LAND              6380                  BOOK/PAGE 256/115
        BUILDING             0                  JURISD.   3
        PERSONAL             0                  SUBDIV
        GROSS             6380                  ZONE

YEAR LISTED OWNER                                       TAXES DUE
---- -------------------------------------------       ---------------
2018 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                 53.59
2017 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                 59.28
2016 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                 64.10
2015 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2014 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2013 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2012 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2011 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2010 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
2009 ROBERSON, KATIE ANN, C/O JANETTA JORDAN                   .00
                                                       ---------------
            TOTAL TAXES DUE AS OF 10/05/2018                176.97

THIS PROPERTY HAS A DEFERRED VALUE OF 0

I certify that in accordance with General Statute 105-361 the above
is a true statement of the tax and assessment status of the property
and individual(s) listed above that are in my hands for collection.

STATEMENT DATE 10/05/2018            -------------------------------
                                     DAPHNE GRAHAM-DUDLEY
                                     TAX COLLECTOR
```

# Debtors' Exhibit 11



# Office of the Sheriff

**Hoke County Sheriff's Office**
**HUBERT A. PETERKIN, Sheriff**



| 429 East Central Avenue | PO Box 300 | Phone (910) 875-5111 |
| Raeford, NC 28376 | Raeford, NC 28376 | Fax  (910) 875-2054 |

To the Resident or ☐Owner☐ of:  521 Gatlin Farm Rd
Christopher Carr

Reference: Burning of Household Trash; Burn Pile

It is illegal in The State of North Carolina to open burn house hold trash and other non-vegetative matter.

Fines can range up to **$25,000** plus court costs; per the Division of Air Quality.

Properties must be maintained in accordance with this provision and must be corrected as soon as possible or enforcement action will be taken.

Any questions or concerns please call (910) 301-8406

Sgt. J. Bowers
Hoke County Sheriff's Office
Solid Waste Enforcement
910-301-8406 (cell)
910-875-5111 (office

**Nationally Accredited Agency**
Page 1 of 1

# Debtors' Exhibit 12

FILED        Oct 04, 2017        08:11:04 am
BOOK        01207
PAGE        0977    THRU    0979
INSTRUMENT #        06029
INSTRUMENT TYPE        QCD
RECORDING        $26.00
EXCISE TAX        (None)

FILED
HOKE COUNTY NC
CAMILLE D. HURST
REGISTER OF DEEDS

ELP

This certifies that pin:394130001095 ;
is free of any delinquent ad valorem Tax liens charged to the
Hoke County Tax Collector; but does not certify that the deed
description matches the PIN.

Collection Clerk Signature        Date:  10/3/2017
NCGS 161-31

## NORTH CAROLINA QUITCLAIM DEED

Tax Lot No._____ Parcel Identifier No. 394130001095_____
Verified by _____ County on the ___ day of _____, 20____.
By _____

Mail after recording to Emmaus Corp. Legal Briefing Firm of North Carolina C/O: Deltarina Diaz, Esq., P.O. Box 27193, Raleigh, North Carolina 27611.

This instrument prepared by Deltarina Diaz

Brief description for the index 3300 Laurinburg Road, Raeford, North Carolina 28376. Recorded in the Hoke County Register of Deeds Office at Book # 00866, Pg. # 0729-073; 5300 Sq. Ft., 4BR and 3.5Ba Resident/Church Property

THIS QUITCLAIM DEED made this the 25th day of ___January___, in the year ___2017___, by and between

| GRANTOR | GRANTEE |
|---|---|
| | ✦ |
| | ✦ |
| Jannetta Jordan | ✦ Lent Christopher Carr |
| 4160 Laurinburg Road | ✦ 3300 Laurinburg Road |
| Raeford, North Carolina 28376 | ✦ Raeford, North Carolina 28376 |
| | ✦ |
| | ✦ Property Address: |
| | ✦ 3300 LAURINBURG ROAD |
| | ✦ RAEFORD, NC |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may be required by context.

