```
                           United States Bankruptcy Court
                           Middle District of North Carolina
In re:                                                              Case No. 18-80386-lmj
Lent Christopher Carr, II                                           Chapter 13
Deltarina V. Carr
         Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0418-1          User: admin                Page 1 of 1                  Date Rcvd: Jul 13, 2020
                              Form ID: pdf014            Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 15, 2020.
```
jdb          +Deltarina V. Carr,   3300 Laurinburg Rd.,   Raeford, NC 28376-7204
cr           +Jannetta Jordan,   4160 Laurinburg Road,   Raeford, NC 28376-7250
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
db           +E-mail/PDF: lentcarr@gmail.com Jul 13 2020 19:22:59     Lent Christopher Carr, II,
              3300 Laurinburg Rd.,   Raeford, NC 28376-7204
                                                                                              TOTAL: 1
```

```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 15, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 13, 2020 at the address(es) listed below:
```
              Erich M. Fabricius    on behalf of Joint Debtor Deltarina V. Carr emf@fabriciuslaw.com,
               fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
              Erich M. Fabricius    on behalf of Debtor Lent Christopher Carr, II emf@fabriciuslaw.com,
               fablaw@parse.bkccn.com,ecf+fablaw@bkccn.com
              Grady Lee Hunt    on behalf of Creditor    Hoke County Tax Collector gradyh@huntbrookslaw.com
              Richard M. Hutson, II    office@c13dur.com
              William P Miller    Nicole_farabee@ncmba.uscourts.gov
                                                                                             TOTAL: 5
```

**SO ORDERED.**

**SIGNED this 13th day of July, 2020.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Lent C. Carr, II and ) | Case No. 18-80386 |
| Deltarina V. Carr, ) | Chapter 13 |
| Debtors. ) | |
| _____) | |

## ORDER
### DENYING MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

THIS MATTER initially came before the Court on Lent and Deltarina Carr's (the "Debtors") motion to issue a show cause order and award sanctions against Jannetta Jordan for violation of the automatic stay (Docket No. 100, the "Sanctions Motion"). The Court assumes the reader's familiarity with the procedural history of this Sanctions Motion, but in short, the Debtors requested the Court (1) enter an order directing Jordan to show cause as to why she should not be found in contempt of a court order dated November 19, 2020 (the "Enforce Stay Order"), and (2) award appropriate damages and sanctions for the alleged violations of the automatic stay by retaining control of two properties. After a status hearing on May 7, 2020 at which it was reported that Jordan had complied with the Enforce Stay Order by dismissing a state court complaint she had filed in violation of the automatic stay,

the Court entered an order setting an evidentiary hearing on the portion of the motion that requested sanctions for violation of the automatic stay. Because the record reflected that Jordan had complied with the Enforce Stay Order, albeit late, the Court did not issue an order directing Jordan to appear and show cause, and to clarify the record, the Debtors' request for such relief is denied as moot.[1]

Turning to the Debtors' request for sanctions for Jordan's alleged violation of the automatic stay, the Court held the evidentiary hearing on June 9, 2020, at which Lent Carr provided video testimony[2] and where the parties addressed the propriety of sanctions for Jordan's alleged violations of the automatic stay. Eric Fabricius appeared on behalf of the Debtors, Benjamin Lovell appeared on behalf of the chapter 13 trustee (the "Trustee"), and Jordan appeared pro se.[3]

In the Sanctions Motion, the Debtors allege Jordan violated the automatic stay by retaining control and possession of two properties Jordan deeded to Lent Carr prepetition. The Debtors allege Jordan has used one of those properties – 4160 Laurinburg Road, Raeford, NC (the "Laurinburg Property") – as a personal residence and has collected and withheld rent on the other property – 521 Gatlin Farm Road, Raeford, NC (the "Gatlin Farm Property"). The Debtors request the Court award appropriate damages and sanctions for the alleged violations of the automatic stay by retaining control of these two properties. Specifically, the Debtors seek compensatory damages in the form of lost rental income for the Laurinburg Property and Jordan's alleged seizure of rents from the Gatlin Farm Property. The Debtors also seek compensation for the tax payments made on both properties, emotional damages, due to stress and anxiety, and attorneys' fees incurred in redressing the sanctionable conduct. Though not expressly stated within the prayer

---

[1] The prayer for relief in the Sanctions Motions does not include a request for damages for Jordan's alleged contempt. Moreover, the Debtors' underlying motion to enforce automatic stay, which the Court granted in the Enforce Stay Order, did not seek any sanctions related to Jordan's state court complaint (Doc. No. 91, 100).

[2] Due to the ongoing COVID-19 outbreak, the Bankruptcy Court for the Middle District of North Carolina issued a standing order that all bankruptcy hearings are to be conducted telephonically until further order. *See* Amended Standing Order re Court Operations Under the Exigent Circumstances Created by COVID-19 (effective Mar. 26, 2020).

