UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-80386 |
| | ) | |
| LENT CHRISTOPHER CARR, II | ) | Chapter 13 |
| DELTARINA V. CARR | ) | |
|           Debtors. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| LENT CHRISTOPHER CARR, II | ) | |
|           Plaintiff. | ) | No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF HOKE | ) | |
|           Defendant. | ) | |
| _____ | ) | |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, by and through counsel, complaining of the Defendant, alleging and saying as follows:

### Introduction

1. This is an action to determine the validity of the Defendant's asserted lien against the Plaintiff's real property at 3300 Laurinburg Rd, Raeford, NC, and to seek disallowance of the associated secured claim.

### Jurisdiction

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is primarily a core proceeding under 28 U.S.C. §157(b)(2)(B) and §157(b)(2)(K) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue for this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties

5. Plaintiff is an individual and resident of Hoke County, North Carolina, and is a Debtor in a Chapter 13 Case pending in this court, Case No. 18-80386, originally filed on March 20, 2018 (the "Chapter 13 Case").

6. Defendant is a County in the state of North Carolina. Defendant is a creditor in the Chapter 13 Case, and filed a Proof of Claim, by and through its duly appointed Tax Collector, with the Court on April 3, 2018, as amended on September 23, 2019.

## Factual Allegations

7. Mr. Carr is owner of property at 3300 Laurinburg Rd, Raeford, NC, with a tax PIN of 39413-00-01-095 (the "Property"). This property serves as a residence as well as the assembly place for the church Mr. Carr pastors.

8. The Property was previously owned by Ms. Jannetta Jordan, who conveyed the property to Mr. Carr on February 3, 2017 by quitclaim deed, which was delivered to Mr. Carr in or around April 2017. As recited in the deed, Mr. Carr paid $10.00 in consideration of the deed, and did in fact pay such consideration to the grantor. This deed was recorded on October 4, 2017.

9. Taxes on the Property for 2014, 2015, and 2016 were unpaid as of January 2017. These taxes were incurred during the ownership of Ms. Jordan. In light of these taxes being outstanding, the Hoke County Tax Collector recorded a "Judgment for Taxes" dated January 9, 2017 (the "Judgment"), asserting $10,316.55 in taxes due, plus penalties, costs of advertising, interest, administrative charges, and publication costs. The total balance asserted by the county was $12,432.21.

10. When conveying the property to Mr. Carr, Ms. Jordan had specifically assured Mr. Carr that all taxes were paid and current. However, Mr. Carr later, on May 1, 2017, learned of the outstanding taxes owed.

11. At this point, Mr. Carr had already acted in reliance on the conveyance, including leaving his home in Raleigh, NC. Mr. Carr pressed Ms. Jordan as to what she was going to do to resolve these taxes, where were a bone fide liability of hers.

12. In good faith and desiring to avoid tax problems with the property, Mr. Carr made a series of payments on the outstanding taxes in Spring and Summer 2017.

13. While making such payments, Mr. Carr continued to press Ms. Jordan to provide funds to pay the remaining taxes that had accrued during her ownership.

14. Subsequent to the Judgment, the property taxes for 2017 accrued to the property and became due on September 1, 2017. Upon information and belief, such taxes were in the amount of $3,962.35.

15. On October 1, 2017, Ms. Jordan instructed Mr. Carr to obtain a particular checkbook from her residence, and to draw a check using a power of attorney to pay her tax obligations on the property. She gave Mr. Carr specific directions to use one checkbook amongst several others, as it was associated with an account that she assured would have adequate funds.

16. On October 3, 2017, Mr. Carr, acting as duly authorized attorney-in-fact under a power of attorney executed by Ms. Jordan, and as specifically instructed, tendered a check drawn on an account belonging to Ms. Jordan to the Hoke County Tax Collector in the amount of $9,050.00. This was the amount necessary to satisfy the outstanding taxes owed to Hoke County, to and including the 2017 taxes.

