UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-80386 |
| | ) | |
| LENT CHRISTOPHER CARR, II | ) | Chapter 13 |
| DELTARINA V. CARR | ) | |
|                 Debtor. | ) | |
| _____ | ) | |

### APPLICATION FOR COMPENSATION BY ATTORNEY FOR DEBTORS

NOW COMES Erich M. Fabricius, attorney for the Debtors, pursuant to Bankruptcy Rule 2016, and applies to the Court to award compensation for representation of the Debtor concerning an Adversary Proceeding with this case, *Lent C. Carr II v. County of Hoke*, No. 20-09020. In support thereof, the undersigned shows as follows:

1. The Debtors filed the above captioned voluntary chapter 13 bankruptcy case on March 20, 2018 and a plan was confirmed on October 26, 2018.
2. Counsel for the Debtors has opted-out of the presumptive base fee in this matter, and counsel was previously awarded fees once, post-confirmation, for representation in this case.
3. The Debtor filed an adversary proceeding, *Lent C. Carr II v. County of Hoke*, No. 20-09020 on October 12, 2020 and a consent judgment was entered therein on May 19, 2022.
4. Representation of Debtors in adversary proceedings is a non-base service requiring an application for compensation per the Court's Standing Order regarding representation of debtors in Chapter 13 case.
5. As set out in exhibit A, counsel has spent a total of 20.6 hours related to the adversary proceeding. This has included preliminary work and drafting of the adversary complaint, preparing a motion for summary judgment and supporting memorandum, preparing a response to the defendant's motion for summary judgment, negotiation with opposing counsel, and conferring with the Debtor, among other itemized matters.
6. Counsel would observe that he applied a client-favorable rounding approach and discarded any entries that had combined legal and administrative tasks. The gross time recorded in counsel's time system before these refinements was 25.6 hours.
7. Counsel's standard rate at the time of service for bankruptcy matters was $295.00 per hour in 2020, and $305.00 per hour in 2021 and 2022, resulting in a total fee of $5,858.13 for the services set out above. Counsel has applied a discounted rate to certain client consultive matters during the adversary case.
8. Such rate and time is reasonable for the circumstances of the case. Counsel is a Board Certified Specialist in Consumer Bankruptcy Law who regularly represents debtors in chapter 13 proceedings, in this district and in the Eastern District of North Carolina.
9. The Chapter 13 plan provides for 100% payment to unsecured creditors of Mr. Carr on account of liquidation value, and the consent judgment provides that all allowed general

unsecured claims are to be paid by the Trustee. The allowance of the administrative expensive requested in this application will not be prejudicial to creditors in this case.
10. No costs have been incurred within the adversary proceeding for which reimbursement is sought.
11. The undersigned verifies that all services for which fees are sought have been completed. There are no agreements in existence for the sharing of fees in this case with individuals other than counsel of record.

WHEREFORE, the undersigned respectfully applies to the Court to:

1. Grant Erich M. Fabricius compensation for services related to an adversary proceeding as Counsel for the Debtors totaling $5,858.13 for the services set out above;
2. Allow such fee of $5,858.13 as an administrative expense in the chapter 13 case pursuant to 11 U.S.C. § 503(b); and
3. Grant such further and additional relief as necessary and appropriate.

This the 11th day of July, 2022

s/ Erich M. Fabricius
Erich M. Fabricius, NC State Bar No. 39667
Attorney for the Debtors
Fabricius & Fabricius PLLC
P.O. Box 1230, Knightdale, NC 27545-1230
Telephone: 919-295-6001    Fax: 919-890-3833
Email: emf@fabriciuslaw.com