WITNESSETH, that said Grantor, for and in consideration of ten dollars and other consideration to them in hand paid, the receipt of which is hereby acknowledged, have remised and released and by these present do remise, and forever quitclaim into the Grantee and his heirs and assigns all rights, title, claim, and interest of said Grantor in and to a certain tract or parcel of land lying and being in the County of ___Hoke___, and State of North Carolina, in ___Raeford___ Township, and more particularly described as follows:

*3300 Laurinburg Road, Raeford, North Carolina 28376, as recorded in the Hoke County Register of Deeds Office at Book Number 00866, Page 0729-073– to include a completely and newly renovated 5300 Sq. Ft., 4BR, 3Ba Home/Church, and its entire parcel of land as mapped, drawn, surveyed, charted, platted, delineated, drawn, depicted pertraded and recorded thereto, all amenities thereon, i.e., a Great Room/Church, Kitchen, Library, Entertainment Room, 3 Heating/Air Conditioning Units (Electric) , Shingled Roof, Fully Armed with Security Cameras and Alarm Systems, Carbon-Monoxide Alarm, installed Fire Alarms, Jacuzzi, and any and all properties located on said land (externally & internally) as ascertained heretofor, thereon, and therein as agreed between Grantor and Grantee at the signing of this herein Quit Claim Deed, etc. inter alia.*

Grantor acquired the property hereinabove described by instrument recorded in Book 00866 at Page 0729-073. More particularly described as follows:

## SEE ATTACHED EXHIBIT "A"

A map showing the above-described property is recorded in Map/Cabinet ___00866___ at Page ___ 0729-073_.

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said grantor or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions if any:

### ANY AND ALL OF PUBLIC RECORD

IN TESTIMONY WHEREOF, said Grantors have hereunto set their hands and seal the day and year first above written.

_Jannette Jordan_

_____(SEAL)

_____(SEAL.)

_____(SEAL)

_____(SEAL)

STATE OF NORTH CAROLINA
COUNTY OF ___WAKE___

I, a Notary Public, of said State and County aforesaid, do hereby certify that _Jannetta Jordan_ grantor(s), personally appeared before me this day, and (i) I have personal knowledge of the identity of the grantor(s), or (ii) I have seen satisfactory evidence of the grantor(s) identity, by current state or federal identification with the grantor(s) photographs in the form of _I.D. card_ , or (iii) a credible witness has sworn to the identity of the grantor(s) each acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

WITNESS my hand and Official Seal or Stamp, this _3rd_ day of _February_ , in the year _2017_ .

SEAL OR STAMP

_William Thomas_
Notary Public Official Signature

_William Thomas_
Notary Printed or Typed Name

My Commission Expires: _____

EXHIBIT "A"

BEGINNING at an iron stake in a ditch in the north edge of U. S. Highway 401, Hendrix's corner, and running thence N 12-45 W 350 feet to an iron at an oak; thence S 84-00 W 424.5 feet to a stake, the northwest corner of Tract No. 1 as shown in Book of Maps 1, Page 139 of the Hoke County Public Registry; thence S 9-15 E 510 feet to a steel blade in the north edge of U. S. Highway 401, McNeill's corner; thence N 62-30 E 475 feet along the north edge of said U. S. Highway 401 to the point of beginning.

This description is taken from a map by R. H. Gatlin, Registered Surveyor, dated 10-5-57, and the property herein described contains 4.2 acres.