[3] At all times during this case, and despite the Court's repeated recommendations, most recently at the June 9 hearing, the Creditor has not retained counsel and has instead represented her interests pro se.

for relief, at the hearing the Debtors also requested an order directing Jordan to vacate the properties.[4]

The relationship between Jordan and the Debtors is layered with animosity and questionable conduct. Some of that history is detailed in previous orders issued by this Court (Docket No. 96, 98, 115). The full contours of the circumstances under which the Debtors acquired the properties at issue from Jordan have been slowly revealed to the Court, in a piecemeal fashion, over the two-year course of this bankruptcy case. The Debtors have been less than forthright about the seemingly providential manner in which they acquired the properties, as well as Jordan's continued presence at the Laurinburg Property.[5]

To impose sanctions for a violation of the automatic stay under 11 U.S.C. § 362(k), the injured party must show that (1) the conduct constitutes a violation of the automatic stay, (2) the creditor's violation of the automatic stay was willful, and (3) that the debtor was injured as a result of the violation. *In re Franklin*, 614 B.R. 534, 544 (Bankr. M.D.N.C. 2020). For the reasons discussed in detail below, including the serious questions around Jordan's transfer of the properties, the procedural missteps of the Debtors in pursuing relief, and the lack of credible evidence, the Court denied the Sanctions Motion in ruling from the bench at the June 9, 2020 hearing. The Court enters this Order to memorialize the findings and reasoning discussed in that oral ruling as to why the Debtors have not shown they are entitled to damages for Jordan's alleged actions in relation to either the Laurinburg Property or the Gatlin Farm Property. For purposes of clarity, the Court addresses the requested sanctions as to each of the two properties at issue.

### 1. The Laurinburg Property

The true ownership of the Laurinburg Property has been an issue of contention between the Debtors and Jordan for the duration of this bankruptcy

---

[4] According to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover property other than a proceeding to compel the debtor to deliver property to the trustee, is an adversary proceeding. A request for turnover by oral motion is procedurally deficient, does not provide adequate notice, and must be denied.

[5] As the Court has previously noted, the Debtors did not file the Sanctions Motion until almost two years after the petition date, despite Jordan's occupancy of the property throughout that time period.

case. On the Schedule A/B filed with their bankruptcy petition, the Debtors listed an interest held by Lent Carr in the Laurinburg Property with the description "Fee Simple subject to potential competing estate claims." At the hearing, Carr described that Jordan gifted him the Laurinburg Property prepetition, and he introduced a copy of the quitclaim deed allegedly effectuating the transfer in evidence. In her arguments at the hearing, Jordan described the Laurinburg Property as a "homestead for our family" and asserted that it was deeded to John Roberson and Katie Roberson "at this time and always has been."

The quitclaim deed submitted into evidence by Carr does not clarify the ownership of the Laurinburg Property. The deed indicates that the grantor, Jordan, acquired the property by instruments recorded in Book 317, Page 229; Book 256, Page 119; and Book 256, Page 115, which are attached to the quitclaim deed. It is not apparent from the face of the instruments recorded at Book 317, Page 229; Book 256, Page 119; and Book 256, Page 115 that Jordan had any interest in the Laurinburg Property to transfer to Carr. Moreover, Debtors' Exhibit 10, which is a printed copy of a Hoke County real estate tax statement from October 5, 2018, describes the "current owner" of 4160 Laurinburg as Katie Ann Roberson.

The North Carolina state courts also questioned Carr's claim to ownership of the Laurinburg Property. The quitclaim deed is dated October 16, 2017 but was not recorded until almost a year later, on October 5, 2018, and more than six months after the bankruptcy petition was filed.[6] The Debtors commenced a summary ejection action in Hoke County against Jordan on October 8, 2018, merely three days after recording the quitclaim deed, and alleged past due rent in the amount of $6,500.00. The Hoke County magistrate dismissed the complaint, after finding that the case was a "land dispute and belongs in a higher court" and that a landlord-

---

[6] The Debtors' delay in recording the quitclaim deeds for the Laurinburg Property and the Gatlin Farm Property is remarkable considering North Carolina is a "pure race" jurisdiction, in which the first to record an interest in the land holds an interest superior to all other purchases for value. *See Henkel v. Triangle Homes, Inc.*, 790 S.E.2d 602, 604-5 (N.C. Ct. App. 2016) (citing N.C. Gen. Stat. § 47-18(a)). While not definitive in and of itself, the delay raises additional questions about Jordan's land transfers to Carr. *See Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 320 (1927) (finding, in evaluating a transfer of land from a seller with questionable authority to make the sale, and for nominal consideration, that "the suspicious circumstance of [a] long unexplained delay in recording the deed" further undercuts the validity of the transaction.)

tenant relationship did not exist.[7] Carr appealed the magistrate's ruling, and the Hoke County District Court found that, while the parties were properly before the court and the court had both personal and subject matter jurisdiction, Carr had failed to prove his case by the greater weight of the evidence. The District Court then dismissed Carr's summary ejectment action with prejudice. While the Hoke County courts acknowledged Carr may have "some other recourse," the findings of the magistrate and district courts indicate there are serious questions as to Carr's ownership interest in the Laurinburg Property.