17. The Hoke County Tax Collector issued a receipt indicating payment of the foregoing taxes.

18. With the taxes paid, the Hoke County Register of Deeds accepted Mr. Carr's deed to the Property for recording on October 4, 2017.

19. On October 5, 2017, the Hoke County Tax Collector tendered to the Hoke County Clerk of Superior Court a Certificate of Payment by Judgment Creditor, indicated the "Judgment for Taxes" had been paid in full.

20. Unbeknownst to Mr. Carr, the check drawn on Ms. Jordan's account was not a good instrument, and that check was returned by the bank on or around October 6, 2017. Ms. Jordan later wrote to Mr. Carr assuring him that this was a result of a banking mistake:

> I will testify that they were supposed to have loaned me $10,000.00. I could testify that I thought they had wire transferred the money into my checking account and I told you on the date you wrote the check to write the check because the money is in the account. I did not know because I did not call the person back to confirm that the money was wire transferred. The money was not put into the account until you were arrested for the check.

21. It is unclear if the account had insufficient funds or was not even open. Regardless, Mr. Carr had relied on the instructions of Ms. Jordan in good faith that check would be honored.

22. On or about October 17, 2017, the tax collector gave notice to Ms. Jordan that the check had not been honored, although the tax collector did not explicitly request return of the tax receipt.

23. As result of the bounced check, in or around October 2017, Mr. Carr was charged with writing a worthless check and uttering of a forged instrument. After a prolonged legal battle, the prosecutor dropped the last of these charges on May 29, 2020, specifically conceding in the dismissal that Mr. Carr was "POA for drawer of check".

24. Mr. Carr filed a motion seeking to have the Superior Court enforce the Satisfaction of Judgment. A hearing was scheduled on June 26, 2020 before the Superior Court, at which time Mr. Carr had hoped he might obtain an order clarifying the effect of the October 5, 2017 satisfaction. However, that court declined for procedural reasons to take any action at that time, dismissing the matter without prejudice.

25. Mr. Carr had himself deferred on taking action to enforce the October 5, 2017 satisfaction on advice of criminal counsel, as the inter-related facts could have implication in the defense of the criminal charges.

26. On April 3, 2018, the Hoke County Tax Collector filed a proof of claim in this case asserting $13,314.38 in secured property taxes associated with the years 2015, 2016, and 2017 for the property at 3300 Laurinburg Rd, Raeford, NC 28376.

27. On September 23, 2019, the Hoke County Tax Collector filed an amended proof of claim, asserting the same tax claims as to 2015, 2016, and 2017, with the addition of certain legal fees. The legal fees in the amended claim were disallowed by order of the Court entered May 20, 2020.

28. The taxes for 2015 and 2016 asserted in the proof of claim are the same taxes asserted in the Judgment.

29. The taxes for 2017 asserted in the proof of claim were already due and payable on October 3, 2017, and were marked as paid at the time of Ms. Jordan's check tender as set out above.

### Allegations Common to Causes of Action

30. Under North Carolina law, property taxes are the liability of the owner of record on January 1 of a tax year.

31. The first January 1 in which Mr. Carr was owner of record, or owner in any fashion, of the property at 3300 Laurinburg Rd, Raeford, NC was January 1, 2018.

32. The property taxes for 2014, 2015, 2016, and 2017 are not and were not a personal liability of Mr. Carr. These taxes are an allowable claim in the Bankruptcy Case only to the extent they are debts with an enforceable lien against property belonging to Mr. Carr.

33. Upon the filing of the Judgment, the tax lien merged into the judgment lien.

34. The Certificate of Satisfaction filed on behalf of the defendant permanently extinguished the Judgment and the judgment lien into which the tax lien had merged. The County has taken no action to set aside this Satisfaction, and such has binding effect as to the existence of any lien.