## EXHIBIT A: ADVERSARY PROCEEDING TIME RECORD

| Date | Task | Time | Rate | Disc | Amount |
|---|---|---|---|---|---|
| 8/31/20 | Legal research concerning judgment satisfaction; email client | 0.3 | $ 295 | | $ 88.50 |
| 9/16/20 | Draft Complaint factual summary for client review | 0.5 | $ 295 | | $ 147.50 |
| 10/1/20 | Draft adversary complaint | 1.5 | $ 295 | | $ 442.50 |
| 10/7/20 | Revise adversary complaint | 0.2 | $ 295 | | $ 59.00 |
| 10/8/20 | Email Trustee about trustee's position on proposed AP | 0.2 | $ 295 | | $ 59.00 |
| 10/9/20 | Call with client concerning finalizing complaint | 0.4 | $ 295 | 25% | $ 88.50 |
| 10/29/20 | Phone conversation with client regarding Hoke county's actions | 0.4 | $ 295 | | $ 118.00 |
| 11/16/20 | Conversation with client about county commission and answer | 0.6 | $ 295 | | $ 177.00 |
| 12/16/20 | Call with client discussing status of case, possible discovery, defenses | 1.5 | $ 295 | 25% | $ 331.88 |
| 6/23/21 | Email with attorney for Hoke regarding settlement discussions | 0.1 | $ 305 | | $ 30.50 |
| 7/13/21 | Email to opposing counsel re settlement | 0.5 | $ 305 | | $ 152.50 |
| 7/15/21 | Draft and file motion to extend time for dispositive motions | 0.2 | $ 305 | | $ 61.00 |
| 8/17/21 | Draft Declaration in support of summary judgment | 0.8 | $ 305 | | $ 244.00 |
| 8/17/21 | Draft Memorandum in support of summary judgment | 2.1 | $ 305 | | $ 640.50 |
| 8/17/21 | Call with client to discuss summary judgment | 0.7 | $ 305 | 25% | $ 160.13 |
| 8/17/21 | Complete Memorandum in support of summary judgment; draft MSJ | 1.8 | $ 305 | | $ 549.00 |
| 8/27/21 | Make inquiry regarding status of hearing | 0.1 | $ 305 | | $ 30.50 |
| 9/7/21 | Draft Response to Plaintiff's MSJ | 2.4 | $ 305 | | $ 732.00 |
| 9/15/21 | Review defendant's response | 0.1 | $ 305 | | $ 30.50 |
| 12/17/21 | Review trustee records, call opposing counsel | 0.2 | $ 305 | | $ 61.00 |
| 12/28/21 | Call with opposing counsel | 0.1 | $ 305 | | $ 30.50 |
| 1/7/22 | Draft and file motion to Continue pre-trial hearing | 0.2 | $ 305 | | $ 61.00 |
| 1/25/22 | Analyze tax files and compute tax bill amounts | 0.8 | $ 305 | | $ 244.00 |
| 2/1/22 | Call with client; discuss settlement approaches, plan schedule | 1.4 | $ 305 | 25% | $ 320.25 |
| 2/2/22 | Call with opposing counsel | 0.2 | $ 305 | | $ 61.00 |
| 2/3/22 | Settlement communication with opposing counsel | 0.2 | $ 305 | | $ 61.00 |
| 2/8/22 | Email to trustee's counsel re settlement terms | 0.2 | $ 305 | | $ 61.00 |
| 2/23/22 | Draft Settlement Agreement | 0.9 | $ 305 | | $ 274.50 |
| 2/23/22 | Call with Client about proposed settlement agreement | 0.6 | $ 305 | 25% | $ 137.25 |
| 2/23/22 | Revised settlement agreement | 0.2 | $ 305 | | $ 61.00 |
| 3/4/22 | Call with client about status of the settlement | 0.3 | $ 305 | 25% | $ 68.63 |
| 3/29/22 | Emails to Lovell and Andrews re consent order language | 0.1 | $ 305 | | $ 30.50 |
| 3/30/22 | Revise order related to settlement | 0.2 | $ 305 | | $ 61.00 |
| 4/1/22 | Finalize Settlement Agreement | 0.2 | $ 305 | | $ 61.00 |
| 4/5/22 | Finalize Motion to Approve | 0.2 | $ 305 | | $ 61.00 |
| 5/6/22 | Revise Proposed Order | 0.2 | $ 305 | | $ 61.00 |
| Totals | | 20.6 | | | $5,858.13 |