THERE IS EXCEPTED FROM THIS CONVEYANCE THE FOLLOWING TWO TRACTS:

Tract I:
A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., lying about 75 yards northwest of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west, J. B. McLeod on the north and Willie Harrell on the east, being further described as follows:
Beginning at an iron pipe with two pine pointers, said iron pipe being the northwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with the John K. McNeill tract described in Deed Book 106 at Page 8 and the J. B. McLeod tract described in Deed Book 145 at Page 984 in the Hoke County Registry; running thence from the beginning as the common line of J. B. McLeod and the aforementioned Willie Harrell 4.2 acre tract, N 82-21 E 150.00 feet toa 5/8 inch iron set in the north line of said Harrell 4.2 acre tract; thence a new line, S 23-22.2 E 254.88 feet to a 5/8 inch iron; thence a new line, S 62-30 W 222.95 feet to a 5/8 inch iron in the west line of said Harrell 4.2 acre tract; thence as the west line of said 4.2 acre tract, a common line with John K. McNeill, N 08-33 W 322.26 feet to the point of beginning, containing 1.2 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

Tract II:
A certain tract or parcel of land in Blue Springs Township, Hoke County, North Carolina, situated about three miles southwest of Raeford, N. C., fronting on the northwest side of U. S. Highway 401 near its intersection with State Road No. 1139, adjoining the lands of John K. McNeill on the west and Willie Harrell on the east, being further described as follows:
Beginning at an iron blade 50.3 feet north of the center line of the pavement of U. S. Highway No. 401, said iron blade being the southwest corner of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry, said beginning point also being a common corner with John K. McNeill tract described in Deed Book 106 at Page 8 in the Hoke County Registry; running thence from the beginning as the common line of Harrell and McNeill, N 08-33 W 187.64 feet to a 5/8 inch iron set in said common line of Harrell and McNeill; thence a new line N 62-30 E 222.95 feet to a 5/8 inch iron; thence a new line S 22-21.2 E 178.18 feet to a 5/8 inch iron set in the southeast line of the Harrell 4.2 acre tract, said iron being 50.8 feet northwest of the center line of the pavement of U. S. Highway No. 401; thence as the southeast line of said Harrell 4.2 acre tract, generally as the northwest right-of-way line of U. S. Highway No. 401, S 62-30 W 267.95 feet to the beginning, containing 1.0 acre, more or less, as surveyed by Leland D. Strother, R. L. S., on November 24, 1982, and being a portion of the Willie Harrell 4.2 acre tract described in Deed Book 159 at Page 223 in the Hoke County Registry.

# Debtors' Exhibit 13

STATE OF NORTH CAROLINA
COUNTY OF HOKE

### AGREEMENT AND PERPETUAL LEASE/QUITCLAIM DEED

THIS AGREEMENT, PERPETUAL LEASE, AND ATTACHED QUITCLAIM DEED OF LEGAL RIGHT made and entered into this 3rd day of February, 2017, by and between Jannetta Jordan ("LANDLORD, OWNER AND QUITCLAIM GIFT GRANTOR"), and Lent Christopher Carr, II ("TENANT, NEWLY GRANTED QUITCLAIM DEED PROPERTY OWNER, AND GIFT RECIPIENT").

### WITNESSETH

In consideration of the mutual promises herein contained, and elsewhere (specifically a Quitclaim Deed Attached Hereto by reference entered into by BOTH PARTIES) the Landlord agree to rent, fee free of cost, lease and herewith acknowledge Quitclaim Deed of remised property Granted/Gifted to Lent Christopher Carr, in valuable consideration of Ten-Dollars 0/100, ($10.00) who hereby accept as Tenant and Grantee Deed Holder of Property/Land, nominally, the premises located at 3300 Laurinburg Road, Raeford N.C. 28376, County of Hoke, State of North Carolina on the terms and conditions hereinafter set forth:

1. TERM. This lease shall extend for a perpetual period of years to no end, beginning on February 3rd, 2017 through all times of perpetuity, irrespective of Grantor's Gift of the above-mentioned property as evidenced by the attached legal Quitclaim Deed granted Grantee pursuant to applicable North Carolina State, and Federal laws, including but not limited to NCGS and IRS Tax Laws etc.

2. RENTAL. The Tenant shall pay to Landlord rent for the premises as follows: $0.00 0/100 in consideration of Grantor's GIFT in Quitclaim Deed, and GIFT of fee free rent as hereby agreed and legally enforceable under contract law and procedures

3. IMPROVEMENTS AND ALTERATIONS. Tenant/Grantee may make any improvements, alterations or additions or place any sign on said premises without the prior written consent of the Landlord/Grantor. If any locks are changed on premises, interior or exterior, a set of keys will be maintained by Tenant/Grantee. Any signs placed on exterior of building will meet zoning requirements of City of Raeford. All improvements, expressed or implied shall be at the sole expense of Tenant/Grantee.

4. MAINTENANCE AND REPAIRS. The Tenants acknowledge that they have inspected the premises and hereby accept the premises in its current physical condition. The Tenant/Grantee will maintain and make all repairs to the roof and exterior walls of the building and will provide parking for vehicles. The Tenant will keep maintained and repaired the interior of the premises, to include small plumbing leaks and repairs, changing electrical fuses, changing of furnace filters, painting, ceiling tiles, etc.. The Tenant will be responsible for any and all repairs that are caused by the negligence of the Tenant, their agents or employees, and shall be repaired by Tenant at his sole expense immediately.