There is no dispute between the parties, however, that Jordan has been residing at the Laurinburg Property. Jordan acknowledged that she made repairs to the Laurinburg Property several years ago and has been residing at the property since the repairs were completed. Jordan asserted, however, that she found the Laurinburg Property in a severe state of disrepair when she was released from jail in December 2017 and determined it to be uninhabitable until her repairs were completed. Moreover, the Debtors never included any present or anticipated rental income within their Schedule I, for *any* of their claimed properties, casting further doubt on the Debtors' expectation of deriving any rental income from the Laurinburg Property.

The inability of the Debtors to establish clear ownership of the Laurinburg Property is a fatal blow to any assertions that Jordan violated the automatic stay by exercising control over property of the estate. Despite knowing ownership of the Laurinburg Property was in dispute, and in fact admitting as such on Schedule A/B, the Debtors presented no evidence at the hearing to establish what interest, if any, Jordan transferred to Carr via the quitclaim deed.[8] If Jordan did not convey any interest in the Laurinburg Property to Lent Carr, then Carr does not own the

---

[7] In affirming the magistrate's decision, the Hoke County District Court found "neither a written nor verbal lease agreement between [Carr and Jordan] nor that any terms were established by their actions."

[8] The quitclaim deed incorporates a document entitled Agreement and Perpetual Lease/Quitclaim Deed which appears to provide Lent Carr with a leasehold on the Laurinburg Property, from October 16, 2017 "through all times of perpetuity." Peculiarly, the lease agreement also acknowledges and cross-references Jordan's conveyance of the Laurinburg Property to Carr through the quitclaim deed. A similar lease agreement was made between Carr and Jordan regarding the Gatlin Farm Property. The purpose of this lease agreement, which was created contemporaneously with the quitclaim deed, is unclear and not apparent from the document itself.

Laurinburg Property and it was never part of the Debtors' bankruptcy estate. For a stay violation, "it must be established that plaintiff has the right to possession of the subject property and/or that the subject property is property of the estate." *See Speth v. 21st Mortg. Corp. (In re Nulik)*, Adv. No. 08-5257, 2010 WL 5114734, at *1 n. 8 (Bankr. D. Kan. Dec. 8, 2010); *see also In re Flanagan*, 415 B.R. 29 (D. Conn. 2009). Because the Debtors did not establish their right to possession, the Court is unable to find Jordan violated the automatic stay by residing at the Laurinburg Property. Therefore, the Court will not award damages under 11 U.S.C. § 362(k) regarding Jordan's use of the Laurinburg Property, including any asserted lost rental income, stress and anxiety,[9] or legal costs.

### 2. The Gatlin Farm Property

The Debtors also assert Jordan violated the automatic stay by exercising control over the Gatlin Farm Property, continuing to collect rent on the property, and refusing to return the property to Lent Carr upon his demand for possession. At the hearing, Jordan denied the Debtors' allegations and described the Gatlin Farm Property as an "unlivable" double-wide trailer that has been vacant since 2017, with holes in the walls and in which the floor "is gone." She also asserted that she had not taken possession of the Gatlin Farm Property and "had no other dealings" with it.

As with the Laurinburg Property, the Debtors assert that Jordan gifted them the Gatlin Farm Property. The Debtors submitted a quitclaim deed as evidence of that transfer, which is similarly handwritten by Jordan. The quitclaim deed indicates that Jordan acquired the property by an instrument recorded in Book

---

[9] Even if the Court had found a violation of the stay, the Debtors would not have met their burden of demonstrating emotional distress damage. In the Sanctions Motion, the Debtors assert that Lent Carr suffered "stress and anxiety" as a result of Jordan's violations of the automatic stay. At the hearing, Carr alleged he suffers from anxiety disorder and agoraphobia. While Debtors may recover emotional distress damages under 11 U.S.C. § 362, *In re Franklin*, 614 B.R. 534, 548 n. 21 (Bankr. M.D.N.C. 2020), a debtor claiming such damages must "(1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014). Carr's assertions of emotional distress, which he described at the hearing, were unsupported by any medical documentation or substantiating evidence and, most importantly, were not clearly connected to Jordan's alleged violations of the stay.