35. North Carolina law specifically contemplates the situation where a payment for taxes is returned. N.C. Gen. Stat. § 105-357. Notably, "[a]cceptance of a check or electronic payment is at the tax collector's own risk". § 105-357(b). The tax collector has right to either "issue the tax receipt immediately or withhold the receipt until the check has been collected" *Id.*

36. If the tax collector has chosen to issue a receipt without verifying a check, statue provides particular remedies. This includes the tax collector correcting the receipt and resuming

collection after giving notice. § 105-357(b). However, the statute addresses the existence of the tax lien in § 105-357(b)(1):

> If the tax collector accepts a check or electronic payment in payment of taxes on real property and issues the receipt, and the check is later returned unpaid or the electronic payment invoice is not honored by the issuer, the taxing unit's lien for taxes on the real property shall be inferior to the rights of purchasers for value and of persons acquiring liens of record for value if the purchasers or lienholders acquire their rights in good faith and without actual knowledge that the check has not been collected or the electronic payment invoice has not been honored, after examination of the copy of the tax receipt in the tax collector's office during the time that record showed the taxes as paid or after examination of the official receipt issued to the taxpayer prior to the date on which the tax collector notified the taxpayer to return the receipt.

37. Mr. Carr acquired the property in good faith and acted to record his property interest without knowledge that the check had not been collected.

### Lien Previously Satisfied

38. The foregoing allegations are incorporated herein by reference.

39. The right of the defendant to assert a tax lien against the Property for taxes in existence at the time of the Judgment merged with the judgment lien. As of the filing of the Judgment, there were not two liens, but one judgment lien for unpaid taxes.

40. The Certificate of Satisfaction as to the judgment remains of record in Hoke County, and is a binding document preventing prospective application of the judgment by lien or otherwise to the Property.

41. As a result of the merger of the tax lien and judgment lien, a tax lien cannot be reasserted without obtaining relief from the effect of the satisfaction of the judgment. A mere mistake by the releasing party as to the filing of a satisfaction does not make it void. At most, it would provide arguable support for a Rule 60(b) motion, none of which has ever been filed by the County.

### Statutory Inferiority of Tax Lien

42. The foregoing allegations are incorporated herein by reference.

43. As a result of N.C. Gen. Stat. § 105-357(b)(1), to the extent the County has the right to reassert a tax lien, that lien is inferior to the rights of Mr. Carr as purchaser for value.

44. The inferiority of rights results in the tax lien failing to attach to Mr. Carr's interest in the property.

### Objection to Claim

45. The foregoing allegations are incorporated herein by reference.

46. As set out above, the County had a tax lien and later a judgment lien against the Property. However, the judgement lien has been released under state law, and tax lien cannot be reasserted, either as a result of merger with the judgment lien, or as a result of its inferior position to Mr. Carr's ownership interest under N.C. Gen. Stat. § 105-357(b)(1).

47. The tax years asserted in Claim #3 filed by the Hoke County Tax Collector pre-date the ownership of the Property by Mr. Carr. Accordingly, they are not a personal liability of the Debtor.

48. The claim of Hoke County is unenforceable against both the Debtor and the Property under the foregoing applicable state law, and is properly disallowed.

**WHEREFORE**, Plaintiff prays the Court to:

A. Find that no tax lien exists against the property at 3300 Laurinburg Rd, Raeford, NC on account of taxes from 2014, 2015, 2016, or 2017, and further order that any document purporting to establish such lien is void and shall be cancelled by Hoke County forthwith.

B. Disallow Claim #3 filed by the Hoke County Tax Collector in its entirety.

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 12th day of October 2020

/s/ Erich M. Fabricius
Erich M. Fabricius, NC State Bar No. 39667
Attorney for the Plaintiff-Debtor
Fabricius & Fabricius PLLC
P.O. Box 1230, Knightdale, NC 27545-1230
Telephone: 919-295-6001     Fax: 919-890-3833
Email: emf@fabriciuslaw.com

**UNSWORN VERIFICATION UNDER PENALTY OF PERJURY**

I, Lent Christopher Carr, II, declare under penalty of perjury that I have read the foregoing complaint and the facts recited therein are true and correct to the best of my knowledge, information, and belief.

This the 9th day of October 2020

/s/ Lent C. Carr, II
Lent Christopher Carr, II,