5. INSURANCE. Tenant/Grantee party may insure their own interest in the leased/quitclaim premises against loss by fire or other casualty and make himself the party to whom loss benefits are payable.

The Landlord/Grantor shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the leased/deeded remised premises, by reason of any existing or future condition, defect, matter or thing in said leased/remised premises or the property of which the premises are a part, or for the acts, omissions or negligence of third persons or tenant/grantee in and about the said property. The Tenant/Grantee agree to indemnify and save the Landlord/Grantor harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the leased/deeded premises unless caused by the negligence of the Landlord/Grantor, including, but not limited to, all claims and liability caused by the negligence of Tenant/Grantee, their agents, employees, invitees, and independent contractors excepting unforeseen liens or taxes previously attributable. Notwithstanding, any such future taxes shall be paid by Tenant/Grantee in consideration of the annexed Quitclaim Deed.

6. CASUALTY. In the event the premises are rendered untenantable by fire or other casualty, Tenant/Grantee may promptly repair the premises to its prior state.

7. TAXES. During the term of this Lease/Quitclaim Deed the Tenant/Grantee shall pay all taxes and assessments imposed upon the land and the building; the Tenant/Grantee shall pay all taxes and assessments imposed by reason of any improvements, which he may make or by reason of his own property and inventory stored therein.

8. UTILITIES. During the term of this perpetual Lease/attched Quitclaim Deed the Tenant/Grantee shall provide and pay for all electricity, heat, water, gas, sewer, telephone, and other utility charges upon said premises. Tenant/Grantee is responsible for the yard maintenance. The yard, parking area, driveways and outside of premises.

9. ASSIGNMENT AND SUBLETTING. The Tenant/Grantee shall have the right to assign or sublet the lease premises during the term of this perpetual Lease/Quitclaim Deed arrangement.

IN TESTIMONY WHEREOF, the parties hereto have caused this Perpetual Agreement and Lease/Quitclaim gift Deed as evidenced herein to be executed in duplicate originals, one of which is retained by each of the parties, this the date and year first above written.

_____ (SEAL)
Jannetta Jordan,
Landlord/Grantee

**Emmaus, Greater Pentecostal Assembly, Churches of the First Born International, Inc.**

By: _____
       Lent C. Carr, II
       President

Attested by: _____
                  Doltarina V. Diaz
                  Secretary

**(CORPORATE SEAL)**

# Debtors' Exhibit 14

STATE OF NORTH CAROLINA
COUNTY OF HOKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 17CRS 51713

STATE OF NORTH CAROLINA

V.

LENT CHRISTOPHER CARR
AKA BISHOP L C CARR
AKA BISHOP LENT CARR
AKA CANILOUS CARR III
AKA CHRISTOPHER CARR
AKA L C CARR
AKA LC CARR
AKA LC CARR II
AKA LENT CARR
AKA LENT C CARR
AKA LENT CHRIS CARR
AKA LENT CHRISTOP CARR
AKA LENT CHRISTOPHER CARR II
AKA REVEREND LENT CARR
AKA REVEREND LENT C CARR
AKA REVEREND LENT CHRISTOPHER CARR
AKA C REVEREND LENT

INDICTMENT

UTTERING FORGED INSTRUMENT

FORGERY OF INSTRUMENT

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 13th day of October, 2017, in the county named above the defendant named above unlawfully, willfully, and feloniously did utter, publish, pass and deliver as true to Hoke County Tax Office, a falsely made, forged and counterfeited check, Number 1122, drawn on Branch Banking and Trust Company, an incorporated bank of the State of North Carolina, payable to Hoke County Tax Office, dated October 3, 2017, in the amount of $9,050.00, a copy of which is attached hereto, marked Exhibit A, and incorporated herein by reference. The defendant acted for the sake of gain, and with the intent to injure and defraud, and with the knowledge that the instrument, which was apparently capable of effecting a fraud, was forged and counterfeited. This act is in violation of North Carolina General Statutes Section 14-120.

AND THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 13th day of October, 2017, in the county named above the defendant named above unlawfully, willfully, and feloniously did forge, falsely make and counterfeit a check, Number 1122, drawn on Branch Banking and Trust Company, an incorporated bank of the State of North Carolina, payable to Hoke County Tax Office, dated October 3, 2017, in the amount of $9,050.00, a copy of which is attached hereto, marked Exhibit A and incorporated herein by reference, which was apparently capable of effecting a fraud, by placing the unauthorized signature of Jannetta Jordan, thereon. The defendant acted without authority and with the intent to injure and defraud. This act was in violation of North Carolina General Statutes Section 14-119.