1062, Page 168, which shows Jordan was granted the property by Elsie Bowen and Derrick Thompson on October 25, 2013.

While the chain of title establishing the Debtors' ownership of the Gatlin Farm Property is on firmer ground than that of the Laurinburg Property, the Debtors' argument that Jordan violated the automatic stay suffers from other critical defects. The automatic stay prohibits "any act … to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "Control, necessarily requires a creditor to exercise some authority or influence over the property in derogation of the estate," and which is determined "upon the particular facts of the case." *In re Garner*, No 09-81998, 2010 WL 890406, at *3 (Bankr. M.D.N.C. Mar. 9, 2010).

At the hearing, Lent Carr testified that he was "informed by neighbors" that Jordan took control of the Gatlin Farm Property and "started to rent that property out." Despite his assertions that he had "been by [the Gatlin Farm Property] numerous times and kn[ew] that there were tenants staying on the property," Carr did not testify about encountering or communicating with any tenant himself. Carr did testify to receiving a citation from the Hoke County Sheriff for illegal burning of household trash at the Gatlin Farm Property, upon which he learned the offending party was "a Mr. Love, last name Love." Carr implied through his testimony that this individual was residing at the Gatlin Farm Property, but Carr was unable, through further testimony or supporting documentation, to clearly identify Mr. Love, establish the he was a tenant at the Gatlin Farm Property, or that he had been paying rent to Jordan.

The Debtors submitted two pieces of evidence, neither of which show Jordan exercised any control over the Gatlin Farm Property or collected any rents from the property. In fact, the Debtors provided no supporting evidence clearly showing "Mr. Love" or any tenant had recently occupied the Gatlin Farm Property. Debtors' Exhibit 6 contains a letter sent by Lent Carr, dated October 27, 2018, and addressed to an unnamed "current tenant/or Alternative Recipient" at the Gatlin Farm Property. The letter demonstrates the Debtors were unsure about the identity or existence of a tenant at the Gatlin Farm Property. The Debtors also failed to

show that the letter was responded to or received by anyone, tenant or otherwise. The only other document provided by the Debtors, found at Exhibit 11, is the citation issued by the Hoke County Sheriff for the burning of household trash. The citation is undated, is addressed to Lent Carr as the owner of the Gatlin Farm Property and does nothing to evidence the presence of a tenant or Jordan's control over the property.

The Debtors did not demonstrate Jordan exercised control over, or collected rents from, the Gatlin Farm Property. Besides Carr's vague and unsupported testimony regarding an alleged tenant he identifies only as "Mr. Love," the Debtors provided no evidence of any recent occupation of the Gatlin Farm Property, through, for example, utility records, photographic evidence, or tenancy agreements. *See, e.g.*, *In re GGW Brands, LLC*, No. 2:13-bk-15130, 2014 Bankr. LEXIS 3469, at **37, 152 (Bankr. C.D. Cal. Aug. 4, 2014) (finding the trustee presented clear and convincing evidence the debtors occupied the premises through the introduction of surveillance video evidence); *Snavely v. Isserlis (In re Snavely)*, Adv. No. 09-1313, 2010 WL 6259761, at *5 (9th Cir. B.A.P. Apr. 21, 2010) (affirming bankruptcy court denial of homestead exemption where the only evidence of residency was the debtor's unsupported assertions and where there was "no other evidence in the record to support that contention"). Critically, the Debtors presented no evidence that any tenant at the Gatlin Farm Property was paying rent or that Jordan was intercepting these purported rent payments.

Accordingly, the Court is unable to find Jordan violated the automatic stay through exercising control over the Gatlin Farm Property and will not award any of the requested damages under 11 U.S.C. § 362(k).

## Conclusion

For the reasons set forth herein, and described on the record at the June 9, 2020 hearing, the Court finds the Debtors failed to establish that Janetta Jordan violated the automatic stay with regard to the Laurinburg Property or the Gatlin Farm Property. As such, the Court declines to award any damages requested by the Debtors.

Accordingly, IT IS HEREBY ORDERED that the Debtors' motion for sanctions is denied with prejudice.

**END OF DOCUMENT**


PARTIES TO BE SERVED

Lent and Deltarina Carr
18-80386 C-13


Lent Christopher Carr, II
Deltarina V. Carr
3300 Laurinburg Rd.
Raeford, NC 28376

Erich M. Fabricius
Fabricius & Fabricius, PLLC
P.O. Box 1230
Knightdale, NC 27545-1230

Richard Hutson, II
Chapter 13 Office
3518 Westgate Drive
Suite 400
Durham, NC 27707

Jannetta Jordan
4160 Laurinburg Rd.
Raeford, NC 28376-7250

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401