Assistant District Attorney

Page 2 of 2
*State v. Carr* Indictment
17CRS 51713

WITNESSES:

☑    Y. Vega, RPD

    The witnesses marked "X" were sworn by the undersigned Foreman and examined before the Grand Jury, and this Bill was found to be, _X_ a True Bill with twelve or more jurors concurring; ___ Not a True Bill.

    This the _6th_ day of _August_, 20_18_

_____
Grand Jury Foreman

Date: November 3, 2017          *Branch Banking and Trust*                    *Page 1 of 1*

Reference: 20000115827620:20000115827620:20000091164627

Dr. Jannetta Jordan
Jordan Counseling & Consulting Service
910-527-2534                                                    1122
                                                               66-112/531

October 3, 2017

PAY TO THE ORDER OF_ Hoke County Tax Office    | $ 9,050.00

Nine Thousand Fifty Dollars °/100  DOLLARS

**BB&T** BRANCH BANKING AND TRUST COMPANY
1-800-BANK BBT  BBT.com

FOR_ Success Quest                    Jannetta Jordan

⑈053101121⑈0005204127036⑈0112 2

---

>053103682<
Lumbee Guaranty Bk #014
2017-10-04
0014194111
Batch 24970969

0014194111

PAY TO THE ORDER OF
LUMBEE GUARANTY BANK
▼ 053103682 ▲
FOR DEPOSIT ONLY
COUNTY OF HOKE
1420/2372

---

| | | | |
|---|---|---|---|
| **Date** | 20171004 | **Account Number** | 0000005204127036 |
| **Amount** | 905000 | **CR-DR** | D |
| **Serial Number** | 0000001122 | **Transaction Link** | 012283290492662704 |



STATE'S EXHIBIT
A

# STATE OF NORTH CAROLINA

HOKE _____ County

| | File No. |
| --- | --- |
| | 17 CRS 051713 |

In The General Court Of Justice
Superior Court Division

## STATE VERSUS

Name And Address Of Defendant
CARR,LENT,CHRISTOPHER
3300 LAURINBURG RD.

RAEFORD          NC      28376

# NOTICE OF RETURN OF
# BILL OF INDICTMENT

G.S. 15A-630, 15A-941(d)

**To The Defendant Named Above:**

Take notice that the grand jury of the county named above has returned the attached True Bill(s) of Indictment charging you with the offense(s) specified.

You are informed that there are important time limitations on your right to discovery of the evidence against you. *(See G.S. 15A-902, which is printed on the reverse.)*

This Notice is issued upon the order of the presiding judge.

You will be arraigned on the charges contained in this Indictment only if you file a written request for arraignment with the Clerk of Superior Court not later than twenty-one (21) days after the Indictment is served on you. If you do not file a written request for arraignment within that time, the court will enter a not guilty plea on your behalf.

You must appear in Superior Court at the date, time and place shown below to answer the charges in this Indictment.
**NOTE:** *If an earlier court date is set in a release order, you must appear at that time also.*

| Date Of Hearing 9/10/18 | Time Of Hearing 10:00 ☑ AM ☐ PM | Place Of Hearing *Superior Court* |
| --- | --- | --- |
| **NOTE:** *Attach True Bill(s) of Indictment and a copy of the Order of Arrest, if appropriate.* | | Date Issued 20180820 |
| | | Signature *AB Reader* |
| | | ☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk Of Superior Court |

## CERTIFICATE OF NOTICE

I certify that I issued a copy of this Notice to the defendant named above at the address shown by:

☐ 1. Mailing it through the U.S. Postal Service.

☐ 2. Attaching it to an Order for Arrest to be served on the defendant.

☑ 3. Other: *(specify)* *Gregory Thompson*

| Date 8/20/18 | Signature *AB Reader* | ☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk Of Superior Court |
| --- | --- | --- |

AOC-CR-215, Rev. 10/04
© 2004 Administrative Office of the Courts

Original-File    Copy-Defendant
(Over)

# Debtors' Exhibit 15

# STATE OF NORTH CAROLINA

File No.
17CRS 51713

_____HOKE_____ County

NOTE: *Do not use this form for cases covered by G.S. 20-138.4. Use form AOC-CR-339 instead.*

In The General Court Of Justice
☐ District   ☒ Superior Court Division

## STATE VERSUS

Defendant Name

LENT CHRISTOPHER CARR

FILED
2020 JUL -1 P 3: 20

# DISMISSAL
## NOTICE OF REINSTATEMENT
### (For Offenses Committed On Or After Dec. 1, 2013)
G.S. 15A-302(e), -931, -932

| File Number | Count No.(s) | Offense(s) |
|---|---|---|
| 17CRS 51713 | 01 | UTTERING FORGED CHECK |

☒ **DISMISSAL**

NOTE: *Recall all outstanding Orders For Arrest in a dismissed case.*

The undersigned prosecutor enters a dismissal to the above charge(s) and assigns the following reasons:

☐ 1. No crime is charged.

☐ 2. There is insufficient evidence to warrant prosecution for the following reasons:

☐ 3. Defendant has agreed to plead guilty to the following charges:

in exchange for a dismissal of the following charges:

☐ 4. The defendant was charged as the result of ☐ defendant's identity being used without permission. ☐ mistaken identity.
**(NOTE TO PROSECUTOR:** *You must notify the Court of this dismissal. The Court should use AOC-CR-283, Order Of Expunction Under G.S. 15A-147(a1) (Identity Theft Or Mistaken Identification) to expunge charges.)*

☒ 5. Other: *(specify)* ☐ See additional information on reverse.
Defendant was POA for drawer of check.

A jury has not been impaneled nor has evidence been introduced. *(If a jury has been impaneled, or if evidence has been introduced, modify this sentence accordingly.)* _____

☐ **DISMISSAL WITH LEAVE**

The undersigned prosecutor enters a dismissal with leave to the above charge(s) and assigns the following reasons:

☐ 1. The defendant failed to appear for a criminal proceeding at which the defendant's attendance was required and the prosecutor believes that the defendant cannot readily be found.

☐ 2. The defendant has been indicted and cannot readily be found to be served with an Order For Arrest.

☐ 3. The defendant has entered into a deferred prosecution agreement with the prosecutor in accordance with the provisions of Article 82 of G.S. Chapter 15A.

NOTE: *Pursuant to the repeal of G.S. 15A-1009, the prosecutor can no longer dismiss charges with leave for defendants found incapable to proceed.*

NOTE: *This form must be completed and signed by the prosecutor when the dismissal occurs out of court. The better practice is for the prosecutor to complete and sign the form when the charges are orally dismissed in open court.*

*Also, in accordance with G.S. 15A-931(a1), unless the defendant or the defendant's attorney has been otherwise notified by the prosecutor, a written dismissal of the charges against the defendant must be served in the same manner prescribed for motions under G.S. 15A-951. If the record reflects that the defendant is in custody, the written dismissal shall also be served **by the prosecutor** on the chief officer of the custodial facility where the defendant is in custody.*

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| 05/29/2020 | SEAN D. KENNALLY | |

☐ **REINSTATEMENT**
This case, having previously been dismissed with leave as indicated above, is now reinstated for trial.

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| | | |

(Over)

AOC-CR-307B, Rev. 4/18 © 2018 Administrative Office of the Courts

# Debtors' Exhibit 16

* Baby... ~~Teresa~~ you have
for Jeffrey Rackley, Sina Rackley and Teresa Rackley. The day I (we) went to pick up
those affadavits are the date they were notarized, so they need to add those dates in the

**(3)**

testimony of their report. Also the date I (we) picked up the affidavit for Teresa Rackley is the same
date of the notarized portion for Jeffrey because I (we) picked up Jeffrey and Teresa's statements at
the same time. I have Rebecca ~~Tracey~~ and Crystal Greer's notarized affadavits with me in jail.
Miller

Here are the events
for each 5 clients
plus the aunt of the
Rackley Siblings

On February 16, 2015
~~third name:~~    I contacted the investigator for services. I informed him t~~
I had an open court case for 5 counts of medical Provider Fraud. I informed t~~
investigator that I wanted to make contact with these clients but needed a witness
of help document and verify all correspondence with these clients. The investigator
agreed, so here is what took place :

- The investigator drove his vehicle as I drove mine to the various locations. My car wa~~
a black 4 door, small Toyota Corolla. The investigator's vehicle was parked near my~~
car at each location but far enough where he could not be detected as being with me an~~
with all conversations I had my cellphone on speaker phone so the investigator could hea~~
all interactions while I was in the presence of each client.

- If the Prosecutor asks the investigator why I did not simply hire him to go and talk to the
clients. The investigator's response should be that I told him I cannot break HIPAA laws
and inform him of therapy interactions with these clients and being able to speak candidly
as to session information to spark their memories is very important in this matter.

- If the Prosecutor asks the investigator if I ever went back to see these clients after the interaction
he witnessed, he should say no, she had what she needed and there would be no reason
to go see these clients again.

Here are the client scenarios :

1st visit (30 min.)      On 2/24/2015 around 11am
① Client name: Jeffrey Rackley and Teresa Rackley → Investigator and I went to the
home of Jeffrey and Teresa Rackley located at: 1109 ALCO ~~st~~ CIRCLE  Fayetteville, NC this is a small, trailer
park off of Bragg Blvd. The residence is a rusted single wide trailer looks like a dull red color.
Dr. Gordon drove up to the residence and I parked at the end of the road (the road is blocked off
by a dead tree in the road) so the investigator parked below the tree. In this position he could
observe the entire exchange between the occupants of the house and Dr. Gordon. This position
gave the investigator direct vision of Dr. Gordon and the front of the entire property. Dr. Gordon
drove up to the residence, before getting out of her car (a 4door, black Toyota Corolla) Dr. Gordon called

# Debtors' Exhibit 17

... What is the NC ... ... ... ... I thought a person can serve 45 days in jail, maximum and the FTA will be taken care of. Was for my FTA I have served 1 yr and 9 months in jail thus far, why wont some judge give me time served for this charge so it can be taken off and the bond reduced by the $500,000 — ? Is there some motion to dismiss the charge due to time served that you can submit for this FTA charge?"

the judge as well. Baby, I really need a paid attorney for these Obstruction of justice charges. I have that Public Defender, Dearski Thomas and he's working with John Parris for sure. Remember I told you I had that one visit with him and the next day we had court in June. John Parris made a statement to the judge that I had told Dearski Thomas in our conference. So, Dearski Thomas, in a matter of hours, told John Parris everything that I had told him in our attorney-client meeting. How can I win my case when my own attorney will not work for me? Anyway, please contact attorney Josiah Fapojuwo (919) 523-2048 (cell) / (919) 521-8472 (office) his office is at: 5 West Hargett St, Ste. 415 Raleigh, NC 27601 fax (919) 573-9688. I hear he's really, really good a brother, of course and he wont be able to be intimidated to work for John Parris. I hear he is very reasonable with pricing and payment plan. Baby, please get him to represent me in this matter. Also with him as my attorney you could come here with him to see me. To be honest I am truly panicking right now. I should have been home and the trial day is quickly coming for this Obstruction of justice foolishness. I know God is on my side but I need legal counsel to represent me and I need to have all my ducks in a row. John Parris expects to win by default. Honestly, this squeezing me in this jail tactic is working. A lot of time I just want you throw in the towel until I pray and God reminds me of the reward ahead if I stand strong. This entire case is so easy. I can represent myself and beat John Parris, if I were out on free land. Anyway, I am focused now. We only need 2 components to win the first trial #1: I need a paid attorney who will work for me and #2: I need to get a person (male or female) who has some sort of background in investigations to help me. I was thinking, hoping and praying that your private investigator may be able to help me out with this, I need that person to testify that they were present (in the vicinity) and via cellphone connections could hear every correspondence between myself and the 5 clients.[X] Remember the Obstruction of Justice only focuses on 3 clients: Dena Rackley Jeffrey Rackley and Devon Rackley but that one investigator can cover all area for 3rd one. I was thinking a person with a law enforcement background adds more credibility to their testimony than someone who has no background. Plus John Parris is going to try and make this person look like they are just lying for me so if I paid the person for their service to help me of by being my witness to the contacts with these clients then there is nothing John Parris can do to make their testimony appear to be a lie because they were paid for services. Anyway, the following is what I want this person to testify to. Please baby get your investigator for me or someone who meets this criteria: